FILED
DEC 1 6 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR. LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN, and JOSEPH SWAN,<br><br>Plaintiffs,<br><br>vs.<br><br>TECK COMINCO ALASKA, INC.,<br><br>Defendant.<br><br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>Intervenors-Defendants. | A04-49 CV(JWS)<br><br>ORDER FROM CHAMBERS<br><br>[Re: Motion at Docket 94] |

## I. MOTION PRESENTED

At docket 94, defendant Teck Cominco Alaska, Inc. ("Teck") moves to stay consideration of "all cyanide claims and those TDS claims that pertain to the grayling spawning period" pending final modification of Teck's NPDES permit for the Red Dog Mine.[1] At docket 106, plaintiffs Enoch Adams, Leroy Adams, Andrew Koenig, Jerry Norton, and Joseph Swan oppose the motion. Teck requests oral argument on the motion,[2] but oral argument would not assist the court.

---

[1] Doc. 94 at 1.

[2] Doc. 102.

## II. DISCUSSION

Defendants request the court to stay consideration of plaintiffs' claims relating to cyanide and to TDS during the grayling spawning period, pending the anticipated issuance of a renewed NPDES permit in May 2006. Defendant's motion is predicated on the supposition that the renewed permit will render the above claims moot.[3] Defendants acknowledge, however, that until the permit is modified, the court cannot determine whether there is a substantial likelihood that Teck will violate the cyanide or TDS limits in the future, and, thus, cannot determine that plaintiffs' claims are moot.[4]

Plaintiffs oppose the motion to stay on the grounds that 1) defendant's allegation that the modified permit will render the claims moot is "wholly speculative;" 2) staying consideration of some of Teck's alleged permit violations while the court considers the remaining violations will not conserve judicial resources; and, 3) applicable TDS limits for the 1999 to 2003 permit violations at issue are not in dispute.[5] The court concurs.

"An action becomes moot if the controversy is no longer live because an event occurs that precludes the court from ordering effective relief."[6] *Friends of the Earth v. Laidlaw*[7] is the "touchstone for an analysis of mootness in citizen suits under the Clean Water Act."[8] In *Laidlaw*, the Supreme Court ruled that a defendant's "[p]ost-commencement compliance may moot claims for injunctive relief, but district courts can still impose penalties for violations that have already taken place."[9] Accordingly, even if this court were to assume that the renewed NPDES permit will moot plaintiffs' claims for

---

[3]Reply at 9, doc. 119.

[4]Motion to Stay at 8, doc. 94.

[5]Doc. 106 at 1.

[6]*Ecological Rights Foundation v. Pacific Lumber Co.*, 230 F.3d 1141, 1153 (9th Cir. 2000).

[7]528 U.S. 167 (2000).

[8]*San Francisco Baykeeper, Inc. v. Tosco Corp.*, 309 F.3d 1153, 1159 (9th Cir. 2002).

[9]*Id.* at 1160 (citing *Laidlaw*, 528 U.S. at 192).

injunctive relief relating to cyanide and TDS during the grayling spawning period, the court could still impose civil penalties for any violations that have already taken place. "Only when it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur will events following the commencement of a suit moot a claim for civil penalties."[10] Defendant has not met that heavy burden here. Moreover, defendant's motion to stay on the basis of anticipated mootness is premature.

## IV.  CONCLUSION

For the reasons set out above, defendant's motion to stay at docket 94 is **DENIED**.

DATED at Anchorage, Alaska, this 16th day of December 2005.

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

A04-0049--CV (JWS)     12-16-05

- D. CASE
- L. HARTIG (HARTIG)
- J. TORGERSON (HELLER)
- L. COLE

---

[10]*Id.* (citation and quotation omitted).

-3-