FILED

DEC 2 1 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN, and JOSEPH SWAN, | ) ) ) ) |
| Plaintiffs, | ) ) A04-49 CV (JWS) |
| vs. | ) ) ORDER FROM CHAMBERS |
| TECK COMINCO ALASKA, INC., | ) ) [Re: Motion at Docket 105] |
| Defendant. | ) ) ) |
| NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH, | ) ) ) ) |
| Intervenors-Defendants. | ) ) |

## I. MOTION PRESENTED

At docket 105, plaintiffs Enoch Adams, Leroy Adams, Andrew Koenig, Jerry Norton, and Joseph Swan move to strike the affidavit of Luke Boles,[1] which is attached to defendant Teck Cominco Alaska, Inc.'s ("Teck") opposition to plaintiffs' motion for partial summary judgment. At docket 118, defendant opposes the motion. The motion is fully briefed. No party requested oral argument, and it would not assist the court.

---

[1] Exh.11, doc. 100.

126

## II. DISCUSSION

Plaintiffs move to exclude the affidavit of Luke Boles, which is attached to defendant's opposition to plaintiffs' motion for partial summary judgment.[2] Mr. Boles is an Environmental Engineering Associate with the Alaska Department of Environmental Conservation ("ADEC"). In his affidavit, Boles testifies that 1) he "believe[s] concentrations of total dissolved solids ("TDS") at or below 1500 mg/L in the Main Stem Red Dog Creek ("Main Stem") for [Teck's] entire discharge season will be protective of Arctic grayling and Dolly Virden;" 2) ADEC will issue a Notice of Changes in Regulations "proposing a site specific aquatic life criterion for TDS of 1500 mg/L in the Main Stem for the grayling spawning period;" 3) he anticipates that "ADEC will not oppose a new NPDES permit at Red Dog mine that changes the in-stream TDS limits to 1500 mg/L...during the entire discharge season;" 4) the final renewed NPDES permit is anticipated to take effect in early May 2006; and, 5) he "anticipate[s] the revised permit will require that compliance with any cyanide effluent limits will be determined by use of the Weak Acid Dissolvable [] cyanide analytical method."[3]

Plaintiffs move to strike Boles's testimony under Federal Rules of Civil Procedure 26 and 37 on the grounds that defendant did not previously identify Boles as a witness. Defendant opposes the motion on the grounds that disclosure of Boles as a witness is not required under Rule 26 because Boles's testimony is "substantively irrelevant" to the claims and defenses in this action, but rather concerns only the procedural issue of "when those claims and defenses should properly be heard."[4] Defendant further argues that defendant's final witness list includes "[a]ll other records custodians as may be necessary to authenticate documents," and that in paragraph 5 of his affidavit, Boles effectively authenticates a Notice of Proposed Changes in the Regulations which was signed by the ADEC Commissioner. Plaintiffs argue that assuming Boles is a record custodian and that paragraph 5 of his affidavit authenticates an ADEC record, the court should strike all other statements in Boles's affidavit.

Rule 26(a)(1)(A) requires the disclosure of the name of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment." The advisory committee's note to Rule 26(a)(1) states that the

---

[2]Exh. 11, doc. 100.

[3]*Id.* at 2-4.

[4]Opposition at 2, doc. 118.

scope of the disclosure obligation of subdivision (a)(1)(A) covers identification of witnesses that the disclosing party "may use" to support its claims or defenses and further explains that "use" includes "any use at a pretrial conference, to support a motion, or at trial." The advisory committee note also emphasizes that "[t]he obligation to disclose information the party may use connects directly to the exclusion sanction of Rule 37(c)(1)."[5]

Because defendant uses the testimony contained in Boles's affidavit to support its opposition to plaintiffs' motion for partial summary judgment and to assert the defense of regulatory mootness, Rule 26(a)(1)(A) applies. Because defendant did not identify Boles as a potential witness, nor justify its failure to disclose Boles as a witness, the affidavit of Luke Boles is excluded under Rule 37(c)(1), with the exception of paragraph 5, which may authenticate the Notice of Proposed Changes in the Regulations that is attached to the affidavit of Luke Boles.[6]

### III. CONCLUSION

For the reasons set out above, plaintiffs' motion at docket 105 to strike the affidavit of Luke Boles is **GRANTED IN PART**, and the affidavit of Luke Boles is struck, with the exception of paragraph 5, which may be used to authenticate the Notice of Proposed Changes in the Regulations that is attached at tab A to the affidavit of Luke Boles.

DATED at Anchorage, Alaska, this 20th day of December 2005.

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

A04-0049--CV (JWS)   12-21-05

D. CASE
L. HARTIG (HARTIG)
J. TORGERSON (HELLER)
L. COLE

---

[5]FED. R. CIV. P. 26 advisory committee's note.

[6]See Notice of Changes of Regulations, filed at tab A, exh. 11, doc. 100.