UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN, and JOSEPH SWAN,        Plaintiffs,    vs.    TECK COMINCO ALASKA, INC.,        Defendant. | 3:04-cv-00049 JWS    ORDER AND OPINION    [Re:   Motion at Docket No. 137] |

At docket 137, plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, and Joseph Swan[1] move the court to alter or amend its order at docket 136 pursuant to Federal Rule of Civil Procedure 59(e).  The court's order at docket 136 grants in part and denies in part plaintiffs' motion for partial summary judgment. Because judgment has not been entered in this matter, Rule 59(e) is inapplicable and the court shall construe plaintiffs' motion as a motion for reconsideration.

---

[1]Plaintiff David Swan died on May 5, 2005.

Pursuant to District of Alaska Local Rule 59.1, "[n]o opposition to a motion for reconsideration may be filed unless requested by the court." The court has not requested a response to plaintiffs' motion for reconsideration.

Plaintiffs allege that the court erred in finding that "plaintiffs have failed to demonstrate that violations of the monthly average TDS limit are ongoing or capable of repetition."[2] Plaintiffs argue that because the TDS limits in the 1998 mine site permit are still in effect during Arctic grayling spawning season and defendant has admitted violating the monthly average TDS limit in May 2004 and June 2004,[3] plaintiffs have demonstrated that "the monthly [average] TDS violations during grayling spawning season are ongoing"[4] and are thus entitled to summary judgment on the 618 alleged violations of the monthly average TDS limit.

Even assuming plaintiffs have established that violations of the monthly average TDS limit are ongoing during Arctic grayling spawning season and that violations of the monthly average TDS limit occurred during grayling spawning season during the 1999 through 2003 discharge seasons, at best plaintiffs would be entitled to summary judgment on prior violations of the monthly average TDS limit during prior grayling spawning seasons, not on violations of the monthly average TDS limit for each day of discharge during the 1999 through 2003 discharge seasons. It is undisputed that the 1998 permit limits for TDS only apply during the Arctic grayling spawning season and

---

[2]Doc. 136 at 16.

[3]In their reply brief in support of plaintiffs' motion for partial summary judgment, plaintiffs previously alleged that the 2004 grayling spawning season began on May 25, 2004, and ended on May 31, 2004. Doc. 124 at 57.

[4]Doc. 137 at 3.

the 2003 modified permit, which is in effect during the remainder of the discharge season, does not contain a monthly average TDS limit.

In their motion for partial summary judgment, plaintiffs request summary judgment establishing defendant's liability for violating the monthly average TDS limit during 26 months. Citing *Chesapeake Bay Foundation, Inc. v. Gwaltney of Smithfield, Ltd.*,[5] plaintiffs allege that "[v]iolations of a monthly average limit mean that the permit was violated on each day the facility discharged in that month."[6] Consequently, plaintiffs allege that defendant has committed 618 violations of the monthly average TDS limit. However, not all 618 alleged violations occurred during grayling spawning season.

Because plaintiffs have failed to demonstrate that they are entitled to judgment as a matter of law on the 618 alleged violations of the monthly average TDS limit, plaintiffs' motion for reconsideration at docket 137 is **DENIED**.

DATED at Anchorage, Alaska, this 11th day of August 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[5] 791 F.2d 304, 313-15 (4th Cir. 1986).

[6] Doc. 72 at 28.