Lawrence L. Hartig
Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax:   (907) 277-4352
Firm email: mail@hartig.law.pro
Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN, JOSEPH SWAN, <br>     Plaintiffs, <br><br> vs. <br><br> TECK COMINCO ALASKA INCORPORATED, <br>     Defendant, <br><br> NANA REGIONAL CORPORATION, and NORTHWEST ARCTIC BOROUGH, <br>     Intervenor-Defendants. | **JOINT STATUS REPORT** <br><br> Case No.: A04-00049 CV (JWS) |

The parties in the above-captioned case file this joint status report pursuant to the court's July 28, 2006 order, addressing in turn each of the four items listed on pages 31 and 32 of the court's order.

1. **What further tasks, if any remain to be completed by the parties before the court issues a standard final pre-trial order calling for identification and marking of exhibits, objections to exhibits, final trial witness lists, trial briefs, etc.**

<u>Response:</u>

a. **Supplemental Reports of Economist Experts:** Final reports of the parties' economist experts were exchanged in late 2004. Plaintiffs and Teck Cominco Alaska Incorporated ("Teck Cominco Alaska") are both considering whether to seek leave to update their respective reports as described below.

Plaintiffs are evaluating whether to seek authorization to supplement the expert report of their economist, Dr. Michael Kavanaugh, to include a new calculation of Teck Cominco Alaska alleged economic benefit from foregoing certain Total Dissolved Solids ("TDS") treatment studies, and the report of their engineering expert, Randall Fischer, to include new cost estimates. Mr. Kavanaugh and Mr. Fischer's supplemental reports may include several other updates based on new information received since they prepared their expert reports.

Defendant Teck Cominco Alaska intends to seek authorization to supplement the expert report of its economist, Robert Fuhrman, primarily to update his economic benefit calculations to take into account the delays in EPA's issuance of a renewed NPDES permit for the Red Dog Mine. As the court may recall, all of the TDS limits in the 1998 NPDES discharge permit were modified by EPA in August 2003. The Environmental Appeals Board, in response to an appeal of these limits by the Kivalina Relocation Planning Committee, remanded the 2003 modified permit to EPA to further evaluate the TDS limits applicable during the limited grayling-spawning period. EPA has issued a draft renewed NPDES permit with new TDS limits for the grayling-spawning period but that permit has not yet become final. Mr. Fuhrman's supplemental report will address the economic benefit, if any, Teck Cominco Alaska could receive relating to any non-compliance with

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

TDS limits during the grayling-spawning periods in 2005, 2006 and possibly 2007, before the renewed NPDES permit becomes final. Mr. Fuhrman's supplemental report may include several other updates based on new information received since he prepared his expert report.

Plaintiffs and Teck Cominco Alaska intend to discuss a possible stipulation regarding the contemplated supplementation of the expert economist reports and the taking of supplemental depositions to address any new material in the supplemental expert reports. The parties agree that by November 1, 2006, they should be prepared to either file a joint motion for a stipulated order regarding supplementation of the expert reports and supplemental depositions, or if they have not reached a stipulation, file their motions for leave to supplement their respective expert reports.

b. **Amendment of Teck Cominco Alaska Final Witness List:** Defendant Teck Cominco Alaska included Mayor Ross Schaeffer, then mayor of the Northwest Arctic Borough, as a witness on its final witness list. Mr. Schaeffer's final term as mayor will end in 2006, before this case will go to trial. Teck Cominco Alaska will be moving to supplement its witness list to include, in addition to Mr. Schaeffer, the new mayor, with the right of the other parties to depose the new mayor at a mutually convenient time and location. The other parties anticipate they will not object to this motion.

c. **Ongoing Duty to Supplement Disclosures and Discovery Responses:** The parties recognize their ongoing duties to supplement initial disclosures and responses to discovery requests. The parties propose a deadline of September 30, 2006 to update all disclosures and responses to discovery, as required under the civil rules, to that date. This

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

date allows time for the parties to review the supplemental disclosures and discuss them with their experts before mediation, as described below. Further updates of responses would be provided after that date as required by the civil rules.

