1   LUKE W. COLE, California Bar No. 145,505
    CAROLINE FARRELL, California Bar No. 202,871
2   BRENT J. NEWELL, California Bar No. 210,312
    Center on Race, Poverty, & the Environment
3   450 Geary Street, Suite 500
    San Francisco, CA, 94102
4   415/346-4179  •  fax 415/346-8723

5   NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
    Law Offices of Nancy S. Wainwright
6   13030 Back Road, Suite 555
    Anchorage, AK 99515-3538
7   907/345-5595  •  fax 907/345-3629

8   Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
    Adams, Andrew Koenig, Jerry Norton, David
9   Swan and Joseph Swan

10

11                  **IN THE UNITED STATES DISTRICT COURT**

12                  **FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

13  ENOCH ADAMS, JR., LEROY ADAMS,              Case No. A04-49 (JWS)
    ANDREW KOENIG, JERRY NORTON
14  DAVID SWAN and JOSEPH SWAN,
                                                **PLAINTIFFS STATUS REPORT**
15          Plaintiffs,

16          v.

17  TECK COMINCO ALASKA INCORPORATED

18          Defendant.

19  ─────────────────────────────────────

20  NANA REGIONAL CORPORATION and
    NORTHWEST ARCTIC BOROUGH,

21          Intervenors-Defendants.

22  ─────────────────────────────────────

23

24          This status report is  filed by the plaintiffs in response to the court's September 13, 2006

25  order.  As noted in the defendants' separately-filed status report, the parties continue to be

26  interested in attempting to mediate all of plaintiffs' claims in this action.  They have jointly

27  identified potential mediators and are scheduled to interview four candidates between December

28

18-20, 2006 in San Francisco and Seattle.  The parties intend to confer shortly after these interviews to attempt to agree on a single mediator.  During the interviews they intend to discuss the mediator's availability for mediation as early as the latter half of January, 2007, the parties being interested in proceeding to mediation without any unnecessary delay.  One of the candidates to be interviewed has already advised his mediation schedule does not allow for a mediation of this complexity in January.  The parties will be exploring the earliest alternative dates with this candidate during his interview.

The parties suggest supplementing this status report on or before January 5, 2007. They anticipate they will be able to advise the court by that time if they have agreed on a mediator and the time set for the mediation.

Although the Court requested a joint status report, defendants unilaterally filed their report.  Defendants' counsel circulated a draft "Joint Status Report" at 6:10 pm on December 7, 2006.  At 11:00 am on December 8 (today), plaintiffs okayed that joint report (which is substantially identical to the report filed by Defendants and the two paragraphs above), provided that the report include the following paragraph:

Plaintiffs continue to be concerned that Teck Cominco has not fully complied with its ongoing duty to supplement discovery under Rule 26. Plaintiffs position is as follows: On August 18, 2006, all parties filed a joint status report, which included the following statement: "The parties recognize their ongoing duties to supplement initial disclosures and responses to discovery requests. The parties propose a deadline of September 30, 2006 to update all disclosures and responses to discovery, as required under the civil rules, to that date. This date allows time for the parties to review the supplemental disclosures and discuss them with their experts before mediation, as described below."

PLAINTIFFS STATUS REPORT                - 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Although the Court did not address this issue in its Order on Trial of September 13, 2006, in good faith Plaintiffs provided Teck Cominco with supplemental responses to discovery requests on September 30, 2006. Teck Cominco did not supplement its discovery disclosures until November 14, 2006, and still has not fully complied with its duty to supplement discovery. Specifically, Teck Cominco has not provided Plaintiffs with an update to Request for Supplemental Disclosure 7a, the internal Teck Cominco accounting of its environmental violations; this Court may remember the internal documents, which were the subject of an earlier motion to compel and this Court's Order of November 3, 2005, ordering their disclosure to the plaintiffs. It is Plaintiffs position that Teck Cominco's failure to timely provide this discovery has delayed the mediation because it has not allowed Plaintiffs to fully prepare for such mediation. Plaintiffs are concerned that Teck Cominco is trying to delay the mediation until the issuance of Teck Cominco's new EPA permit as a litigation tactic.

At 4:17 pm today, Teck Cominco served, by electronic mail, 29 new discovery documents comprising more than 175 pages, apparently in an effort to comply with its duty to provide supplemental discovery responses.  At 4:54 pm, plaintiffs counsel was informed by electronic mail that defendants had unilaterally filed a "defendants' status report," and at 5:04 pm, defendants' counsel Larry Hartig informed plaintiffs' counsel "I changed the draft status report to state it is only being filed by defendants. I figured it would take you awhile to get through the reports we sent to you this afternoon and make a decision on what you want to state in a status report."  Plaintiffs counsel has not had time to review the discovery documents to determine their responsiveness, but observes that it is more than 60 days after the deadline both parties represented to the Court they would supplement their discovery responses.

PLAINTIFFS STATUS REPORT                  - 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs look forward to the opportunity to try to mediate this case, but hope that defendants will show better faith in the mediation than they have in complying with their discovery duties. As noted above, plaintiffs fear that Teck Cominco's dilatory tactics are an attempt to draw out the mediation process until EPA has issued a new permit, to try to secure some litigation advantage in this suit. We note this fear so that the Court can keep close track of the mediation process and ensure that it occurs in a timely and good faith manner.


Respectfully submitted this 8th day of December, 2006.


_____/S/_____

Luke Cole

Attorney for Plaintiffs

1    CERTIFICATE OF SERVICE
     I hereby certify that on the 8th day of December, 2006,
2    a true and correct copy of the foregoing was served,
     via electronic mail, on the below identified parties of
3    record:

     Larry Hartig
4    Hartig Rhodes
     717 K Street
5    Anchorage, AK 99501

6    Nancy S. Wainwright
     Law Offices of Nancy S. Wainwright
     13030 Back Road, Suite 555
7    Anchorage, Alaska 99515-3538

8    James E. Torgerson
     Heller Ehrman White & McAuliffe LLP
9    510 L Street, Suite 500
     Anchorage, Alaska 99501-1959

10   David S. Case
     Landye Bennett Blumstein LLP
11   701 W. 8th Ave., Suite 1200
     Anchorage, AK 99501

12

13   _____
              /S/
14   Luke Cole

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS STATUS REPORT         - 4 -