MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*ENOCH ADAMS JR., et al.*          v.          *TECK COMINCO ALASKA INC.*

THE HONORABLE JOHN W. SEDWICK          CASE NO. 3:04-cv-00049-JWS

PROCEEDINGS:     **ORDER FROM CHAMBERS**          Date:  August 9, 2007

At a planning conference on August 9, 2007, the court set a variety of deadlines which are summarized in this minute order.

1. No later than **August 31, 2007**, defendant shall provide copies of all available monitoring reports, lab reports or other reports of the sort that have been previously produced in this litigation to counsel for plaintiffs.

2. The court ruled that plaintiffs' expert, Randall Fisher, may testify by deposition.  However, not later than **August 31, 2007**, defendant may file a motion asking the court to reconsider that ruling.

3. Plaintiffs may file a motion to permit plaintiffs to provide additional expert testimony no later than **August 31, 2007.**

4. Plaintiffs may file a motion to amend the complaint to set forth violations which allegedly have taken place through the end of June 2007.  Such motion shall be filed no later than **August 31, 2007.**

5. Plaintiffs' and defendant's experts shall update their reports to take into account any effects resulting from the passage of time from the date used in the original report through December 31, 2007.   Such updated expert reports shall be exchanged by **January 18, 2008.**

6. Plaintiffs represented that at most their case for the liability issues to be considered at trial will require two days.  Plaintiffs represented that their case for the remedy issues to be considered at trial will require at most three days.  The court will set the trial date with those requirements in mind and will strictly limit plaintiffs to such time limits.  Defendant estimated not more than five weeks for its case with respect to each set of issues.  The court will take those estimates into account and enforce those limits as well, unless defendant can show that an amended complaint (if one is allowed) has clearly created the need for more time.  Intervenors will be allowed a reasonable amount of time for presentation of evidence on the remedy issues.  For planning purposes, the court will assume that between them, the intervenors will require no more than three days in total.

      7.  The court will set trial to commence no earlier than February 19, 2008.  The order which sets the trial date will include time for the filing of motions *in limine*.

      Additional ruling:  The parties agree (*see* docket 141) that the liability and remedy phases of the trial be separate.  The court did not rule on that issue at the planning conference, but will do so now.  There will be a bifurcated trial.  The second (remedy) phase will likely begin on the second Monday (or Tuesday if that second Monday is a holiday) following the conclusion of the first (liability) phase.  The duration of this gap may be changed slightly when the trial setting order is issued.

---