LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty, & the Environment
47 Kearny Street, Suite 804
San Francisco, CA, 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3538
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>　　Defendant.<br>_____<br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>　　Intervenors-Defendants.<br>_____ | Case No. A04-49 (JWS)<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br><br><br>F.R.C.P. Rule 15(d) |

　　Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, and Joseph Swan (collectively "Adams") move for leave to file a Supplemental Complaint in order to add additional violations of the Clean Water Act by the Defendant Teck Cominco Alaska Incorporated. Pursuant to Fed.R.Civ.P. 15(d), Adams may supplement the complaint if transactions, occurrences or events took place since the date of pleading sought to be

supplemented. The proposed supplemented complaint is attached as Exhibit 1. Adams respectfully requests leave to file the Supplemental Complaint on October 8, 2007, when the 60-day notice period has run. (Adams had planned to file this Motion when the 60-day notice period ran in October, but files today to meet the deadline in the Court's Order of August 9, 2007 [Docket 167].)

Plaintiffs facing further violations by a defendant in a Clean Water Act suit have two ways of dealing with those violations after providing notice to the polluter: filing a new lawsuit, or amending their complaint to include the continued violations. In the interest of litigant and judicial economy, Adams here would like to proceed by the latter course, having provided the requisite notice to Teck Cominco.

## I. ADAMS' ORIGINAL 60-DAY NOTICE LETTER SATISFIED THE NOTICE REQUIREMENTS OF THE CLEAN WATER ACT.

Adams has met all conditions precedent to supplementing this suit and could request leave to file the Supplemental Complaint today. However, in an abundance of caution, Adams has sent an updated 60-day notice letter to Teck Cominco, although under Ninth Circuit law Adams need not have.

After the initiation of this citizen suit to enforce the Clean Water Act, Adams learned that Teck Cominco continued to violate its total dissolved solids (TDS) end-of-pipe limits after the litigation began. Indeed, Adams used that fact to demonstrate that the violations were "ongoing" at the summary judgment stage. Teck Cominco objected to Adams' listing such allegations in the Motion for Partial Summary Judgment by stating that, "plaintiffs failed to allege any violations of the 3900 mg/L limit in their Complaint or in their 60-day letter." *See* Opposition to Plaintiff's Motion for Partial Summary Judgment (Docket 100) at 27.

Teck Cominco's protestations were misplaced. Courts have allowed plaintiffs to prove violations of the Clean Water Act at trial even though such violations were not mentioned in the 60-day notice letter. In *Community Association for Restoration of the Environment v. Henry Bosma Dairy*, 305 F.3d 943, 953 (9th Cir. 2002), the Ninth Circuit held that a 60-day notice

1  satisfies 33 U.S.C. §1365(b) of the Clean Water Act even if it fails to list every known violation
2  later alleged at trial.  Based on the Third Circuit's reasoning in *Public Interest Research Group v.*
3  *Hercules, Inc.*, 50 F.3d 1239, 1248 (3rd Cir. 1995), the *Bosma* court further held that under 33
4  U.S.C. §1365, the Clean Water Act does not require a plaintiff to give notice to defendant of
5  each individual violation, but rather plaintiffs can include additional violations in a suit when
6  they are discovered, even though such violations were not included in the 60-day notice.  *Id.*; *see*
7  *also Waterkeepers N.Ca. v. AG Industrial Manufacturing*, 375 F.3d 913, 917-918 (9th Cir. 2004);
8  *San Francisco Baykeeper, Inc. v. Tosco Corp.*, 309 F.3d 1153, 1159 (9th Cir. 2002).  Thus,
9  Plaintiff's original 60-day notice letter is sufficient to raise at trial additional violations of the
10 same permit parameter by Teck Cominco.
11     However, Adams has also served Teck Cominco with a supplemental 60-day notice letter,
12 outlining the more than 770 violations discovered since the 60-day notice letter upon which this
13 suit was based.  Served on August 8, 2007, this notice letter (attached to the Supplemental
14 Complaint) sets forth the violations of the TDS daily and monthly permit limits, the cyanide daily
15 and monthly permit limits, and the whole effluent toxicity (WET) permit limits.  This includes
16 398 additional daily TDS violations, 173 additional monthly TDS violations, 19 additional daily
17 cyanide violations, 181 additional monthly cyanide violations, and one additional WET violation.
18 The 60-day notice period will run on October 7, 2007, and thus Adams requests leave to file the
19 Supplemental Complaint on or after October 8, 2007.
20 **II.    ADAMS HAS MET THE PROVISIONS OF F.R.C.P.  RULE 15(d).**
21     Fed.R.Civ.P. 15(d) allows a party, upon reasonable notice, to supplement pleadings upon
22 motion to the court if such terms are just and set forth transactions, occurrences, or events which
23 occurred since the date of the original pleading.  The Ninth Circuit has held that supplemental
24 pleadings are to be liberally allowed because they avoid piecemeal litigation.  *Keith v. Volpe*, 858
25 F.2d 467, 473 (9th Cir. 1988), cert. denied, 493 U.S. 813 (1989).  Here, such supplementation
26 directly avoids piecemeal litigation as in the absence of it, Adams would be forced to file a
27 wholly separate suit to prosecute the additional 770 violations, and either proceed independently
28

