1   LUKE W. COLE, California Bar No. 145,505
    CAROLINE FARRELL, California Bar No. 202,871
2   BRENT J. NEWELL, California Bar No. 210,312
    Center on Race, Poverty, & the Environment
3   47 Kearny Street, Suite 804
    San Francisco, CA, 94108
4   415/346-4179  •  fax 415/346-8723

5   NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
    Law Offices of Nancy S. Wainwright
6   13030 Back Road, Suite 555
    Anchorage, AK 99515-3538
7   907/345-5595  •  fax 907/345-3629

8   Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
    Adams, Andrew Koenig, Jerry Norton and Joseph Swan
9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE DISTRICT OF ALASKA AT ANCHORAGE

12

13  ENOCH ADAMS, JR., LEROY ADAMS,            Case No. A04-49 (JWS)
    ANDREW KOENIG, JERRY NORTON
    DAVID SWAN and JOSEPH SWAN,
14                                            MEMORANDUM OF POINTS &
                                              AUTHORITIES IN SUPPORT
15       Plaintiffs,                          OF MOTION FOR LEAVE TO
                                              FILE SUPPLEMENTAL
16       v.                                   COMPLAINT

17  TECK COMINCO ALASKA INCORPORATED

18       Defendant.

                                              F.R.C.P. Rule 15(d)
19  ───────────────────────────────────
    NANA REGIONAL CORPORATION and
    NORTHWEST ARCTIC BOROUGH,
20
         Intervenors-Defendants.
21  ───────────────────────────────────

22

23       Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, and Joseph

24  Swan (collectively "Adams") move for leave to file a Supplemental Complaint in order to add

25  additional violations of the Clean Water Act by the Defendant Teck Cominco Alaska

26  Incorporated.  Pursuant to Fed.R.Civ.P. 15(d), Adams may supplement the complaint if

27  transactions, occurrences or events took place since the date of pleading sought to be

28

1  supplemented.  The proposed supplemented complaint is attached as Exhibit 1.  Adams

2  respectfully requests leave to file the Supplemental Complaint on October 8, 2007, when the 60-

3  day notice period has run.  (Adams had planned to file this Motion when the 60-day notice period

4  ran in October, but files today to meet the deadline in the Court's Order of August 9, 2007

5  [Docket 167].)

6        Plaintiffs facing further violations by a defendant in a Clean Water Act suit have two

7  ways of dealing with those violations after providing notice to the polluter: filing a new lawsuit,

8  or amending their complaint to include the continued violations.  In the interest of litigant and

9  judicial economy, Adams here would like to proceed by the latter course, having provided the

10 requisite notice to Teck Cominco.

11 **I.    ADAMS' ORIGINAL 60-DAY NOTICE LETTER SATISFIED THE NOTICE
       REQUIREMENTS OF THE CLEAN WATER ACT.**

12

13        Adams has met all conditions precedent to supplementing this suit and could request

14 leave to file the Supplemental Complaint today.  However, in an abundance of caution, Adams

   has sent an updated 60-day notice letter to Teck Cominco, although under Ninth Circuit law
15
   Adams need not have.
16
         After the initiation of this citizen suit to enforce the Clean Water Act, Adams learned that
17
   Teck Cominco continued to violate its total dissolved solids (TDS) end-of-pipe limits after the
18
   litigation began.  Indeed, Adams used that fact to demonstrate that the violations were "ongoing"
19
   at the summary judgment stage.  Teck Cominco objected to Adams' listing such allegations in
20
   the Motion for Partial Summary Judgment by stating that, "plaintiffs failed to allege any
21
   violations of the 3900 mg/L limit in their Complaint or in their 60-day letter."  *See* Opposition to
22
   Plaintiff's Motion for Partial Summary Judgment (Docket 100) at 27.
23
         Teck Cominco's protestations were misplaced.  Courts have allowed plaintiffs to prove
24
   violations of the Clean Water Act at trial even though such violations were not mentioned in the
25
   60-day notice letter.  In *Community Association for Restoration of the Environment v. Henry*
26
   *Bosma Dairy*, 305 F.3d 943, 953 (9th Cir. 2002), the Ninth Circuit  held that a 60-day notice
27

