**2000:** August 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31.

**2001:** August 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31.

**2002:** August 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31; September 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30.

98. Plaintiffs are informed and believe that the violations of mine site permit Condition I(H)(5) for monthly average WET values are ongoing to this day or are capable of repetition.

99. Teck Cominco has violated the permit requirements for WET reporting at least 7 times, the permit requirements for WET daily limits at least 9 times, and for WET monthly averages at least 199 times, for 215 total WET violations.

100. Plaintiffs believe and aver that, without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, Teck Cominco will continue to violate its permit limits with respect to WET testing limits and WET requirements.

**FOURTH CLAIM**

**Mine Site: Cadmium Permit Limit Violations**

**(33 U.S.C. § 1311(a))**

101. Paragraphs 1-100 are incorporated by reference.

101. Mine site permit condition I(A)(1) for cadmium specifies a daily maximum discharge of 3.4 ppb.

102. As specified in the plaintiffs' Notice Letter, Teck Cominco exceeded its daily maximum discharge limit for cadmium and thus violated permit condition I(A)(1) for cadmium on June 13, 2000 and July 30, 2001.

103. Plaintiffs are informed and believe that the violations of mine site permit condition I(A)(1) for maximum daily cadmium discharge are ongoing to this day or are capable of repetition.

104. Mine site permit condition I(A)(1) for cadmium specifies a maximum monthly average discharge of 2.0 ppb per day.

105. As specified in the plaintiffs' Notice Letter, Teck Cominco exceeded its maximum monthly average discharge for cadmium in October 2000 and July 2001.

106. Violations of a monthly average discharge limit mean that the permit was violated on each day the facility operated that month. As specified in plaintiffs' Notice Letter, Teck Cominco violated permit condition I(A)(1) for monthly average cadmium discharge on the following days:

**2000:** October 1, 2, 3, 4, 5, 6 and 7.

**2001:** July 1, 2, 3, 4, 5, 6, 7, 8, 9 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31, 2001.

107. Plaintiffs are informed and believe that the violations of mine site permit Condition I(A)(1) for monthly average cadmium discharges are ongoing on this day or are capable of repetition.

108. Teck Cominco has discharged cadmium in excess of its daily permit limits at least two times, and in excess of the monthly average permit limit at least 38 times, for 40 total cadmium violations.

109. Plaintiffs believe and aver that, without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, Teck Cominco will continue to violate its permit limits with respect to cadmium discharges.

**FIFTH CLAIM**

**Mine Site: Unpermitted Discharges to the Tundra**

**(33 U.S.C. § 1311(a))**

110. Paragraphs 1-109 are incorporated by reference.

111. Mine site permit condition I(C)(2) requires that precipitation falling on the shale pile be directed to the tailings impoundment.

112. As specified in plaintiffs' Notice Letter, Teck Cominco's discharged to the tundra

on May 19, 22, and 23, 2002, when the pumping system was overtopped, resulting in discharges to the tundra.

113. Plaintiffs are informed and believe that the violations of mine site permit condition I(C)(2) are capable of repetition.

114. Teck Cominco has violated permit Condition I(C)(2) at least three times.

115. Plaintiffs believe and aver that, without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, Teck Cominco will continue to violate its permit limits with respect to unpermitted discharges to the tundra.

**SIXTH CLAIM**

**Mine Site: Self-Monitoring and Reporting Violations**

**(33 U.S.C. § 1311(a))**

116. Paragraphs 1-115 are incorporated by reference.

117. Mine site permit condition I(A)(1) specifies a required monitoring frequency for each parameter listed.

118. Teck Cominco violated this condition when it failed to monitor discharge at Outfall 001 at the frequencies required by its permit. As specified in plaintiffs' Notice Letter, Teck Cominco violated its permit on the following days or during the following months: September 1999 (failure to take weekly samples for turbidity); June 2000 (no sample taken for OPPS; no results reported for silver); June 10, 2000 (no grab sample taken for turbidity); June 13, 2000 (no grab sample taken for turbidity); July 10, 2000 (no results reported for total suspended solids); July 22, 2000 (failed to take 24-hour composite sample for turbidity); August 3, 2000 (no results reported for total suspended solids); September 2000 (no results reported for selenium); September 2001 (samples for BOD and organic priority pollutants taken from water that was not discharged through Outfall 001).

