LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty, & the Environment
47 Kearny Street, Suite 804
San Francisco, CA, 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3538
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton and Joseph Swan

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>Plaintiffs,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>Defendant. | Case No. A04-49 (JWS)<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT COMPLAINT** |
| NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>Intervenors-Defendants. | F.R.C.P. Rule 15(d) |

Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, and Joseph Swan (collectively "Adams") filed their Motion for Leave to File Supplemental Complaint ("Motion") on August 31, 2007 [Docket 174]. Teck Cominco filed its Opposition to Motion to Supplement Complaint on September 19, 2007. Teck Cominco raised two objections to a supplemental complaint: (1) Teck Cominco will be prejudiced by a supplemental complaint

because it would require additional discovery and additional witnesses, and (2) Adams should instead file a separate suit because Adams is attempting to add a separate and distinct action to the original complaint.  Neither of these objections are legally or factually supported, and Adams respectfully requests that the Court allow the Supplemental Complaint to be filed on October 11, 2007.

## I. TECK COMINCKO WILL NOT BE UNDULY PREJUDICED BY ADAMS' SUPPLEMENTAL COMPLAINT

Pursuant to Fed.R.Civ.P. 15(d), motions to supplement a pleading should be allowed, "unless undue prejudice to the opposing party will result." *La Salvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986).  Teck Cominco argues that it will be prejudiced by Adams' supplemental complaint because it allegedly seeks to add factual issues not present in the original complaint, and thus will require additional discovery and additional witness testimony.  Docket 175 at 2.

However, as Adams pointed out in its Motion, it is merely alleging additional facts that occurred or were discovered after the original complaint was filed in order to update the action.  Docket 174 at 4.  The new claims are based on the same facts already within the Court's jurisdiction, and are simply further violations of the same permit parameters already previously violated and at issue in this suit.

Defendants are not prejudiced by the supplemental pleading because it raises legal issues identical to those already before the Court.  Morever, as in *La Salvia*, all of the information pertaining to the additional claims is available in Teck Cominco's own files, and thus there is little need for additional discovery.  804 F.2d at 1119.  The *La Salvia* court held that minimal further discovery that may be required does not cause undue prejudice and thus does not prevent supplemental pleadings.  *Id.*  Thus, Teck Cominco is not unduly prejudiced by Adams' Supplemental Complaint.

Indeed, examining the additional language proposed by Adams – fully set forth in Adams' opening memorandum – makes this abundantly clear: the addition to paragraph 14

Reply Memorandum in Support of Motion
for Leave to File Supplemental Complaint        - 1 -

mentions the supplemental notice letter sent by Adams to Teck Cominco, and paragraph 59 recounts how plaintiffs documented the additional violations based on Teck Cominco's discharge monitoring reports (DMRs).

The additions to paragraphs 70, 73, 74, 83, 84 are only *new dates of violations of the permit parameters already at issue in this suit* – identical violations of identical parameters, just on later dates, tacked on to the end of other lists of dates.

The changes to paragraphs 63, 76, 86 and 99 merely update the *number of violations* alleged.

The changes to paragraph 64 merely updates the statutory penalty amount given changes in federal regulations in 2004.

The change to the prayer for relief just updates the numbers of violations and the change in the penalty amount.

The addition to paragraph 80 merely sets forth additional days of violation of the cyanide permit parameter already at issue in this suit, while paragraph 93 mentions an additional month of whole effluent toxicity violations.

The only paragraph that includes anything that could even be remotely characterized as a "new" fact is paragraph 32, which notes that "As of June 15, 2004, the daily TDS permit limit is 3900 mg/L, except during Arctic Grayling spawning season when both the daily and monthly TDS limits from the 1998 permit are in force." Far from being some fact unknown to these proceedings ("factual issues not attendant to any of the pre-existing claims" is Teck Cominco's construction), that permit change formed the basis of Teck Cominco's defense to Adams' summary judgment motion on TDS, and figured prominently in the Court's decision on TDS. See Docket 136 at 11 ("The 2003 permit modification of the TDS limits became effective on June 15, 2004, with the exception of the limits during grayling spawning period."), 12 ("Teck is currently operating under the 2003 NPDES permit, which states that ... the daily maximum TDS concentration at Outfall 001 shall not exceed 3,900 mg/l."), 13, 14, 15. Teck Cominco's lament that "defending these claims will require the addition of expert and factual testimony about what

1 the 3900 parameter is, how it is properly applied to Teck Cominco's discharge, and how to read
2 the data attendant to this parameter" – Docket 175 at 2 – is thus misplaced.  The Court has
3 already encountered the "3900 parameter" and applied it.  Teck Cominco is not prejudiced by
4 Adams supplementing its Complaint to include violations of the TDS permit limit after the suit
5 was filed.

