LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty, & the Environment
47 Kearny Street, Suite 804
San Francisco, CA, 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3538
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton and Joseph Swan

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>　　　　Defendant.<br><br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>　　　　Intervenors-Defendants. | Case No. A04-49 (JWS)<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE LIMITED SUMMARY ADJUDICATION MOTION ON FOUR OUTSTANDING LEGAL ISSUES** |

　　　　In Adams plaintiffs' preparation for trial, Adams has identified four legal questions that should be resolved by motion rather than at trial. The resolution of these legal questions will define the scope of testimony and evidence introduced at trial, potentially reducing the judicial and litigant resources expended in preparation for trial and at trial. Further, in light of the

MOTION FOR LEAVE TO FILE LIMITED
SUMMARY ADJUDICATION MOTION

Court's instruction to "reconsider the possibility of settling this case," [Docket 169] Adams believes that the resolution of the following four legal questions could better help each side value the case and thus facilitate settlement.

Although the deadline for summary judgment motions has passed, Adams respectfully requests that the Court entertain a summary judgment motion limited to these four legal issues:

**1. Does the fact that there are post-complaint (and still ongoing) violations of the still-applicable 1998 permit monthly TDS limitations during Arctic Grayling spawning season mean that all historical monthly TDS violations (even those outside Grayling spawning season, although there is no longer a monthly TDS permit limitation outside Grayling spawning season) are "ongoing or capable of repetition"?** This issue was raised during the briefing at summary judgment stage [Adams, Docket 72 at 18, Docket 124 at 56-58; Teck Cominco, Docket 100 at 29-30, n. 13] but left unresolved by the summary judgment decisions.

**2. Can Teck Cominco challenge a permit condition during an enforcement action and thus avoid liability for violating the monthly cyanide permit limitation of 4 ug/ml found in Section I.A.1 of the permit because Section I.A.5.d lists 9 ug/ml as the "Compliance Evaluation Level"?** This issue of law was raised during the briefing at summary judgment stage [Adams, Docket 124 at 65-70; Teck Cominco, Docket 100 at 50-54] but left unresolved by the summary judgment decisions. Docket 136 at 18-19.

**3. Given that the Clean Water Act is a strict liability statute, is Teck Cominco able to avoid liability for a laboratory test result of its effluent taken under accepted and reliable procedures showing a value for cyanide or whole effluent toxicity over its permit limit, by offering a laboratory result from a second lab showing a value for that permit parameter under the permit limit?** This issue was raised during the briefing at summary judgment stage [Adams, Docket 124 at 62-64; Teck Cominco, Docket 100 at 48-49] but left unresolved by the summary judgment decisions. Docket 136 at 18, 20-21.

**4. Is violation of a monthly average permit limitation a violation on each day of that**

MOTION FOR LEAVE TO FILE LIMITED
SUMMARY ADJUDICATION MOTION         - 1 -

1  **month the facility discharges?**  This issue was raised during the briefing at summary judgment
2  stage [Adams, Docket 72 at 28, 29, Docket 124 at 45-46].  The Court expressly declined to rule
3  on this legal issue at summary judgment. [Docket 136 at 14 n. 51].  Again, the difference
4  between the parties' interpretation of this legal question could lead to significant differences in
5  understanding of the potential liability that Teck Cominco faces.  For example, for the monthly
6  cyanide violations, the violations occurred during 23 months.  At the maximum penalty of
7  $37,500 per violation, Teck Cominco could be liable for $22,050,000 if the monthly average
8  violation was a violation on each of the 588 days of the months in question that Teck Cominco
9  discharged over the average limit, or $862,500 if each of the 23 monthly violations is considered
10 a single violation.

11  The Court's Pre-trial Order of September 21, 2007 [Docket 177, at 4] requires motions as
12 to "known, difficult evidentiary matters" to be filed by January 22, 2008.  The four legal issues
13 are not evidentiary matters but Adams is prepared to file a motion in support of its position on
14 each legal issue by January 22, 2008 if allowed by this Court.

15  Respectfully submitted this 28th day of December, 2007.

17  _____/S/_____
18  Luke Cole
19  Attorney for Plaintiffs

CERTIFICATE OF SERVICE
I hereby certify that on the 28th day of December, 2007, a true and correct copy of the foregoing Motion for Leave to File Motion and [Proposed] Order was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

_____
_____/S/_____

Luke Cole

MOTION FOR LEAVE TO FILE LIMITED
SUMMARY ADJUDICATION MOTION            - 3 -