JAMES E. TORGERSON (Alaska Bar No. 8509120)
MATTHEW COHEN (Washington Bar No. 11232)
HELLER EHRMAN LLP
510 L Street, Suite 500
Anchorage, AK  99501-1959
Telephone: (907) 277-1900
Facsimile: (907) 277-1920
jim.torgerson@hellerehrman.com
matt.cohen@hellerehrman.com

Attorneys for Intervenor
NANA REGIONAL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN and JOSEPH SWAN,<br><br>             Plaintiffs,<br><br>   v.<br><br>TECK COMINCO ALASKA INCORPORATED,<br><br>             Defendant,<br><br>NANA REGIONAL CORPORATION, and NORTHWEST ARCTIC BOROUGH,<br><br>             Intervenor-Defendants. | Case No.: A:04-cv-0049 (JWS)<br><br>**JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LIMITED SUMMARY ADJUDICATION MOTION** |

## I. INTRODUCTION

Plaintiffs seek leave to file a summary judgment motion two and a half years after the deadline for filing dispositive motions. Moreover, in addition to being untimely, Plaintiffs' proposed Motion would request rulings on issues on which the Court already has either explicitly reserved judgment or ruled. Plaintiffs' Motion should be denied.

**JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LIMITED SUMMARY ADJUDICATION MOTION**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 1 OF 9

## II. BACKGROUND

The Court's Amended Scheduling Order of June 1, 2004 specifies that dispositive motions "shall be filed no later than thirty (30) days following the date set for the closure of all discovery."[1] By Order dated May 15, 2005, the deadline for completing the final depositions in this case was May 31, 2005.[2] On June 30, 2005, the Court found good cause to allow Plaintiffs to file their final Motion for Summary Judgment no later than July 5, 2005.[3]

In this case, Plaintiffs filed two motions for summary judgment. The first, their Cross-Motion for Summary Judgment on All Claims Relating to Monitoring and Reporting, they filed on May 17, 2005.[4] At docket 61, Teck Cominco opposed the motion. Plaintiffs' reply was filed at docket 70. On February 3, 2006, the Court denied Plaintiffs' motion.[5]

On July 1, 2005, Plaintiffs filed a Motion for Partial Summary Judgment.[6] At docket 100, Teck Cominco opposed the motion. Plaintiffs' reply was filed at docket 124. After oral argument was heard on June 15, 2006, the Court issued its ruling on July 28, 2006.[7]

On August 31, 2007, the Court ordered that trial in this case is set for approximately three months beginning May 19, 2008.[8] On September 21, 2007, the Court issued its Order for Pre-Trial Proceedings and Final Pre-Trial Conference.[9] The Order provides that "[t]he time for the filing of pre-trial motions has expired" and that the pretrial deadlines "will not be subject to change by stipulation of the parties, and may be changed only by order of the court for good cause shown."[10]

---

[1] Order at 3, doc. 15.
[2] Order at 5, doc. 50.
[3] Order at 4, doc. 69.
[4] Doc. 54.
[5] Doc. 127.
[6] Doc. 72.
[7] Doc. 136.
[8] Doc. 169.
[9] Doc. 177.
[10] Order at 4-5, doc. 177.

**JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LIMITED SUMMARY ADJUDICATION MOTION**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 2 OF 9

## III. STANDARD OF REVIEW

Under the law of the case doctrine, a court is precluded from reexamining an issue previously decided by the same court in the same case.[11] For the law of the case doctrine to apply, "'the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition.'"[12]

The district court has broad discretion in supervising the pretrial phase of litigation, including the preclusive effect of a pretrial order.[13] Federal Rule of Civil Procedure 16(b) provides that a pretrial scheduling order may be modified upon a showing of "good cause," an inquiry which focuses on the reasonable diligence of the moving party.[14] The Ninth Circuit Court of Appeals has relied on the Rule 16 advisory committee's notes that the court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."[15] The Court may also consider the existence or degree of prejudice to the party opposing the modification as additional reasons to deny a request for modification.[16]

