LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty, & the Environment
47 Kearny Street, Suite 804
San Francisco, CA, 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3538
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton and Joseph Swan

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>Plaintiffs,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>Defendant.<br><br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>Intervenors-Defendants. | Case No. A04-49 (JWS)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO FILE LIMITED SUMMARY ADJUDICATION MOTION ON FOUR OUTSTANDING LEGAL ISSUES** |

The Adams plaintiffs have identified four legal questions that should be resolved by motion rather than at trial, to expedite and focus the trial and potentially reduce the judicial and litigant resources expended in preparation for trial and at trial. Motion at Docket 185. Defendants Teck Cominco and NANA (collectively "Teck Cominco") oppose Adams's Motion

REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE LIMITED
SUMMARY ADJUDICATION MOTION

on two grounds: that the motion raises issues on which the Court has already ruled, and that the motion is untimely. Joint Opposition to Plaintiffs' Motion for Leave to File Limited Summary Adjudication Motion [Docket 189] ("Opposition"). Because the first ground is demonstrably wrong and the second ground does not disturb this Court's discretion to hear the motion, Adams respectfully asks that the Court grant this Motion.

**I.    THE FOUR LEGAL ISSUES HAVE NOT YET BEEN DECIDED BY THIS COURT.**

Adams requested leave to address the following four legal issues:

**1. Does the fact that there are post-complaint (and still ongoing) violations of the still-applicable 1998 permit monthly total dissolved solids ("TDS") limitations during Arctic Grayling spawning season mean that all historical monthly TDS violations (even those outside Grayling spawning season, although there is no longer a monthly TDS permit limitation outside Grayling spawning season) are "ongoing or capable of repetition"?**

**2. Can Teck Cominco challenge a permit condition during an enforcement action and thus avoid liability for violating the monthly cyanide permit limitation of 4 ug/ml found in Section I.A.1 of the permit because Section I.A.5.d lists 9 ug/ml as the "Compliance Evaluation Level"?**

**3. Given that the Clean Water Act is a strict liability statute, is Teck Cominco able to avoid liability for a laboratory test result of its effluent taken under accepted and reliable procedures showing a value for cyanide or whole effluent toxicity over its permit limit, by offering a laboratory result from a second lab showing a value for that permit parameter under the permit limit?**

**4. Is violation of a monthly average permit limitation a violation on each day of that month the facility discharges?**

In response, Teck Cominco asserts that the Court has already issued a ruling on each of the four legal questions the Motion presents, and that the law of the case doctrine thus applies. Teck Cominco's argument is simply and demonstrably wrong. The Court has not ruled on any of

REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE LIMITED
SUMMARY ADJUDICATION MOTION          - 1 -

the legal questions the Motion presents – which is why Adams brought this Motion to begin with. The law of the case doctrine is not relevant to consideration of the Motion. *See United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995).

### A.   The Court has not ruled on the Monthly TDS limitation legal issue.

The first legal issue is whether the fact of ongoing violations of monthly TDS limitations during Arctic Grayling spawning season indicates that all historical monthly TDS violations are ongoing or capable of repetition. Defendants state that Adams raised this issue in May 17, 2005 summary judgment briefing but that the Court "squarely rejected the argument." Opposition at 4:19.

The language the Defendants cite for this proposition (Docket 127, Order at 13, cited in Opposition at 4:20-24), however, refers not to Adams' argument concerning Teck Cominco's violations of its monthly average TDS permit limit but to the Court's ruling on *monitoring and reporting* violations – and whether the violations of one reporting requirement meant that violations of a separate reporting requirement were ongoing or capable of repetitino. Here, by contrast, the *same* permit condition and permit parameter are at issue: violations of the monthly average TDS limitation. The *legal* question is whether, since subsequent to the filing of this lawsuit the permit parameter has been narrowed from covering all dates of discharge to covering only certain dates in May and June of each year, are the historical violations outside that May-June period still at issue? The Court has not yet addressed this question. Thus, the law of the case doctrine is irrelevant, and Adams asks that the Court allow it to brief this legal issue so that it can be resolved ahead of trial.

Teck Cominco also asserts that "To the extent Plaintiffs seek a ruling on whether monthly TDS violations are ongoing or capable of repetition, the Court has already decided this issue." Opposition at 5:3-4. Plaintiffs do not seek a ruling on whether monthly TDS violations are ongoing or capable of repetition – Teck Cominco has already admitted in its Answer that they are, and Adams will also show this at trial.

REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE LIMITED
SUMMARY ADJUDICATION MOTION         - 2 -

**B.    The Court has not ruled on the Monthly Cyanide Permit Limitation legal issue.**

The second legal issue the Motion presents is whether Teck Cominco can challenge a permit condition during an enforcement action and thus avoid liability for violating the monthly cyanide permit limitation of 4 ug/ml because Section I.A.5.d lists 9 ug/ml as the "Compliance Evaluation Level." Teck Cominco agrees that the argument was raised during summary judgment briefing but claim the Court "already addressed it" and "explicitly reserved judgment on the issue." Opposition at 5.

