LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>Plaintiffs,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>Defendant.<br><br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>Intervenors-Defendants. | Case No. A04-49 (JWS)<br><br>PLAINTIFFS' OBJECTION TO UNDISCLOSED EXHIBITS AND MOTION *IN LIMINE* TO EXCLUDE DOCUMENTS NOT TIMELY DISCLOSED<br>(Fed. R. Civ. Proc. 26 and 37) |

PLAINTIFFS' OBJECTIONS TO EXHIBITS AND
MOTION IN LIMINE TO EXCLUDE DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 37 and the Court's Orders of August 7, 2007 [Docket 167], August 31, 2007 [Docket 169] and September 21, 2007 [Docket 177], Plaintiffs Enoch Adams, Jr., *et al.* ("Adams"), file this Objection to Exhibits and Motion *in Limine* to exclude documents in Teck Cominco's Exhibit List which were not timely disclosed.[1]

## I. INTRODUCTION

On January 22, 2008, Teck Cominco filed its final Exhibit List. Docket 194. Plaintiffs received the list electronically on January 22 and the actual exhibits on January 23, 2008. Teck Cominco's proposed exhibits contain a series of laboratory reports, bio-monitoring reports, internal memoranda and procedures, photographs, charts and maps that are being disclosed to Adams for the first time. Such disclosure is untimely, prejudicial to Adams and without justification. As a result, Teck Cominco should be precluded from introducing at trial or using in any way the newly and untimely disclosed documents.

## II. THE NEWLY DISCLOSED DOCUMENTS ARE PART OF A PATTERN OF LATE DISCLOSURE BY TECK COMINCO.

This case was filed in March 2004, after the earlier, related case of *Kivalina Relocation Planning Commission v. Teck Cominco* was dismissed. Between the two cases, tens of thousands of pages of discoverable documents have been produced. Before August 31, 2007, Teck Cominco timely provided Adams with over 30,000 pages of discovery documents. Declaration of Luke Cole in Support of Objections to Exhibits and Motion in Limine to Exclude Documents not Timely Disclosed ("Cole Disclosure dec."), ¶2.

On August 9, 2007 this Court ordered Teck Cominco to "provide copies of all available monitoring reports, lab reports or other reports of the sort previously relied on in this litigation" to counsel for Adams by August 31, 2007. Docket 167 at 1. Since August 31, 2007, however, Teck Cominco has disclosed an additional 15,000 pages of new documents.

---

[1]The Adams plaintiffs are unsure as to how the Court wanted the "objections to exhibits" it anticipated in its September 21, 2007 Pre-Trial Order [Docket 177] to be styled, and thus file this document as an "objection to exhibits and motion in limine to exclude exhibits." If this is not the style or form of objection anticipated by the Court, the Adams plaintiffs apologize.

PLAINTIFFS' OBJECTIONS TO EXHIBITS AND
MOTION IN LIMINE TO EXCLUDE DOCUMENTS        1

On November 15, 2007, ten weeks after the disclosure deadline, Teck Cominco submitted Supplemental Disclosures of laboratory reports (Bates stamp pages TC 038662 RD - 045886 RD). These 7,200 pages of documents included laboratory reports from May 2005 through September 2007. Defendant Teck Cominco Alaska Incorporated's Supplemental Disclosures, Exhibit 1 to Cole Disclosure dec. Some of these documents (like September 2007 lab reports) were not available or did not exist on August 31, 2007, but the vast majority of the documents dated from 2005 and 2006 and so were available before the Court's deadline. Cole Disclosure dec. ¶4.

On January 4, 2008, Teck Cominco provided additional laboratory reports and updated financial statements (Bates stamp pages 045887 - 50582 RD). Letter of Rachel Davis to Luke Cole, Exhibit 2 to Cole Disclosure dec. These 4,700 pages of documents were largely pre-August 2007 lab reports. Cole Disclosure dec. ¶6. Teck Cominco claimed that the additional laboratory reports "were inadvertently missed by the copy company." Exhibit 2 to Cole Disclosure dec.

