LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>Plaintiffs,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>Defendant.<br><br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>Intervenors-Defendants. | Case No. A04-49 (JWS)<br><br>DECLARATION OF LUKE COLE IN SUPPORT OF OBJECTIONS TO UNDISCLOSED EXHIBITS AND MOTION *IN LIMINE* TO EXCLUDE DOCUMENTS NOT TIMELY DISCLOSED<br>(Fed. R. Civ. Proc. 26 and 37) |

I, Luke Cole, declare:

1. I am over 18 and not a party to this action. I am lead counsel for the plaintiffs and am responsible for trying this case at the liability and penalty phases. Part of that trial involves reviewing the exhibits disclosed by all parties.

2. This case was filed in March 2004, after the earlier, related case of *Kivalina Relocation Planning Commission v. Teck Cominco* was dismissed. Between the two cases, tens of thousands of pages of discoverable documents have been produced. Before August 31, 2007, Teck Cominco timely provided Adams with over 30,000 pages of discovery documents.

3. On November 15, 2007, ten weeks after the disclosure deadline, Teck Cominco submitted Supplemental Disclosures of laboratory reports (Bates stamp pages TC 038662 RD - 045886 RD). These 7,200 pages of documents included laboratory reports from May 2005 through September 2007. A true and correct copy of Defendant Teck Cominco Alaska Incorporated's Supplemental Disclosures is attached as Exhibit 1.

4. Some of these documents disclosed on November 15, 2007 (like September 2007 lab reports) were not available or did not exist on August 31, 2007, but the vast majority of the documents dated from 2005 and 2006 and so were available before the Court's deadline of August 31, 2007.

5. On January 4, 2008, Teck Cominco provided additional laboratory reports and updated financial statements (Bates stamp pages 045887 - 50582 RD). A true and correct copy of the Letter of Rachel Davis to Luke Cole is attached as Exhibit 2.

6. The 4,700 pages of documents disclosed on January 4, 2008 were largely pre-August 2007 lab reports.

7. On January 22, 2008, Teck Cominco filed its exhibit list which included dozens of documents never previously disclosed in this case or the KRPC litigation. Several of the studies, as well as the photographs, were made available by Teck Cominco for brief review by Adams's counsel on January 18, 2008, during exhibit review at the offices of Hartig Rhodes. In the context of that review (of all of the exhibits to be filed by all parties in this case) it was

COLE DECLARATION IN SUPPORT OF
PLAINTIFFS' OBJECTIONS TO EXHIBITS AND
MOTION IN LIMINE TO EXCLUDE DOCUMENTS         1

1  impossible for Adams's couns el to actually read or analyze the documents.

2      8. The late-breaking or never-before-disclosed documents are easy to spot on Teck Cominco's Exhibit List: they have Bates stamp numbers higher than 50582, the last number in the disclosures that Adams received on January 4, 2008, or they have no Bates stamp numbers at all.

    9. The Adams plaintiffs have expended considerable time and expense in developing the factual basis of this case, including deposing numerous Teck Cominco staff. Teck Cominco's failure to timely disclose documents has prejudiced Adams' ability to respond in an adequate and timely manner to Teck Cominco's proposed evidence. Adams was unable to share the documents with its experts or fact witnesses before final witness lists disclosing their testimony had to be filed, and before final expert reports were due. Adams was not able to ask deposition questions during the discovery phase about the lab reports from the early 2000s. As a result, Adams is deprived of an opportunity to respond to the new evidence before trial.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of January at San Francisco, California.

                                        _____/S/ Luke Cole_____
                                        Luke Cole

CERTIFICATE OF SERVICE
I hereby certify that on the 29th day of January 2008, a true and correct copy of the foregoing Declaration of Luke Cole in Support of Objections to Exhibit List and Motion to Exclude Undisclosed Documents was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555

COLE DECLARATION IN SUPPORT OF
PLAINTIFFS' OBJECTIONS TO EXHIBITS AND
MOTION IN LIMINE TO EXCLUDE DOCUMENTS       2

1  Anchorage, Alaska 99515-3538

2  James E. Torgerson
   Heller Ehrman White & McAuliffe LLP
3  510 L Street, Suite 500
   Anchorage, Alaska 99501-1959
4
   David S. Case
5  Landye Bennett Blumstein LLP
   701 W. 8th Ave., Suite 1200
6  Anchorage, AK 99501

7  Thane Tienson
   Landye Bennet Blumstein
8  1300 Southwest Fifth Ave, Suite 3500
   Portland, OR 97201
9

10        _____/S/_____

11 Luke Cole

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   COLE DECLARATION IN SUPPORT OF
   PLAINTIFFS' OBJECTIONS TO EXHIBITS AND
   MOTION IN LIMINE TO EXCLUDE DOCUMENTS        3