LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>Plaintiffs,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>Defendant.<br>———————————————<br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>Intervenors-Defendants. | Case No. A04-49 (JWS)<br><br>PLAINTIFFS' OBJECTIONS TO EXPERT WITNESSES AND MOTION IN LIMINE TO BAR TESTIMONY BY CERTAIN PROFFERED EXPERTS |

This Court issued a Pre-Trial Order governing disclosure of witnesses for trial. According to the Order, each side was to file and serve its witness lists by January 22, 2008. Docket 177 at 2. The Court's instructions were clear: "Expert witnesses will be identified as such and as to their area(s) of expertise, and a statement of each expert's qualifications will be

appended to the witness list." Docket 177 at 3.

Teck Cominco timely filed two witness lists during the afternoon of January 22, 2008, before the deadline set in the Court's Pretrial Order (Docket 177 at 2): Teck Cominco Alaska Incorporated and NANA Regional Corporation's List of Witnesses to be Called in the Liability Phase of Trial ("Liability Phase Witness List," Docket 197) and Teck Cominco Alaska Incorporated and NANA Regional Corporation's List of Witnesses to be Called in the Remedial Phase of Trial ("Penalty Phase Witness List," Docket 198).

The Liability Phase Witness List included four witnesses designated as "experts": Alvin Ott, Mike Botz, Kevin Brix, and Joyce Tsuji. Docket 197.

The Penalty Phase Witness List included 12 witnesses designated as "experts": John Houghton, Alvin Ott, Gene Andrews, Mike Botz, Kevin Brix, Joyce Tsuji, Robert Fuhrman, John Middaugh, Jim Dau, Fred DeCicco, Al Townsend and Phyllis Weber-Scannell. Docket 198.

Neither of these witness lists had any statement of each expert's qualifications appended to it, as required by the Court.

Later on January 22, 2008, Teck Cominco filed a Motion to Amend/Correct its Witness List, requesting to add a witness who had not been named in Teck Cominco's original witness list (filed back in 2004). Docket 199. The Motion to Amend did not have any experts' qualifications attached to it.

Almost 24 hours later, late in the afternoon of January 23, 2008, after the deadline for filing witness lists, Teck Cominco filed an "errata" [Docket 202] and a new, revised witness list for the penalty phase. Docket 203. The "errata" claimed that

> Do *[sic]* to a clerical error when exchanging information between the offices of the respective attorneys, an earlier draft was inadvertently substituted for the intended list, and the mistake was not discovered until moments after the improper list was filed with the court. Teck Cominco and NANA ask that the attached revised list of witnesses for the remedial phase of trial be substituted for the earlier filed version, and apologize for any confusion that this may have caused.

Docket 202.

The revised witness list, Docket 203, moved one witness (John Middaugh) from testifying 75th up to testifying 64th, made a few cosmetic edits, and renumbered some of the

PLAINTIFFS' OBJECTIONS TO EXPERT WITNESSES
AND MOTION IN LIMINE TO BAR CERTAIN EXPERTS    1

witnesses. Compare Docket 198 and Docket 203. However, the major difference between the two witness lists, a difference not discussed or even disclosed in the Errata, is that Docket 203 suddenly had witness qualifications attached for several (but not all) of the witnesses listed: Al Ott, Gene Andrews, Mike Botz, Kevin Brix, Joyce Tsuji, Robert Fuhrman and Jim Dau. Docket 203.

At this point the Adams plaintiffs are forced to repeat a common refrain: at the risk of sounding petty, Teck Cominco simply does not play by the rules. As Adams sees it, the Court has several options in dealing with this ongoing failure to abide by its Pre-Trial Order:

*Option one:* the Court could preclude any of the experts from testifying because Teck Cominco violated the Court Order and did not timely attach any expert qualifications to its witness lists. This appears to Adams to be somewhat Draconian, but Adams would support such a step.

*Option two:* the Court could preclude any of the experts from testifying at the liability phase because Teck Cominco has not cured the failure to attach expert qualifications to its Liability Phase Witness List, and bar those experts for whom Teck Cominco has never provided expert qualifications from testifying at all. This appears fair to Adams, although the experts listed on the Liability Phase Witness List are also listed on the Penalty Phase Witness List and thus Adams has been provided with their qualifications, albeit late. Which leads Adams to a final option:

*Option three*: The Court could bar all testimony by those "experts" listed on Teck Cominco's Penalty Phase Witness Lists for whom Teck Cominco has never provided expert qualifications. This appears a fair sanction; Teck Cominco's failure to follow the rules ought to have some consequences. Adams thus requests that the Court bar the following witnesses from testifying at the Penalty Phase: John Houghton, John Middaugh, Fred DeCicco, Al Townsend and Phyllis Weber-Scannell. Teck Cominco has provided no qualifications for any of these proffered "experts," in violation of the Court's Order, although it clearly knew it had to do so as it filed the late qualifications for the other seven experts it listed.

PLAINTIFFS' OBJECTIONS TO EXPERT WITNESSES
AND MOTION IN LIMINE TO BAR CERTAIN EXPERTS    2

Because of Teck Cominco's failure to follow the explicit directions in the Pre-Trial Order, Adams has no way to scrutinize the credentials of the proffered experts and challenge the experts in a motion in limine based on their qualifications or prepare cross examination with the knowledge of their backgrounds. Adams thus moves to bar the five witnesses from all testimony at trial. (Adams is also separately moving to bar the testimony of other proffered experts on other grounds.)

Respectfully submitted this 29th day of January, 2008.

       /S/ Luke Cole
Luke Cole
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2008, a true and correct copy of the foregoing Objections to Expert Witnesses and Motion in Limine to Bar Testimony by Certain Proffered Experts, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

   /S/
Luke Cole

PLAINTIFFS' OBJECTIONS TO EXPERT WITNESSES
AND MOTION IN LIMINE TO BAR CERTAIN EXPERTS   3