LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>    Defendant.<br>_____<br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>    Intervenors-Defendants.<br>_____ | Case No. A04-49 (JWS)<br><br>**PLAINTIFFS' OBJECTIONS TO TECK COMINCO'S LIABILITY WITNESS LIST AND MOTIONS IN LIMINE TO EXCLUDE WITNESSES FOR FAILURE TO ADEQUATELY SPECIFY TESTIMONY** |

## I. TECK COMINCO MUST DISCLOSE THE TESTIMONY OF WITNESSES AT THE LIABILITY PHASE WITH SPECIFICITY.

The Clean Water Act is a strict liability statute. 33 U.S.C. § 1311(a); *Hawaii's Thousand Friends v. City and County of Honolulu*, 821 F. Supp. 1368, 1392 (D. Ha. 1993). At issue during the liability phase are the questions, 1) did the alleged violations of Teck Cominco's permit conditions take place? And 2) if so, are they ongoing or capable of repetition? *See Enoch Adams, et al. v. Teck Cominco Alaska, Inc.,* 396 F. Supp.2d 1095, 1099 (D. Ak. 2006). A great majority of the violations have already been admitted by Teck Cominco in its discharge monitoring reports (DMRs) filed with EPA and in its Answer and other pleadings filed in this case; the central issue for monthly TDS, daily cyanide, monthly cyanide, daily whole effluent toxicity (WET) and monthly WET violations is whether the violations are ongoing.

Despite the narrow issues at trial – strict liability for those proven violations, and resolution of the question of whether the violations are ongoing or capable of repetition – Teck Cominco presents this Court with a list of 45 witnesses it anticipates calling at trial, the vast majority of them with just one- or two-sentence, abbreviated descriptions of proffered testimony. Teck Cominco Alaska Incorporated's and NANA Regional Corporation's List of Witnesses to be Called in the Liability Phase of Trial ("Liability Phase Witness List"), Docket 197, filed January 22, 2008. In some cases, Adams is able to discern what the testimony might be about (and in many cases the proposed testimony is irrelevant, leading Adams to file a separate motion to exclude some of the witnesses named on grounds of relevance). In at least 11 instances, however, the description of the testimony is not sufficient to permit Adams to determine what facts the witness might testify to, and thus precludes Adams from adequately preparing to cross-examine the witness at trial. In these 11 instances, detailed below, Adams respectfully requests that the witnesses be precluded from testifying because of Teck Cominco's failure to follow the express mandate of this Court's Pre-Trial Order, Docket 177.

## II. THE COURT'S INSTRUCTIONS WERE CLEAR.

The Court's Pre-Trial Order instructed: "As to each witness so listed (even though the witness may have been deposed), counsel will disclose the testimony expected to be elicited from that witness at trial. *The disclosure will be specific and not general*, the purpose being to avoid

surprise and delay at trial and *to give opposing counsel an adequate basis for developing cross-examination*." Docket 177 at 3 (emphasis added).

Despite this clear and explicit instruction, Teck Cominco has failed to adequately specify the testimony of 11 witnesses listed on its Liability Phase Witness List.

## III. TECK COMINCO DID NOT PROVIDE THE REQUISITE SPECIFICITY.

Eleven of Teck Cominco's listed witnesses at the liability phase are listed without enough specificity for Adams to effectively develop cross examination. Declaration of Luke Cole in Support of Motion in Limine to Exclude Witnesses for Failure to Disclose Testimony with Specificity ("Cole Specificity dec."), ¶2.

### A. The description of the testimony of Joyce Tsuji is not sufficiently specific.

Teck Cominco offers Ms. Tsuji with the following brief and non-specific description: "A retained expert. Will testify consistent with her report and supplemental report, and work performed by Exponent for Red Dog Mine." Liability Phase Witness List at 3. Although not revealed by this description, Ms. Tsuji's "report and supplemental report" both discuss human health, water in the Wulik River, Kivalina drinking water and biota near the Red Dog mine. Cole Specificity dec. ¶3. The reports are specific and clear. The portion of Teck Cominco's disclosure about Ms. Tsuji's testimony that is not adequately specific, however, is "and work performed by Exponent for Red Dog Mine."

In an attempt to determine what "work performed by Exponent for Red Dog Mine" might be, Adams consulted the Exhibit List filed by Teck Cominco, Docket 194. Of the 802 exhibits listed there, not one is authored by Exponent. Cole Specificity dec. ¶4. Nor is anything by Exponent listed on the Joint Exhibit List of 52 documents. Docket 195; Cole Specificity dec. ¶4.

