LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN, <br><br> Plaintiffs, <br><br> v. <br><br> TECK COMINCO ALASKA INCORPORATED <br><br> Defendant. <br><br> NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH, <br><br> Intervenors-Defendants. | Case No. A04-49 (JWS) <br><br> **DECLARATION OF LUKE COLE IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO TECK COMINCO'S LIABILITY WITNESS LIST AND MOTIONS IN LIMINE TO EXCLUDE WITNESSES FOR FAILURE TO ADEQUATELY SPECIFY TESTIMONY** |

I, Luke Cole, declare:

    1. I am over 18 years of age and not a party to this action. I am lead counsel for the plaintiffs and am responsible for trying this case at the liability and penalty phases. Part of that trial involves developing cross examination for the witnesses listed by the defendants.

    2. Eleven of Teck Cominco's listed witnesses at the liability phase are listed without enough specificity for Adams to effectively develop cross examination.

3. Ms. Tsuji's "report and supplemental report" both discuss human health, water in the Wulik River, Kivalina drinking water and biota near the Red Dog mine.

4. None of the 802 exhibits listed in Teck Cominco's Final Exhibit List is authored by Exponent, nor is anything by Exponent listed on the Joint Exhibit List of 52 documents.

5. A true and correct copy of the 13-page "Expert Report Addendum of Joyce S. Tsuji," disclosed to Adams on January 18, 2008, is attached as Exhibit 1. It mentions the word "Exponent" only once: on page 13, in the final numbered paragraph, Ms. Tsuji notes that she is employed at Exponent. None of the documents listed in the report itself are by Exponent or are disclosed as involving any "work performed by Exponent for Red Dog Mine."

6. Joyce Tsuji's eight-page rebuttal report, of January 10, 2005, does not include the word Exponent.

7. Joyce Tsuji's expert report of November 15, 2004, notes that she works at Exponent (pp. 3, 20), and mentions an "Exponent data validation report for the Kivalina drinking water 2002 sampling event" (p. 5), and an Exponent report, *Evaluation of Metals Concentrations in Caribou Tissues* (p. 6). A true and correct copy of that expert report is attached as Exhibit 2. None of the other 25 "site and case-related information" sources listed by Tsuji are identified as by Exponent (pp. 4-8), nor do any of her opinions make reference to any work by Exponent for or at the mine site. Pp. 8-20. None of the 47 documents Tsuji lists as references or other works consulted is by Exponent, and only one mentions Red Dog mine: a US EPA study. Pp. 20-25. On page four of the report, in the Qualifications section, there is a passing mention of Tsuji's work for Red Dog mine, but with no specificity: "I am serving as a senior advisory on the human health risk assessment work conducted by Exponent for the Red Dog Mine site." Nowhere in this 25-page document (or any other Tsuji-produced report) is there any description or disclosure of what that human health risk assessment work entailed or what its results were. As a result, Adams is completely in the dark as to what "work performed by Exponent for Red Dog Mine" refers to.

8. Adams is unable to find any exhibits among the 802 offered by Teck Cominco and the further 52 joint exhibits filed by the parties that are authored by (or indeed that even refer to)

American Meteorburst Corp.

9. Among the 802 exhibits offered by Teck Cominco are two WET analyses authored by EVS Environmental Consultants.

10. The topic "the effect of mine effluent on fish and other aquatic life" is a broad topic, not even limited by this description to the Red Dog mine that is the subject of this lawsuit. The description of Dr. Chapman's proposed testimony is simply so vague as to preclude Adams from adequately preparing cross examination.

11. Adams is unable to find any exhibits among the 802 offered by Teck Cominco and the further 52 joint exhibits lodged by the parties that are authored by Ecology and Environment.

12. Since there are no "studies performed by Ecology and Environment" in evidence, Adams has nothing other than this one-sentence description with which to prepare for trial, and is Adams is thus unable to adequately prepare cross-examination.

13. The issues of liability in this case will be determined by Teck Cominco's DMRs, which in relevant part are based on lab results from *offsite* laboratories, not the lab at Red Dog.

14. Adams is unable to adequately prepare cross-examination for Mr. Lackey, not knowing what issues or how the Teck Cominco laboratory facilities at Red Dog relate to the actual violations alleged in this suit.

15. "TIE/TRE" refers to Toxicity Identification Evaluation/Toxicity Reduction Evaluation, steps required by Teck Cominco's permits after a repeated violation of its WET test permit limitations.

16. Over the past decade, Teck Cominco has undertaken numerous TIE/TRE processes. These analyses fill hundreds of pages in numerous reports, for both the Mine Site and the Port Site. Without further explication of what Ms. Lundberg would testify "as to TIE/TRE," Adams is unable to adequately prepare cross-examination.

17. Not knowing what Ms. Lundberg will actually testify to makes it impossible for Adams to adequately prepare cross examination.

18. There is no description in the witness list as to how Teck Cominco will bridge the seeming contradiction in its description of Mr. Schierman's testimony or tie Mr. Schierman's

testimony to some relevant fact or circumstance.  Without any stated connection to topics relevant to liability, this description lacks the specificity necessary to allow Adams to adequately prepare cross-examination.

19. Numerous agencies and contractors have conducted biomonitoring and bioassay surveys in the Wulik River watershed over the past three decades.  Thousands of pages are devoted to such surveys.

20. From the description "biomonitoring, bioassay surveys, and WET" alone, it is unclear which of these dozens of surveys Mr. Stanoway will testify about, and how that testimony will be in any way relevant to Teck Cominco's liability, which is wholly independent from either biomonitoring or bioassays.

21. The abbreviation W.E.T. is used for "an opensource web automation testing tool which uses Watir as the library to drive web pages," see the webpage attached as Exhibit 3, as well as Western European Time zone.

22. Whole effluent toxicity as a topic is a broad one, as WET testing is the subject of courses, books, and countless agency and consultant reports around the world.  Merely mentioning that the testimony will be about WET – and not even, from this description, the WET violations alleged by Adams – is not sufficient enough to allow Adams to effectively prepare cross examination.

23. Taken as a whole, the description of Jason Weakley's testimony "as to the chemistry and treatment of Red Dog water" is not sufficiently specific to allow Adams to adequately prepare cross examination.

24. I am unaware of what "water balance issues" are as disclosed in the witness list under Kathleen Willman's name, and thus their relevance to the issues of liability to be proven at trial.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of January, 2008 at San Francisco, California.

                                                /S/ Luke Cole
                                               Luke Cole

CERTIFICATE OF SERVICE
I hereby certify that on the 29th day of January 2008, a true and correct copy of the foregoing Declaration of Luke Cole, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

_____/S/ Luke Cole_____

Luke Cole