LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>    Defendant.<br>_____<br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>    Intervenors-Defendants.<br>_____ | Case No. A04-49 (JWS)<br><br>PLAINTIFFS' OBJECTIONS TO TECK COMINCO & NANA'S FINAL EXHIBIT LIST |

      Plaintiffs Enoch Adams, Jr., *et al*. ("Adams") submit the following objections to Teck Cominco's Exhibit List. Adams reserves the right to supplement, modify or withdraw any of the objections made. In addition, Adams reserves the right to interpose a specific objection at trial to any exhibit where a copy of the exhibit was not provided prior to the filing of these objections.

PLAINTIFFS' OBJECTIONS TO TECK
COMINCO'S FINAL EXHIBIT LIST

**I.  ADAMS SPECIFICALLY OBJECTS TO A NUMBER OF EXHIBITS**

Adams objects to the exhibits listed below on several grounds: some of the exhibits are not relevant, some have not been authenticated, and some are hearsay not subject to any exception. The authentication and hearsay objections are largely self-explanatory, and are listed with the exhibit number in the table below.

More nuanced are the relevance objections. There are several classes of documents that Adams objects to on grounds of relevance: State of Alaska documents, withdrawn permits or certifications, amended discharge monitoring reports (DMRs) filed with the U.S. Environmental Protection Agency (EPA), whole effluent toxicity (WET) tests with regard to *Pimephales promelas*, the aquatic biomonitoring reports, and the studies of the Kivalina environment. (Adams has separately filed a motion in limine challenging a number of the documents listed below because of Teck Cominco's failure to disclose those documents before January 22, 2008; see Docket 208).

**A.   The State of Alaska documents are not relevant.**

This is a federal lawsuit based on a federal permit under a federal law, the Clean Water Act. Documents, particularly Compliance Orders, from the State of Alaska are simply not relevant to liability or penalties in this case. Exhibits 1003, 1004, 1005, 1006, 1646, 1712, 1713, 1726, 1727 and 1728 fall into this category.

**B.   Permits or Certifications that were never operative and have been withdrawn are not relevant.**

Teck Cominco includes as Exhibit 1000 the 2007 Mine Permit from EPA (which it mislabels as the 1998 permit). That permit, which never took effect because of administrative appeals, was withdrawn by EPA. See Docket 181. As it never took effect, and has been withdrawn, it is not relevant for either liability or penalties. Similarly, the State's 401 Certification (Exhibit 1007) has also been withdrawn by the State and thus is two levels removed from relevance: first, it is a state document, and second, it is not operative. Cole dec. ¶2.

**C.   The Amended DMRs are not relevant.**

As this Court knows [*see, e.g.,* Order at Docket 104 at 10], Teck Cominco has often

amended its DMRs, sometimes up to six years after the original DMR was filed with the EPA. These DMRs are Teck Cominco's attempt to sanitize its earlier violations, a ploy rejected by Courts across the U.S., including the Ninth Circuit and this Court. Teck Cominco's DMR revisions – many years after the original DMRs were filed – are a post-complaint attempt to deny its own earlier admissions. As such, they are an attack on its own laboratory results and earlier DMR reporting, a form of impeachment expressly disallowed in this Circuit and by this Court in a previous Order. Here, Teck Cominco has refused to authenticate the original DMRs which are offered by Adams as exhibits, while offering only the amended DMRs as its own trial exhibits. These amended DMRs are not relevant to Teck Cominco's liability or penalties because the *original* DMRs filed with EPA are what establish liability. The Ninth Circuit and this Court's earlier rulings in this case instruct us so.

### 1. The Ninth Circuit does not allow defendants to impeach their DMRs.

In the Ninth Circuit, a discharger is not allowed to escape liability by impeaching its own DMRs during litigation. *Sierra Club v. Union Oil Co. of Cal.*, 813 F.2d 1480, 1492 (9th Cir. 1988), *vacated for reconsideration*, 485 U.S. 931 (1988), *reinstated & amended*, 853 F.2d 667 (9th Cir. 1988) *("Sierra Club I")*. The NPDES program "fundamentally relies on self-monitoring." *Id.* at 1491. Allowing the self-monitoring report to be "prima facie rather than conclusive evidence of an exceedence of a permit limitation" would undermine the purposes of the Clean Water Act by creating "considerable risk [for citizen groups] whenever they initiated a citizen enforcement action" and "rewarding permittees for sloppy laboratory practices." *Id.* at 1492. As the *Sierra Club I* Court explicitly stated, "We conclude that when a permittee's reports indicate that the permittee has exceeded permit limitations, the permittee may not impeach its own reports by showing sampling error." *Id.* By revising its DMRs after the filing of the KRPC litigation and this litigation, Teck Cominco cannot wipe away its pre-complaint reports of violations.

