JAMES E. TORGERSON (Alaska Bar No. 8509120)
MATTHEW COHEN (Washington Bar No. 11232)
HELLER EHRMAN LLP
510 L Street, Suite 500
Anchorage, AK 99501-1959
Telephone: (907) 277-1900
Facsimile: (907) 277-1920
jim.torgerson@hellerehrman.com

Attorneys for Intervenor
NANA REGIONAL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN and JOSEPH SWAN,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>TECK COMINCO ALASKA INCORPORATED,<br><br>　　　　　　　Defendant,<br><br>NANA REGIONAL CORPORATION, and NORTHWEST ARCTIC BOROUGH,<br><br>　　　　　　　Intervenor-Defendants. | Case No.: A:04-cv-0049 (JWS)<br><br>**JOINT MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' NEW EXPERT REPORTS** |

## I.   INTRODUCTION

Last summer, the Court ordered that expert reports be updated to take into account any effects "resulting from the passage of time" since the publication of the experts' original reports. Any other new expert testimony would be allowed if at all, only with the permission of the Court in response to a motion. Although they filed no motion requesting leave to do so, Plaintiffs' retained experts have produced new reports that contain much more than just updates to their past reports to account for effects resulting

from the passage of time. All such portions of Plaintiffs' experts' reports should be struck.

## II. BACKGROUND

The deadline for the parties to exchange reports of retained experts was November 15, 2004.[1] The one exception was that Plaintiffs' economic benefit expert was allowed to serve his report on December 24, 2004.[2] Except for the rebuttal to that report, rebuttal reports were to be exchanged by January 10, 2005.[3] Expert discovery, which of course could not be conducted until after the experts had produced their reports, was completed by the spring of 2005.[4]

At the August 9, 2007 planning conference, Plaintiffs indicated they wished to provide additional expert testimony in response to the Court's Order striking one of their expert's testimony.[5] The Court ruled that if the Plaintiffs wanted to provide additional expert testimony, they were obligated to file a motion for permission to do so no later than August 31, 2007.[6] The Court indicated that unless Plaintiffs filed and succeeded on a motion to provide additional expert testimony, the parties would only be allowed to update the existing admissible expert reports for the passage of time from the date of the original reports through December 31, 2007.[7]

The Court's Order expressly limited the revision of expert reports to only updates reflecting the passage of time:

> Plaintiffs' and Defendant's experts shall update their reports to take into account any effects resulting from the passage of time from the date used in

---

[1] Doc. 21.
[2] Doc. 27-2.
[3] *Id.*
[4] Doc. 45.
[5] *See* Doc. 111.
[6] Doc. 167.
[7] *Id.*

**JOINT MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' NEW EXPERT REPORTS**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 2 OF 9

the original report through December 31, 2007.[8]

The Order also set the deadline for exchanging the updated expert reports: January 18, 2008.[9]

Plaintiffs never filed a motion to provide additional expert testimony. As a result, Defendants never had an opportunity to respond to any such request, nor to address the various discovery issues created by new expert testimony at this juncture of the case.

## III.   STANDARD OF REVIEW

District courts have discretion in making evidentiary rulings, including whether to exclude expert reports.[10] Federal Rule of Civil Procedure 37(c)(1) authorizes the exclusion of evidence that was not disclosed as required by Federal Rule of Civil Procedure 26(a). Under Rule 26(a)(2), expert reports must "contain a complete statement of all opinions to be expressed and the basis and reasons therefor."

## IV.   ANALYSIS

All of Plaintiffs' new expert reports contain opinions that are in violation of the Court's Order. In addition to updating reports to account for the passage of time, the Plaintiffs revised their expert reports (1) by rewording, omitting, rephrasing and otherwise modifying opinions previously expressed, and (2) by introducing completely new opinions not based on new information. Teck Cominco Alaska Incorporated (Teck Cominco) and NANA Regional Corporation (NANA) have no objection to testimony that accounts for the passage of time, as that is what was authorized by the Court's Order.

---

[8] *Id*.

[9] *Id*. Teck Cominco's counsel hand delivered its updated reports to Plaintiffs' counsel at a meeting of counsel on that date. Plaintiffs' counsel announced that he had elected to not bring his reports to that meeting, but to mail them from San Francisco. Defendants received Plaintiffs' new expert reports on January 22, 2008. Declaration of Yvonne Lamoureux, Exh. A. (Please note all Exhibits referenced in this Motion are exhibits to the Declaration of James E. Torgerson in support of Motion to Strike.)

