LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>　　　Defendant.<br><br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>　　　Intervenors-Defendants. | Case No. A04-49 (JWS)<br><br>PLAINTIFFS' OBJECTION TO NORTHWEST ARCTIC BOROUGH'S UNDISCLOSED EXHIBITS AND MOTION *IN LIMINE* TO EXCLUDE EXHIBITS NOT TIMELY DISCLOSED<br>(Fed. R. Civ. Proc. 26 and 37) |

　　　Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiffs Enoch Adams, Jr., *et al*. ("Adams"), file this Motion *in Limine* to exclude exhibits lodged with the Court on January 22, 2008 by Intervenor-Defendant Northwest Arctic Borough ("Borough") which were not timely disclosed.

## I. INTRODUCTION

On January 22, 2008, Intervenor-Defendant Northwest Arctic Borough ("the Borough") filed a Notice of Lodging Exhibits with Court and Final Exhibit List. Plaintiffs received the list electronically on January 22 and the actual exhibits on January 23, 2008. None of the documents in the Borough's exhibit list were disclosed to Adams before January 22, 2008 (although the Borough's attorney did show counsel for Adams the documents during exhibit review in Anchorage on January 18, 2008). Such disclosure is untimely, prejudicial to Adams and without justification. As a result, the Borough should be precluded from introducing the newly and untimely disclosed documents at trial.

## II. FACTS

This case was filed in March 2004. The Borough was allowed to intervene as a defendant on June 7, 2004. Docket 18. On January 22, 2008, the Borough filed a Notice of Lodging Exhibits with Court and Final Exhibit List. The Borough had not previously disclosed these documents to Adams as required by Rule 26 of the Federal Rules of Civil Procedure.

Adams objects to the following exhibits:

| Exhibit | Description |
|---------|-------------|
| 2000 | The 2007 Northwest Arctic Borough Legislative Priorities |
| 2001 | The Third Amended, Restated Contract for Services (an agreement between NAB and Teck Cominco Alaska, Incorporated dated October 17, 2003) |
| 2002 | Chapter 6.08 of the NAB Code |
| 2003 | Title 9 of the NAB Code |

## III. THIS COURT SHOULD EXCLUDE THE BOROUGH'S UNTIMELY DISCLOSURES.

### A. The Borough's January 22, 2008 Disclosure of Documents was Untimely.

Federal Rule of Civil Procedure 26 requires a party, "without awaiting a discovery request," to provide other parties with "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(B). Rule 26 also requires a party to

1  automatically supplement its disclosures whenever it learns that the information disclosed is
2  "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

3       Initial disclosures under Rule 26 are "designed to facilitate the parties' understanding of
4  the case early on and to inform the appropriate scope of discovery." *Neothermia Corp. v.*
5  *Rubicor Med., Inc.*, 345 F. Supp. 2d. 1042, 1045 (N.D. Cal. 2004). As such, supplements to
6  initial disclosures under Rule 26(e) must be made promptly. *Id*; Fed. R. Civ. P. 26 Advisory
7  Committee's Note (supplementation should be made with special promptness as the trial date
8  approaches). Despite the unambiguous mandate in the Federal Rules the Borough did not
9  disclose the documents in its Exhibit List during the discovery period, but disclosed them to
10  Adams for the first time on January 23, 2008 – almost five months after the close of discovery.

11       To ensure compliance with the discovery requirements of Rule 26, Rule 37 provides that
12  a party who "fails to provide information . . . as required by Rule 26(a) or (e), . . . is not allowed
13  to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the
14  failure is substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Exclusion is
15  "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a)
16  was either justified or harmless." *Salgado by Salgado v. GMC*, 150 F.3d 735, 742 (7th Cir.
17  1998). Exclusion of undisclosed documents is proper even where the failure to disclose was not
18  due to the defendant's bad faith or willfulness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
19  259 F.3d 1101, 1106 (9th Cir. 2001). The Borough's untimely disclosure, made without notice
20  and after the discovery deadline is prejudicial to Adams and without substantial justification.
21  Thus, the Borough should be precluded from introducing the untimely disclosed documents at
22  trial.

23      **B.**    **The Borough's Untimely Disclosure Harms Adams and is Without Substantial Justification.**
24  
25       The Adams plaintiffs have expended considerable time and expense in developing the
26  factual basis of this case. The Borough's failure to timely disclose documents is prejudicial to
27  Adams' ability to respond in an adequate and timely manner to the Borough's proposed evidence.
28  The Borough chose to disclose the documents only *after* the close of discovery, after all final
depositions were completed and after the deadline for filing all final expert reports, and lists of

trial exhibits and witnesses.  As a result, Adams is deprived of an opportunity to respond to the new documents before trial.

The Borough offers no justification for its failure to disclose these documents.  The Borough's failure to comply with Rule 26 harms Adams and is without substantial justification.

Pursuant to Rule 37(c)(1), the Borough should be precluded from introducing the untimely disclosed documents at trial.  It should not be rewarded for its delay.  Timely updates to Rule 26(a)(1) initial disclosures permit the other side to examine documents prior to trial and to share those documents with its expert and fact witnesses.  Here, however, where the documents were not disclosed prior to the end of the discovery period, the Adams plaintiffs are deprived of the opportunity to review the documents with their witnesses before trial.  Litigants are not permitted to wait until the last possible moment before trial to disclose their evidence, thus ensuring that their adversaries have no opportunity to respond before trial.  Rules 26 and 37 do not permit this litigation tactic.

Adams respectfully seeks an Order excluding from trial exhibits not timely disclosed by the Borough.  Respectfully submitted this 29th day of January, 2008.

        _____/S/ Luke Cole_____
        Luke Cole
        Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2008, a true and correct copy of the foregoing Objections to Northwest Arcti Borough's Exhibit List and Motion to Exclude Undisclosed Exhibits  was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright

1  Law Offices of Nancy S. Wainwright
   13030 Back Road, Suite 555
2  Anchorage, Alaska 99515-3538

3  James E. Torgerson
   Heller Ehrman White & McAuliffe LLP
4  510 L Street, Suite 500
   Anchorage, Alaska 99501-1959
5
   David S. Case
6  Landye Bennett Blumstein LLP
   701 W. 8th Ave., Suite 1200
7  Anchorage, AK 99501

8  Thane Tienson
   Landye Bennet Blumstein
9  1300 Southwest Fifth Ave, Suite 3500
   Portland, OR 97201
10
   _____
11         /S/ Luke Cole

12  Luke Cole

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OBJECTION TO NORTHWEST
ARCTIC BOROUGH'S UNDISCLOSED EXHIBITS
AND MOTION IN LIMINE TO EXCLUDE EXHIBITS        5