LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>     Plaintiffs,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>     Defendant.<br><br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>     Intervenors-Defendants. | Case No. A04-49 (JWS)<br><br>PLAINTIFFS' OBJECTION TO NORTHWEST ARCTIC BOROUGH'S UNDISCLOSED WITNESS AND MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF WITNESS NOT TIMELY DISCLOSED<br>(Fed. R. Civ. Proc. R. 26 and 37) |

Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiffs Enoch Adams, Jr., *et al.* ("Adams"), file this Objection to Intervenor-Defendant Northwest Arctic Borough's ("Borough") Final Witness List, filed January 22, 2008 and Motion *in Limine* to exclude the testimony of Mayor, Siikauraq Martha Whiting. Given the highly compressed schedule between the disclosure of witnesses and the filing deadline for these motions and objections, Adams has not been able to confer with the Borough about withdrawing Ms. Whiting as a witness, pursuant to Rule 37.

**I.   FACTS**

This case was filed in March 2004. The Borough was allowed to intervene as a defendant on June 7, 2004. Docket 18. On September 21, 2007, this Court issued its Pre-Trial Order. Docket at 177. That Order stated that "On or before JANUARY 22, 2008, each party will serve and file a final, revised witness list, *which may include only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list*." Docket 177 at 2 (emphasis added).

On January 22, 2008, the Borough filed a Final Witness List indicating its intention to call the Borough's Mayor, Siikauraq Martha Whiting, as its sole witness during the remedial phase of this trial. However, the Borough has never previously filed a witness list, and never previously named Ms. Whiting as a potential witness in this case. Not only did the Borough ignore the explicit language of this Court's Order of September 21, but it also ignored the disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure. The disclosure of a previously un-named witness on the final day for submission of witnesses and exhibits is untimely, prejudicial to Adams and without justification. As a result, the Borough should be precluded from relying on the newly and untimely disclosed witness at trial.

**II.   THIS COURT SHOULD EXCLUDE THE BOROUGH'S UNTIMELY DISCLOSURES.**

   **A.   The Borough's January 22, 2008 Disclosure of its Witness was Untimely.**

Federal Rule of Civil Procedure 26 requires a party, "without awaiting a discovery request," to provide other parties with "the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. Rules Civ. Proc. R. 26(a)(1)(A)(i). Rule 26 also requires a party to automatically supplement its disclosures whenever it learns that the information disclosed is "incomplete or incorrect." Fed. Rules Civ. Proc. R. 26(e)(1). The Court's Order, Docket 177, recognized that prior disclosure of witnesses was an important

1  element of this litigation, consistent with Rule 26.

2  Initial disclosures under Rule 26 are "designed to facilitate the parties' understanding of
3  the case early on and to inform the appropriate scope of discovery." *Neothermia Corp. v.*
4  *Rubicor Med., Inc.*, 345 F. Supp. 2d. 1042, 1045 (N.D. Cal. 2004). As such, supplements to
5  initial disclosures under Rule 26(e) must be made promptly. *Id*; Fed. Rules Civ. Proc. R. 26
6  Advisory Committee's Note (supplementation should be made with special promptness as the
7  trial date approaches). Despite the unambiguous mandate in the Federal Rules, and the Court's
8  clear direction in the September 21, 2007 order, the Borough did not disclose its witness during
9  the discovery period, but disclosed its witness to Adams for the first time on January 22, 2008 –
10 some years after the close of discovery.

11 To ensure compliance with the discovery requirements of Rule 26, Rule 37 provides that
12 a party who "fails to provide information . . . as required by Rule 26(a) or (e), . . . is not allowed
13 to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the
14 failure is substantially justified or is harmless." Fed. Rules Civ. Proc. R. 37(c)(1). "Exclusion is
15 "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a)
16 was either justified or harmless." *Salgado by Salgado v. GMC*, 150 F.3d 735, 742 (7th Cir.
17 1998). Exclusion of undisclosed witness is proper even where the failure to disclose was not due
18 to the defendant's bad faith or willfulness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259
19 F.3d 1101, 1106 (9th Cir. 2001). The Borough's untimely disclosure, made without notice and
20 after the discovery deadline is prejudicial to Adams and without substantial justification. Thus,
21 the Borough should be precluded from calling its witness at trial.

   **B. The Borough's Untimely Disclosure Harms Adams and is Without Substantial Justification.**

23 The Adams plaintiffs have expended considerable time and expense in developing the
24 factual basis of this case. The Borough's failure to timely disclose its witness is prejudicial to
25 Adams' ability to respond in an adequate and timely manner. The Borough chose to disclose its
26 witness only *after* the close of discovery, well after all depositions were taken (depositions which

PLAINTIFFS' OBJECTIONS TO
WITNESS AND MOTION IN LIMINE TO
EXCLUDE WITNESS    3

were attended by the Borough), and after the deadline for filing all final expert reports, and lists of trial exhibits and witnesses. As a result, Adams is deprived of an opportunity to respond to the new evidence before trial. The Borough offers no justification for its failure to disclose its witness. The Borough's failure to comply with the Court's Order of September 21 and with Rule 26 harms Adams and is without substantial justification.

Pursuant to the Court's September 21, 2007 Pre-Trial Order and Rule 37(c)(1), the Borough should be precluded from introducing the untimely disclosed witness at trial. Timely disclosures permit the other side to depose witnesses prior to trial. Here, however, where the witness was not disclosed prior to the end of the discovery period, the Adams plaintiffs did not have an opportunity to determine whether or not to depose the witness before trial.

Adams respectfully seeks an Order excluding testimony from the witness not timely disclosed by the Borough. Respectfully submitted this 29th day of January, 2008.

_____/S/ Luke Cole_____
Luke Cole
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2008, a true and correct copy of the foregoing Objections to Exhibit List and Motion to Exclude Undisclosed Exhibits was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

PLAINTIFFS' OBJECTIONS TO
WITNESS AND MOTION IN LIMINE TO
EXCLUDE WITNESS                                          4

| | |
|---|---|
| 1 | James E. Torgerson |
| | Heller Ehrman White & McAuliffe LLP |
| 2 | 510 L Street, Suite 500 |
| | Anchorage, Alaska 99501-1959 |
| 3 | |
| | David S. Case |
| 4 | Landye Bennett Blumstein LLP |
| | 701 W. 8th Ave., Suite 1200 |
| 5 | Anchorage, AK 99501 |
| 6 | Thane Tienson |
| | Landye Bennet Blumstein |
| 7 | 1300 Southwest Fifth Ave, Suite 3500 |
| | Portland, OR 97201 |
| 8 | |
| 9 | _____/S/ Luke Cole_____ |
| 10 | Luke Cole |

PLAINTIFFS' OBJECTIONS TO
WITNESS AND MOTION IN LIMINE TO
EXCLUDE WITNESS                   5