LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
Adams, Andrew Koenig, Jerry Norton, David
Swan and Joseph Swan

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>Plaintiffs,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>Defendant.<br>_____<br><br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>Intervenors-Defendants.<br>_____ | Case No. A04-49 (JWS)<br><br>**PLAINTIFFS' OBJECTIONS TO TECK COMINCO'S PENALTY PHASE WITNESS LIST & MOTIONS IN LIMINE TO EXCLUDE WITNESSES AND EVIDENCE THAT IS NOT RELEVANT**<br>(Evidence Code §402) |

PLAINTIFFS' OBJECTIONS TO PENALTY
PHASE WITNESS LIST AND MOTIONS
TO EXCLUDE WITNESSES

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.    WITNESSES AT THE PENALTY PHASE OF TRIAL MUST TESTIFY ABOUT
      ISSUES RELEVANT TO THE SIX STATUTORY PENALTY FACTORS . . . . . . . . . . 1

II.   LEGAL STANDARD  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  TECK COMINCO HAS NOT DESCRIBED IN ANY WAY HOW THE CONDITIONS
      AT KIVALINA AND ELSEWHERE NEAR THE MINE ARE RELEVANT TO THE
      SIX PENALTY FACTORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    The testimony of Roland Booth as described is not relevant . . . . . . . . . . . . . . . . 3

      B.    The testimony of Bert Adams, Sr. and Theodore Booth is not relevant  . . . . . . . 4

      C.    The testimony of Alvin G. Ott as described is not relevant . . . . . . . . . . . . . . . . 5

      D.    The testimony of Joyce Tsuji as described is not relevant . . . . . . . . . . . . . . . . . 5

      E.    Other testimony about the Wulik River watershed is not offered with any
            description of how it is relevant to the penalty factors  . . . . . . . . . . . . . . . . . . . 7

IV.   TECK COMINCO HAS NOT DESCRIBED IN ANY WAY HOW THE MINE
      PROCESSES AND WATER TREATMENT SYSTEMS ARE RELEVANT TO THE
      SIX PENALTY FACTORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      A.    The testimony of Wayne Hall as described is not relevant  . . . . . . . . . . . . . . . . 7

      B.    The testimony of Chuck Hingsbergen as described is not relevant . . . . . . . . . . . 8

      C.    The testimony of John Key as described is not relevant  . . . . . . . . . . . . . . . . . . 8

      D.    The testimony of Ed Koon as described is not relevant . . . . . . . . . . . . . . . . . . . 8

      E.    The testimony of Jackie Lundberg as described is not relevant . . . . . . . . . . . . . 9

      F.    The testimony of Keith Malone as described is not relevant . . . . . . . . . . . . . . . 9

      G.    The testimony of John Martinisko as described is not relevant . . . . . . . . . . . . . . 9

      H.    The testimony of Robert Napier as described is not relevant  . . . . . . . . . . . . . . . 9

I.    The testimony of Mike Schierman as described is not relevant . . . . . . . . . . . . . 10

J.    Teck Cominco's other descriptions of testimony are similarly flawed and not relevant relevant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

V.    TECK COMINCO'S DESCRIPTIONS OF LAB PERSONNEL'S TESTIMONY DO NOT TIE THAT TESTIMONY TO ANY RELEVANT FACTORS . . . . . . . . . . . . . . . 10

