David S. Case, P.C.
Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152
Facsimile (907) 276-8433
E-mail: dcase@lbblawyers.com
Alaska Bar No. 7505010

Attorneys for Northwest Arctic Borough

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN and JOSEPH SWAN,<br><br>                  Plaintiff,<br><br>   v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>                  Defendant.<br><br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>           Intervenor-Defendants. | Case No. A04-0049 CV (JWS)<br><br>**DEFENDANT-INTERVENOR NORTHWEST ARCTIC BOROUGH'S RESPONSE TO PLAINTIFFS' OBJECTION TO BOROUGH'S UNDISCLOSED EXHIBITS AND WITNESS AND MOTIONS IN LIMINE TO EXCLUDE EXHIBITS AND WITNESS NOT TIMELY DISCLOSED** |

Plaintiffs' motions in limine to exclude the exhibits and lone witness, a non-expert, lay witness, submitted by the

---

*Adams v. Teck Cominco,* Case No. 3:04-cv-00049-JWS
NAB'S RESPONSE TO PLAINTIFFS' OBJECTION TO BOROUGH'S UNDISCLOSED EXHIBITS
AND MOTION IN LIMINE TO EXCLUDE EXHIBITS NOT TIMELY DISCLOSED
Page 1 of 15

Borough to the plaintiff on January 18, 2008 should be denied for the reasons set forth below.

## INTRODUCTION

As this Court is well aware, the action against the defendant Teck Cominco Alaska, Inc. was initially commenced in September 2002 by the Kivalina Relocation Planning Committee (KRPC). *See Kivalina Relocation Planning Committee v. Teck Cominco Alaska, Inc.*, Case No. A02-231CV (JWS) (Sept. 19, 2002). The Northwest Arctic Borough (NAB) then moved for leave to intervene. Plaintiffs, acting through attorney Cole, successfully opposed that motion at the trial level. The Borough then successfully sought review by the Ninth Circuit Court of Appeals and, as a consequence, was allowed to intervene but only in the remedial or penalty phase of the trial. *See KRPC v. NAB,* U.S. Court of Appeals for the Ninth Circuit, No. 03-35216, Order dated Nov. 17, 2003.

Subsequently, the defendants succeeded in persuading the Court that plaintiff KRPC lacked standing and the case was dismissed by order of this Court dated January 21, 2004, and that decision was upheld on appeal to the Ninth Circuit Court of Appeals. The case was then re-filed in the name of the individual plaintiffs compromised of that Committee on March 4,

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

2004, and NANA and NAB both again intervened as defendants. However, for purposes relevant to NAB's response to plaintiffs' motions in limine, it is important to recall that this case was first commenced in September 2002.

That earlier filing is significant because the witness that the Borough seeks to have testify at trial and three of the four documents the Borough seeks to introduce in the remedial phase of the trial to which plaintiffs now object were disclosed, relied upon by both parties, and the documents were thoroughly briefed in conjunction with the Borough's initial intervention effort.

All four documents identified by NAB in its Final Exhibit List of January 22, 2008 are attached as exhibits to the Affidavit of Thane W. Tienson filed herewith and marked as Exhibits "A", "B", "C", and "D", respectively. The three earlier disclosed documents are" (1) the Third Amended, Restated Contract for Services, an agreement between NAB and Teck Cominco Alaska, Inc. dated October 17, 2003 *(Ex. "A")*; (2) Chapter 6.08 of the Northwest Arctic Borough Code *(Ex. "B")*; (3) Title 9 of the Northwest Arctic Borough Code *(Ex. "C")*. These three exhibits were all disclosed to plaintiffs' counsel and provided as exhibits on pleadings over five years ago. The

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

subject pleadings are also attached to attorney Tienson's Affidavit and marked as Exhibits "G"-"L". *See Defendant-Intervenor Northwest Arctic Borough's Motion for Leave to Intervene and Supporting Memorandum of Law, 11/04/02, Ex. "H", ¶¶ 4-14; Defendant-Intervenor Borough's Memorandum of Law, pp. 7-12; Defendant-Intervenor Borough's Reply Memorandum in Support of Motion for Leave to Intervene, 11/27/02, pp. 3-6 (Ex. "I"). and Defendant-Intervenor Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memorandum of Law and Request for Oral Argument, 1/17/03, pp. 4-5; 7-8; 10-12; Exs. 1 and 2 (Ex. "J").* The fourth document in question is the NAB's 2007 Legislative Priorities, all of which were provided to attorney Cole on January 18, 2008 (Ex. "D").

