LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
450 Geary Street, Suite 500
San Francisco, CA 94102
415/346-4179 • fax 415/346-8723

THOMAS A. DOSIK, Alaska Bar No. 9505018
Law Office of Thomas A. Dosik
431 West 7th Avenue, Suite 204
Anchorage, AK 99501
907/868-1848 • fax 907/868-1180

Attorneys for Plaintiff
Kivalina Relocation Planning Committee

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| KIVALINA RELOCATION PLANNING COMMITTEE<br><br>Plaintiff,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED,<br><br>Defendant. | Case No. A02-231 CV(JWS)<br><br>**PLAINTIFF KIVALINA RELOCATION PLANNING COMMITTEE'S OPPOSITION TO MOTION FOR LEAVE TO INTERVENE BY NORTHWEST ARCTIC BOROUGH** |

## I. INTRODUCTION

Plaintiff Kivalina Relocation Planning Committee ("KRPC") respectfully opposes the motion by the Northwest Arctic Borough ("NAB") to intervene as a defendant in this case. NAB is not entitled to intervene as a matter of right, nor does it meet the statutory criteria for permissive intervention, and so its motion should be denied.

## II. NAB IS NOT ENTITLED TO INTERVENTION AS OF RIGHT

To intervene as of right under Federal Rule of Civil Procedure 24(a), an applicant must claim "an interest relating to the property or transaction which is the subject of the action," the protection of which may, as a practical matter, be impaired or impeded by the action if the applicant is not allowed to participate in the litigation. *See* F.R.C.P. 24(a). In the Ninth Circuit, Courts apply a four-part test to determine if an applicant has a right to intervene:

> (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993); *Wetlands Action Network v. U.S. Army Corps of Engineers*, 222 F.3d 1105, 1113 (9th Cir. 2001). Here, although NAB's motion is timely, it does not meet any of the three remaining, substantive factors for intervention as of right.

### A. NAB does not have a "significantly protectable interest" relating to Teck Cominco's permit or permit violations.

This suit is a Clean Water Act enforcement action predicated on Teck Cominco's thousands of violations of its Clean Water Act permits at its mine and port site in northwest Alaska. NAB does not have, nor can it plausibly claim, a "significantly protectable interest" relating to either the "property" at issue in this suit – Teck Cominco's two permits – or the "transactions," the 2,171 violations of those permits KRPC has documented. Under *Sierra Club v. United States EPA*, 995 F.2d 1478 (9th Cir. 1993), in order to demonstrate a significantly protectable interest, NAB must show both 1) that the interest it is asserting is legally protectable under some statute; and 2) that there is a relationship between this legally protected interest and the claims at issue in the lawsuit. *Id.* at 1484. The interests NAB asserts are not legally protectable and have little or no relationship to the liability issue in this case.

NAB claims a "significantly protectable interest" in Teck Cominco's mine site permit. Motion at 6. This, it claims, is the "operation of the Red Dog Mine by the defendant" because the mine and associated haul road are the primary sources of revenue for the NAB. The potential economic effects from this suit alleged by NAB are entirely speculative, however, and do not confer a protectable interest on NAB in this litigation concerning the Clean Water Act, which regulates environmental and not economic interests. An economic stake in the outcome of litigation, "even if significant," is not enough by itself to establish a "significant protectable interest." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993); *Portland Audubon v. Hodel*, 866 F.2d 302, 309. (9th Cir. 1989), *cert. denied*, 492 U.S. 911 (1989). Here NAB does not even have a direct economic stake in the case; NAB is not the permit holder, nor is it regulated under the permit at issue in this litigation.

NAB's attempts here are in some ways analogous to private parties attempting to intervene as defendants in a National Environmental Policy Act case; because only the federal government is liable under NEPA, private parties cannot violate it and thus cannot be defendants in a NEPA compliance suit. *Churchill County v. Babbitt*, 150 F.3d 1072, 1082, *as amended by* 158 F.3d 491 (9th Cir. 1998); *Wetlands Action Network v. U.S. Army Corps of Engineers*, 222 F.3d 1105, 1114 (9th Cir. 2001). While the analogy is not perfect, here NAB 1) is not the permit holder; 2) cannot violate the permit; 3) has no responsibility for the violations that have occurred; and 4) has no role in achieving future compliance with the permit. Thus, it appears an unlikely defendant in this Clean Water Act enforcement action.

NAB also claims an interest in the use of lands adjacent to the creeks and rivers "affected by this lawsuit" because the "terms and conditions of the defendant's NPDES permit" could, as a result of the suit, be inconsistent with NAB's land use ordinance. Motion at 7. This

KRPC's Opposition to Motion for Leave
to Intervene by Northwest Arctic Borough         3

Exhibit K
Page 3 of 9

purported interest also fails: KRPC's suit does not in any way seek to modify Teck Cominco's permits. KRPC's suit seeks 1) an injunction to require Teck Cominco to abide by its existing permits; and 2) penalties for Teck Cominco's 2,171 violations of those existing permits. Neither impinge in any way on NAB's land use ordinances, nor do they modify any terms of the existing permits. NAB thus has no legally cognizable interest in this suit.