d. **Teck Cominco Alaska's Motion for Stay of Trial on TDS, and Possibly Cyanide, Remedies.** A draft NPDES permit ("2006 Draft Permit") for the Red Dog Mine was issued by EPA for public comment this spring. In it, EPA proposes: (1) eliminating the cyanide limit that was contained in earlier permits, EPA having found there is no reasonable potential for Teck Cominco Alaska to violate the state water quality standard for cyanide in the future; and, (2) a 1500 mg/l TDS limit in the Main Stem (measured at Station 151 at the end of the mixing zone in the Main Stem) during the grayling-spawning period. The public comment period on the 2006 Draft Permit has ended and EPA is preparing to issue the final permit this fall. The final permit will be subject to a 30-day appeal period. If there is no appeal, the permit will be in effect at the end of the 30-day appeal period, replacing the 2003 modified NPDES permit and the 1998 NPDS permit (which is still in effect, only as to TDS during the one-to-two week grayling-spawning period.) If the new cyanide and TDS (grayling spawning period) provisions of the 2006 permit are appealed, these new provisions would be stayed pending resolution of the appeal.

Because Teck Cominco Alaska believes the final 2006 NPDES permit will resolve several critical factual issues likely to come up in the remedy phase of any trial on cyanide and TDS violations, Teck Cominco Alaska will be considering filing a motion for partial

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

stay of any remedy trial on cyanide and TDS. This is only a possibility at this point. Plaintiffs would oppose such a motion.

2. **The prospects for settling some or all of the remaining alleged violations and remedy issues.**

**Response:** Counsel for the parties are currently discussing the possibility of mediating all claims in late October or early November 2006. Counsel for the parties are preparing a list of potential mediators to be considered in the event all other parties agree to mediation. The parties agree if mediation is going to take place, it should be done before additional litigation costs are incurred and thus propose that any major trial preparation deadlines be set after mid-November 2006 with enough time between then and the deadline to accomplish the required task.

3. **The parties views regarding separate trials as to (a) the remaining unresolved alleged violations and (b) the remedy or remedies.**

**Plaintiffs' Response:** Plaintiffs propose a bifurcated trial with the liability issues to be addressed first, followed shortly thereafter by a trial on remedy or remedies. Plaintiffs are concerned that defendants will use the bifurcation of the trial as a litigation tactic to unnecessarily delay the resolution of this case, and request that the court schedule the two trials as close together as the court deems appropriate.

**Defendants' Response:** Defendants believe a bifurcated trial would likely reduce the costs and time for trial. The reduction in costs would likely be significant if plaintiffs fail to prevail on any significant amount of their claims during the liability portion of the trial.

The court has found that defendant Teck Cominco Alaska is liable on 622 of approximately 2309 claims. Of these 622 violations, 618 of them relate to the daily

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

maximum TDS limit in the NPDES permit. The court has dismissed 51 of plaintiffs' claims. The remaining 1636 claims relate to a number of different permit requirements. Defendants anticipate the trial on liability for these claims will focus on two issues: Was there a violation? And, if so, was the violation "on-going" at the time plaintiffs filed their complaint? The majority of the witnesses will be mine personnel, and perhaps, some agency people to explain permit requirements.

The remedial phase, whether it is ultimately limited to the 622 claims already established, or to those and some portion of plaintiffs' other 1636 claims, will involve totally different issues and, for the most part, different witnesses. In exercising its discretion in setting the amount of a civil penalty for violation of the Clean Water Act, the district court is to consider the following statutory factors: 1) seriousness of the violation; 2) any economic benefit that resulted from violation; 3) history of violations by the party to be penalized; 4) the party's good faith efforts to comply with the applicable requirements; 5) the economic effect of the penalty on the violator; and 6) any other matters as justice may require. Leslie Salt Company v. U.S., 55 F.3d 1388, 1397 (9th Cir. 1995); 33 U.S.C. §1319(d). Evidence of seriousness of any violations will involve factual and expert witnesses looking at, among other things, potential environmental and human health impacts. Defendants anticipate there will be testimony from local subsistence users, biologists, toxicologists and others with knowledge or expertise on environmental and human health effects. Economic benefit evidence will involve factual and expert chemist, engineer and economist witnesses testifying on remedial options, their costs, and after tax

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

present value calculations of avoided or delayed expenditures to come into compliance. Defendants anticipate there will also be testimony of government regulatory officials.