Points & Authorities in Support of Motion
for Leave to File Supplemental Complaint         - 2 -

with that suit or move to consolidate it with this suit.

As discussed above, Adams satisfied the 60-day notice requirements of 33 U.S.C. §1365(b). Furthermore, the additional facts alleged occurred or were discovered after the Complaint was filed, and Adams merely updates the action so as to bring relevant new claims based on these facts within the Court's jurisdiction. *Keith v. Volpe,* 858 F.2d at 473-474. The new claims are closely related to the original action – they are all simply further violations of the same permit parameters already previously violated and at issue in this suit – and they present the same fundamental issues: violations of Section 33 U.S.C. §1311 of the Clean Water Act by failing to comply with discharge limitations for TDS daily, TDS monthly, cyanide daily, cyanide monthly and WET.

Leave to supplement should be liberally granted, "unless undue prejudice to the opposing party will result." *LaSalvie v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986), cert. denied, 482 U.S. 928 (1987). Here, Defendants are not prejudiced by the supplemental pleading, which raises legal issues identical to those already before the Court. Moreover, adjudication of Adams' rights cannot be complete without the Court's addressing Teck Cominco's additional violations.

For the foregoing reasons, Adams respectfully requests that the Court grant Adams' leave to file the proposed Supplemental Pleading and thereby add the new claims.

### III.  THE SUPPLEMENTAL MATERIAL MERELY UPDATES THE ALREADY ALLEGED VIOLATIONS.

Adams here lists, in their entirety, the proposed additional language to be added to the Complaint through this supplement:

**Paragraph 14, after the existing text**:  Pursuant to Section 505(b)(A) of the Act, 33 U.S.C. § 1365(b)(1)(A), on August 8, 2007, Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton and Joseph Swan gave supplemental notice of further violations sixty days prior to the filing of this Supplemental Complaint to the same nine persons. A true and correct copy of this Supplemental Notice Letter is attached to this Complaint as Exhibit B.

Points & Authorities in Support of Motion
for Leave to File Supplemental Complaint         - 3 -

1 **Paragraph 32, after the existing text:** As of June 15, 2004, the daily TDS permit limit is 3900 mg/L, except during Arctic Grayling spawning season when both the daily and monthly TDS limits from the 1998 permit are in force.

**Paragraph 59, after the existing text:** In addition, by comparing discharges reported by Teck Cominco in the mine site DMRs to the mine permit, plaintiffs documented an additional 772 violations of the mine site permit from June 1, 2003 until June 30, 2007. Plaintiffs specified each of the 772 violations of the mine site permit in a supplemental 60-day Notice Letter plaintiffs served on Teck Cominco on August 8, 2007. This suit also seeks relief from 574 of the supplemental notice violations, which plaintiffs have determined to be ongoing or capable of repetition and not alleged in the original Complaint.

**Paragraph 63:** Replace "2,309" with "2,883" for the total number of violations.

**Paragraph 64:** Add text (underlined) as follows: The regulations implementing the Clean Water Act, 40 C.F.R. §19.4, authorize a penalty of up to $27,500 for each violation of the permits and Consent Orders <u>that occurred before March 14, 2004, and $32,500 for violations after March 14, 2004</u>, or up to $<u>82,107,500</u> for the violations alleged herein.

**Paragraph 70, after the existing text:**

**2004:** May 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; June 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14; August 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; September 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26.

**2005:** May 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; June 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30; July 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22,

1  23, 24, 25, 26, 27, 28, 29, 30 and 31; August 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; September 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30; October 1, 2, 3, 4, 5 and 6.

**2006:** May 9, 10, 11, 12, 13, 14, 15 and 16; September 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30; October 1, 2.

**2007:** June 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30.

**Paragraph 73, after the existing text:** May 2004, June 2004, May 2005, June 2005, May 2006, June 2006, May 2007 and June 2007.

**Paragraph 74, after the existing text:**

**2004:** May 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; June 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14.