28

1   satisfies 33 U.S.C. §1365(b) of the Clean Water Act even if it fails to list every known violation

2   later alleged at trial.  Based on the Third Circuit's reasoning in *Public Interest Research Group v.*

3   *Hercules, Inc.*, 50 F.3d 1239, 1248 (3rd Cir. 1995), the *Bosma* court further held that under 33

4   U.S.C. §1365, the Clean Water Act does not require a plaintiff to give notice to defendant of

5   each individual violation, but rather plaintiffs can include additional violations in a suit when

6   they are discovered, even though such violations were not included in the 60-day notice.  *Id.*; *see*

7   *also Waterkeepers N.Ca. v. AG Industrial Manufacturing*, 375 F.3d 913, 917-918 (9th Cir. 2004);

8   *San Francisco Baykeeper, Inc. v. Tosco Corp.*, 309 F.3d 1153, 1159 (9th Cir. 2002).  Thus,

9   Plaintiff's original 60-day notice letter is sufficient to raise at trial additional violations of the

10  same permit parameter by Teck Cominco.

11      However, Adams has also served Teck Cominco with a supplemental 60-day notice letter,

12  outlining the more than 770 violations discovered since the 60-day notice letter upon which this

13  suit was based.  Served on August 8, 2007, this notice letter (attached to the Supplemental

14  Complaint) sets forth the violations of the TDS daily and monthly permit limits, the cyanide daily

15  and monthly permit limits, and the whole effluent toxicity (WET) permit limits.  This includes

16  398 additional daily TDS violations, 173 additional monthly TDS violations, 19 additional daily

17  cyanide violations, 181 additional monthly cyanide violations, and one additional WET violation.

18  The 60-day notice period will run on October 7, 2007, and thus Adams requests leave to file the

19  Supplemental Complaint on or after October 8, 2007.

20  **II.    ADAMS HAS MET THE PROVISIONS OF F.R.C.P.  RULE 15(d).**

21      Fed.R.Civ.P. 15(d) allows a party, upon reasonable notice, to supplement pleadings upon

22  motion to the court if such terms are just and set forth transactions, occurrences, or events which

23  occurred since the date of the original pleading.  The Ninth Circuit has held that supplemental

24  pleadings are to be liberally allowed because they avoid piecemeal litigation.  *Keith v. Volpe*, 858

25  F.2d 467, 473 (9th Cir. 1988), cert. denied, 493 U.S. 813 (1989).  Here, such supplementation

26  directly avoids piecemeal litigation as in the absence of it, Adams would be forced to file a

27  wholly separate suit to prosecute the additional 770 violations, and either proceed independently

28

1  with that suit or move to consolidate it with this suit.

2      As discussed above, Adams satisfied the 60-day notice requirements of 33 U.S.C.

3  §1365(b).  Furthermore, the additional facts alleged occurred or were discovered after the

4  Complaint was filed, and Adams merely updates the action so as to bring relevant new claims

5  based on these facts within the Court's jurisdiction.  *Keith v. Volpe,* 858 F.2d at 473-474.  The

6  new claims are closely related to the original action – they are all simply further violations of the

7  same permit parameters already previously violated and at issue in this suit – and they present the

8  same fundamental issues: violations of Section 33 U.S.C. §1311 of the Clean Water Act by

9  failing to comply with discharge limitations for TDS daily, TDS monthly, cyanide daily, cyanide

10 monthly and WET.

11     Leave to supplement should be liberally granted, "unless undue prejudice to the opposing

12 party will result."  *LaSalvie v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986),

13 cert. denied, 482 U.S. 928 (1987).  Here, Defendants are not prejudiced by the supplemental

14 pleading, which raises legal issues identical to those already before the Court.  Moreover,

15 adjudication of Adams' rights cannot be complete without the Court's addressing Teck

16 Cominco's additional violations.

17     For the foregoing reasons, Adams respectfully requests that the Court grant Adams' leave

18 to file the proposed Supplemental Pleading and thereby add the new claims.