119. Plaintiffs are informed and believe that the violations of mine site permit condition I(A)(1) for failing to conduct required monitoring are ongoing to this day or are capable of repetition.

120. Mine site permit condition I(D)(1) requires ambient monitoring for specified parameters at seven stations.

121. As specified in plaintiffs' Notice Letter, Teck Cominco violated permit condition I(D)(1) by failing to conduct required ambient monitoring during the following months: June 2000 (failure to analyze samples for metals at Stations 10, 12, and 140); October 2000 (failure to analyze for cyanide at Stations 10 and 20); June 2001 (failure to analyze ammonia twice, as required, at Station 10; failure to analyze ammonia at Station 73; failure to analyze two samples of weak acid dissociable cyanide from Station 20); July 2001 (failure to take second ammonia sample at Station 73); May 2002 (failure to monitor total hardness at Station 140; failure to monitor ammonia at Station 9; failure to monitor total hardness at Station 12).

122. Plaintiffs are informed and believe that the violations of mine site permit condition I(D)(1) for failing to conduct required monitoring are ongoing to this day or are capable of repetition.

123. Mine site permit condition I(D)(3) requires Teck Cominco to conduct ambient monitoring until 30 days after complete cessation of discharge.

124. As specified in plaintiffs' Notice Letter, Teck Cominco violated permit Condition I(D)(3) in November 2002 when it failed to report aluminum, cadmium, chromium, copper, iron, lead, manganese, nickel and zinc for Sulfur Creek ambient monitoring station.

125. Plaintiffs are informed and believe that the violations of mine site permit condition I(D)(3) for failing to conduct required monitoring are ongoing to this day or are capable of repetition.

126. Mine site permit condition I(D)(8) requires Teck Cominco to conduct ambient monitoring at various stations.

127. As specified in plaintiffs' Notice Letter, Teck Cominco violated permit Condition I(D)(8) on October 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31, 2002 (failure to report daily stream flow at Stations 2, 8, 9, 10, 12 and 140 as required, totaling 90 violations); November 1, 2, 3, 4, 5, 6, 2002 (failure to report daily stream flow at Stations 2, 8, 9, 10, 12 and

140 as required, totaling 36 violations); May 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31, 2003 (failure to report daily stream flow at Stations 2, 8, 9, 10, 12 and 140 as required, totaling 138 violations).

128. Plaintiffs are informed and believe that the violations of mine site permit condition I(D)(8) for failing to conduct required monitoring are ongoing to this day or are capable of repetition.

129. Mine site permit condition I(C)(4) requires Teck Cominco to record the volume of mine drainage pumped each day.

130. As specified in plaintiffs' Notice Letter, Teck Cominco violated permit condition I(C)(4) by failing to record the volume of mine drainage pumped on July 12, 2001.

131. The violations of mine site permit condition I(C)(4) for failing to record the volume of mine drainage pumped are capable of repetition.

132. Teck Cominco has violated permit Condition I(A)(1) by failing to monitor or report parameters required by its permit at least 10 times, violated permit Condition I(D)(1) by failing to monitor or report required parameters at least 12 times, violated permit condition I(D)(3) by failing to monitor and report required parameters at least nine times, violated permit Condition I(D)(8) by failing to monitor or report required parameters at least 264 times, and violated permit Condition I(C)(4) by failing to record the volume of mine drainage at least once, for 296 total monitoring and reporting violations.

133. Plaintiffs believe and aver that, without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, Teck Cominco will continue to violate its permit limits with respect to required self-monitoring and reporting.

**SEVENTH CLAIM**

**Port Site: Unpermitted Discharges from the Port Site**

**(33 U.S.C. § 1311(a))**

134. Paragraphs 1-133 are incorporated by reference.

135. Teck Cominco's permit does not allow unpermitted discharges.

136. As specified in plaintiffs' Notice Letter, Teck Cominco violated its permit by causing unpermitted discharges from the Port Facility on May 9, 2002 (100 gallon leak from pipeline); and on May 10, 2002 (1000 gallon run-off of untreated water to the tundra).

137. Plaintiffs are informed and believe that the violations of the port site permit prohibition on unpermitted discharges are capable of repetition.

138. Teck Cominco has discharged unpermitted substances other than chlorine in violation of its port site permit at least twice.

139. Plaintiffs believe and aver that, without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, Teck Cominco will continue to violate its port site permit limits through unpermitted discharges.