6     None of the supplemental facts require additional discovery by plaintiffs; indeed, every
7 single violation alleged is based solely on discovery documents provided by Teck Cominco
8 during the discovery phase of this case, so they cannot be a surprise to Teck Cominco in any way.

9
10 **II.  ADAMS' CLAIMS IN ITS SUPPLEMENTAL COMPLAINT ARE CLOSELY RELATED TO ITS ORIGINAL COMPLAINT**

11     Teck Cominco's second argument is that, under *Planned Parenthood v. Neely,* 130 F.3d
12 400 (9th Cir. 1997), Adams' motion for supplemental pleading should be denied because it,
13 "could be the subject of a separate action."  Docket 175 at 3.  Teck Cominco's only case does not
14 support its argument here: in *Neely*, the plaintiff brought an action to enjoin defendants from
15 enforcing a state statute.  The district court entered judgment, holding that the statute was
16 unconstitutional, and issued a permanent injunction.  Defendants did not appeal the court's order.
17 *Four years later*, the statue was amended and reenacted, and plaintiffs then attempted to
18 supplement their original complaint, challenging the constitutionality to the revised statute.
19 Defendants opposed the motion, but the district court granted plaintiff's motion to supplement.
20     On appeal, the Ninth Circuit held that plaintiff could not use Fed.R.Civ.P. 15(d) to
21 supplement its original complaint because plaintiff was attempting to introduce a "separate,
22 distinct and new cause of action," that should have been the subject of a new suit.  The Court
23 stated that although both the original and supplemental complaints challenged a parental consent
24 law for abortion, the statutes were different.  *Id.*  Moreover, *the district court had rendered a*
25 *final judgment in the original action four years prior, which was not appealed, and thus ended*
26 *the district court's jurisdiction over the matter.  Id.*
27     Here, unlike *Neely*, the court has not issued a final judgment, the Court maintains
28

Reply Memorandum in Support of Motion
for Leave to File Supplemental Complaint      - 3 -

jurisdiction, and trial on identical claims on different dates will take place in eight months. Adams is not attempting to add a separate or distinct cause of action. Adams merely seeks permission to supplement its complaint to include Teck Cominco's additional violations of the *same permit parameters* that have occurred since the date of its original complaint.

Such supplementation is precisely what Fed. R. Civ. P. 15(d) was designed for: "to...set forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *Planned Parenthood v. Neely*, 130 F. 3d at 402, quoting Fed.R.Civ.P. 15(d). The language of Fed.R.Civ.P. 15(d) clearly illustrates that Adams' motion to supplement its complaint is well supported by the legislature's intent to promote complete adjudication of the dispute between the parties. As Adams pointed out in its Motion, "the new claims are closely related to the original action – they are all simply further violations of the same permit parameters already previously violated and at issue in this suit – and they present the same fundamental issues." Docket 174 at 3. Thus, Adams is not attempting to add a separate, distinct action to its original complaint, but only to update the violations by Teck Cominco since this case was originally filed in March 2004, some three-and-a-half years ago.

### III. CONCLUSION

Teck Cominco's objections to Adams' Supplemental Complaint are without merit. Teck Cominco will not be unduly prejudiced by the Supplemental Complaint; nor is Adams attempting to supplement its original complaint with separate, distinct claims. For the foregoing reasons, Adams respectfully requests that the Court grant Adams' leave to file the proposed Supplemental Pleading and thereby add the new claims.

Date: September 27, 2007

Respectfully submitted,

CENTER ON RACE, POVERTY
& THE ENVIRONMENT

*/s/ Luke W. Cole*
Luke W. Cole
Nancy S. Wainwright
Attorneys for Plaintiffs Enoch Adams et al.

Reply Memorandum in Support of Motion
for Leave to File Supplemental Complaint           - 4 -

Certificate of Service

This is to certify that on the 27st day of September, 2007, a true and correct copy of the foregoing MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT, POINTS AND AUTHORITIES IN SUPPORT OF MOTION, with PROPOSED SUPPLEMENTAL COMPLAINT was served, via electronic service, on the below identified parties of record:

Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, AK 99501
sean.halloran@hartig.com

David S. Case
Landye Bennet Blumstein LLP
701 West 8th Avenue, Suite 1200
Anchorage, AK 99501
dcase@lbblawyers.com

James E. Torgerson
510 L Street, Suite 500
Anchorage, AK 99501
jim.torgerson@hellerehrman.com

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3538
nsw@alaska.com


       */s/ Luke W. Cole*
Luke W. Cole
Nancy S. Wainwright
Attorneys for Plaintiffs Enoch Adams et al.

Reply Memorandum in Support of Motion
for Leave to File Supplemental Complaint        - 5 -