Motions to reconsider are governed by Rule 59.1 of the Local Rules of the United States District Court for the District of Alaska. A motion for reconsideration of an order "must be filed not later than five (5) days after entry of the order."[17]

## IV. ANALYSIS

Plaintiffs seek leave to file a summary judgment motion two and a half years after the deadline has passed to file such motions. To the extent Plaintiffs ask the Court to rule on issues already decided, the law of the case doctrine precludes the Court from doing so. Alternatively, their request that the Court rule on issues that it has already ruled on is an

---

[11] *Hydrick v. Hunter*, 500 F.3d 978, 986 (9th Cir. 2007).
[12] *Id.* (quoting *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).
[13] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).
[14] *Id.* at 609.
[15] *Id.*
[16] *Id.*
[17] D. Ak. LR 59.1(b)(1).

**JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LIMITED SUMMARY ADJUDICATION MOTION**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 3 OF 9

untimely motion to reconsider. Furthermore, Plaintiffs' request to file another summary judgment motion is untimely. They fail to show any diligence to warrant modifying the pretrial deadline.

### A.   Plaintiffs' Proposed Issues Already Have Been Decided by the Court

Plaintiffs' May 17, 2005 motion for summary judgment was ruled on by Order dated February 3, 2006.[18] Plaintiffs' July 1, 2005 motion for summary judgment was ruled on by Order dated July 28, 2006.[19] Plaintiffs never filed a motion to reconsider of the orders prior to filing this motion on December 28, 2007. To the extent Plaintiffs now request the Court to rule on issues raised in earlier briefing, the Court either explicitly reserved judgment on the issues or already ruled on them.

### 1.   Monthly TDS Limitations

Plaintiffs' first proposed motion would address whether post-complaint violations of the 1998 permit monthly TDS limitations mean that all historical monthly TDS violations are ongoing or capable of repetition.[20] Plaintiffs assert that this issue was raised in their July 1, 2005 motion for summary judgment and reply brief, but was left unresolved by the summary judgment decisions.[21]

In fact, Plaintiffs did not raise this issue in their July 1, 2005 summary judgment motion. But Plaintiffs did raise the argument in their May 17, 2005 summary judgment briefing on monitoring and reporting. The Court squarely rejected the argument:

> Plaintiffs suggest that because Teck has allegedly violated two other particular monitoring and reporting requirements after the March 2004 filing of this suit, 'the Court is free to infer that all of the monitoring and reporting violations can be considered ongoing or capable of repetition.' Plaintiffs do not cite, and the court is not aware of, any controlling authority which supports plaintiffs' proposition. Moreover, the argument is illogical. The likelihood that conduct A will recur because conduct B has since occurred is, without more, not probative.[22]

---

[18] Doc. 127.
[19] Doc. 136.
[20] Motion at 1, doc. 185.
[21] Motion at 1, doc. 185.
[22] Order at 13, doc. 127.

**JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LIMITED SUMMARY ADJUDICATION MOTION**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 4 OF 9

Further, regarding monthly TDS limitations specifically, the Court has ruled that "plaintiffs have failed to demonstrate that violations of the monthly average TDS limit are ongoing or capable of repetition."[23] To the extent Plaintiffs seek a ruling on whether monthly TDS violations are ongoing or capable of repetition, the Court already has decided the issue.

Because the Court already has decided this issue, Plaintiffs' motion is simply an attempt to get a different ruling. The law of the case doctrine precludes the Court from reexamining an issue it already has decided.[24]

### 2. Monthly Cyanide Permit Limitation

Plaintiffs' second proposed motion would address whether Teck Cominco can challenge a permit condition during an enforcement action and thus avoid liability for violating the monthly cyanide permit limitation of 4 µg/l because Section I.A.5.d lists 9 µg/l as the "Compliance Evaluation Level."[25] Plaintiffs assert that this issue was raised during the summary judgment briefing, but was left unresolved by the summary judgment decisions.[26]

This argument was raised during the summary judgment briefing. Again, the Court already has addressed it. The Court explicitly reserved judgment on the issue.[27] Teck Cominco disputes Plaintiffs' characterization of the issue. Teck Cominco is not challenging a permit condition during an enforcement action. Instead, the parties dispute the interpretation of the terms of the permit. The Court recognized the basis for the parties' disagreement over the permit conditions, but found it unnecessary to declare the applicable limit because Teck Cominco raised genuine issues of material fact as to whether the violations of the monthly average cyanide limit are ongoing or capable of

---

[23] Order at 15, doc. 136.
[24] *Hydrick v. Hunter*, 500 F.3d 978, 986 (9th Cir. 2007).
[25] Motion at 1, doc. 185.
[26] Motion at 1, doc. 185.
[27] Order at 18-19, doc. 136.

**JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LIMITED SUMMARY ADJUDICATION MOTION**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 5 OF 9

repetition.[28] As a result, the Court reserved judgment. Plaintiffs' attempt to get a different ruling on this issue should be denied.

### 3. Laboratory Test Results

Plaintiffs' third proposed motion would address whether Teck Cominco is able to avoid liability for a laboratory test result of its effluent showing a value for cyanide or whole effluent toxicity over its permit limit by offering a laboratory result from a second lab showing a value for that permit parameter under the permit limit.[29] Plaintiffs assert that this issue was raised during the summary judgment briefing, but was left unresolved by the Court.[30]

The plaintiffs are, once again, half right. The issue was raised during the summary judgment briefing, but the Court issued a ruling on the matter.[31] The Court also ruled that (1) there is a genuine issue of material fact as to whether violations of the daily maximum cyanide limit are ongoing;[32] (2) there are genuine issues of material fact as to whether the violations of the monthly average cyanide limit are ongoing or capable of repetition;[33] (3) there is a genuine issue of material fact as to whether the violations of the daily maximum WET limit are ongoing;[34] and (4) Plaintiffs failed to allege sufficient facts, about which there is no genuine issue, that violations of the monthly average WET limits are ongoing.[35] Plaintiffs' attempt to get a different ruling on this issue contradicts the law of the case doctrine.

### 4. Violations

Plaintiffs' fourth proposed motion would address whether a violation of a monthly average permit limitation is a violation on each day of that month the facility

---

[28] Order at 18-19, doc. 136.
[29] Motion at 1, doc. 185.
[30] Motion at 1, doc. 185.
[31] Order at 16, doc. 136.
[32] Order at 17, doc. 136.
[33] Order at 19, doc. 136.
[34] Order at 21, doc. 136.
[35] Order at 22, doc. 136.

**JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LIMITED SUMMARY ADJUDICATION MOTION**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 6 OF 9

Heller Ehrman LLP
510 L STREET, SUITE 500
ANCHORAGE, AK 99501-1959
TELEPHONE (907) 277-1900

discharges.[36] Plaintiffs assert that the issue was raised during the summary judgment briefing, but the Court declined to rule on the issue.[37]

This is another issue, however, the Court addressed already. It explicitly reserved judgment on this question because the Plaintiffs' summary judgment motion concerned liability only.[38] The Court ordered that "If Teck is found liable for any of the alleged violations, an evidentiary hearing will likely be held to determine the appropriate amount of penalties and/or other relief."[39] Plaintiffs' attempt to get a different ruling on this issue should be denied.

**B.     Plaintiffs' Proposed Motion is Untimely**

The deadline for filing a motion for summary judgment was July 5, 2005.[40] Plaintiffs met that deadline when they filed their motions for summary judgment on May 17, 2005 and July 1, 2005,[41] yet they now seek to file another motion for summary judgment two and a half years later.

The Pretrial Orders issued on August 31, 2007, and September 21, 2007, establish that the trial date in this case is contingent upon the parties' compliance with the pretrial deadlines.[42] The September 21, 2007 Order explicitly states that the "time for the filing of pre-trial motions has expired."[43] To the extent Plaintiffs seek to raise new issues, Plaintiffs offer no reason why the Court should find that the Plaintiffs were diligent in trying to meet the deadline for filing a motion for summary judgment.

Plaintiffs' request that the Court rule on issues that it has already ruled on is an untimely motion to reconsider. Local Rule 59.1 required that a motion to reconsider be filed within five days of the February 3, 2006 and July 28, 2006 Orders. Thus, Plaintiffs' request is untimely.