This statement misconstrues the Court's language and misunderstands the law of the case doctrine. In the Order the Teck Cominco cites as support, the Court only stated that material issues of fact exist as to whether monthly cyanide violations are ongoing or capable of repetition. It repeated both Plaintiffs' and Defendants' arguments regarding whether the 9 ug/ml level should excuse Defendants' liability under the permit's terms, but it did not in any way state its opinion on the matter; neither did it "explicitly reserve[] judgment on the issue." As was its prerogative, the Court simply remained silent on the question. Addressing this *legal* question now, before trial, would focus trial and save judicial and litigant resources.

(Teck Cominco's argument on the law of the case makes no sense here. Even if it were possible to read the Court as "explicitly reserv[ing] judgment" on this question, Teck Cominco has not shown why the law of the case doctrine should apply. The Ninth Circuit has defined the doctrine as the idea "that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995); *Hydrick v. Hunter*, 500 F.3d 978, 986 (9th Cir. 2007). Because the doctrine's purpose is "to promote judicial finality . . . , the law of the case acts as a bar only when the issue in question was actually considered and decided by the first court." *Id.* (internal citation omitted). It does not bar consideration of issues previously *mentioned* by the Court, as here. Teck Cominco claims that the Court's "addressing" the issue means it cannot now rule on it. On this logic, the Court's restating parties' positions on a legal issue without ruling on the issue bars the Court

REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE LIMITED
SUMMARY ADJUDICATION MOTION         - 3 -

from ruling on it in the future. Such a result would be absurd, and Teck Cominco offers no legal support for it.)

### C. The Court has not ruled on the "split sample defense" legal issue.

The third legal issue the Motion presents is whether Teck Cominco is able to avoid liability for a laboratory test result for cyanide or whole effluent toxicity (WET) over the permit limit by offering a result from a second lab within the permit limit. Defendants contend that the Court "issued a ruling on the matter." Opposition at 6.

The Court did discuss the issue generally, but only ruled that genuine issues of material fact exist as to whether violations of cyanide and WET permit limits are ongoing. It did not rule whether one lab result within permit limits serves to insulate Defendants from liability for a lab result outside permit limits. Defendants baldly assert that the Motion is an "attempt to get a different ruling," but they only cite the Court's ruling on another issue. Adams respectfully asks that the Court now consider the merits of this legal issue.

### D. The Court has not ruled on the number of days of violation a monthly average violation constitutes.

The fourth legal issue the Motion presents is whether a violation of a monthly average permit limitation is a violation on each day of that month the facility discharges. Teck Cominco argues that the "Court addressed [this issue] already" and "explicitly reserved judgment" on it, and thus the law of the case doctrine should bar consideration of this issue.

Again, Teck Cominco misconstrues the doctrine. The Court must have resolved an issue for the doctrine to obtain. *See Cote*, 51 F.3d at 181. Here, the Court previously made the choice *not* to rule on the question. It is thus a live legal issue, and Adams respectfully requests that the Court now allow a limited summary judgment motion on this legal issue and the other three issues.

### II. THE COURT HAS BROAD DISCRETION TO ALLOW BRIEFING WHICH WILL ENHANCE JUDICIAL ECONOMY AND FOCUS ISSUES FOR TRIAL.

There is no question that this request for leave comes after the deadline for summary judgment motions – that is why it is a motion for leave to file a motion, rather than simply a

REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE LIMITED
SUMMARY ADJUDICATION MOTION         - 4 -

1  motion. However, Adams believes it is safe to say that none of the litigants or the Court could
2  foresee that it would be almost three years between the summary judgment decisions and the trial
3  in this case. In the intervening time, the four legal issues raised in Adams' motion have
4  sharpened and come into clearer focus. The Court can, and should, allow limited motion practice
5  to allow judicial resolution of the legal questions before trial.
6      Court has broad discretion in this pretrial phase of litigation (as Teck Cominco concedes).
7  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). It has discretion to
8  make "decisions regarding the preclusive effect of a pretrial order . . . ." *Id.* (internal citation
9  omitted). That a deadline has passed does not preclude the Court's consideration of relevant
10 legal issues at this juncture. Adams thus respectfully asks that the Court exercise its discretion
11 and allow the parties to brief these four strictly legal issues.
12     Teck Cominco raises another objection to the Motion, calling it an untimely "motion to
13 reconsider." The Motion is straightforwardly not that. It is instead a motion to consider, in the
14 first instance, resolving four legal issues on which the Court has not ruled. Teck Cominco cites
15 local rules relating to "motions to reconsider," but these rules are not relevant here. The motion
16 at hand is for leave to file a motion for summary adjudication of legal issues and is governed not
17 by local rules but by the Court's broad discretion in this phase of the litigation. *See Mammoth*
18 *Recreations*, 975 F.2d at 607.
19     Adams respectfully asks that the Court use its discretion to resolve these legal issues, to
20 facilitate settlement negotiations and mitigate the unnecessary expenditure of judicial and litigant
21 resources in preparation of trial.
22     Respectfully submitted this 24th day of January, 2008.

24                                                     _____/S/_____
25                                                       Luke Cole
26                                                       Attorney for Plaintiffs
27 CERTIFICATE OF SERVICE
28

REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE LIMITED
SUMMARY ADJUDICATION MOTION       - 5 -

1 | I hereby certify that on the 24th day of January 2008, a true and correct copy of the foregoing Reply in Support of Motion for Leave to File Motion was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

_____/S/_____

Luke Cole

REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE LIMITED
SUMMARY ADJUDICATION MOTION        - 6 -