The November 15 and January 3 supplemental disclosures, while untimely, are largely not challenged here. Here, Adams challenges Teck Cominco's January 22, 2008 Exhibit List, which contains dozens of *new* documents, including lab reports, biomonitoring reports, internal memoranda and procedure documents, photographs, maps & charts, *never previously disclosed to Adams*.[2] These include lab reports from as far back as 2000 that Teck Cominco has suddenly disclosed at the eleventh hour. See, e.g., Teck Cominco Exhibit List, Exhibit 1116 (August 2000 lab report).

////

////

---

[2] Several of the studies, as well as the photographs, were made available by Teck Cominco for brief review by Adams's counsel on January 18, 2008, during exhibit review at the offices of Hartig Rhodes. In the context of that review (of all of the exhibits to be filed by all parties in this case) it was impossible for Adams's couns el to actually read or analyze the documents. Cole Disclosure dec. ¶7.

PLAINTIFFS' OBJECTIONS TO EXHIBITS AND
MOTION IN LIMINE TO EXCLUDE DOCUMENTS          2

The late-breaking or never-before-disclosed documents are easy to spot on Teck Cominco's Exhibit List: they have Bates stamp numbers higher than 50582, the last number in the disclosures that Adams received on January 4, 2008 (see Exhibit 2 to Cole Disclosure dec.), or they have no Bates stamp numbers at all. Cole Disclosure dec. ¶8.

While Adams was patient with the 7,200 pages of late documents disclosed in November 2007 and the almost 5,000 additional pages disclosed in January 2008 (this month!), disclosing thousands of additional pages on the day *after* final witness lists and exhibit lists are due is simply not fair.

Adams challenges the following exhibits, grouped by category:

| | Lab Reports | |
|---|---|---|
| **Exhibit No.** | **Description** | **Bates No.** |
| 1116 | Final Report-Toxicity Evaluation of Outfall 001 to Ceriodaphnia by Parametrix dated August 2000 | TC 051054-51090 RD |
| 1218 | Short-Term Chronic Toxicity of Effluents from Red Dog Mine to Pimephales promelas by ENSR dated July 2002 | TC 051134-51373 RD |
| 1230 | Report of Short-Term Chronic Toxicity Testing using Ceriodaphnia by ENSR dated September 6, 2002 | TC 051374-51444 RD |
| 1231[3] | Bioassay Report conducted August 7 through 14, 2002 by CH2MHill dated August 2002 | TC 051733-51766 RD |
| 1232[4] | Bioassay Report conducted August 30 through September 3, 2002 by CH2MHill dated September 4, 2002 | TC 051767-51798 RD |
| 1264 | Short-Term Chronic Toxicity of Effluents from Red Dog Mine to Ceriodaphnia by ENSR dated October 2002 | TC 051858-52087 RD |
| 1341 | Report of Short-Term Chronic Toxicity Testing using Ceriodaphnia by ENSR dated August 2004 | TC 051017-51053 RD |
| 1635 | Acute Toxicity of Effluent from Red Dog Mine, Port Outfall 001 & 005 to Mysid Shrimp by ENSR dated July/August 2001 | TC 052088-52146 RD |

---

[3] Exhibit labeled 2231.

[4] Exhibit labeled 2232.

| | | |
|---|---|---|
| **Lab Reports** | | |
| 1636 | Acute Toxicity of Effluent from Red Dog Mine, Port Outfall 001 & 005 to Topsmelt by ENSR dated July/August 2001 | TC 052147-52208 RD |
| 1637 | Acute Toxicity of Effluent from Red Dog Mine, Port Outfall 001 & 005 to Mysid Shrimp by ENSR dated August 2001 | TC 052209-52338 RD |
| 1638 | Acute Toxicity of Effluent from Red Dog Mine, Port Outfall 001 to Topsmelt by ENSR dated September 2001 | TC 052339-52399 RD |