Ms. Tsuji's reports are no further help: her 13-page "Expert Report Addendum of Joyce S. Tsuji," disclosed to Adams on January 18, 2008, mentions the word "Exponent" only once: on page 13, in the final numbered paragraph, Ms. Tsuji notes that she is employed at Exponent. Exhibit 1 to Cole Specificity dec. None of the documents listed in the report itself are by Exponent or are disclosed as involving any "work performed by Exponent for Red Dog Mine." Exhibit 1.

Her eight-page rebuttal report, of January 10, 2005, does not include the word Exponent at all. Cole Specificity dec. ¶6. Her original expert report, of November 15, 2004, notes that she works at Exponent (pp. 3, 20), and mentions an "Exponent data validation report for the Kivalina drinking water 2002 sampling event" (p. 5), and an Exponent report, *Evaluation of Metals Concentrations in Caribou Tissues* (p. 6). Neither of these is identifiable as "work performed by Exponent for Red Dog Mine" from the mention in the expert report – or, more to the point, from the mention in the witness list. None of the other 25 "site and case-related information" sources listed by Tsuji are identified as by Exponent (Exhibit 2 to Cole Specificity dec. at 4-8), nor do any of her opinions make reference to any work by Exponent for or at the mine site. Exhibit 2 at 8-20. None of the 47 documents Tsuji lists as references or other works consulted is by Exponent, and only one mentions Red Dog mine: a US EPA study. Exhibit 2 at 20-25. On page four of the report, in the Qualifications section, there is a passing mention of Tsuji's work for Red Dog mine, but with no specificity: "I am serving as a senior advisor on the human health risk assessment work conducted by Exponent for the Red Dog Mine site." Exhibit 2. However, nowhere in this 25-page document (or any other Tsuji-produced report) is there any description or disclosure of what that human health risk assessment work entailed or what its results were. As a result, Adams is completely in the dark as to what "work performed by Exponent for Red Dog Mine" refers to. Cole Specificity dec. ¶7.

Because the abbreviated description "work performed by Exponent for Red Dog Mine" does not give enough specificity for Adams to formulate cross-examination on any such work – even after canvassing every exhibit offered by Teck Cominco for trial and reviewing all three expert reports filed by Tsuji – Adams respectfully requests that Ms. Tsuji be precluded from testifying about "work performed by Exponent for Red Dog Mine."

**B.    The testimony of Richard Brown is not sufficiently specific.**

Teck Cominco offers Richard Brown with the following description: "An employee of American Meteorburst Corp., Mr. Brown will testify as to auto-monitoring equipment and in-stream conductivity." Liability Phase Witness List at 3. Adams is unable to find any exhibits among the 802 offered by Teck Cominco and the further 52 joint exhibits filed by the parties that

are authored by (or indeed that even refer to) American Meteorburst Corp. Cole Specificity dec. ¶8. Further, none of the violations Adams will prove at trial – of TDS, cyanide and WET end-of-pipe effluent limitations – involve auto-monitoring equipment or in-stream conductivity. Thus, Adams is at a loss as to what exactly Mr. Brown will testify to and cannot adequately prepare cross-examination based on the description of the testimony provided by Teck Cominco. Adams thus moves to preclude the testimony of Richard Brown in its entirety.

  **C.  The description of the testimony of Peter Chapman is not sufficiently specific.**

  Teck Cominco discloses that "An employee of EVS Environmental Consultants, Dr. Chapman will testify as to toxicology, TDS, WET and the effect of mine effluent on fish and other aquatic life." Liability Phase Witness List at 3. Among the 802 exhibits offered by Teck Cominco are two WET analyses authored by EVS Environmental Consultants. Cole Specificity dec. ¶9. However, from the description offered by Teck Cominco, Adams is unsure if Dr. Chapman will testify as to those results, which are not mentioned, or testify in general about WET (the abbreviation for "whole effluent toxicity"). If Dr. Chapman were going to talk about the EVS results (which is not apparent from Teck Cominco's disclosure), any such test results would themselves be the best evidence. Further, "toxicology" is a vast scientific field, and there is no indication from this one-sentence description as to what about toxicology Dr. Chapman will testify to. Is this a history of toxicology? A critique of it? An explanation of it? Adams cannot tell, and consequently cannot prepare for an examination of Dr. Chapman at trial.

  Finally, "the effect of mine effluent on fish and other aquatic life" is also a vastly broad topic, not even limited by this description to the Red Dog mine that is the subject of this lawsuit. The description of Dr. Chapman's proposed testimony is simply so vague as to preclude Adams from adequately preparing cross examination. Cole Specificity dec. ¶10. Adams thus moves to preclude the testimony of Peter Chapman in its entirety.