As a Court explained in *Student Pub. Interest Research v. Georgia-Pacific Corp.*, 615 F. Supp. 1419, 1429 (D.N.J. 1985),

It is well established that records required to be kept by law, such as DMRs, may be

deemed to be admissions for purposes of establishing civil liability. [citation omitted] Such a practice has been approved for reports kept pursuant to the Clean Water Act. *United States v. Ward*, 448 U.S. 242, 254 [] (1980). Consequently, there can be no question that the data disclosed in defendant's DMRs may be accepted as true.

The Ninth Circuit has held that to allow a defendant discharger to impeach its own self-monitoring reports "would be sanctioning countless additional hours of NPDES litigation and creating new, complicated factual questions for district courts to resolve." *Sierra Club I*, 813 F.2d at 1492. As the Court in *Save Our Bays & Beaches v. City and County of Honolulu*, 904 F. Supp. 1098 (D. Haw. 1994) pointed out: "Because these reports are submitted under penalty of perjury, they constitute admissions of noncompliance which bind the defendant in this proceeding." *Id.* at 1138. Accordingly, courts have consistently found that self-monitoring reports "are 'virtually unassailable.'" *United States v. Aluminum Co. of America*, 824 F. Supp. 640, 648 (E.D. Tex. 1993).

In response to the earlier KRPC litigation and this litigation, Teck Cominco made a wholesale set of revisions to its DMRs in 2003 and again in 2005, often "revising" data that had been submitted to EPA more than five years earlier. Cole dec. ¶3. These post-complaint "amendments" are exactly the type of DMR impeachment the Ninth Circuit forbids, as this Court determined in an earlier Order.

The revisions are perhaps most brazen in the cyanide context. On May 19, 2005 – long after the close of document discovery in this case – Teck Cominco amended 15 of its DMRs, from June 1999 to September 2002, to show a different monthly average cyanide number in the DMR's table. Teck Cominco revised 15 out of the 16 DMRs that Adams alleged demonstrated a monthly cyanide violation. Cole dec. ¶4. It did not revise any other DMRs at this time except those which demonstrated cyanide monthly violations. Cole dec. ¶4. In late May 2005, after the document discovery cut-off, as Adams was finishing preparing its summary judgment motion, Teck Cominco sent it 15 new revised DMRs, and subsequently refused to stipulate to the use of the 15 earlier DMRs which it had authenticated in the KRPC litigation. Cole dec. ¶5. Teck Cominco is now trying this same tactic at trial.

      **2.**      **This Court has held, in this case, that Teck Cominco may not impeach its DMRs through revisions.**

In its October 28, 2005 "Order from Chambers [Re: Motions at Dockets 41 and 52]" [Docket 104], this Court addressed Teck Cominco's argument that its revised DMR insulated it from an alleged cadmium violation. Teck Cominco attempted to distinguish the language in *Sierra Club I* from the situation in this case, where Teck Cominco impeached its DMRs by amending them, rather than simply attacking them in litigation. Teck Cominco had moved for summary judgment on a June 13, 2000 cadmium violation that it had "cleaned up" by revising its DMR years after the fact. This Court held,

> Teck's arguments for distinguishing *Sierra Club* are not persuasive. In essence, they boil down to the proposition that Teck does not seek to use sampling error as a defense but rather to use the "correct" DMR to show there was no violation. Such an approach still falls within the reach of the *Sierra Club* rationale. First, litigating over which of two reports is the "correct" one encourages additional hours of litigation. In a related way, providing Adams' counsel with a second "correct" report on March 7, 2003, did not reduce plaintiff's litigation risk, unless one first posits that the second report must necessarily be the correct one. Third, while it may be that the "sloppy" lab work here was that of CT&E, not Teck or Columbia, CT&E was the contractor chosen by Teck to analyze samples for reporting purposes, and so it is not unfair to require Teck to bear the consequences of CT&E's presumed error. Finally, it may be noted that there is a sampling error issue inherent even in the "corrected" DMR, because it recited lab results from CT&E which would show a violation unless they are discredited as erroneous. Teck's motion for summary judgment on the June 13, 2000 cadmium claim lacks merit. Application of the rationale in *Sierra Club* to the facts shows that Adams is entitled as a matter of law to a determination that there was a cadmium violation on June 13, 2000.