[10] *See O2 Micro Intern, Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1368-69 (9th Cir. 2006)

**JOINT MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' NEW EXPERT REPORTS**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 3 OF 9

Plaintiffs' numerous other revisions violate the Court's Order and should be struck.[11]

Attached as Exhibits B through E are the Plaintiffs' new expert reports.[12] The portions of those reports that are in fact updates, which take into account the passage of time through December 31, 2007, are highlighted. All other portions of the new reports should be struck.[13]

### A. The Modification of Plaintiffs' Experts' Earlier Reports and Declarations Should be Struck

All of Plaintiffs' expert reports contain extensive repackaging or modification of their earlier reports and declarations.[14] While in some instances, they copy verbatim certain excerpts from their earlier reports and declarations,[15] the experts also reword,

---

[11] In this motion, Teck Cominco and NANA for the most part have focused their objections to the Plaintiffs' experts' opinions on only the manner in which the Plaintiffs' experts' new reports of January 22, 2008 violate the Court's August 31, 2007 Order. In so doing, Teck Cominco and NANA do not waive arguments they may raise at trial if Plaintiffs attempt to introduce testimony that, although perhaps the subject of a declaration filed after the date for expert reports had passed, is beyond the scope of the opinions the experts expressed in their timely reports.

[12] Dr. Moran's new report is attached as Exhibit B. Mr. Fucik's new report is attached as Exhibit C. Mr. Fischer's new report is attached as Exhibit D. Dr. Kavanaugh's new report is attached as Exhibit E.

[13] In the interest of clarity, Teck Cominco and NANA note they have not objected to Mr. Fucik's opinion in the last paragraph of page eleven of his report, Exh. C, continuing through the chart on page twelve even though it is a new opinion based on data from 1998 through 2002. The reason Teck Cominco and NANA do not object to this portion of Mr. Fucik's new report is because it is an update to an opinion previously expressed by Mr. Fucik and the data he has relied on was not provided to Plaintiffs until after he had prepared his expert reports. As a result, Teck Cominco and NANA consider his new opinions to be an "update" authorized by the Court's August 31, 2007 Order.

[14] Attached as Exhibits F through N are Plaintiffs' experts' original reports. Dr. Moran's November 2004 report is attached as Exhibit F. Dr. Moran's January 2005 rebuttal report is attached as Exhibit G. Dr. Moran's February 2005 rebuttal report is attached as Exhibit H. Mr. Fucik's November 2004 report is attached as Exhibit I. Mr. Fucik's January 2005 rebuttal report is attached as Exhibit J. Mr. Fucik's February 2005 supplemental report is attached as Exhibit K. Mr. Fischer's January 2005 report is attached as Exhibit L.

[15] For example, in Dr. Moran's new report, Exh. B, pages 11, 29, 32, 33, 34, 35, 37, 38, 39, and 40 each in their entirety are copies of excerpts from earlier reports and declarations.

In Mr. Fucik's new report, Exh. C, copies of excerpts from earlier reports and declarations appear on pages one through thirteen, and pages 27 through 32.

*(Footnote Continued)*

Heller Ehrman LLP
510 L STREET, SUITE 500
ANCHORAGE, AK 99501-1959
TELEPHONE (907) 277-1900

JOINT MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' NEW EXPERT REPORTS
ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)
PAGE 4 OF 9

rephrase, and omit certain excerpts from their earlier reports and declarations. None of these modifications are in response to new information or because of effects from the passage of time through December 2007.[16] As a result, all such portions of the Plaintiffs' experts' new reports violate the Court's Order and should be struck.

### B. New Opinions Not Based on New Information or Never Previously Expressed Should be Struck

Plaintiffs' experts offer entirely new opinions in their new reports of January 22, 2008. These new opinions fit into two categories: (1) opinions based on information available at the time Plaintiffs' experts prepared their earlier reports; and (2) opinions based on data that was not available at the time Plaintiffs' experts prepared their earlier reports, but which articulate new theories and analysis, not updates to opinions previously expressed. Both categories of new opinions violate the Court's Order allowing the experts to update their reports to take into account the passage of time through December 31, 2007.

Plaintiffs' experts' new opinions based on "old" information are found throughout their reports.[17] These are opinions that could have been and under Rule 26, should have

---

In Mr. Fischer's report, Exh. D, copies of excerpts from earlier reports and declarations appear consistently throughout his new report.