A.    The testimony of Sue Barkey as described is not relevant . . . . . . . . . . . . . . . . . 10

B.    The testimony of Richard Brown as described is not relevant . . . . . . . . . . . . . . 11

C.    The testimony of Stan Capps as described is not relevant . . . . . . . . . . . . . . . . . 11

D.    The testimony of Peter Chapman as described is not relevant . . . . . . . . . . . . . . 12

E.    The testimony of David DeForest as described is not relevant . . . . . . . . . . . . . 12

F.    The testimony of Steven Eide as described is not relevant . . . . . . . . . . . . . . . . 13

G.    The testimony of Greg Horner as described is not relevant . . . . . . . . . . . . . . . . 13

H.    The testimony of Kevin Lackey as described is not relevant . . . . . . . . . . . . . . . 13

I.    The testimony of Kent Patton and Mike Prieve as described is not relevant . . . . 14

J.    The testimony of David Pillard as described is not relevant . . . . . . . . . . . . . . . 14

K.    The testimony of Mike Stanoway as described is not relevant . . . . . . . . . . . . . 14

L.    The testimony of William Stubblefield as described is not relevant . . . . . . . . . 15

M.    The testimony of Jason Weakley as described is not relevant . . . . . . . . . . . . . . 15

VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

1

# TABLE OF AUTHORITIES

2

3 <u>**Federal Cases**</u>

4
*Atlantic States Legal Foundation v. Tyson Foods,* 897 F.2d 1128 (11th Cir.1990) . . . . . . . . . . 1

5
*Leslie Salt Co. v. United States*, 55 F.3d 1388, 1396 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 1
6

7 <u>**Federal Statutes**</u>

8
9 33 U.S.C. § 1319 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

10

11 <u>**Federal Rules of Evidence**</u>

12
Rule 402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OBJECTIONS TO PENALTY
PHASE WITNESS LIST AND MOTIONS
TO EXCLUDE WITNESSES                            iii

1
2

**I.    WITNESSES AT THE PENALTY PHASE OF TRIAL MUST TESTIFY ABOUT ISSUES RELEVANT TO THE SIX STATUTORY PENALTY FACTORS.**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

Once liability is established, under the Clean Water Act there is a penalty phase.  During that phase, the Court determines what civil penalty and injunctive relief is appropriate.  Civil penalties are mandatory once Clean Water Act violations are found, although the amount to be assessed is within the discretion of the court.  33 U.S.C. § 1319(c); *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1396 (9th Cir. 1995).  Courts follow a two-step process in calculating penalties under section 1319 of the Clean Water Act. *See Atlantic States Legal Foundation v. Tyson Foods, Inc.*, 897 F.2d 1128, 1142 (11th Cir. 1990).  First, the court calculates the maximum penalty that could be assessed against the violator.  *Id.*  Second, the court determines if the maximum penalty should be reduced based upon an analysis of six factors in section 1319(d).  *Id.* Those factors are (1) the seriousness of the violation or violations, (2) the economic benefit (if any) resulting from the violation, (3) any history of such violations, (4) any good-faith efforts to comply with the applicable requirements, (5) the economic impact of the penalty on the violator, and (6) such other matters as justice may require.  33 U.S.C. § 1319(d).

19
20
21
22
23
24
25
26
27

Despite the discrete issues to be determined at the penalty phase of trial – the application of these six factors to the maximum penalty that could be assessed – Teck Cominco presents this Court with a list of *85 witnesses* it anticipates calling at the penalty phase, the vast majority of them with just one- or two-sentence, abbreviated descriptions of proffered testimony.  Teck Cominco Alaska Incorporated's and NANA Regional Corporation's Revised List of Witnesses to be Called in the Remedial Phase of Trial ("Penalty Phase Witness List"), Docket 203, filed January 23, 2008.  Almost none of the descriptions of the 85 listed witnesses' proffered

28

testimony provide any mention of any of the statutory penalty factors, making it difficult for

Adams to determine what information the witness will present and the relevance of that

testimony to the penalty factors, and thus fashion cross-examination for those witnesses.  Indeed,

as Adams notes below, fully 56 of the witnesses do not even mention anything related to the six

statutory penalty factors and thus cannot reasonably be assumed to be presenting relevant

testimony.

Through set of The Court's instructions were clear: the Pre-Trial Order instructed, "As to each witness so

listed (even though the witness may have been deposed), counsel will disclose the testimony

expected to be elicited from that witness at trial.  *The disclosure will be specific and not general*,

the purpose being to avoid surprise and delay at trial and *to give opposing counsel an adequate

basis for developing cross-examination*."  Docket 177 at 3 (emphasis added).  Teck Cominco's

Penalty Phase Witness List does not meet the Court's instructions for many of the witnesses, as

the testimony is not described in a way that allows Adams to discern any relevance of the

testimony to the penalty factors.