In opposing the Borough's intervention in 2002-03, attorney Cole expressly mentioned and attempted to discount the significance of three of the four documents that he now disingenuously claims were never disclosed to him (*see, e.g., KRPC'S Opposition for Leave to Intervene by NAB, Nov. 13, 2002; Plaintiffs' Opposition to Motion for Reconsideration by NAB, Jan. 29, 2003*), copies of which are attached to attorney Tienson's Affidavit as Exhibits "K" and "L", respectively.

Plaintiffs' counsel asserts without any factual support that their introduction into evidence will prejudice his client. Plaintiffs' contention is wholly without merit. As the evidence shows, plaintiffs' counsel has been aware of three documents for more than five years, and, regardless, full disclosure of all four was made four months before the commencement of trial and six months before the remedial or penalty phase of the trial is expected to commence, and therefore any failure to earlier disclose them is "harmless" and therefore not subject to exclusion.

The same is true with respect to the disclosure of the Mayor as a witness. After the Borough was allowed to intervene in the remedial phase of the first Clean Water Act lawsuit filed by attorney Cole against Teck Cominco Alaska, Inc., the Borough filed its initial disclosures pursuant to Fed.R.Civ.P. 26(a) and identified then-Borough Mayor Ross Schaefer "*or his successor*" (emphasis supplied) as a witness. Subsequent to the dismissal of the first lawsuit, the Borough did not file any new disclosures because they remained the same and no discovery requests were ever submitted to the Borough. *See Tienson Aff.*, ¶ ¶ 12, 13. Moreover, the Mayor is a non-expert and, as such, was not subject to any earlier

*Adams v. Teck Cominco,* Case No. 3:04-cv-00049-JWS
NAB'S RESPONSE TO PLAINTIFFS' OBJECTION TO BOROUGH'S UNDISCLOSED EXHIBITS AND MOTION IN LIMINE TO EXCLUDE EXHIBITS NOT TIMELY DISCLOSED
Page 5 of 15

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

disclosure order. Unlike an expert, Mayor Martha Whiting will not offer opinion testimony based on hypothetical facts or facts otherwise outside of her personal knowledge. *Compare Fed.R.Evid. 701 with Fed.R.Evid. 703* (unlike an expert, lay witness may testify to opinions based on facts outside personal knowledge). Thus, the Borough will not offer expert or opinion testimony that should have been earlier disclosed. For this reason alone, the plaintiffs' objection is baseless.

Regardless, even if the Mayor's testimony contains any opinions, such testimony is admissible as lay opinion testimony under Fed.R.Evid. 701. Such testimony falls outside the expert disclosure timelines of Fed.R.Civ.P. 26(a)(2) or this Court's orders. Fed.R.Evid. 701 provides:

> "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702."

Mayor Whiting's testimony will fall completely within the scope of Fed.R.Evid. 701.

Moreover, testimony by the Mayor about the Borough's financial relationship with Teck Cominco is testimony with

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

which plaintiffs' counsel is knowledgeable because the basis for it is contained in the earlier disclosed contract between the Borough and Teck Cominco and is perfectly admissible lay testimony:

> "[M]ost courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube v. Witco Corp.*, 4 F.3d 1153 (3rd Cir. 1993) (no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training, or specialized knowledge of a relevant expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. Fed.R.Evid. 701 Advisory Committee's Note."

Consistent with the Advisory Committee's guidance, case law teems with other examples of courts allowing under Fed.R.Evid. 701 the lay opinion testimony of company officers – analogous to the Mayor testifying about the financial status of the Borough regarding a company's financial matters within their personal knowledge. *See, e.g., Mississippi Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (2nd Cir. 2002); *Teen-Ed. v. Kimball Int'l.*, 620 F.3d 399, 404 (3rd Cir. 1980) (reversing district court's exclusion of allegedly untimely disclosed "expert testimony" as, in fact, constituting lay witness

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

testimony; *U.S. v. Freeman*, 514 F.2d 1184, 1191 (10th Cir. 1975) (upholding trial court decision to admit testimony of company officer as Fed.R.Evid. 701 lay testimony); *First Annapolis Bank Corp., Inc. v. U.S.*, 72 F.Cl. 204, 207-08 (F.Cl. 2006).