NAB asserts that "when a lawsuit directly affects permits or the use of real property, that intervenor's interests are 'squarely in the class of interests traditionally protected by law.'" Motion at 8, quoting *Sierra Club, supra*, 995 F.2d at 1483. NAB's reliance on *Sierra Club* is misplaced, however. In *Sierra Club*, the Court allowed the City of Phoenix to intervene in a suit by the Sierra Club against U.S. EPA, because "the lawsuit would affect the use of real property owned by the intervenor [City of Phoenix] by requiring the defendant [EPA] to change the terms of permits it issues to the would-be intervenor, which permits regulate the use of that real property." *Id.* Here, however, the defendant Teck Cominco has no permitting authority over NAB, nor would any settlement affect real property owned by NAB other than causing Teck Cominco to abide by its pre-existing permit limitations – permit limitations not imposed by this lawsuit, but by the federal EPA in granting the permits in 1999. Teck Cominco's federal permits at issue here do not bind or regulate NAB in any way. NAB has no legal interest in the permits at issue here, unlike the permits held by intervenor City of Phoenix at issue in *Sierra Club*, which were "property rights and permits *owned by the City*." *Id.* at 1482 (emphasis added).

B. **The disposition of this Clean Water Act enforcement suit will not impair or impede NAB's ability to protect its interests.**

The primary interests NAB asserts are economic. If NAB desires to increase (or decrease) its cash flow from the Red Dog mine, that legislative issue is within the purview of its

KRPC's Opposition to Motion for Leave
to Intervene by Northwest Arctic Borough         4

Exhibit K
Page 4 of 9

decisionmakers' taxing authority. It is not, however, an issue in any way in this suit, which seeks only to have Teck Cominco abide by its federal Clean Water Act permits and pay appropriate penalties for its past and continuing non-compliance with those permits.

NAB also claims interests in the land around the mine site, which it asserts is subject to local land use regulation by NAB. Nothing in this suit, or its outcome, will impair or impede in any way NAB's ability to regulate local land uses within its jurisdiction. The suit is about a pre-existing federal permit which Teck Cominco is violating, not any new permit requirements. (In any event, even if it did impair NAB's local land use authority, the *federal* permit at issue in this case takes precedence over NAB's *local* land use regulation under well-settled Constitutional principles.)

### C.  Teck Cominco can and does adequately represent and protect NAB's purported interests.

NAB fails the final test for intervention as of right, as well, as Teck Cominco will adequately represent NAB's interests, which correspond almost wholly with Teck Cominco's in this suit. Both NAB and Teck Cominco want Teck Cominco to have the least possible economic consequences for its many Clean Water Act violations.

The Ninth Circuit requires that an intervenor's "interest must be inadequately represented by the existing parties." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996) (affirming denial of motion to intervene). "Under well-settled precedent in this circuit, 'where an applicant for intervention and an existing party have the same *ultimate objective*, a presumption of adequacy of representation arises.'" *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997) (citing *Northwest Forest*, 82 F.3d at 838) (internal quotation marks omitted; emphasis original). "The prospective intervenor bears the burden of demonstrating that existing parties do not adequately

represent its interests." *Northwest Forest*, 82 F.3d at 838. NAB has not made the required showing and the Motion to Intervene should be denied.

The Ninth Circuit has consistently held that,

> In determining whether an applicant's interest is adequately represented by the parties, we consider (1) whether the interest of the present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Northwest Forest*, 82 F.3d at 838; *People of State of California v. Tahoe Regional Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986). Nothing in NAB's motion establishes these criteria.

First, the interest of defendant Teck Cominco in avoiding penalties under the Clean Water Act for its 2,171 violations at the Red Dog mine are such that Teck Cominco will undoubtedly make all credible legal arguments to avoid or lessen them. Thus, all the arguments NAB might make on intervening will be or have already been made by Teck Cominco. Indeed, one need only compare the affirmative defenses NAB offers in its proposed Answer and Affirmative Defenses of Defendant-Intervenor ("NAB Answer") to those in Teck Cominco's Answer to see that Teck Cominco has already made all the non-frivolous affirmative defenses that NAB seeks to make in this suit; NAB's duplicative defenses are surplusage.[1] Second, that Teck Cominco has already, in its Answer, made the non-frivolous arguments that NAB would