It can readily be seen that for each different violation or sets of violations for which liability may be established, it has the potential for significantly magnifying the scope and length of the remedy trial. If the trials are not bifurcated, the parties run the risk of spending substantial time and effort preparing for a remedy trial on claims that may not be established during the liability portion of the trial. This risk would not be avoided under plaintiffs' proposal of having a trial on liability with a remedy trial to follow quickly. Defendants have no desire to unnecessarily delay resolution of all of this case, but believe a sufficient gap needs to occur between the liability and remedy portions of the case for the court to render its decision in the first case, and to allow time for the parties to review that decision and prepare appropriately for a trial on the remedy or remedies. If the trials are scheduled too close together, the parties will have to prepare for a remedy trial on all of plaintiffs' claims before knowing the result of the liability trial. This is the only way they could be sure they would be fully prepared for the remedy trial.

Another potential benefit of a bifurcated trial is that a final judicial determination of the number of actionable violations may assist the parties in negotiating a settlement, if the mediation anticipated for this fall does not yield a settlement.

Defendant Northwest Arctic Borough will only be participating in the remedy phase of the trial. Bifurcating the trial with a separation between the liability and remedy trial will potentially save their taxpayers significant expense.

4. The length of time the parties estimate for each trial of the two trials if the court determines to separate the issues as suggested above and the

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

parties estimate for the length of trial if a single trial is to be conducted.

**Response:** The parties estimate the liability phase of trial will require six weeks, and the penalty phase will require an additional four to five weeks, depending on what happens in the liability phase.

a. **Plaintiffs' Response:** Plaintiffs' counsel estimates plaintiffs will need ten (10) full trial days (two weeks) to present their evidence on liability. Plaintiffs anticipate pursuing substantially all of the claims listed in their revised complaint [Docket 26] which have not been dismissed. Plaintiffs will be closely reviewing the supplemental discovery disclosures – including Teck Cominco's 2006 Discharge Monitoring Reports and internal communications regarding compliance – to refine the universe of claims they pursue; these disclosures are scheduled for September 30, 2006 under this report. Assuming they prevail on liability on all of their claims, plaintiffs anticipate 3-4 full trial days for their portion of the remedy phase of the trial.

b. **Defendants' Response:** Defendants anticipate needing a minimum of four weeks (20 full trial days) to present their evidence on the liability phase of the trial. This assumes plaintiffs pursue all of the claims listed in their amended complaint. If plaintiffs attempt to add claims which are not disclosed in their revised complaint and 60-day letter to EPA and the state required under 33 U.S.C. §1365(b), defendants will oppose this. If plaintiffs make this effort at trial, it could add to the time of trial.

Defendants' burden is greater in the remedy phase of the trial in that, as explained above, at least six different issues need to be addressed for each claim for which liability has been established. Further, NANA and the NWAB will be presenting evidence in the

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

remedy portion of the trial. Defendants anticipate, based on plaintiffs' estimate for the time plaintiffs will need to present their remedy case, plaintiffs will not be addressing each of the six penalty factors. Defendants, however, anticipate addressing all six penalty factors on each claim that must be addressed at the remedy trial. If the remedy trial is limited only to plaintiffs' TDS claims, defendants estimate the time for defendants' portion of the remedy case will take approximately three weeks (15 full trial days). If the remedy trial addresses all of plaintiffs' claims asserted in this case, defendants estimate the time for defendants' portion of the remedy case will take a minimum of four to five weeks (20-25 full trial days).

c. **Single Trial:** In the event the court orders a single trial on both liability and remedy, plaintiffs estimate their portion of the trial will take 13-14 full trial days. Defendants estimate their portion of the trial will take 40-45 full trial days, depending on which of plaintiffs' claims survive the liability portion of the trial.