**2005:** May 24, 25, 26, 27, 28, 29, 30, 31; June 1, 2, 3, 4, 5, 6.

**2006:** May 30, 31; June 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15.

**2007:** May 26, 27, 28, 29, 30 and 31; June 1, 2.

**Paragraph 76:** Changed numbers as follows (changes <u>underlined</u>): Teck Cominco has discharged TDS in excess of its daily permit limit at least <u>915</u> times, and in excess of the monthly average permit limit at least <u>688</u> times, for <u>1303</u> total TDS violations.

**Paragraph 80, after the existing text:** As specified in plaintiffs' Supplemental Notice Letter, Teck Cominco exceeded its daily maximum permissible concentration of cyanide and thus violated permit condition I(A)(1) for cyanide on May 10 and 13, 2003; June 17 and 24, 2003; July 1, 15, 21 and 29, 2003; August 12, 2003; May 23, 2005; August 9, 2005; September

1  5, 12, 19, 2005; October 3, 2005; May 11 and 15, 2006; June 5, 2006; October 1, 2006.

3  **Paragraph 83, after the existing text:**  as well as in September 2005, October 2005, May 2006, June 2006, July 2006, August 2006 and September 2006.

6  **Paragraph 84, after the existing text:**

**2005:**  September 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30; October 1, 2, 3, 4, 5 and 6.

**2006:**  May 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; June 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30; July 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; August 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; September 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30.

**Paragraph 86:**  changed numbers as follows:  Teck Cominco has discharged cyanide in excess of its daily permit limits at least 35 times, and in excess of the monthly average permit limit at least 588 times, for 623 total cyanide violations.

**Paragraph 93, after the existing text:** As specified in plaintiffs' Supplemental Notice Letter, Teck Cominco exceeded the maximum daily limit for WET, and thus violated mine site permit condition I(H)(5), in August 2004.

**Paragraph 99:**  changed numbers as follows:  Teck Cominco has violated the permit requirements for WET reporting at least 7 times, the permit requirements for WET daily limits at least 9 times, and for WET monthly averages at least 199 times, for 215 total WET violations.

Points & Authorities in Support of Motion
for Leave to File Supplemental Complaint        - 6 -

1  **Prayer for Relief, Paragraph 3:** changed or added text underlined:  Pursuant to 33
2  U.S.C. §1319(d) and 40 C.F.R. § 19.4, the imposition of civil penalties of $27,500 for each of the
3  2,318 violations alleged in this complaint that occurred before March 14, 2004 and $32,500 for
4  each of the 565 violations alleged in this complaint that occurred after March 14, 2004, totaling
5  $82,107,500.

7  It should be noted that not a single paragraph number in the Complaint is changed,
8  making a Supplemental Answer by Teck Cominco quite easy.

9  **IV.   CONCLUSION**

10  Because Teck Cominco has continued to violate its Clean Water Act permits during the
11  pendency of this lawsuit, Adams must supplement the Complaint in this suit or file a new suit
12  and move to consolidate it.  As supplementation should be liberally granted under Ninth Circuit
13  precedent, Adams is choosing this path and respectfully requests the right to file the
14  Supplemental Complaint on or after October 8, 2007.

15  Date: August 31, 2007                        Respectfully submitted,

16                                              CENTER ON RACE, POVERTY
                                                & THE ENVIRONMENT

18                                              _____/s/ Luke W. Cole_____
                                                Luke W. Cole
19                                              Nancy S. Wainwright
                                                Attorneys for Plaintiffs Enoch Adams et al.

21  Certificate of Service
    This is to certify that on the 31st day of August, 2007, a true and correct copy of the foregoing
22  MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT, with PROPOSED
    SUPPLEMENTAL COMPLAINT was served, via electronic service, on the below identified
23  parties of record:

24  Sean Halloran
    Hartig Rhodes Hoge & Lekisch, P.C.
25  717 K Street
    Anchorage, AK 99501
26  sean.halloran@hartig.com

27  David S. Case
    Landye Bennet Blumstein LLP
28

Points & Authorities in Support of Motion
for Leave to File Supplemental Complaint         - 7 -

1  701 West 8th Avenue, Suite 1200
   Anchorage, AK 99501
2  dcase@lbblawyers.com

3  James E. Torgerson
   510 L Street, Suite 500
4  Anchorage, AK 99501
   jim.torgerson@hellerehrman.com
5
   Nancy S. Wainwright
6  Law Offices of Nancy S. Wainwright
   13030 Back Road, Suite 555
7  Anchorage, AK 99515-3538
   nsw@alaska.com
8

9

10     /s/ Luke W. Cole
   Luke W. Cole
11 Nancy S. Wainwright
   Attorneys for Plaintiffs Enoch Adams et al.

Points & Authorities in Support of Motion
for Leave to File Supplemental Complaint      - 8 -