19 **III.    THE SUPPLEMENTAL MATERIAL MERELY UPDATES THE ALREADY**
        **ALLEGED VIOLATIONS.**
20
21     Adams here lists, in their entirety, the proposed additional language to be added to the

22 Complaint through this supplement:

23     **Paragraph 14, after the existing text**:  Pursuant to Section 505(b)(A) of the Act, 33

24 U.S.C. § 1365(b)(1)(A), on August 8, 2007, Enoch Adams, Jr., Leroy Adams, Andrew Koenig,

25 Jerry Norton and Joseph Swan gave supplemental notice of further violations sixty days prior to

26 the filing of this Supplemental Complaint to the same nine persons.  A true and correct copy of

27 this Supplemental Notice Letter is attached to this Complaint as Exhibit B.

28

1    **Paragraph 32, after the existing text:**  As of June 15, 2004, the daily TDS permit limit

2    is 3900 mg/L, except during Arctic Grayling spawning season when both the daily and monthly

3    TDS limits from the 1998 permit are in force.

4

5    **Paragraph 59, after the existing text:** In addition, by comparing discharges reported by

6    Teck Cominco in the mine site DMRs to the mine permit, plaintiffs documented an additional

7    772 violations of the mine site permit from June 1, 2003 until June 30, 2007.  Plaintiffs specified

8    each of the 772 violations of the mine site permit in a supplemental 60-day Notice Letter

9    plaintiffs served on Teck Cominco on August 8, 2007.  This suit also seeks relief from 574 of the

10   supplemental notice violations, which plaintiffs have determined to be ongoing or capable of

11   repetition and not alleged in the original Complaint.

12

13   **Paragraph 63:** Replace "2,309" with "2,883" for the total number of violations.

14

15   **Paragraph 64:** Add text (<u>underlined</u>) as follows:  The regulations implementing the

16   Clean Water Act, 40 C.F.R. §19.4, authorize a penalty of up to $27,500 for each violation of the

17   permits and Consent Orders <u>that occurred before March 14, 2004, and $32,500 for violations</u>

18   <u>after March 14, 2004</u>, or up to $<u>82,107,500</u> for the violations alleged herein.

19

20   **Paragraph 70, after the existing text:**

21   **2004:**  May 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and

22   31; June 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14; August 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12,

23   13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; September 1, 2, 3, 4,

24   5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26.

25   **2005:**  May 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30

26   and 31; June 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25,

27   26, 27, 28, 29, 30; July 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22,

28

23, 24, 25, 26, 27, 28, 29, 30 and 31; August 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; September 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30; October 1, 2, 3, 4, 5 and 6.

**2006:**  May 9, 10, 11, 12, 13, 14, 15 and 16; September 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30; October 1, 2.

**2007:**  June 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30.

**Paragraph 73, after the existing text:** May 2004, June 2004, May 2005, June 2005, May 2006, June 2006, May 2007 and June 2007.

**Paragraph 74, after the existing text:**

**2004:**  May 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; June 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14.

**2005:**  May 24, 25, 26, 27, 28, 29, 30, 31; June 1, 2, 3, 4, 5, 6.

**2006:**  May 30, 31; June 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15.

**2007:**  May 26, 27, 28, 29, 30 and 31; June 1, 2.

**Paragraph 76:** Changed numbers as follows (changes <u>underlined</u>):  Teck Cominco has discharged TDS in excess of its daily permit limit at least <u>915</u> times, and in excess of the monthly average permit limit at least <u>688</u> times, for <u>1303</u> total TDS violations.