**EIGHTH CLAIM**

**Port Site: Total Suspended Solids Permit Limit Violations**

**(33 U.S.C. § 1311(a))**

140. Paragraphs 1-139 are incorporated by reference.

141. Port site permit condition I(A)(3) for total suspended solids (TSS) requires that discharges of TSS to the Chukchi Sea contain less than a daily maximum of 30 mg/L TSS.

142. As specified in plaintiffs' Notice Letter, Teck Cominco violated its port site permit Condition I(A)(3) for daily maximum discharge of TSS into the ocean in May 2002.

143. Plaintiffs are informed and believe that the violations of port site permit condition I(A)(3) for TSS are ongoing to this day or are capable of repetition.

144. Teck Cominco has discharged TSS in violation of its port site permit at least once.

145. Plaintiffs believe and aver that, without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, Teck Cominco will continue to violate its port site permit limits with respect to TSS discharges.

**NINTH CLAIM**

**Port Site: Self-Monitoring and Reporting Violations**

**(33 U.S.C. § 1311(a))**

146. Paragraphs 1-145 are incorporated by reference.

147. Port site permit condition I(A)(1) requires Teck Cominco to monitor discharge from Outfall 001 at specified frequencies.

148. Teck Cominco violated this permit condition when it failed to monitor discharges at the frequencies required by its port site permit. As specified in plaintiffs' Notice Letter, Teck Cominco failed to properly monitor discharge from Outfall 001, and thus violated port site permit condition I(A)(1), during the following months or on the following days: April 1999 (weekly analysis for BOD not conducted in two weeks); April 1999 (only two samples analyzed for fecal coliform); August 1999 (sample not analyzed for salinity); May 8, 2000 (weekly coliform and BOD samples not analyzed (2 violations)); May 29, 2000 (weekly coliform and BOD samples not analyzed (2 violations)); February 4, 2001 (weekly BOD samples not analyzed); July 2001 (failure to conduct adequate WET tests); August 2001 (failure to conduct adequate WET tests); September 2001 (failure to conduct adequate WET tests); April 10, 2002 (weekly sample for coliform not analyzed); May 2002 (failure to monitor total hardness and copper); July 2002 (failure to conduct WET test on *Mysidopsis bahia* or *Holmesimysis costatat*); August 2002 (failure to conduct WET test on *Mysidopsis bahia* or *Holmesimysis costatat*); September 2002 (failure to conduct WET test on *Mysidopsis bahia* or *Holmesimysis costatat*).

149. Plaintiffs are informed and believe that Teck Cominco's failure to properly monitor discharges, and the violations of port site permit condition I(A)(1), are ongoing to this day or are capable of repetition.

150. Port site permit condition I (B)(5) requires Teck Cominco to monitor discharge from Outfall 005 at specified frequencies.

151. Teck Cominco violated this permit condition when it failed to monitor discharges at the frequencies required by its port site permit. As specified in plaintiffs' Notice Letter, Teck Cominco failed to properly monitor discharge from Outfall 005 and thus violated permit condition I(B)(5) during the following months or on the following days: May 2000 (failure to continuously monitor flow and pH); May 2000 (failure to monitor discharge hardness); June 22,

2000 (failure to monitor total suspended solids); July 7 and 26, 2000 (failure to monitor for total suspended solids); August 9, 2000 (failure to monitor for total suspended solids); June 3, 4, 5, 6, 7, 8, 9, 2001 (failure to monitor for pH); July 2001 (failure to conduct adequate WET tests); August 2001 (failure to conduct adequate WET tests); and September 2001 (failure to conduct adequate WET tests).

152. Plaintiffs are informed and believe that Teck Cominco's failure to properly monitor discharges, and the violations of port site permit condition I(B)(5), are ongoing to this day or are capable of repetition.

153. Teck Cominco has violated port site permit Condtion I(A)(1) by failing to properly monitor discharges at least 22 times, and has violated port site permit Condition I(B)(5) by failing to properly monitor discharge at least 17 times, for 39 total monitoring violations.

154. Plaintiffs believe and aver that, without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, Teck Cominco will continue to violate its port site permit by failing to properly monitor and report discharges.

**TENTH CLAIM**

**Mine Site: Violations of Consent Order**

**(33 U.S.C. § 1311(a))**

155. Paragraphs 1-154 are incorporated by reference.

156. Teck Cominco must comply with the terms of the Compliance Order by Consent, Docket No. CWA-10-99-0167, issued by the EPA on July 1, 1999, and modified most recently on May 17, 2002 ("Mine Consent Order").