---

[36] Motion at 1-2, doc. 185.
[37] Motion at 2, doc. 185.
[38] Order at 14, n. 51, doc. 136.
[39] Order at 14, n. 51, doc. 136.
[40] Order at 4, doc. 69.
[41] Docs. 54, 72.
[42] Docs. 169, 177.
[43] Order at 4, doc. 177.

**JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LIMITED SUMMARY ADJUDICATION MOTION**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 7 OF 9

## V. CONCLUSION

Plaintiffs' request to file a summary judgment motion two and a half years after the deadline should be denied. Plaintiffs' motion requests rulings on issues on which the Court either explicitly has reserved judgment or already ruled. The law of the case doctrine precludes the Court from reexamining the issues. To the extent Plaintiffs asks the Court to reconsider its Orders, the proposed motion is untimely.

Dated: January 16, 2008          Respectfully submitted,

                                          HELLER EHRMAN LLP
                                          Intervenor-Defendant
                                          NANA REGIONAL CORP.

By     */s/ James E. Torgerson*
JAMES E. TORGERSON (BAR NO. 8509120)
MATTHEW COHEN (BAR NO. 11232)
HELLER EHRMAN LLP
510 L Street, Suite 500
Anchorage, AK  99501-1959
Telephone: (907) 277-1900
Facsimile: (907) 277-1920
jim.torgerson@hellerehrman.com
matt.cohen@hellerehrman.com

Dated: January 16, 2008          Respectfully submitted,

                                          HARTIG RHODES HOGE & LEKISCH
                                          Defendant
                                          TECK COMINCO ALASKA INCORPORATED

By     */s/ Sean Halloran*
SEAN HALLORAN (BAR NO. 9211080)

*Heller Ehrman LLP*
510 L STREET, SUITE 500
ANCHORAGE, AK 99501-1959
TELEPHONE (907) 277-1900

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LIMITED SUMMARY ADJUDICATION MOTION was served via the method indicated below this 16th day of January, 2008, on the following parties:

| | |
|---|---|
| Luke W. Cole<br>Center on Race, Poverty & the Environment<br>47 Kerny Street, Suite 804<br>San Francisco, CA 94108<br>luke@igc.org | Counsel for Plaintiffs<br>Served via:<br>☐ Facsimile ☐ Regular U. S. Mail<br>☐ Hand Delivery ☒ Electronic transmission |
| Nancy S. Wainwright<br>Law Offices of Nancy S. Wainwright<br>13030 Back Road, Suite 555<br>Anchorage, AK 99515-3538<br>nsw@alaska.com | Counsel for Plaintiffs<br>Served via:<br>☐ Facsimile ☒ Regular U. S. Mail<br>☐ Hand Delivery ☒ Electronic transmission |
| Sean Halloran<br>Hartig Rhodes Hoge & Lekisch, P.C.<br>717 K Street<br>Anchorage, AK 99501<br>sean.halloran@hartig.com | Counsel for Defendant Teck Cominco<br>Served via:<br>☐ Facsimile ☐ Regular U. S. Mail<br>☐ Hand Delivery ☒ Electronic transmission |
| David S. Case<br>Landye Bennett Blumstein LLP<br>701 West 8th Avenue, Suite 1200<br>Anchorage, AK 99501<br>dcase@lbblawyers.com | Counsel for Intervenor-Defendant Northwest Arctic Borough<br>Served via:<br>☐ Facsimile ☐ Regular U. S. Mail<br>☐ Hand Delivery ☒ Electronic transmission |

*/S/ James E. Torgerson*
JAMES E. TORGERSON (BAR NO. 8509120)
MATTHEW COHEN (BAR NO. 11232)
HELLER EHRMAN LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907-277-1900
Facsimile: 907-277-1920
james.torgerson@hellerehrman.com
matthew.cohen@hellerehrman.com

SE 2238834 v3
1/16/08 4:42 PM (38576.0002)

**JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LIMITED SUMMARY ADJUDICATION MOTION**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 9 OF 9