| | | |
|---|---|---|
| **Internal Memoranda and Procedures** | | |
| 1648 | Discharge TDS SOP | NA |
| 1649 | Sodium Sulfide Dosage Changes SOP dated 2003 | NA |
| 1651 | Sodium Sulfide System Process Description | NA |
| 1652 | In-stream Control of TDS at Red Dog Mine | NA |

| | | |
|---|---|---|
| **Biomonitoring Studies** | | |
| 1656 | 2000 Aquatic Biomonitoring at Red Dog Mine dated May 15, 2001 | NA |
| 1658 | 2002 Aquatic Biomonitoring at Red Dog Mine dated 2003, Report No. 03-03 | NA |
| 1663 | 2006 Aquatic Biomonitoring at Red Dog Mine dated June 2007, Report No. 07-03 | NA |

| | | |
|---|---|---|
| **Photos** | | |
| 1671 | Aerial View of Red Dog Creek pre-mining | NA |
| 1672 | Aerial View of Tailings pond | NA |
| 1673 | Aerial View of Outfall 001 | NA |
| 1674 | Side View of Outfall 001 | NA |
| 1675 | Area map of Red Dog Mine | NA |
| 1676 | Red Dog Mine Mixing Zones: Sta. 150, 9 & 10 | NA |
| 1677 | Red Dog Mine Mixing Zones: Sta. 151, 20, 12 | NA |

| | | Photos | |
|---|---|---|---|
| | 1678 | Origin of the Opportunity photograph | NA |
| | 1679 | Water Balance, Tailings pond diagram | NA |
| | 1680 | Map of TDS Limits | NA |
| | 1681 | Graph: Impoundment TDS 1999-2007 | NA |
| | 1682 | Chart: Discharge Performance by Month to Red Dog Creek | NA |
| | 1683 | Pond Elevation Since 1998 | NA |
| | 1684 | Photograph of Red Dog Clean Water Bypass/Diversion System | NA |
| | 1685 | Photographs of Middle Fork-Before and After | NA |
| | 1686 | Red Dog Operations tailings impoundment photograph | NA |
| | 1687 | Photograph of Sulfur Creek, pre-mining | NA |
| | 1688 | Photograph of Alvinella Seep | NA |
| | 1689 | Photograph of Red Dog Diversion | NA |
| | 1690 | Photograph of Clean Water Bypass Upgrades | NA |
| | 1691 | Photographs of Clean Water Bypass Upgrades 4 | NA |
| | 1692 | Diversion Ditch 4 Construction | NA |
| | 1693 | Tailing Pond & Dam Locations Map | NA |
| | 1694 | Back Dam Diagram | NA |
| | 1695 | Photograph of Water Treatment Plants | NA |
| | 1696 | Photograph of Fourth Sandfilter | NA |
| | 1697 | Photograph of New Sandfilter Building | NA |
| | 1698 | Photograph of Water Treatment Plant 3 | NA |
| | 1699 | Aerial photograph of Outfall 001 | NA |
| | 1700 | Water Management Diagram of tailings impoundment | NA |
| | 1701 | Map: Streams and Sample Locations in the Immediate Vicinity of Red Dog Mine | NA |
| | 1702 | Map: Streams and Rivers Downstream of Red Dog Mine | NA |

PLAINTIFFS' OBJECTIONS TO EXHIBITS AND
MOTION IN LIMINE TO EXCLUDE DOCUMENTS        5

| | Photos | |
|---|---|---|
| 1703 | Photograph of Middle fork Red Dog Creek at point where effluent enters creek dated July 1995 | NA |
| 1704 | Map: Red Dog Creek identification of TDS zones | NA |
| 1705 | Map: Red Dog Creek identification of spawning areas | NA |
| 1741 | Oversize Map of Red Dog Mine Environmental Stations | NA |
| 1742 | Oversize Map of Red Dog Mine Environmental Stations including Station1 and Chukchi Sea | NA |
| 1743 | Oversize Map of Kivalina Area Use | NA |
| 1744 | Oversize Map of Kivalina Community | NA |