  **D.  The description of the testimony of Greg Horner is not sufficiently specific.**

  Teck Cominco discloses that "Mr. Horner will testify as to studies performed by Ecology and Environment." Liability Phase Witness List at 5. Adams is unable to find any exhibits among the 802 offered by Teck Cominco and the further 52 joint exhibits lodged by the parties

that are authored by Ecology and Environment. Cole Specificity dec. ¶11. Since there are no "studies performed by Ecology and Environment" in evidence, Adams has nothing other than this one-sentence description with which to prepare for trial, and is Adams is thus unable to adequately prepare cross-examination. Cole Specificity dec. ¶12.

### E. The description of the testimony of Kevin Lackey is not sufficiently specific.

Teck Cominco discloses that "Mr. Lackey will testify as to issues involving the Teck Cominco laboratory facilities at Red Dog." Liability Phase Witness List at 5. This one-sentence description – all that Adams is given to work with – not only does not disclose the "issues" Mr. Lackey will discuss, but also does not discuss how they might in any way relate to the actual issues of liability, all of which will be determined by Teck Cominco's DMRs, which are based in relevant part on lab results from *offsite* laboratories, not the lab at Red Dog. Cole Specificity dec. ¶13. Thus Adams is unable to adequately prepare cross-examination, not knowing what issues or how the Teck Cominco laboratory facilities at Red Dog relate to the actual violations alleged in this suit. Cole Specificity dec. ¶14. Adams thus moves to exclude the testimony of Mr. Lackey in its entirety.

### F. The description of the testimony of Jackie Lundberg is not sufficiently specific.

Teck Cominco discloses that "Ms. Lundberg will testify as to TIE/TRE and alleged port excursions." Liability Phase Witness List at 6. Although not disclosed by this abbreviated description, "TIE/TRE" refers to Toxicity Identification Evaluation/Toxicity Reduction Evaluation, steps required by Teck Cominco's permits after a repeated violation of its WET test permit limitations. Cole Specificity dec. ¶15. Over the past decade, Teck Cominco has undertaken numerous TIE/TRE processes. *Id.* at ¶16. These analyses fill hundreds of pages in numerous reports, for both the Mine Site and the Port Site. *Id*. Without further explication of what Ms. Lundberg would testify "as to TIE/TRE," Adams is unable to adequately prepare cross-examination. Further, the description is vague to the point of confusion, because the "and" could be conjunctive and limiting – i.e., "Ms. Lundberg will testify as to TIE/TRE *only as to* alleged port excursions" – or disjunctive and additive – i.e., "Ms. Lundberg will testify as to TIE/TRE and *also* alleged port excursions." Not knowing what Ms. Lundberg will actually testify to

makes it impossible for Adams to adequately prepare cross examination. Cole Specificity dec. ¶17. Adams thus moves to exclude the testimony of Jackie Lundberg in its entirety.

### G. The description of the testimony of Mike Schierman is not sufficiently specific.

Teck Cominco discloses that Mike Schierman "Will testify as to weather conditions at Red Dog as they pertain to claims, and their effects on monitoring, sampling, and transport of lab samples and results." Liability Phase Witness List at 6. As noted above, the Clean Water Act is a strict liability statute, and thus "weather conditions" – presumably to be discussed in the context of explaining Teck Cominco's failure to comply with its permit conditions, though not clear from the description offered by Teck Cominco – are not relevant to Teck Cominco's liability, to its permit violations, or to the question of whether or not those violations are ongoing. Put most simply, "weather conditions at Red Dog" *do not* "pertain to claims." There is no description here as to how Teck Cominco will bridge this seeming contradiction in its description of Mr. Schierman's testimony or tie Mr. Schierman's testimony to some relevant fact or circumstance. Without any stated connection to topics relevant to liability, this description lacks the specificity necessary to allow Adams to adequately prepare cross-examination. Cole Specificity dec. ¶18.