Order at 10. Teck Cominco cannot now succeed in making the same argument for its other DMR revisions, including the many amended DMRs it now offers as trial exhibits. The amended DMRs that Adams objects to are listed in the table below, and include 1008, 1020, 1031, 1043, 1055, 1084, 1099, 1110, 1117, 1125, 1136, 1149, 1165, 1172, 1193, 1202, 1217, 1229, 1245, 1275, 1339, 1340, 1394, 1418, 1446 and 1604.

**D.   WET test results with regard to *Pimephales promelas* are not relevant.**

Teck Cominco lists lab results of WET tests of *Pimephales promelas* in its exhibit list. As Teck Cominco well knows, the only allegations of WET violations that Adams has alleged all have to do with toxicity exceedances in the test of *Ceriodaphnia dubia* (also known as the "water flea"), not *Pimephales promelas* (also known as the "fathead minnow"). Cole dec. ¶6. Thus, results from the fathead minnow studies are not relevant to either liability or penalties. The exhibit is 1218, and are listed below in the chart.

PLAINTIFFS' OBJECTIONS TO TECK
COMINCO'S FINAL EXHIBIT LIST                   4

### E. The aquatic biomonitoring studies are not relevant.

Teck Cominco offers a host of biomonitoring studies. These studies are not relevant at the liability phase nor at the penalties phase: Teck Cominco's liability is established if it violates its permits, whether or not there is an impact on the environment. Further, standing is already established in this case, so the impact on plaintiffs or the environment of Teck Cominco's discharges is no longer relevant. Finally, Teck Cominco has previously offered such studies as part of its argument that "the water is cleaner now than before mining." This misses the point of this lawsuit: the water would be cleaner than it is now if Teck Cominco had not violated its permits thousands of times over the past decade. The studies do not address this latter point, and are thus not relevant. These studies include exhibits 1656, 1657, 1658, 1659, 1661, 1662, 1727, 1728, 1734, 1735, 1736, 1737, 1738, 1738B, 1740.

### F. The studies of the Kivalina environment are not relevant.

Teck Cominco includes several studies of Kivalina water and environs. These are not relevant for two reasons. First, standing has already been established in this case. Docket 136 at 8. Second, even if it were not established, plaintiffs would not have to show harm to Kivalina to demonstrate standing. Thus, the sanitary surveys and related documents are not relevant. This includes exhibits 1645, 1647, 1714, 1715, 1716, 1717, 1718, 1719, 1720 and 1721.

The chart below details the various objections to specific exhibits by Adams.

## II. ADAMS EXHIBIT OBJECTION CHART

| Exhibit No. | Title/Description | Bates No. | Objection |
|---|---|---|---|
| 1000 | 2007 Permit (mislabeled as "1998 Permit but dated April 12, 2007) | TC 038037-38076 RD | Relevance: permit was never operative and is now withdrawn |

| 1003 | ADEC COBC for TDS dated June 2, 2002 | TC 029771-29805 RD | Relevance: not relevant because this is an Alaska State permit compliance document. Teck Cominco's compliance with Alaska water quality standards is not at issue in this case. What is at issue is Teck Cominco's compliance with its federal permit. |
| --- | --- | --- | --- |
| 1004 | ADEC 2004 COBC dated May 10, 2004 | NA | Relevance: not relevant because this is an Alaska State permit compliance document. Teck Cominco's compliance with Alaska water quality standards is not at issue in this case. What is at issue is Teck Cominco's compliance with its federal permit. |
| 1005 | 1998 ADEC 401 Certification dated July 22, 1998 | NA | Authentication |
| 1006 | 2003 ADEC 401 Certification dated June 23 | NA | Relevance; not provided |
| 1007 | 2007 ADEC 401 Certification dated February 12, 2007 | TC 011191-11193 RD | Relevance: not relevant because ADEC has withdrawn this 401 certification. No longer operative. |
| 1008 | May 1999 Mine DMR | TC 038613-38661 RD | Relevance (subsequently amended), Authentication |
| 1020 | June 1999 Mine DMR | TC 11203-11206 RD; TC 35171-35173 RD; TC 000234-279 RD | Relevance (subsequently amended), Authentication |
| 1031 | July 1999 Mine DMR | TC 035171-35174; TC 24109-24111 RD; TC 11194-11199 RD; TC 000280-349 RD | Relevance (subsequently amended), Authentication |
| 1043 | August 1999 Mine DMR | TC 035171-35172, 35175; TC 000350-414 RD | Relevance (subsequently amended), Authentication |
| 1055 | September 1999 Mine DMR | TC 035171-35172, 35176; TC 00419-477 RD | Relevance (subsequently amended), Authentication |