[16] For example, Dr. Moran's revisions to earlier statements appear in his new report, Exh. B, on pages 4, 5, 6, 10, 12, 26, 27, 28, 30, 31, and 36.

[17] For example, Dr. Moran's new report, Exh. B, offered several such new opinions, including the following: (1) In the last paragraph on page six, Dr. Moran offers new opinions regarding how the timing of sampling affects the concentrations reported. (2) Again, on the third full paragraph on page twelve, Dr. Moran offers new opinions regarding acceptable approaches for reporting determinations from labs. (3) Pages thirteen through 19 have new opinions on alleged cyanide violations between 1999 and 2003. (4) More new opinions are found in the last three paragraphs on page 27 where Dr. Moran opines about procedures that should be in place.

Mr. Fucik also offered such opinions. Exhibit C. (1) The last two sentences of the top paragraph on page ten, together with the chart on page ten, opines on data from May 27, 2000, through October 3, 2002. (2) The first two paragraphs under TDS on page 13 are new opinions regarding Gene Andrews' 1999 and 2004 reports. (3) The chart on page fourteen also addresses data starting in 1999. (4) Mr. Fucik also offers new opinions regarding alleged cyanide violations between 1999 and 2003 in pages 16 through 22.

been disclosed in their earlier reports. Plaintiffs' experts' new opinions based on recent data, but expressing new theories that are not updates as allowed by the Court's Order, also should be prohibited.[18] These also are new opinions that Teck Cominco and NANA read for the first time on January 22, 2008. The Defendants have had no opportunity to investigate or defend against them. They should be struck.[19]

### C. Plaintiffs' Expert Reports Also Fail to Meet Rule 26(a)(2)(B) Requirements

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires an expert to disclose "a listing of any other cases in which [he] has testified as an expert at trial or by deposition within the preceding four years." Plaintiffs' experts Dr. Moran, Mr. Fucik, and Dr. Kavanaugh have not disclosed this required information in their reports or declarations. All of Plaintiffs' experts should be required to comply with all of the Rule 26(a)(2)(B) disclosure requirements, including disclosing the list of cases in which they have testified. If the required disclosures are not made promptly, under Rule 37(c)(1), Plaintiffs' experts should be precluded from testifying.

### D. Dr. Kavanaugh's New Report Should be Struck in Its Entirety

Dr. Kavanaugh's December 2004 expert report used the financial statements of Teck Cominco Limited in calculating the alleged economic benefit from allegedly violating the permits, even though Teck Cominco Limited was not named as a party.[20] Teck Cominco filed a motion requesting that the Court preclude Dr. Kavanaugh's

---

[18] For example, Dr. Moran offered some new opinions based on recent data, but they were opinions that had never been expressed before. Exhibit B, pps. 7-10, 19-25.

Mr. Fucik also offered new opinions based on recent data, but they were opinions that had never been expressed before. Exhibit C, pps. 14-16; 22-27.

[19] Plaintiffs' experts also used this opportunity to identify new references, that were available at the time of their earlier reports. These also should be struck. For example, on pages 41-42, Exh. B, Dr. Moran adds references to a 1995 article and a 2002 paper. Mr. Fischer also adds a new reference to a 2003 article on page 2 of his new report, Exh. D.

[20] Dr. Kavanaugh's December 2004 report is attached as Exhibit M. Dr. Kavanaugh's January 2005 rebuttal report is attached as Exhibit N.

**JOINT MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' NEW EXPERT REPORTS**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 6 OF 9

testimony relating to economic benefits allegedly received by non-parties.[21] The Court granted Teck Cominco's Motion and ruled that the "economic benefits allegedly received by non-parties, here Teck Cominco Limited, are not relevant at this juncture."[22]

At the August 9, 2007 planning conference, the Court set a deadline of August 31, 2007 for Plaintiffs to file a motion to permit Plaintiffs to provide additional expert testimony. Plaintiffs did not file such a motion. Nonetheless, in his new report served on Defendants on January 22, 2008, Dr. Kavanaugh has set forth new opinions calculating economic benefit based on Teck Cominco Alaska's financial statements.[23] Dr. Kavanaugh also adds an additional earlier year to the calculations he set forth in his earlier report. Because Dr. Kavanaugh's new opinions are not updates to opinions previously expressed, Dr. Kavanaugh's new expert report violates the Court's Order. In addition, because Dr. Kavanaugh's opinions regarding Teck Cominco were not disclosed in his earlier report, as required by Rule 26(a)(2), nor otherwise permitted by the Court, Dr. Kavanaugh's new expert report should be struck in its entirety.