Through this set of objections to Teck Cominco's Penalty Phase Witness List and

motions in limine to exclude irrelevant testimony and witnesses, the Adams plaintiffs attempt to

focus the trial proceedings at the penalty phase.  The great majority of Teck Cominco's proffered

witnesses – 56 of the 85 – can be excluded entirely on relevance grounds alone, and the

testimony of the remaining witnesses should be strictly limited to issues actually relevant to

liability.  Adams respectfully requests, through this motion and others filed simultaneously with

it, that the Court assert its control over the trial process.

## II.    LEGAL STANDARD

Rule 402 of the Federal Rules of Evidence states, "Evidence which is not relevant is not admissible."   This is the critical benchmark for our inquiry into Teck Cominco's proffered witnesses and the testimony Teck Cominco describes they will be giving in this Clean Water Act enforcement suit at the penalty phase.  The six penalty factors that provide the framework for the Court's inquiry at the penalty phase are (1) the seriousness of the violation or violations, (2) the economic benefit (if any) resulting from the violation, (3) any history of such violations, (4) any good-faith efforts to comply with the applicable requirements, (5) the economic impact of the penalty on the violator, and (6) such other matters as justice may require.  33 U.S.C. § 1319(d). Thus, evidence that touches on these penalty factors would be relevant, while descriptions of testimony that does not mention them would not meet the standard of relevance.

## III.    TECK COMINCO HAS NOT DESCRIBED IN ANY WAY HOW THE CONDITIONS AT KIVALINA AND ELSEWHERE NEAR THE MINE ARE RELEVANT TO THE SIX PENALTY FACTORS.

Teck Cominco has not described in the proffered testimony of its witnesses how the conditions at Kivalina and elsewhere in the Wulik River watershed are at issue in the penalty phase.[1]  Thus, as explained more fully below, Adams respectfully objects to the testimony of and moves in limine to preclude the following 27 listed witnesses from testifying at the penalty phase

---

[1]To the extent that the conditions at Kivalina are relevant in this litigation, it would be to decide the threshold issue of standing.  That threshold has been crossed.  As the Court ruled in this case, "plaintiffs have satisfied Article III's requirements and have standing to bring this action." Order and Opinion, Docket 136 at 8.

The Adams plaintiffs will offer some testimony as to conditions in Kivalina, as specified in their witness list, but they have tied that testimony to the six penalty factors, including the seriousness and duration of violations. *See* Docket 200.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

at trial: Roland Booth, Bert Adams, Sr., Theodore Booth, Alvin G. Ott, Joyce Tsuji, Raymond Hawley, Philip Driver, Jon Houghton, Gerry Booth, John Rense, Karen Kelly, Craig Paulsen, John Middaugh, Scott Arnold, Gerry Brown, Steven R. Pannone, Larry Peterson, Scott Shock, Chuck Greene, Walter Sampson, Robert Sheldon, Jim Dau, Alfred DeCicco, Lee Johnson, Al Townsend, Phyllis Weber-Scannell, and Rose Barr.   To demonstrate the lack of relevance of these witnesses, Adams discusses in depth the first five of these proffered witnesses, and then summarizes the other 22 witnesses.

### A.     The testimony of Roland Booth as described is not relevant.

Teck Cominco lists Mr. Booth on its witness list with the following description:

> Roland Booth is a resident of Noatak.  He is expected to testify regarding his observations of the availability, location, quantity and quality of subsistence resources over the years near and around Kivalina.  Mr. Booth is expected to testify regarding his knowledge of NANA's work to preserve the region's subsistence resources and his work with the Red Dog Mine subsistence committee.

Penalty Phase Witness List at 2.  None of the proffered subjects – subsistence resources and drinking water at Kivalina, and NANA's work – are in any way relevant to the issues to be proven at the penalty phase, the six statutory penalty factors:  (1) the seriousness of the violation or violations, (2) the economic benefit (if any) resulting from the violation, (3) any history of such violations, (4) any good-faith efforts to comply with the applicable requirements, (5) the economic impact of the penalty on the violator, and (6) such other matters as justice may require. 33 U.S.C. § 1319(d).  Accordingly, Mr. Booth should be precluded from testifying.

### B.     The testimony of Bert Adams, Sr. and Theodore Booth as described is not relevant.

Teck Cominco describes Mr. Adams's and Mr. Theodore Booth's testimony in identical

language to two of the sentences used to describe Roland Booth's testimony:

> He is expected to testify regarding his observations of the availability, location, quantity and quality of subsistence resources over the years near and around Kivalina.  He is also expected to testify regarding his observations on issues related to the drinking water in Kivalina.