Thus, based upon the above, there is no reason to strike lay witness testimony as untimely disclosed "expert" opinion testimony, and regardless, as set forth below, any failure to earlier disclose was harmless and the plaintiffs will suffer no prejudice by the admission of the exhibits and the witness testimony. *See, e.g., Wendt v. Host Int'l., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (under Fed.R.Civ.P. 37(c)(1), untimely disclosed expert testimony is only excludable at trial, if, among other reasons, the untimely disclosure caused prejudice to an opposing party.) Here, the testimony of the Mayor is lay testimony and testimony which will cause no conceivable prejudice to the plaintiff.

As attorney Tienson's Affidavit also discloses, all of the individual plaintiffs are acquainted with the Mayor personally. Attorney Cole has met her and spoken with her at the multi-day mediation that took place in Kotzebue last year, and attorney Cole, perhaps even more importantly, as recently as January 22, 2008, even identified the Mayor by name ("Martha") as someone

that he expected would be testifying from the witness stand. He further stated to attorney Tienson that he probably would not be objecting to any reference to her and her testimony or to the documents he now seeks to exclude. *See Tienson Aff., Exs. "E" and "F"*.

In fact, they were the subject of the debate between the parties about what to include in the Stipulated Facts submitted to the Court.

In finally agreeing to delete reference to the now-objected to contract and code provisions, attorney Cole responded in an e-mail dated January 22, 2008 by stating:

> "You all can have one of your witnesses say that [referring to the contents to the code provisions and the subject Agreement]. I have no problem with that. I think it is irrelevant to liability or penalties in a Clean Water Act suit so it does not belong in the Joint Facts."

*See Tienson Aff., Exs. "E" and "F"*. Attorney Cole further stated:

> "I don't see its [again referring to the disputed documents] relevance to the issues that play here, which are Teck Cominco's liability for Clean Water Act violations. I'm not saying I'll object if Martha [the mayor of NAB] wants to say it from the witness stand, that is her/your prerogative."

As Mr. Tienson's Affidavit sets forth, relying upon that statement by attorney Cole, counsel for the Borough agreed not to further contest their exclusion from the Stipulated Facts,

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

only to find that after the Stipulated Facts were finalized and submitted to the Court, attorney Cole then suddenly objected to testimony by the Mayor and the admission of the very documents he effectively said just two weeks ago that he would have no objections to being introduced at trial.

Plaintiffs' counsel made a similar statement supporting testimony by the Borough's then-Mayor five years ago. In opposing the Borough's motion for a stay of proceedings pending the Borough's appeal to the Ninth Circuit Court of Appeals in conjunction with its motion to intervene, attorney Cole stated as follows:

> "There are two simple ways to obviate the harm NAB alleges it would suffer, neither of which involve prejudice to the existing parties to this suit. First, NAB could simply supply Teck Cominco with the names of any witnesses it might call were it to be allowed to intervene. NAB and Teck Cominco's interests are closely aligned here, and Teck Cominco has already listed NAB Mayor Ross Schaefer as a potential witness in its initial disclosure. Second, in the unlikely event that 1) Teck Cominco declines to list any potential NAB witnesses and 2) NAB is allowed to intervene, and 3) that intervention comes after the December 12, 2003 witness disclosure cutoff, KPRC would support an application by NAB *at that time* to file a witness list and have those witnesses allowed to testify at trial …."

In order words, plaintiffs' attorney was supporting an effort to have the Mayor of the Borough testify at trial, and this was almost five years ago. *See Tienson Aff., Ex. "G",*

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

p. 5 (*KPRC's Opposition to Motion for Stay, KPRC v. Teck Cominco Alaska, Inc.*, Case No. A02-231CV (JWS), April 15, 2003 (emphasis supplied)).

Fed.R.Civ.P. 26(e) provides as follows:

> "<u>**A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response**</u> is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances …"

Emphasis supplied.

Regardless, even under the provisions of Fed.R.Civ.P. 37(c)(1) upon which plaintiffs also rely in support of their motion, a party is precluded from using evidence or a witness at trial only if the failure to disclose was "without substantial justification," and, even then, under the terms of the Rule, if the failure to disclose is "harmless," the evidence will be admitted at trial. *See also Salgado by Salgado v. GMC*, 150 F.3d 735, 742 (9th Cir. 1998).

In the instant case, not only were the Mayor and three of the four documents in question disclosed long ago, all of the documents in question fall into the category as having their late disclosure in this case be either justified or harmless.