---

[1] NAB makes several defenses that were not made by Teck Cominco that border on frivolous, including that KRPC "failed to give proper notice of this action," NAB Answer at 30, that KRPC "failed to exhaust its administrative remedies," *id.*, and that KRPC's claims are barred by a statute of limitations. *Id.* at 31. First, that KRPC gave proper notice is not disputed in this case, see Teck Cominco's Answer to Complaint at 5, ¶14. Second, there is no requirement that KRPC "exhaust its administrative remedies" before bringing an enforcement suit under the Clean Water Act. 33 U.S.C. §505; *National Wildlife Federation v. Consumers Power Co.*, 657 F. Supp. 989, 1000 (W.D. Mich. 1987), *rev'd on other grounds*, 862 F.2d 580 (6th Cir. 1988) ("the Court must follow Congress' intent to allow private parties to maintain suits pursuant to section 505 of the Act even though they may not have participated in prior administrative proceedings."). Third, as NAB should well know, the statute of limitations for violations of the Clean Water Act is five years, plus 60 days before the complaint is filed, *Sierra Club v. Chevron*, 834 F.2d 1517, 1523-1524 (9th Cir. 1987), and each of the 2,171 violations documented in KRPC's suit occurred after January 1, 1999.

KRPC's Opposition to Motion for Leave
to Intervene by Northwest Arctic Borough          6

like to make demonstrates that it is both capable and willing to do so. NAB does not meet the Ninth Circuit's factors for showing that its interests are inadequately represented in this suit by Teck Cominco, and its motion should be rejected. *Northwest Forest*, 82 F.3d at 838.

### D. NAB meets none of the substantive requirements for intervention as of right.

NAB does not have a significantly protectable legal interest relating to the "property or transactions" at issue in this suit, Teck Cominco's thousands of violations of its mine and port site permits. The economic and land use interests NAB does assert will not be impaired or impeded in any way by the disposition of the suit. Finally, NAB's interests are adequately represented by Teck Cominco, which has already made all the credible affirmative defenses asserted by NAB. NAB's motion to intervene as of right must fail.

## III. THIS COURT SHOULD NOT PERMIT NAB TO INTERVENE

F.R.C.P. Rule 24(b)(2) gives the District Court discretion to permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Here, where NAB has no claims, and where it offers no additional substantive contributions in the way of credible affirmative defenses, NAB's intervention will serve no purpose but to prejudice the rights of the original parties to speedily resolve this case.

Permissive intervention is a two-stage process. First, the district court must decide whether one of the grounds for such intervention exists. If this threshold requirement is met – which, here, it is not – the court must then exercise its discretion in deciding whether intervention should be allowed. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977).

NAB's attempts to intervene in this suit and introduce new burdens on KRPC (and Teck

Cominco), including affirmative defenses that border on frivolous, is reminiscent of the situation in *Mannasota-88 v. Tidwell*, 896 F.2d 1318 (11th Cir. 1990), where the Florida Electric Power Control Group ("FCG") attempted to intervene in plaintiff's Clean Water Act suit. As the Eleventh Circuit ruled,

> Appellant seeks to inject numerous issues into the case, such as the EPA's authority to require Florida to enact antidegradation standards and plaintiff's standing to sue. Plaintiff commenced this action to hasten compliance with the Clean Water Act, and intervention by FCG would severely protract the litigation. Although we express no opinion as to the merits of plaintiff's claims, an action which seeks to preserve the environment from further deterioration deserves refuge from the undue delay that would result from appellant's intervention.

*Id.* at 1323.

## IV. CONCLUSION

Because NAB does not meet the requirements for intervention as of right, and because its intervention would prejudice KRPC and result in delay of the resolution of the suit, KRPC respectfully requests that this Court deny NAB's motion to intervene. KRPC would not oppose an application by NAB to submit a brief of *amicus curiae* to bring any issues it deems salient before this Court; its attenuated interests in these proceedings make *amicus* participation, rather than party status, most appropriate.

Date: 11/12/07

Respectfully submitted,

CENTER ON RACE, POVERTY
& THE ENVIRONMENT

_____
Luke W. Cole

LAW OFFICES OF THOMAS DOSIK

Attorneys for Plaintiffs
Kivalina Relocation Planning Committee

CERTIFICATION OF SERVICE

I, Luke W. Cole, am over 18 years of age and not a party to this action. My business address is 450 Geary Street, Suite 500, San Francisco, CA 94102.

On November 12, 2002, I served the PLAINTIFF KIVALINA RELOCATION COMMITTEE'S OPPOSITION TO MOTION FOR LEAVE TO INTERVENE BY NORTHWEST ARCTIC BOROUGH and [PROPOSED] ORDER DENYING MOTION FOR LEAVE TO INTERVENE on the following parties by U.S. mail, postage paid:

Lawrence Hartig
Hartig Rhodes Hoge & Lekisch
717 K Street
Anchorage, AK 99501

Thomas A. Dosik
Law Offices of Thomas A. Dosik
431 West 7th Avenue, Suite 204
Anchorage, AK 99501

David S. Case
Landye Bennett
701 West 8th Avenue, Suite 1200
Anchorage, AK 99501

I certify under penalty of perjury that the above is true and correct. Executed on November 12, 2002 at San Francisco, CA.

_____
Luke W. Cole

Exhibit K
Page 9 - 9