Respectfully submitted this _18th_ day of August, 2006 by the counsel of record for each party in this case.

HARTIG RHODES HOGE & LEKISCH, P.C.
Attorneys for Teck Cominco Alaska Incorporated

By: _____
Lawrence L. Hartig
Sean Halloran

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

HELLER EHRMAN WHITE & MCAULIFFE LLP
Attorneys for Intervenor-Defendants
NANA Regional Corporation

DATED: August 18th 2006    By: _____
                           for James E. Torgerson


LANDYE BENNETT BLUMSTEIN LLP
Attorneys for Intervenor-Defendants
Northwest Arctic Borough

DATED: _____   By: _____
                                David S. Case


CENTER ON RACE, POVERTY, & THE
                ENVIRONMENT
Attorneys for Plaintiffs

DATED: _____   By: _____
                                Luke W. Cole


LAW OFFICES OF NANCY S. WAINWRIGHT
Attorneys for Plaintiffs

DATED: _____   By: _____
                                Nancy S. Wainwright


CERTIFICATE OF SERVICE
I hereby certify that on the 18 day of August, 2006,
a true and correct copy of the foregoing was served,
via First Class Mail, on the below identified parties of
record:

Luke W. Cole
Center on Race, Poverty, & the Environment
450 Geary Street, Suite 500
San Francisco, California 94102

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

JOINT STATUS REPORT                                           Page 10 of 11
*Adams et. al. v. Teck Cominco Alaska,* A04-00049 CV (JWS)

HELLER EHRMAN WHITE & MCAULIFFE LLP
Attorneys for Intervenor-Defendants
NANA Regional Corporation

DATED: _____   By: _____
                            James E. Torgerson


LANDYE BENNETT BLUMSTEIN LLP
Attorneys for Intervenor-Defendants
Northwest Arctic Borough

DATED: 8/18/2006   By: _CM Kay_____
                      for David S. Case


CENTER ON RACE, POVERTY, & THE
ENVIRONMENT
Attorneys for Plaintiffs

DATED: _____   By: _____
                            Luke W. Cole


LAW OFFICES OF NANCY S. WAINWRIGHT
Attorneys for Plaintiffs

DATED: _____   By: _____
                            Nancy S. Wainwright


<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on the ___ day of August, 2006,
a true and correct copy of the foregoing was served,
via First Class Mail, on the below identified parties of
record:

Luke W. Cole
Center on Race, Poverty, & the Environment
450 Geary Street, Suite 500
San Francisco, California 94102

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

JOINT STATUS REPORT                                              Page 10 of 11
*Adams et. al. v. Teck Cominco Alaska*, A04-00049 CV (JWS)

HELLER EHRMAN WHITE & MCAULIFFE LLP
Attorneys for Intervenor-Defendants
NANA Regional Corporation

DATED: _____    By: _____
                               James E. Torgerson


LANDYE BENNETT BLUMSTEIN LLP
Attorneys for Intervenor-Defendants
Northwest Arctic Borough

DATED: _____    By: _____
                               David S. Case


CENTER ON RACE, POVERTY, & THE
ENVIRONMENT
Attorneys for Plaintiffs

DATED: 8/18/06           By: _____
                               Luke W. Cole


LAW OFFICES OF NANCY S. WAINWRIGHT
Attorneys for Plaintiffs

DATED: _____    By: _____
                               Nancy S. Wainwright


CERTIFICATE OF SERVICE
I hereby certify that on the ___ day of August, 2006,
a true and correct copy of the foregoing was served,
via First Class Mail, on the below identified parties of
record:

Luke W. Cole
Center on Race, Poverty, & the Environment
450 Geary Street, Suite 500
San Francisco, California 94102

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

_____
Hartig Rhodes Hoge & Lekisch PC

F:\Docs\62880\184\PLEADINGS\Joint Status Report2.DOC

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352