**Paragraph 80, after the existing text:**  As specified in plaintiffs' Supplemental Notice Letter, Teck Cominco exceeded its daily maximum permissible concentration of cyanide and thus violated permit condition I(A)(1) for cyanide on May 10 and 13, 2003; June 17 and 24, 2003; July 1, 15, 21 and 29, 2003; August 12, 2003; May 23, 2005; August 9, 2005; September

5, 12, 19, 2005; October 3, 2005; May 11 and 15, 2006; June 5, 2006; October 1, 2006.

**Paragraph 83, after the existing text:** as well as in September 2005, October 2005, May 2006, June 2006, July 2006, August 2006 and September 2006.

**Paragraph 84, after the existing text:**

**2005:** September 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30; October 1, 2, 3, 4, 5 and 6.

**2006:** May 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; June 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30; July 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; August 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31; September 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30.

**Paragraph 86:** changed numbers as follows:  Teck Cominco has discharged cyanide in excess of its daily permit limits at least <u>35</u> times, and in excess of the monthly average permit limit at least <u>588</u> times, for <u>623</u> total cyanide violations.

**Paragraph 93, after the existing text:** As specified in plaintiffs' Supplemental Notice Letter, Teck Cominco exceeded the maximum daily limit for WET, and thus violated mine site permit condition I(H)(5), in August 2004.

**Paragraph 99:** changed numbers as follows:  Teck Cominco has violated the permit requirements for WET reporting at least 7 times, the permit requirements for WET daily limits at least <u>9</u> times, and for WET monthly averages at least 199 times, for <u>215</u> total WET violations.

1    **Prayer for Relief, Paragraph 3:** changed or added text underlined:  Pursuant to 33

2    U.S.C. §1319(d) and 40 C.F.R. § 19.4, the imposition of civil penalties of $27,500 for each of the

3    2,318 violations alleged in this complaint that occurred before March 14, 2004 and $32,500 for

4    each of the 565 violations alleged in this complaint that occurred after March 14, 2004, totaling

5    $82,107,500.

6

7    It should be noted that not a single paragraph number in the Complaint is changed,

8    making a Supplemental Answer by Teck Cominco quite easy.

9    **IV.    CONCLUSION**

10    Because Teck Cominco has continued to violate its Clean Water Act permits during the

11    pendency of this lawsuit, Adams must supplement the Complaint in this suit or file a new suit

12    and move to consolidate it.  As supplementation should be liberally granted under Ninth Circuit

13    precedent, Adams is choosing this path and respectfully requests the right to file the

14    Supplemental Complaint on or after October 8, 2007.

15    Date: August 31, 2007                         Respectfully submitted,

16                                                  CENTER ON RACE, POVERTY
                                                    & THE ENVIRONMENT
17

18                                                  _____/s/ Luke W. Cole_____
                                                    Luke W. Cole
19                                                  Nancy S. Wainwright
                                                    Attorneys for Plaintiffs Enoch Adams et al.
20

21    Certificate of Service
      This is to certify that on the 31st day of August, 2007, a true and correct copy of the foregoing
22    MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT, with PROPOSED
      SUPPLEMENTAL COMPLAINT was served, via electronic service, on the below identified
23    parties of record:

24    Sean Halloran
      Hartig Rhodes Hoge & Lekisch, P.C.
25    717 K Street
      Anchorage, AK 99501
26    sean.halloran@hartig.com

27    David S. Case
      Landye Bennet Blumstein LLP
28

1   701 West 8th Avenue, Suite 1200
    Anchorage, AK 99501
2   dcase@lbblawyers.com

3   James E. Torgerson
    510 L Street, Suite 500
4   Anchorage, AK 99501
    jim.torgerson@hellerehrman.com
5
    Nancy S. Wainwright
6   Law Offices of Nancy S. Wainwright
    13030 Back Road, Suite 555
7   Anchorage, AK 99515-3538
    nsw@alaska.com
8

9

10  _____/s/ Luke W. Cole_____
    Luke W. Cole
11  Nancy S. Wainwright
    Attorneys for Plaintiffs Enoch Adams et al.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28