157. Under the Mine Consent Order, Teck Cominco was required to measure its compliance with increased TDS discharge limits at Stations 10 and 160, points downstream of Outfall 001; until May 17, 2002, the Mine Consent Order required measuring TDS at Stations 10 and 7. Teck Cominco was required to limit its discharge of TDS so that concentrations of TDS remain below 1500 mg/l at Station 10, with exceedences below 1600 mg/l permissible if these do not continue for more than 48 hours in any 10 day period. At Station 160 (and formerly at

Station 7), TDS concentrations must not exceed 500 mg/l from July 25 through the end of the discharging season.

158. As specified in plaintiffs' Notice Letter, Teck Cominco violated the TDS limits at Station 7 on the following dates: July 27, 1999; July 25, 2001; August 27, 28, 29, 2001.

159. As specified in plaintiffs' Notice Letter, Teck Cominco violated the TDS limits at Station 10 on the following dates:

**1999:** June 24, 26, 27, 28, 29 and 30; July 1, 2, 3, 4, 5, 6, 7, 8, 9 (7 violations), 14, 15, 17, 18; September 12; October 1 and 5.

**2000:** June 22, 23, 24, 25, 26, 27 and 28; July 5, 6, 7, 8 and 11.

**2002**: May 28 and 29; June 3, 6 and 24.

160. Plaintiffs are informed and believe that Teck Cominco's violations of the TDS limits in the Mine Consent Order are ongoing to this day or are capable of repetition. Plaintiffs are informed and believe that the same discharge practices that caused Teck Cominco to repeatedly violate the Mine Consent Order at Station 7 will cause it to continue to violate any Modified Mine Consent Order at Station 160.

161. Under the Mine Consent Order, Teck Cominco must monitor for certain parameters at the mine site and in streams near the mine site, as well as report certain data and calculations.

162. Teck Cominco has failed to conduct monitoring operations in accordance with the Mine Consent Order. As specified in plaintiffs' Notice Letter, Teck Cominco violated the monitoring requirements of the Consent Order on July 14, 2000 and May 30, 2001.

163. Teck Cominco has also failed to report all data and calculations specified in the Mine Consent Order. As specified in plaintiffs' Notice Letter, Teck Cominco violated the Consent Order by failing to timely report data required by the Order for Station 7 for July 25, 26, 27, 28, 29, 30 and 31, 2001 and for Station 10 for May 27, 28, 29, 30 and 31, 2002.

164. Plaintiffs are informed and believe that Teck Cominco's violations of the monitoring and reporting requirements of the Mine Consent Order are ongoing to this day or are capable of repetition.

165. Teck Cominco has violated the Mine Consent Order by exceeding the discharge limits at Station 7 at least 5 times, by exceeding the discharge limits at Station 10 at least 45 times, by failing to monitor as required at least 2 times, and by failing to report as required at least 12 times, for a total of 64 violations of the Mine Consent Order.

166. Plaintiffs believe and aver that, without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, Teck Cominco will continue to violate its permit limits with respect to TDS discharges.

WHEREFORE, plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan ask for judgment against Teck Cominco Alaska Incorporated as follows:

1. A declaration that Teck Cominco has violated the Clean Water Act at its mine and port sites and is in violation of the Clean Water Act at its mine and port sites;

2. An injunction issued by the Court requiring Teck Cominco to comply fully with the NPDES permits currently in effect at the mine and port sites;

3. Pursuant to 33 U.S.C. §1319(d) and 40 C.F.R. § 19.4, the imposition of civil penalties of $27,500 for each of the 2,309 violations alleged in this complaint that occurred before March 14, 2004 and $32,500 for each of the __ violations alleged in this complaint that occurred after March 14, 2004, totaling $63,497,500;

4. The granting of reasonable and necessary costs and expenses of the investigation and prosecution of this case, including attorneys' fees, as provided for by 33 U.S.C. § 1365(d); and

5. Any other relief the Court may conclude is just and appropriate.

Dated this 8 day of October 2007.

Respectfully submitted,

CENTER ON RACE, POVERTY
& THE ENVIRONMENT

Luke W. Cole
Brent Newell
Caroline Farrell

LAW OFFICES OF NANCY S. WAINWRIGHT

Nancy S. Wainwright

Attorneys for Plaintiffs
Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton and Joseph Swan