| | Charts | |
|---|---|---|
| 1664 | Chart: Sulfate & TDS at Station 1 & 2 | NA |
| 1665 | Chart: Total Cyanide and WAD Cyanide at Station 2 | NA |
| 1666 | Chart: Total Cyanide and Wad Cyanide at Station 2 | NA |
| 1667 | Graph: Comparison of Returns - Actual Dow Jones v. Kavanaugh Assumptions July 1, 1999-January 11, 2008 | NA |
| 1668 | Chart: Summary of Economic Benefit Results Using The correct Financial Methodology | NA |
| 1669 | Chart: Methodology that disregards the Distinction Between Ex-Post and Ex-Ante Information | NA |
| 1670 | Chart: Economic Benefit Methodology Based on the Distinction Between Ex-Post and Ex-Ante | NA |
| 1707 | Chart: Station 1 Average TDS 1991 to 2005 | NA |
| 1708 | Chart: Station 1 Average TDS 1999 to 2005 | NA |
| 1709 | Spreadsheet: TDS Data Station 10 for 2002 and 2003 | NA |
| 1710 | Spreadsheet: Estimated TDS Concentration at Station 10 on July 7, 1999 | NA |
| 1711 | Figure 104: Dolly Varden Kidney Tissue, Cadmium | NA |

PLAINTIFFS' OBJECTIONS TO EXHIBITS AND
MOTION IN LIMINE TO EXCLUDE DOCUMENTS            6

### III. THIS COURT SHOULD EXCLUDE TECK COMINCO'S UNTIMELY DISCLOSURES.

#### A. Teck Cominco's January 22, 2008 Disclosure of Additional Documents was Untimely.

Federal Rule of Civil Procedure 26 requires a party, "without awaiting a discovery request," to provide other parties with "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(B). Rule 26 also requires a party to automatically supplement its disclosures whenever it learns that the information disclosed is "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Initial disclosures under Rule 26 are "designed to facilitate the parties' understanding of the case early on and to inform the appropriate scope of discovery." *Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d. 1042, 1045 (N.D. Cal. 2004). As such, supplements to initial disclosures under Rule 26(e) must be made promptly. *Id.*; Fed. R. Civ. P. 26 Advisory Committee's Note (supplementation should be made with special promptness as the trial date approaches). This Court's Order dated August 9, 2007 set August 31, 2007 as the deadline for such disclosures. Docket 167 at 1. Despite the unambiguous mandate in the Federal Rules and direct instruction by the Court, Teck Cominco did not disclose the documents discussed below during the discovery period, but has included them in its Exhibit List and disclosed them to Adams for the first time on January 23, 2008 – almost five months after the discovery deadline.

To ensure compliance with the discovery requirements of Rule 26, Rule 37 provides that a party who "fails to provide information . . . as required by Rule 26(a) or (e), . . . is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure is substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Exclusion is "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado by Salgado v. GMC*, 150 F.3d 735, 742 (7th Cir. 1998). Exclusion of undisclosed documents is proper even where the failure to disclose was not

due to the defendant's bad faith or willfulness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Teck Cominco's untimely disclosure, made without notice and after the discovery deadline is prejudicial to Adams and without substantial justification. Thus, Teck Cominco should be precluded from introducing the untimely disclosed documents at trial.

### B. Teck Cominco's Untimely Disclosure Harms Adams and is Without Substantial Justification.

The Adams plaintiffs have expended considerable time and expense in developing the factual basis of this case, including deposing numerous Teck Cominco staff. Teck Cominco's failure to timely disclose documents has prejudiced Adams' ability to respond in an adequate and timely manner to Teck Cominco's proposed evidence. Adams was unable to share the documents with its experts or fact witnesses before final witness lists disclosing their testimony had to be filed, and before final expert reports were due. Adams was not able to ask deposition questions during the discovery phase about the lab reports from the early 2000s. Cole Disclosure dec. ¶9.