### H. The description of the testimony of Mike Stanoway is not sufficiently specific.

Teck Cominco discloses that "Mr. Stanoway will testify as to biomonitoring, bioassay surveys, and WET." Liability Phase Witness List at 6. Numerous agencies and contractors have conducted biomonitoring and bioassay surveys in the Wulik River watershed over the past three decades. Thousands of pages are devoted to such surveys. Cole Specificity dec. ¶19. From this description alone, it is unclear which of these dozens of surveys Mr. Stanoway will testify about – *if any* – and how that testimony will be in any way relevant to Teck Cominco's liability, which is wholly independent from either biomonitoring or bioassays. Id. at ¶20. Further, as with the abbreviated description of Ms. Lundberg's testimony discusses above, it is unclear from the sentence (and thus confusing) whether the testimony about " biomonitoring, bioassay surveys, and WET" is related – *i.e.*, "biomonitoring, bioassay surveys, and *how they relate to* WET" – or simply additive, *i.e.*, " biomonitoring, bioassay surveys, and *also* WET." WET itself is a large

topic, and there is no indication from this description that Mr. Stanoway will discuss in any way the actual WET violations at issue in this suit. Accordingly, the description is not sufficiently specific to allow Adams to prepare cross examination, and Adams respectfully requests that Mr. Stanoway's testimony be excluded in its entirety.

**I.    The description of the testimony of William Stubblefield is not sufficiently specific.**

In perhaps the most egregious instance of lack of specificity in its entire eight-page, 45-name witness list, Teck Cominco discloses that "Dr. Stubblefield will testify as to WET." Liability Phase Witness List at 7. In the context of this litigation, Adams will assume that Teck Cominco is referring to whole effluent toxicity when it lists "WET" as the topic, although the abbreviation also is used for "an opensource web automation testing tool which uses Watir as the library to drive web pages," Cole Specificity dec. ¶21 and Exhibit 3, and the Western European Time zone. Cole Specificity dec. ¶21. The Court has instructed the parties to disclose the testimony expected, and ordered that "the disclosure will be specific and not general[.]" Docket 177 at 3. Whole effluent toxicity as a topic is a broad one, as WET testing is the subject of courses, books, and countless agency and consultant reports around the world. Merely mentioning that the testimony will be about WET – and not even, from this description, the WET violations alleged by Adams – is not sufficient enough to allow Adams to effectively prepare cross examination. Cole Speficity dec. ¶22. Adams respectfully requests that Mr. Stubblefield's testimony be exlcuded in its entirety.

**J.    The description of the testimony of Jason Weakley is not sufficiently specific.**

Teck Cominco offers Mr. Weakley to "testify as to the chemistry and treatment of Red Dog water." Liability Phase Witness List at 7. The "chemistry and treatment of Red Dog water" is a huge topic, potentially encompassing the several hundred chemicals that have been tested for in the Red Dog mine effluent. The "treatment" of the water is also a very general description. Taken as a whole, the description is not sufficiently specific to allow Adams to adequately prepare cross examination. Cole dec. ¶23. Adams thus moves to exclude the testimony of Jason Weakley.

ADAMS OBJECTION TO LIABILITY WITNESS LIST
AND MOTION TO EXCLUDE WITNESSES FOR FAILURE
TO ADEQUATELY SPECIFY TESTIMONY            7

**K.     The description of the testimony of Kathleen Willman is not sufficiently specific.**

Teck Cominco offers the testimony of Kathleen Willman "as to water balance issues and facts involving specific DMR's she prepared." Liability Phase Witness List at 7. Adams is unaware of what "water balance issues" are and thus their relevance to the issues of liability to be proven at trial. Cole dec. ¶24. Thus, Adams is unable to adequately prepare cross examination and is prejudiced by the scanty description offered. Adams therefore respectfully moves to exclude the testimony of Kathleen Willman as to "water balance issues."

## IV.    CONCLUSION

This Court's instructions to the litigants were clear: the disclosure of expected testimony "will be specific and not general, ... to give opposing counsel an adequate basis for developing cross-examination." Docket 177 at 3. For the eleven witnesses discussed above, Teck Cominco did not meet that simple threshold, and its general, vague, confusing and sparse descriptions did not give Adams an adequate basis for developing cross examination. Thus, in fairness to the parties and to protect Adams's due process rights, Adams respectfully requests that the testimony of these 11 witnessed be excluded.

Respectfully submitted this 29th day of January, 2008.

_____/S/ Luke Cole_____
Luke Cole
Attorney for Plaintiffs

ADAMS OBJECTION TO LIABILITY WITNESS LIST
AND MOTION TO EXCLUDE WITNESSES FOR FAILURE
TO ADEQUATELY SPECIFY TESTIMONY                8

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2008, a true and correct copy of the foregoing Objections to Liability Witness List and Motion to Exclude Witnesses for Failure to Adequately Specify Testimony, was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

_____
        /S/Luke Cole
_____
Luke Cole

ADAMS OBJECTION TO LIABILITY WITNESS LIST
AND MOTION TO EXCLUDE WITNESSES FOR FAILURE
TO ADEQUATELY SPECIFY TESTIMONY                9