PLAINTIFFS' OBJECTIONS TO TECK
COMINCO'S FINAL EXHIBIT LIST                6

| 1084 | June 2000 Mine DMR | TC 35171-35172, 35177 RD; TC 11207-11211 RD; TC 000645-702 RD | Relevance (subsequently amended), Authentication |
|---|---|---|---|
| 1099 | July 2000 Mine DMR | TC 035171-35172, 35178; 001082-1144 | Relevance (subsequently amended), Authentication |
| 1100 | Corrected May 2000 and July 2000 DMR sheets | TC 000752-783 RD | Authentication |
| 1110 | August 2000 Mine DMR | TC 011212-11215; TC 000784-858 RD | Relevance (subsequently amended), Authentication |
| 1116 | Final Report-Toxicity Evaluation of Outfall 001 to Ceriodaphnia by Parametrix dated August 2000 | TC 051054-51090 RD | Authentication, not timely provided |
| 1117 | September 2000 Mine DMR | TC 035171-35172, 35179 RD; TC 00859-915 RD | Relevance (subsequently amended), Authentication |
| 1125 | October 2000 Mine DMR | TC 035171-35172, 35180 RD; TC 00932-987 RD | Relevance (subsequently amended), Authentication |
| 1136 | June 2001 Mine DMR | TC 035171-35172, 35181; TC 000997-1077 RD | Relevance (subsequently amended), Authentication |
| 1149 | July 2001 Mine DMR | TC 035171-35712, 35182 RD; TC 011216-11218; TC 001078-1134 RD | Relevance (subsequently amended), Authentication |
| 1165 | August 2001 Mine DMR | TC 035171-35172, 35183 RD; TC 11219-11222 RD; TC 001135-1194 RD | Relevance (subsequently amended), Authentication |
| 1172 | September 2001 Mine DMR | TC 035171-35172, 35184 RD; TC001197-1254 RD | Relevance (subsequently amended), Authentication |
| 1193 | May 2002 Mine DMR | TC 35171-35172, 35185 RD; TC 005796-5799 RD; TC 001348-1398 RD | Relevance (subsequently amended), Authentication |
| 1202 | June 2002 Mine DMR | TC 035171-35172, 35186 RD; TC 001399-1451 RD | Relevance (subsequently amended), Authentication |

| | | | |
|---|---|---|---|
| 1217 | July 2002 Mine DMR | TC 011175-11178 RD; TC 006492-6540 RD | Relevance (subsequently amended), Authentication |
| 1218 | Short-Term Chronic Toxicity of Effluents from Red Dog Mine to Pimephales promelas by ENSR dated July 2002 | TC 051134-51373 RD | Relevance, Authentication |
| 1229 | August 2002 Mine DMR | TC 011179-1182 RD; TC 6514-6589 RD | Relevance (subsequently amended), Authentication |
| 1230 | Report of Short Term Chronic Toxicity Testing using Ceriodaphnia by ENSR dated September 6, 2002 | TC 051374-51444 RD | Relevance, Authentication |
| 1231 * labeled 2231 | Bioassay Report conducted August 7-14, 2002 by CH2MHill dated August 2002 | TC 051733-51766 RD | Authentication |
| 1232 * labeled 2232 | Bioassay Report conducted August 30 through September 3, 2002 by CH2MHill dated September 4, 2002 | TC 051767-51798 RD | Relevance, Authentication |
| 1245 | September 2002 Mine DMR | TC 035171-35172, 35187 RD; TC 11183-11186 RD; TC 11223-11226 RD; TC 005747-5795 RD | Relevance (subsequently amended), Authentication |
| 1264 | Short-Term Chronic Toxicity of Effluents from Red Dog Mine to Ceriodaphnia by ENSR dated October 2002 | TC 051858-52087 RD | Relevance, Authentication |
| 1275 | May 2003 Mine DMR | TC 13401-13405 RD; TC 12890-12896 RD; TC 012835-12889 RD | Relevance (subsequently amended), Authentication |
| 1339 | June 2004 Mine DMR | TC 31234-31252 RD; TC 13640-13698 RD | Relevance (subsequently amended), Authentication |
| 1340 | July 2004 Mine DMR | TC 031335-31338 RD; TC 31253-31334 RD | Relevance (subsequently amended), Authentication |
| 1341 | Report of Short-Term Chronic Toxicity Testing using Ceriodaphnia by ENSR dated August 2004 | TC 051017-51053 RD | Relevance, Authentication |