## V.  CONCLUSION

In its August 31, 2007 Order, the Court provided the parties with an opportunity to make specifically limited updates to their experts' reports. Plaintiffs have used that Order as permission to, as part of their final pretrial filings, file new expert reports that greatly exceed what was authorized by the Court. In so doing, Plaintiffs have tossed the usual rules of disclosure and discovery out the window. To protect the Defendants against the Plaintiffs' unfair tactics, and to uphold the progress toward trial set forth in the applicable rules, the Plaintiffs' experts' reports should be struck except for the portions to which Defendants have not objected.

---

[21] Doc. 43.

[22] Doc. 111 at 12.

[23] Dr. Kavanaugh's new report is attached as Exhibit E.

**JOINT MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' NEW EXPERT REPORTS**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 7 OF 9

| | |
|---|---|
| Dated: January 29, 2008 | Respectfully submitted, |
| | |
| | HELLER EHRMAN LLP |
| | Intervenor-Defendant |
| | NANA REGIONAL CORP. |
| | |
| | By _____ */s/ James e. Torgerson* _____ |
| | JAMES E. TORGERSON (BAR NO. 8509120) |
| | MATTHEW COHEN (BAR NO. 11232) |
| | 510 L Street, Suite 500 |
| | Anchorage, AK  99501-1959 |
| | Telephone: (907) 277-1900 |
| | Facsimile: (907) 277-1920 |
| | jim.torgerson@hellerehrman.com |
| | matt.cohen@hellerehrman.com |
| | |
| Dated: January 29, 2008 | Respectfully submitted, |
| | |
| | HARTIG RHODES HOGE & LEKISCH |
| | Defendant |
| | TECK COMINCO ALASKA INCORPORATED |
| | |
| | By _____ */s/ Sean Halloran* _____ |
| | SEAN HALLORAN (BAR NO. 9211080) |

**CERTIFICATE OF SERVICE**
This is to certify that a true and correct copy of the foregoing JOINT MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' NEW EXPERT REPORTS was served via the method indicated below this 29th day of January, 2008, on the following parties:

| | |
|---|---|
| Luke W. Cole<br>Center on Race, Poverty & the Environment<br>450 Geary Street, Suite 500<br>San Francisco, CA  94102 | Counsel for Plaintiffs<br>Served via:<br>☐ Facsimile ☐ Regular U. S. Mail<br>☐ Hand Delivery ☒ Electronic transmission |
| Nancy S. Wainwright<br>Law Offices of Nancy S. Wainwright<br>13030 Back Road, Suite 555<br>Anchorage, AK  99515-3538 | Counsel for Plaintiffs<br>Served via:<br>☐ Facsimile ☒ Regular U. S. Mail<br>☐ Hand Delivery ☐ Electronic transmission |
| Sean Halloran<br>Hartig Rhodes Hoge & Lekisch, P.C.<br>717 K Street<br>Anchorage, AK  99501 | Counsel for Defendant Teck Cominco<br>Served via:<br>☐ Facsimile ☐ Regular U. S. Mail<br>☐ Hand Delivery ☒ Electronic transmission |
| David S. Case<br>Landye Bennett Blumstein LLP<br>701 West 8th Avenue, Suite 1200<br>Anchorage, AK  99501 | Counsel for Intervenor-Defendant Northwest Arctic Borough<br>Served via:<br>☐ Facsimile ☐ Regular U. S. Mail<br>☐ Hand Delivery ☒ Electronic transmission |

  */S/ James E. Torgerson*
JAMES E. TORGERSON (BAR NO. 8509120)
MATTHEW COHEN (BAR NO. 11232)
HELLER EHRMAN LLP
510 L Street, Suite 500
Anchorage, AK  99501
Telephone:  907-277-1900
Facsimile:  907-277-1920
james.torgerson@hellerehrman.com
matthew.cohen@hellerehrman.com

SE 2239995 v5
1/29/08 5:18 PM (38576.0002)

**JOINT MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' NEW EXPERT REPORTS
ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 9 OF 9

Heller Ehrman LLP
510 L STREET, SUITE 500
ANCHORAGE, AK 99501-1959
TELEPHONE (907) 277-1900