Penalty Phase Witness List at 13.  Neither of the proffered subjects – subsistence resources and drinking water at Kivalina – are described as pertaining to the six statutory penalty factors or even described as vaguely tied to them in any way.  Accordingly, Mr. Adams and Mr. Booth should be precluded from testifying.

### C.    The testimony of Alvin G. Ott as described is not relevant.

Teck Cominco offers Dr. Ott with the following description:

> Dr. Ott is with the Office of Habitat Management and Permitting in the Department of Natural Resources for the State of Alaska.  Dr. Ott is an expert in aquatic life in Northwest Alaska, having conducted a number of studies of the subject in and about the Red Dog Mine.  Dr. Ott will testify to his work designing, implementing and supervising a bio-assessment program in the waters downstream from Red Dog Mine, the effects of natural mineralization on aquatic life, the lack of significant effects caused by the mine, and will otherwise testify consistent with his declarations in this case and the case of KRPC v. Teck Cominco, A:02-231 CV (JWS), as well as studies he has authored relative to aquatic life in the DeLong Mountain Region.

Penalty Phase Witness List at 3.  As with Mssrs. Booth and Mr. Adams, above, none of the proffered testimony is described in relation to the six penalty factors.  Accordingly, Dr. Ott should be precluded from testifying.

### D.    The testimony of Joyce Tsuji as described is not relevant.

Teck Cominco offers Ms. Tsuji with the following brief and non-specific description: "A retained expert.  Will testify consistent with her report and supplemental report, and work performed by Exponent for Red Dog Mine."  Penalty Phase Witness List at 3.  Although not

revealed by this description, Ms. Tsuji's "report and supplemental report" both discuss human health and drinking water in the Wulik River.  Declaration of Luke Cole[2] [Docket 222], at ¶4.  As discussed above, such testimony is on its face not described as related to any of the six penalty factors.  Further, not one of the 802 exhibits offered by Teck Cominco, or the 52 joint exhibits lodged by the parties, are authored by Exponent. Cole dec. ¶5.  There is nothing to work from to uncover the relevance of "work performed by Exponent for Red Dog Mine," and nothing in Tsuji's reports about the six penalty factors.  Accordingly, Ms. Tsuji should be precluded from testifying.

**E.    Other testimony about the Wulik River watershed is not offered with any description of how it is relevant to the penalty factors.**

Adams highlights the five witnesses above as examples of a broader failure by Teck Cominco to offer descriptions of testimony that are actually relevant to the issues to be decided during the penalty phase.  While the testimony may be relevant (although it is not apparent how), it is impossible to tell from Teck Cominco's description of it.  This failure extends to the other witnesses it offers to discuss the environmental conditions around Kivalina and in the Wulik River watershed, including those discussing mineralization and geology, biota and wildlife. Those 22 witnesses include Raymond Hawley, Philip Driver, Jon Houghton, Gerry Booth, John Rense, Karen Kelly, Craig Paulsen, John Middaugh, Scott Arnold, Gerry Brown, Steven R. Pannone, Larry Peterson, Scott Shock, Chuck Greene, Walter Sampson, Robert Sheldon, Jim Dau, Alfred DeCicco, Lee Johnson, Al Townsend, Phyllis Weber-Scannell, and Rose Barr.

---

[2]The Declaration of Luke Cole is filed in support of a separate Motion in Limine [Docket 221], but is directly relevant to this Motion as well and is thus referred to here.  It can be found at Docket 222.

Because Teck Cominco has not described how the testimony of any of these witnesses is relevant to the six statutory penalty factors, Adams respectfully requests that they be precluded from testifying during the penalty phase of trial.  Adams is simply unable to formulate cross-examination questions on the relevant topics of the six statutory penalty factors given the lack of relevance to those factors in the descriptions of testimony proffered by Teck Cominco.