The Federal Rules of Evidence, for example, expressly allow the Court to take judicial notice of adjudicative facts

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

under Rule 201 of the Federal Rules of Evidence. Indeed, such judicial notice is mandatory if requested by a party and the Court is supplied with the necessary information. *See Rule 201(d)*. Further, such notice may be taken at any stage of the proceeding (*Rule 201(f)*). Chapter 6.08 and Title 9 of the NAB Code are both subject to Rule 201 and plaintiffs cannot be heard to complain about their introduction at trial for that reason alone.

There is a further and even more compelling reason, though, that the objected-to witness and documents should be admitted and plaintiffs' Motion to exclude them be denied – by disclosing all of them to plaintiffs in January 2008, there is more than ample time for plaintiffs to review and consider them. Plaintiffs admit this. Attorney Cole, in seeking to have expert witness Randy Fischer's deposition testimony not taken until March 9, 2008, a date still more than a month away, declared to the Court as follows:

> "Because trial is not until May 19 and Mr. Fischer's testimony will not be used until the penalty phase of the trial (projected for July), no party would be prejudiced by not having the deposition testimony filed sooner than March 9…. Parties will be prejudiced by having to take several travel dates to get to and from Denver and a day of deposition in Denver between now and January 22, however."

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

*See Unopposed Motion for Leave to Take Deposition of Randolph Fischer by March 9, 2008 and Cole Declaration in Support of Motion, 1/9/08; see also ¶ 5 of Cole Declaration.*

Put very simply, plaintiffs' counsel cannot have it both ways. Just as expert witness Fischer's testimony will not be considered until the remedial phase of the trial projected for July 2008, and therefore a March 9 deposition of him cannot be prejudicial because of the ample time allowed between the time of the deposition and July to prepare to respond to Mr. Fischer's testimony, attorney Cole, and by extension, his clients – the plaintiffs, cannot be heard to object to the testimony of the NAB Mayor and four documents, all of which will not be introduced until the penalty phase of the trial in July and all of which were disclosed by January 18, 2008, all but one of which were disclosed five years earlier.

In sum, the Borough was under no obligation to supplement its disclosure or responses since none were ever made in this case. Alternatively, any error on the part of the Borough in failing to earlier disclose them is either justified and/or harmless and therefore not subject to exclusion under Fed.R.Civ.P. 37(c)(1).

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Objection to Borough's Undisclosed Exhibits and Witness and Motions in Limine to Exclude Exhibits and Witness Not Timely Disclosed should be denied.

LANDYE BENNETT BLUMSTEIN LLP
Attorneys for Northwest Arctic Borough

s/David S. Case
David S. Case
Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152
Facsimile (907) 276-8433
E-mail: dcase@lbblawyers.com
Alaska Bar No. 7505010

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

*Adams v. Teck Cominco,* Case No. 3:04-cv-00049-JWS
NAB'S RESPONSE TO PLAINTIFFS' OBJECTION TO BOROUGH'S UNDISCLOSED EXHIBITS AND MOTION IN LIMINE TO EXCLUDE EXHIBITS NOT TIMELY DISCLOSED
Page 14 of 15

Certificate of Service

I hereby certify that on February 5th, 2008, a copy of the foregoing DEFENDANT-INTERVENOR NORTHWEST ARCTIC BOROUGH'S RESPONSE TO PLAINTIFFS' OBJECTION TO BOROUGH'S UNDISCLOSED EXHIBITS AND MOTION IN LIMINE TO EXCLUDE EXHIBITS NOT TIMELY DISCLOSED was served electronically on:

Sean Halloran
Hartig Rhodes Hoge & Lekisch
717 K Street
Anchorage, AK  99501
sean.halloran@hartig.com

Luke W. Cole
Center on Race, Poverty & the Environment
450 Geary Street, Suite 500
San Francisco, CA  94102
luke@igc.org

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, AK  99501
jim.torgerson@hellerhrman.com

and on the following by regular U.S. Mail:

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK  99515-3538


s/David S. Case
David S. Case

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

---

*Adams v. Teck Cominco*, Case No. 3:04-cv-00049-JWS
NAB'S RESPONSE TO PLAINTIFFS' OBJECTION TO BOROUGH'S UNDISCLOSED EXHIBITS
AND MOTION IN LIMINE TO EXCLUDE EXHIBITS NOT TIMELY DISCLOSED
Page 15 of 15