By this Court's Order, Teck Cominco was required to provide "copies of all available monitoring reports, lab reports or other reports of the sort previously produced in this litigation" to counsel for Adams by August 31, 2007. Order, August 9, 2007, Docket 167 at p.1. All of the lab reports included in Teck Cominco's Exhibit List but not previously disclosed were prepared at least *three years* prior to August 2007. The proffered biomonitoring studies were also completed well before the discovery exchange cutoff date. These studies and reports are "of the sort previously produced in this litigation" and thus were subject to the deadline in this Court's Order. Docket 167 at 1. Teck Cominco was certainly aware of, or in possession of, these documents well before August 2007. Yet, Teck Cominco did not disclose the reports until January 22, 2008. Teck Cominco chose to disclose the reports only *after* the close of discovery, long after all final depositions were taken and after the deadline for filing all final expert reports, and lists of trial exhibits and witnesses. As a result, Adams is deprived of an opportunity to respond to the new evidence before trial. Cole Disclosure dec. ¶9.

PLAINTIFFS' OBJECTIONS TO EXHIBITS AND
MOTION IN LIMINE TO EXCLUDE DOCUMENTS          8

Teck Cominco's proffered exhibits also include explanatory charts and photographs and maps of the Red Dog Mine, various sites at the mine, and the surrounding area and community. While some of the photographs are dated (Exhs. 1681, 1683, 1703) Adams is not informed as to when the rest of the photographs were taken, or by whom. Further, because Teck Cominco did not disclose these photographs, charts or maps to Adams before January 22, 2008, Adams was deprived of an opportunity to share them with expert or fact witnesses, or depose any Teck Cominco witnesses about them. Cole Disclosure dec. ¶9. Teck Cominco's failure to disclose is prejudicial to Adams' prosecution of this case and should not be rewarded.

Teck Cominco offers no justification for its failure to disclose these documents and did not give Adams more than three days' notice that the Exhibit List would contain previously undisclosed documents – indeed, for the vast majority of these documents, it gave Adams no notice at all.[5] Teck Cominco failure to comply with this Court's Order and Rule 26 harms Adams and is without substantial justification.

Pursuant to Rule 37(c)(1), Teck Cominco should be precluded from introducing the untimely disclosed documents at trial. Teck Cominco should not be rewarded for its delay. Timely updates to Rule 26(a)(1) initial disclosures permit the other side to examine documents prior to trial and to share those documents with its expert and fact witnesses. Here, however, where the Adams plaintiffs have already submitted final expert reports and final exhibit and witness lists, they are deprived of the opportunity to review the documents with their witnesses before trial. If parties were permitted to conduct themselves as Teck Cominco has, no litigant would make any disclosures until the last possible moment before trial, thus ensuring that their adversaries have no opportunity to examine documents they intend to introduce at trial. Rules 26 and 37 do not permit this unfair litigation tactic.

Adams thus seeks an Order excluding from trial exhibits not timely disclosed by Teck

---

[5] As noted above, several of the documents were first revealed to Adams's counsel on January 18, 2008 during exhibit review; the vast majority of the exhibits listed above, however, were revealed to Adams for the first time on January 22, 2008 in Teck Cominco's exhibit list.

PLAINTIFFS' OBJECTIONS TO EXHIBITS AND
MOTION IN LIMINE TO EXCLUDE DOCUMENTS        9

Cominco.  Respectfully submitted this 29th day of January, 2008.

                                                                _____/S/ Luke Cole_____
                                                                Luke Cole
                                                                Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2008, a true and correct copy of the foregoing Objections to Exhibit List and Motion to Exclude Undisclosed Documents  was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

_____/S/_____

Luke Cole

PLAINTIFFS' OBJECTIONS TO EXHIBITS AND
MOTION IN LIMINE TO EXCLUDE DOCUMENTS    10