PLAINTIFFS' OBJECTIONS TO TECK
COMINCO'S FINAL EXHIBIT LIST            8

| | | | |
|---|---|---|---|
| 1394 | July 2005 Mine DMR | TC 35604-35606, 35611 RD; TC 35377-35458 RD | Relevance (subsequently amended), Authentication |
| 1418 | August 2005 Mine DMR | TC 35604-35608 RD; TC 35459-35515 RD | Relevance (subsequently amended), Authentication |
| 1446 | September 2005 Mine DMR | TC 035604-35605; 35609-35619 RD; TC 35516-35603 RD | Relevance (subsequently amended), Authentication |
| 1604 | May 2007 Mine DMR | TC 038199-38269 RD | Relevance (subsequently amended), Authentication |
| 1639 | EPA Region 10 Guidance for WQBEL's Below Analytical Detection/Quantitation Level | TC 004872-4882 RD | Hearsay, Relevance, Authentication |
| 1640 | EPA Quality Assurance Memorandum dated April 16, 1999 for TDS Project Samples Total Metals in Water; Total Hardness from Stephanie Le to Michael Letourneau | TC 004258-4285 RD | Hearsay, Authentication |
| 1641 | EPA Memorandum dated June 9, 1999 from Dave Mount to Mike Letourneau re Results fo TDS Toxicity Testing | TC 004286-4294 RD | Hearsay, Relevance, Authentication |
| 1642 | EPA Guidance on Water quality Based Effluent Limits Set Below Analytical Detection/Quantitation Limits dated April 25, 2005 | TC 034652-34654 RD | Hearsay, Authentication |
| 1643 | April 21, 2002 letter from Micheal Gearhed, EPA to Lynn Kent, ADEC re EPA Review of Main Stem Red Dog Creek Site-Specific Criterion for Arctic Grayling spawning period | TC 037222-37224 RD | Hearsay, Authentication |
| 1644 | Letter dated July 23, 1999 from ADF&G, Alvin Ott to Roger Mochnick, US EPA re TDS | TC 004318-4319 RD | Hearsay, Authentication |

PLAINTIFFS' OBJECTIONS TO TECK
COMINCO'S FINAL EXHIBIT LIST                        9

| | | | |
|---|---|---|---|
| 1645 | Public Health Evaluation of Exposure of Kivalina and Noatak Residents to Heavy Metals from Red Dog Mine dated October 25, 2001 by Division of Public Health Section of Epidemiology | NA | Hearsay, Relevance (don't need to show health impacts), Authentication |
| 1646 | ADEC Decision Document for a TDS Site-Specific Criterion for Red Dog Creek dated January 12, 2006 | TC 037210-37221 RD | Hearsay, Authentication |
| 1647 | Kivalina Sanitary Survey dated May 2004 by ASCG Incorporated | TC 030574-30694B RD | Relevance (don't need to show health impacts), Authentication |
| 1648 | Discharge TDS SOP | NA | Relevance, Authentication |
| 1649 | Sodium Sulfide Dosage Changes SOP dated 2003 | NA | Relevance, Authentication |
| 1650 | Sodium Sulfide Dosage Changes SOP | TC 037880-37895 RD | Hearsay, Authentication |
| 1651 | Sodium Sulfide System Process Description | NA | Relevance, Authentication |
| 1652 | In-Stream Control of TDS at Red Dog Mine | NA | Relevance, Authentication |
| 1653 | Toxicity Reduction Evaluation by EVS Environmental Consultants dated December 1999 | TC 004610-4654 RD | Hearsay, Authentication, Relevance |
| 1654 | Toxicity Identification for Red Dog Mine, Phase I, dated March 2000 EVS Environmental Consultants | TC 004655-4703 RD | Hearsay, Authentication, Relevance |
| 1655 | Toxicity Reduction Evaluation Report dated August 2003 | TC 032586-32683 RD | Authentication |
| 1656 | 2000 Aquatic Biomonitoring at Red Dog Mine dated May 15, 2001 | NA | Relevance, Authentication |
| 1657 | 2001 Aquatic Biomonitoring at Red Dog Mine dated May 2002, Report No. 02-04 | TC 004863 RD | Relevance, Authentication |
| 1658 | 2002 Aquatic Biomonitoring at Red Dog Mine dated 2003, Report No. 03-03 | NA | Relevance, Authentication |