**IV.    TECK COMINCO HAS NOT DESCRIBED IN ANY WAY HOW THE MINE PROCESSES AND WATER TREATMENT SYSTEMS ARE RELEVANT TO THE SIX PENALTY FACTORS.**

Like the conditions around the mine, Teck Cominco offers a host of witnesses on the processes of the mine itself, including the processes involved in treating Red Dog water, water balance issues, testing, treatment, and laboratory results.  Missing from these descriptions, however, is any discussion of how these topics relate or are in any way relevant to the issues at the penalty phase, specifically the six statutory penalty factors.

Adams examines the proffered descriptions of nine Teck Cominco employees to demonstrate Teck Cominco's failure to describe testimony relevant to the actual issue of penalties, before listing the other six Teck Cominco employees for whom Teck Cominco's description of testimony is similarly wanting.  Adams objects to and moves in limine to preclude the testimony of Wayne Hall, Chuck Hingsbergen, John Key, Ed Koon, Jackie Lundberg, Keith Malone, John Martinisko, Robert Napier and Mike Schierman, the descriptions of whose testimony is discussed in detail below.  Adams also objects and moves to preclude the testimony of the other six Teck Cominco employees where Teck Cominco's descriptions of their testimony do not tie that testimony in any way to the relevant issues of the six penalty factors: Steven Day, Walter Kuit, Brigitte Lacouture, George Thorton, Jeff Weaver and Ted Zigarlick.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**A.    The testimony of Wayne Hall as described is not relevant.**

Teck Cominco discloses that "Mr. Hall will testify as to facts involving alleged excursions with which he was involved, policies and procedures at Red Dog, permitting history and compliance." Penalty Phase Witness List at 6. How this testimony relates to the six penalty factors is not clear, and because no testimony that Mr. Hall is described as giving would be relevant, and Adams moves to preclude the testimony of Wayne Hall.

**B.    The testimony of Chuck Hingsbergen as described is not relevant.**

Teck Cominco discloses that "Mr. Hingsbergen will testify as to total suspended solids and issues involving the DMTS port." Penalty Phase Witness List at 6. Again, how "issues involving the DMTS port" relate to the statutory penalty factors is not clear, nor is the relevance of Mr. Hingsbergen's testimony to any of the factors. Adams thus moves to preclude the testimony of Chuck Hingsbergen.

**C.    The testimony of John Key as described is not relevant.**

Teck Cominco discloses that "Mr. Key will testify as to the feasibility of various treatment options for water at Red Dog." Penalty Phase Witness List at 6. The "feasability of various treatment options" might be relevant, but Teck Cominco has failed to tell us how and why – to connect this testimony in any way to the penalty factors or other relief. Adams thus moves to preclude the testimony of John Key.

**D.    The testimony of Ed Koon as described is not relevant.**

Teck Cominco discloses that Mr. Koon will "offer factual testimony relative to each of the claimed violations occurring at the DMTS port." Penalty Phase Witness List at 7. Again, how this factual testimony relates to relevant issues such as the penalty factors is not clear from

Teck Cominco's description.  Adams thus moves to preclude the testimony of Ed Koon.

**E.    The testimony of Jackie Lundberg as described is not relevant.**

Teck Cominco discloses that "Ms. Lundberg will testify as to TIE/TRE and alleged port excursions."  Penalty Phase Witness List at 7.  Although not disclosed by this abbreviated description, "TIE/TRE" refers to Toxicity Identification Evaluation/Toxicity Reduction Evaluation, which is a step required by Teck Cominco's permits after a repeated violation of its WET test permit limitations.  Cole dec. ¶6 [Docket 222].   Because the TIE/TRE only happens after a violation, it is not relevant to proving the violation itself.  How this is relevant to any of the penalty factors is not described, and thus Adams moves to preclude the testimony of Jackie Lundberg.

**F.    The testimony of Keith Malone as described is not relevant.**

Teck Cominco discloses that Mr. Malone "will testify as to alleged excursions with which he was involved, standard operating procedures, and cadmium in Red Dog water."  Penalty Phase Witness List at 7.  Teck Cominco again fails to connect this description of testimony to factors relevant to the penalty phase, and Adams thus moves to preclude the testimony of Keith Malone.