PLAINTIFFS' OBJECTIONS TO TECK
COMINCO'S FINAL EXHIBIT LIST         10

| | | | |
|---|---|---|---|
| 1659 | 2003 Aquatic Biomonitoring at Red Dog Mine dated April 2004, Report No. 04-02 | TC 030695-30836B RD | Relevance, Authentication |
| 1661 | 2004 Aquatic Biomonitoring at Red Dog Mine dated May 2005, Report No. 05-03 | TC 035773 RD | Relevance, Authentication |
| 1662 | 2005 Aquatic Biomonitoring at Red Dog Mine dated May 2006, Report No. 06-03 | TC 037323 RD | Relevance, Authentication |
| 1663 | 2006 Aquatic Biomonitoring at Red Dog Mine dated June 2007, Report No. 07-03 | NA | Relevance, Authentication |
| 1664 | Chart: Sulfate & TDS at Station 1 and 2 | NA | Relevance, Authentication |
| 1665 | Chart: Total Cyanide and WAD Cyanide at Station 2 | NA | Relevance, Authentication |
| 1666 | Chart: Cadmium at Station 1 and 2 | NA | Relevance, Authentication |
| 1667 | Graph: Comparison of Returns-Actual Dow Jones v. Kavanaugh Assumptions July 1, 1999 - January 11, 2008 | NA | Relevance, Authentication |
| 1668 | Chart: Summary of Economic Benefit Results Using the Correct Financial Methodology | NA | Authentication |
| 1669 | Chart: Methodology that disregards the Distinction Between Ex-Post and Ex-Ante Information | NA | Relevance, Authentication |
| 1670 | Chart: Economic Benefit Methodology Based on the distinction Between Ex-Post and Ex-Ante Information | NA | Relevance, Authentication |
| 1671 | Aerial view of Red Dog Creek premining | NA | Relevance, Authentication |
| 1672 | Aerial view of Tailings pond | NA | Relevance, Authentication |
| 1673 | Aerial view of Outfall 001 | NA | Authentication |
| 1674 | Side view of Outfall 001 | NA | Authentication |
| 1675 | Area map of Red Dog Mine | NA | Relevance, Authentication |

PLAINTIFFS' OBJECTIONS TO TECK
COMINCO'S FINAL EXHIBIT LIST                11

| | | | |
|---|---|---|---|
| 1676 | Red Dog Mine Mixing Zones: Sta. 150, 9 & 10 | NA | Relevance, Authentication |
| 1677 | Red Dog Mine Mixing Zones: Sta. 151, 20, 12 | NA | Relevance, Authentication |
| 1678 | Origin of the Opportunity photograph | NA | Relevance, Authentication |
| 1679 | Water Balance tailings pond diagram | NA | Relevance, Authentication |
| 1680 | Map of TDS limits | NA | Relevance, Authentication |
| 1681 | Graph: Impoundment of TDS 1998-2007 | NA | Relevance, Authentication |
| 1682 | Chart: Discharge Performance by Month to Red Dog Creek | NA | Relevance, Authentication |
| 1683 | Pond Elevation Since 1998 | NA | Relevance, Authentication |
| 1684 | Photograph of Red Dog Clean Water Bypass/Diversion System | NA | Relevance, Authentication |
| 1685 | Photographs of Middle Fork- Before and After | NA | Relevance, Authentication |
| 1686 | Red Dog Operations tailings impoundment photograph | NA | Relevance, Authentication |
| 1687 | Photograph of Sulfur Creek, Pre-mining | NA | Relevance, Authentication |
| 1688 | Photograph of Alvinella Seep | NA | Relevance, Authentication |
| 1689 | Photograph of Red Dog Diversion | NA | Relevance, Authentication |
| 1690 | Photograph of Clean Water Bypass Upgrades | NA | Relevance, Authentication |
| 1691 | Photograph of Clean Water Bypass Upgrades 4 | NA | Relevance, Authentication |
| 1692 | Diversion Ditch 4 Construction | NA | Relevance, Authentication |
| 1693 | Tailing Pond & Dam Locations Map | NA | Authentication |
| 1694 | Back Dam diagram | NA | Relevance, Authentication |