**G.    The testimony of John Martinisko as described is not relevant.**

Teck Cominco discloses that "Mr. Martinisko will testify as to hold times, sampling, monitoring, and alleged excursions with which he was involved."  Penalty Phase Witness List at 7.  How any of these topics relates to the penalty factors is not described or detailed, and Adams thus moves to preclude the testimony of John Martinisko.

**H.    The testimony of Robert Napier as described is not relevant.**

Teck Cominco discloses that Mr. Napier "will testify as to factual events occurring with

1  respect to alleged exceedances in 2007." Penalty Phase Witness List at 7.  Such "factual issues"

2  might have a bearing on the penalty factors, but Teck Cominco makes no effort to disclose how.

3

4  Adams is left without enough information to formulate cross-examination on the factors that are

5  actually relevant to the penalty phase, and thus moves to preclude the testimony of Robert

6  Napier.

7
          **I.      The testimony of Mike Schierman as described is not relevant.**

8

9      Teck Cominco discloses that Mike Schierman "Will testify as to weather conditions at

10  Red Dog as they pertain to claims, and their effects on monitoring, sampling, and transport of lab

11  samples and results."  Penalty Phase Witness List at 8.  As noted above, the Clean Water Act is a

12  strict liability statute, and thus "weather conditions" – presumably to be discussed in the context

13
   of explaining Teck Cominco's failure to comply with its permit conditions, though not clear from

14  the description offered by Teck Cominco – are simply not relevant to Teck Cominco's liability,

15
   to its permit violations, or to the question of whether or not those violations are ongoing. *Shell*

16
   *Oil*, 840 F. Supp. at 714.  Thus, no testimony that Mr. Schierman is described as giving would be

17

18  relevant, and Adams moves to preclude the testimony of Mike Schierman.  (Adams is separately

19  moving to preclude the testimony of Mr. Schierman because of Teck Cominco's failure to

20
   disclose his testimony with the requisite specificity.)

21

22
          **J.      Teck Cominco's other descriptions of testimony are similarly flawed and as**
23               **described, not relevant.**

24      There are a number of other witnesses whose described testimony is similar to those

25  examined in detail in this section.  The descriptions have the same flaw: they do not tie the

26
   proffered testimony to any relevant issue at the penalty phase.  The witnesses include Steven

27

28

PLAINTIFFS' OBJECTIONS TO PENALTY
PHASE WITNESS LIST AND MOTIONS          10
TO EXCLUDE WITNESSES

Day, Walter Kuit, Brigitte Lacouture, George Thorton, Jeff Weaver and Ted Zigarlick.  Adams moves to preclude their testimony for failure to describe its relevance to the issues in play at the penalty phase.

## V.     TECK COMINCO'S DESCRIPTIONS OF LAB PERSONNEL'S TESTIMONY DO NOT TIE THAT TESTIMONY TO ANY RELEVANT FACTORS.

Teck Cominco lists a variety of witnesses who are apparently staffers at different laboratories.  However, Teck Cominco again fails to tie these descriptions of testimony to any relevant issues, such as the six statutory penalty factors.  The lab results which were timely disclosed to the Adams plaintiffs from ACZ Lab, North Creek Analytical, ENSR, EVS Environmental Consultants, CH2M Hill, and Parametrix are all admitted in this case for both the liability and penalty phases, and thus there is no need for authentication or appearance by personnel from these labs.  Further, there are personnel from other environmental consultant agencies listed although no exhibits or any other disclosures in the exhibits list mention them; these unmentioned consultants are Richard Brown of American Meteorburst Corp. and Greg Horner of Ecology and Environment.  None of the lab personnel's testimony is described in a way which makes it appear to be relevant to the penalty phase.

Thus, as explained more fully below, Adams respectfully objects to the testimony of and moves in limine to preclude the following listed witnesses from testifying at the penalty phase at trial: Sue Barkey, Richard Brown, Stan Capps, Peter Chapman, David DeForest, Steven Eide, Greg Horner, Kevin Lackey, Kent Patton, David Pillard, Mike Prieve, Mike Stanoway, William Stubblefield, and Jason Weakley.  (In the alternative, if this Court finds that any of their testimony is relevant – which it is not – then the testimony should be excluded as redundant as

the lab reports are already in evidence.)