PLAINTIFFS' OBJECTIONS TO TECK
COMINCO'S FINAL EXHIBIT LIST                12

| | | | |
|---|---|---|---|
| 1695 | Photograph of Water Treatment Plants | NA | Relevance, Authentication |
| 1696 | Photograph of 4th Sandfilter | NA | Relevance, Authentication |
| 1697 | Photograph of new Sandfilter Building | NA | Relevance, Authentication |
| 1698 | Photograph of Water Treatment Plant 3 | NA | Relevance, Authentication |
| 1699 | Aerial photograph of Outfall 001 | NA | Relevance, Authentication |
| 1700 | Water Management diagram of tailings impoundment | NA | Relevance, Authentication |
| 1701 | Map: Streams and Sample Locations in the Immediate vicinity of Red Dog Mine | NA | Relevance, Authentication |
| 1702 | Map: Streams and Rivers Downstream of Red Dog Mine | NA | Relevance, Authentication |
| 1703 | Photograph of Middle Fork Red Dog Creek at point where effluent enters creek dated July 1995 | NA | Authentication |
| 1704 | Map: Red Dog Creek identification of TDS zones | NA | Relevance, Authentication |
| 1705 | Map: Red Dog Creek identification of spawning areas | NA | Relevance, Authentication |
| 1706 | Aerial photograph of Red Dog Creek pre-mining | TC 011462 RD | Relevance, Authentication |
| 1707 | Chart: Station 1 Average TDS 1991-2005 | NA | Relevance, Authentication |
| 1708 | Chart: Station 1 Average TDS 1999-2005 | NA | Relevance, Authentication |
| 1709 | Spreadsheet: TDS Data Station 10 for 2002 and 2003 | NA | Authentication |
| 1710 | Spreadsheet: Estimated TDS Concentration at Station 10 on July 7, 1999 | NA | Relevance, Authentication |
| 1711 | Figure 104: Dolly Varden Kidney Tissue, Cadmium | NA | Relevance, Authentication |

PLAINTIFFS' OBJECTIONS TO TECK
COMINCO'S FINAL EXHIBIT LIST                13

| 1712 | August 10, 2000 letter re Red Dog Mine: Request for Site-Specific Criteria, Authorization of Mixing Zones and Modification of 401 Certification | TC 003411-3418 RD | Relevance, Authentication |
|---|---|---|---|
| 1713 | January 9, 2001 letter re Red Dog Mine Revised Request for Site-Specific Criterion | TC 004921-4929 RD | Hearsay, Authentication, Relevance |
| 1714 | December 20, 2002 letter to Walter Sampson re sanitary water survey in Kivalina | TC 029902-29909 RD | Hearsay, Authentication, Relevance |
| 1715 | February 5, 2003 letter to Millie Hawley re fish tissues | TC 011329 RD | Hearsay, Authentication, Relevance |
| 1716 | March 4, 2003 letter ro Craig Paulson re Village of Kivalina Drinking WaterSample Results | TC 031633-31639 RD | Hearsay, Authentication, Relevance |
| 1717 | April 29, 2003 letter from ADF&G to Millie Hawley re fish samples | TC 031633-31639 RD | Hearsay, Authentication, Relevance |
| 1718 | June 27, 2004 US EPA Memorandum to Craig Paulsen re Peer Review and Verification of the Total Metals, and Hardness Analyses for Kivalina Village | TC 012443-12456 RD | Hearsay, Authentication, Relevance |
| 1719 | Drinking Water Sampling memo dated July 14, 2003 by Joe Wallace and Eva Chun | TC 012573-12589 RD | Hearsay, Authentication, Relevance |
| 1720 | August 14, 2002 EPA Memorandum to Craig Paulsen re Data Verification Report of Volatile Organic Analyses' Results for the Kivalina Village Project Samples | TC 012601-12690 RD | Hearsay, Authentication, Relevance |
| 1721 | October 2, 2003 EPA Memorandum to Craig Paulsen re Case narrative with Peer Review Memo for Kivalina Water Sampling for Haloacetic Acids in Water | TC 012530-12538 RD | Hearsay, Authentication, Relevance |
| 1722 | June 10, 1999 email from Phyllis Scannell to EPA re effects of TDS in Red Dog Creek | TC 003447-3448 RD | Hearsay, Authentication, Relevance |