### A.    The testimony of Sue Barkey as described is not relevant.

Teck Cominco offers Sue Barkey with the following description: "An employee of ACZ Lab, Ms. Barkey will testify as to effluent analysis, inorganic compounds and cyanide, and will discuss lab protocals *[sic]* and ACZ lab results." Penalty Phase Witness List at 4. Teck Cominco has not described in any way how this testimony is relevant to the penalty phase, for example by connecting it to one of the six statutory penalty factors. Adams moves to preclude the testimony of Sue Barkey.

### B.    The testimony of Richard Brown as described is not relevant.

Teck Cominco offers Richard Brown with the following description: "An employee of American Meteorburst Corp., Mr. Brown will testify as to auto-monitoring equipment and in-stream conductivity." Penalty Phase Witness List at 3. Adams is unable to find any exhibits among the 802 offered by Teck Cominco and the further 52 joint exhibits filed by the parties that are authored by (or indeed that even refer to) American Meteorburst Corp. Cole dec. ¶5 [Docket 222]. Teck Cominco has not described in any way how this testimony is relevant to the penalty phase, for example by connecting it to one of the six statutory penalty factors. Adams moves to preclude the testimony of Richard Brown.

### C.    The testimony of Stan Capps as described is not relevant.

Teck Cominco discloses that "An employee of ENSR, Mr. Capps will testify as to WET testing methodology, laboratory procedures, and results." Penalty Phase Witness List at 5. Teck Cominco has not described in any way how this testimony is relevant to the penalty phase, for example by connecting it to one of the six statutory penalty factors. Further, any WET test

results by ENSR speak for themselves, and are already admitted as evidence.  Thus, Adams

moves to preclude the testimony of Stan Capps.

**D.      The testimony of Peter Chapman as described is not relevant.**

Teck Cominco discloses that "An employee of EVS Environmental Consultants, Dr.

Chapman will testify as to toxicology, TDS, WET and the effect of mine effluent on fish and

other aquatic life." Penalty Phase Witness List at 5.   Teck Cominco has not described in any

way how this testimony is relevant to the penalty phase, for example by connecting it to one of

the six statutory penalty factors.  Adams thus moves to preclude the testimony of Peter Chapman.

**E.      The testimony of David DeForest as described is not relevant.**

Teck Cominco discloses that "Mr. DeForest will testify as to the analytical history of

WET testing, and laboratory caused apparent excursions of WET parameters." Penalty Phase

Witness List at 5.   Teck Cominco has not described in any way how this testimony is relevant to

the penalty phase, for example by connecting it to one of the six statutory penalty factors.  Adams

moves to preclude the testimony of David DeForest.

**F.      The testimony of Steven Eide as described is not relevant.**

Teck Cominco discloses that "Mr. Eide, of CT&E Environmental Services, Inc., will

testify as to test protocols, issues involving the laboratory receiving station, inorganics, and hold

time logistics." Penalty Phase Witness List at 6.   Teck Cominco has not described in any way

how this testimony is relevant to the penalty phase, for example by connecting it to one of the six

statutory penalty factors.  Adams moves to preclude the testimony of Steven Eide.

**G.      The testimony of Greg Horner as described is not relevant.**

Teck Cominco discloses that "Mr. Horner will testify as to studies performed by Ecology

and Environment." Penalty Phase Witness List at 6. Adams is unable to find any exhibits among the 802 offered by Teck Cominco and the further 52 joint exhibits filed by the parties that are authored by Ecology and Environment. Cole dec. ¶5 [Docket 222]. Teck Cominco has not described in any way how this testimony is relevant to the penalty phase, for example by connecting it to one of the six statutory penalty factors. Adams moves to preclude the testimony of Greg Horner.

**H.    The testimony of Kevin Lackey as described is not relevant.**

Teck Cominco discloses that "Mr. Lackey will testify as to issues involving the Teck Cominco laboratory facilities at Red Dog." Penalty Phase Witness List at 7. Teck Cominco has not described in any way how this testimony is relevant to the penalty phase, for example by connecting it to one of the six statutory penalty factors. Adams moves to preclude the testimony of Kevin Lackey.