| | | | |
|---|---|---|---|
| 1723 | July 12, 1999 email from Mark Thompson to Bruce Woods/EPA re Cyanide Detection Limit | TC 004934-4938 RD | Hearsay, Authentication |
| 1724 | July 27, 2002 Memorandum from Al Ott to Pete McGee re Red Dog Mine - distribution of Spawning Fish, Mixing Zone Requests for TDS | TC 005198-5205 RD | Hearsay, Authentication |
| 1725 | Topographical Map of Spawning Areas | TC 005206 RD | Authentication |
| 1726 | February 24, 2005 Memorandum from Mark Thompson to Pete McGee re Cadmium Natural Background SSC, Red Dog Creek | TC 034627-34628 RD | Hearsay, Relevance, Authentication |
| 1727 | Red Dog Spring Trip Report May 23 - June 9, 2004 | TC 035762-35764 RD | Relevance, Hearsay, Authentication |
| 1728 | Red Dog Spring Trip Report June 10 - 17, 2006 | TC 037324-37331 RD | Relevance, Hearsay, Authentication |
| 1733 | Alaska Miners Association Discussion: Environmental Permitting-Priorities & Approaches | TC 034544-34571 RD | Relevance, Hearsay, Authentication |
| 1734 | Red Dog Use Attainability Analysis Aquatic Life Component dated February 1996 by Phyllis Weber Scannell | TC 031166-31203A RD | Relevance, Hearsay, Authentication |
| 1735 | Effects of Total Dissolved Solids on Aquatic Organisms dated June 2001 by Phyllis Weber Scannell | TC 004445-4481 RD | Relevance, Hearsay, Authentication |
| 1736 | Comparison of Mainstem Red Dog Creek premining and Current Conditions dated March 2005 by Phyllis Weber Scannell | TC 036809-36830 RD | Relevance, Hearsay, Authentication |
| 1737 | November 28, 2005 letter from Phyllis Weber Scannell to Al Ott re Fish Tissue data from the Wulik and Kivalina Rivers | TC 035936-35954 RD | Relevance, Hearsay, Authentication |

PLAINTIFFS' OBJECTIONS TO TECK
COMINCO'S FINAL EXHIBIT LIST                15

| | | | |
|---|---|---|---|
| 1738 | Aquatic Baselines Sampling, Wulik River Drainage Volume I: Summary of Biological and Water Quality Information dated April 2006 by Al Ott and Phyllis Weber Scannell | TC 037366 RD | Relevance, Hearsay, Authentication |
| 1738B | Aquatic Baselines Sampling, Wulik River Drainage Volume II: Appendices of Tabulated Data dated April 2006 by All Ott and Phyllis Weber Scannell | TC 037367 RD | Relevance, Hearsay, Authentication |
| 1740 | Juvenile Dolly Varden Whole Body Metals Analyses, Red Dog Mine (2002) dated May 2004 by Al Ott and William Morrise | TC 03174 RD | Relevance, Hearsay, Authentication |
| 1741 | Oversize Map of Red Dog Mine Environmental Stations | NA | Relevance, Authentication |
| 1742 | Oversize Map of Red Dog Mine Environmental Stations including Station 1 and Chukchi Sea | NA | Relevance, Authentication |
| 1743 | Oversize Map of Kivalina Area Use | NA | Relevance, Authentication |
| 1744 | Oversize Map of Kivalina Community | NA | Relevance, Authentication |

Plaintiffs file this objection subject to the Court's Pretrial Order at Docket 177.

Respectfully submitted,

/s/ Luke Cole
Luke Cole
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2008, a true and correct copy of the foregoing Objections to Teck Cominco's Final Exhibit List was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

_____/S/_____

Luke Cole