**I.    The testimony of Kent Patton and Mike Prieve as described is not relevant.**

Teck Cominco lists Kent Patton to "testify as to work performed by North Creek Analytical, Inc." and Mike Prieve to "testify as to laboratory procedures, alleged cyanide excursions, and work performed by North Creek Analytical." Penalty Phase Witness List at 7. Teck Cominco has not described in any way how this testimony is relevant to the penalty phase, for example by connecting it to one of the six statutory penalty factors. Adams moves to preclude the testimony of Kent Patton and Mike Prieve.

**J.    The testimony of David Pillard as described is not relevant.**

Teck Cominco discloses that David Pillard will "testify as to WET claims and WET testing methodology and procedures." Penalty Phase Witness List at 7. Although Mr. Pillard's

qualifications and affiliation are not disclosed, Teck Cominco's earlier-filed witness list lists him

as as with ENSR out of Fort Collins, Colorado.  Defendant Teck Cominco Alaska Incorporated's

Final Witness List [Docket 29], at 15.  As explained above, the best evidence of any WET testing

done by ENSR is the test result itself, and all timely-disclosed ENSR WET tests are already

admitted evidence in this matter.   Teck Cominco has not described in any way how this

testimony is relevant to the penalty phase, for example by connecting it to one of the six statutory

penalty factors.  Adams moves to preclude the testimony of David Pillard.

K.    **The testimony of Mike Stanoway as described is not relevant.**

Teck Cominco discloses that "A CH2M Hill employee, Mr. Stanoway will testify as to

biomonitoring, bioassay surveys, and WET."  Penalty Phase Witness List at 8.  On their face,

biomonitoring and bioassay surveys are not relevant to the six penalty factors.  Further, any

CH2M Hill WET tests to be used as evidence speak for themselves; all timely-disclosed WET

tests are already admitted as evidence in this matter.   Cole dec. ¶7 [Docket 222].  Teck Cominco

has not described in any way how this testimony is relevant to the penalty phase, for example by

connecting it to one of the six statutory penalty factors.  Adams moves to preclude the testimony

of Mike Stanoway.

L.    **The testimony of William Stubblefield as described is not relevant.**

Teck Cominco discloses that "Dr. Stubblefield will testify as to WET."  Penalty Phase

Witness List at 8.  This is the only identification given of the testimony and Dr. Stubblefield.

Consulting Teck Cominco's earlier-filed witness list, Dr. Stubblefield is listed as with Parametrix

of Corvallis, Oregon.  Defendant Teck Cominco Alaska Incorporated's Final Witness List

[Docket 29], at 18.  As explained above, the best evidence of any testing done by Parametrix is

PLAINTIFFS' OBJECTIONS TO PENALTY
PHASE WITNESS LIST AND MOTIONS
TO EXCLUDE WITNESSES                              15

the test result itself, and all timely-disclosed Parametrix tests are already admitted evidence in this matter.  Teck Cominco has not described in any way how this testimony is relevant to the penalty phase, for example by connecting it to one of the six statutory penalty factors.  Adams moves to preclude the testimony of William Stubblefield.

**M.    The testimony of Jason Weakley as described is not relevant.**

Teck Cominco offers Mr. Weakley to "testify as to the chemistry and treatment of Red Dog water."  Penalty Phase Witness List at 8.  Teck Cominco has not described in any way how this testimony is relevant to the penalty phase, for example by connecting it to one of the six statutory penalty factors.  Adams moves to preclude the testimony of Mr. Weakley.

**VI.    CONCLUSION**

For the reasons set forth above, this Court should dramatically limit the number of witnesses Teck Cominco is allowed to present at the penalty phase, and strictly limit those witnesses testimony to subjects relevant to the penalty factors at issue.

Respectfully submitted this 29th day of January, 2008.


_____/S/ Luke Cole_____
Luke Cole
Attorney for Plaintiffs

1

2

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2008, a true and correct copy of the foregoing Plaintiffs' Objections to Penalty Phase Witness List and Motions to Exclude Witnesses was served, via electronic mail, on the below identified parties of record:

3

4

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

5

6

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

7

8

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

9

10

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

11

12

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

13

14

15

16

_____

   /S/ Luke Cole
_____

17

Luke Cole

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OBJECTIONS TO PENALTY
PHASE WITNESS LIST AND MOTIONS
TO EXCLUDE WITNESSES                    17