LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,

Plaintiffs,

v.

TECK COMINCO ALASKA INCORPORATED

Defendant.

---

NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,

Intervenors-Defendants.

---

Case No. A04-49 (JWS)

PLAINTIFFS' RESPONSE TO TECK COMINCO'S OBJECTIONS TO PLAINTIFFS' EXHIBITS

## TABLE OF CONTENTS


TABLE OF AUTHORITIES . . . iii

I. INTRODUCTION . . . 1

II. TECK COMINCO SHOULD BE ESTOPPED FROM APPROVING AND STIPULATING THE ADMISSION OF DOCUMENTS AT THE PARTIES DOCUMENT REVIEW AND THEN CHALLENGING THEM IN ITS OBJECTION . . . 1

A. Teck Cominco approved the admission of Exhibit 5 . . . 2

B. Teck Cominco approved the admission of Exhibits 74 through 90 and 92 through 101 . . . 3

C. Teck Cominco approved the admission of Exhibits 108 and 109 . . . 3

D. Teck Cominco approved the admission of Exhibit 150 . . . 3

E. Teck Cominco approved the admission of Exhibits 115, 116, 117, 118, 119, 120, 121, 124, 125, 127, 131, 151, 152, 153, 154, 155 and 159 . . . 4

F. Teck Cominco approved the admission of Exhibits 165, 166 and 167 . . . 5

III. EXHIBITS 43-70 SHOULD BE FULLY ADMITTED, NOT JUST FOR DEMONSTRATIVE PURPOSES, PURSUANT TO STIPULATION OF THE PARTIES . . . 5

IV. TECK COMINCO HAS ALREADY ADMITTED THE AUTHENTICITY OF MANY OF THE DOCUMENTS IT NOW CHALLENGES . . . 6

V. TECK COMINCO'S AMENDED DMR DEFENSE HAS ALREADY BEEN REJECTED BY THIS COURT AND IS THE LAW OF THE CASE . . . 8

VI. ADAMS DISCLOSED ALL ITS EXHIBITS, AND FILED ITS EXHIBITS AND EXHIBIT LIST FIRST, SO ANY DUPLICATION CLAIMED BY TECK COMINCO IS THE FAULT OF TECK COMINCO . . . 9

VII. TECK COMINCO HAD ACCESS TO THE VIDEOTAPE FROM WHICH THE DVD (EXHIBIT 147) WAS MADE . . . 11

VIII. A COPYING ERROR HAS BEEN CURED . . . 11

IX. ADAMS SHOULD BE ALLOWED TO CURE A CLERICAL ERROR IN ITS EXHIBIT LIST . . . 11

X. TECK COMINCO'S OTHER MINOR OBJECTIONS ARE GROUNDLESS . . . 11

XI. TECK COMINCO CANNOT CREDIBLY CLAIM SURPRISE AT PREVIOUS FILINGS IN THIS CASE AND THE KRPC CASE . . . 13

XII. TECK COMINCO'S OBJECTIONS TO PLAINTIFFS' PAGE COUNTS ARE WELL TAKEN . . . . . 14

XIII. CONCLUSION . . . . . 15

# TABLE OF AUTHORITIES

## Federal Cases

*Adams v. Teck Cominco Alaska, Inc.*, 396 F.Supp.2d 1095, 1102 (D.Alaska 2005) . . . . . . . . . . . 9

*American Exp. Travel Related Servs v. Vinhnee (In re Vinhnee)*, 336 B.R. 437 (Bankr. Fed. App. 2005) . . . . . . . . . . 15

*Cedillo v. Sec'y of Health & Human Services*, 2007 U.S. Claims LEXIS 162 (2007) . . . . . . . . . 11

*Sierra Club v. Union Oil of California*, 813 F.2d 1480, 1492 (9th Cir. 1987), *vacated for reconsideration*, 481 U.S. 931 (1988), *reinstated and amended*, 853 F.2d 667 (9th Cir. 1988) . . . . . . . . . . 9

*United States v. Damrah*, 412 F.3d 618, 628 (6th Cir. 2005) . . . . . . . . . . 11

*United States of America v. Cominco Alaska Incorporated*, A97-267-CIV (JKS) . . . . . . . . . . . . 4

## Federal Rules of Evidence

Rule 403 . . . . . . . . . . 10

Rule 1006 . . . . . . . . . . 13

## Local Rules

D.Ak. L.R. 39.3 . . . . . . . . . . *passim*

## I. INTRODUCTION

Teck Cominco makes a variety of objections to Adams's exhibits. Teck Cominco's Objections to Plaintiffs' Exhibits [Docket 214] ("Objections"). Many of these objections verge on bad faith, as they are objections to documents which Teck Cominco's counsel reviewed and expressly approved for admission at the January 18, 2008 exhibit review (sections II and III, below); are objections that a "document was never produced in discovery" when *Teck Cominco* produced it and it was also disclosed by Adams in *more than fifty* of its discovery responses (section II.D); are objections of "incomplete document" for documents Teck Cominco has previously authenticated as being true and correct copies (section IV); are objections of "incomplete document" about the complete, originally-filed discharge monitoring reports that Teck Cominco has subsequently amended as a litigation tactic (section V); and are claims of "duplicate documents" where Teck Cominco never disclosed to Adams that it was including a document as an exhibit (section VI). There are a variety of other objections that are similarly baseless, and several objections of clerical, copying or typographical errors that Adams corrects here. Adams respectfully requests that the Court deny all of Teck Cominco's objections as groundless.

## II. TECK COMINCO SHOULD BE ESTOPPED FROM APPROVING AND STIPULATING THE ADMISSION OF DOCUMENTS AT THE PARTIES DOCUMENT REVIEW AND THEN CHALLENGING THEM IN ITS OBJECTION.

On January 18, 2008, all parties' counsel met at the offices of Teck Cominco's counsel, Hartig Rhodes, in Anchorage to review the parties proposed documents. Cole dec. ¶2. Plaintiffs' counsel initiated the meeting pursuant to Local Rule 39.3. Cole dec. ¶3. At that meeting, Adams counsel made available to defendants' counsel all documentary exhibits it has lodged with the Court, and provided counsel with a preliminary list containing every document it intended to introduce at trail (and ultimately lodged with the Court). Cole dec. ¶4; Exhibit 1 to Cole dec. At that meeting, Teck Cominco's counsel approved the admission of a number of documents. Cole dec. ¶5.

In reliance on this approval and stipulated admission, Adams prepared and marked the

exhibits admitted by all parties as "ADM" on the exhibits lodged with the Court on January 22 and delivered to all parties on January 23, 2008. Cole dec. ¶6. Now, in its Opposition, Teck Cominco opposes more than 50 exhibits that it approved for admission at the exhibit review. Teck Cominco should be estopped from opposing documents that it reviewed and approved for admission, particularly when its objections are ones – such as "incomplete document" – that were curable between the January 18 exhibit review and the January 22 lodging of exhibits with the Court had Teck Cominco timely made the objection known to Adams's counsel rather than approving the document for admission. Under the local rules, "Exhibits marked 'ADM' are evidence, without need for foundation or further offer at trial, and no objections will be heard regarding their admissibility." D.Ak. L.R. 39.3. The documents that Teck Cominco approved during the Rule 39.3 review and now objects to include Exhibits 5, 74-90, 92-101, 108-109, 115-121, 124-125, 127, 131, 138, 150-155, 159 and 168. Cole dec. ¶7. Each of these exhibits should be admitted as Teck Cominco originally stipulated.

**A. Teck Cominco approved the admission of Exhibit 5.**

Adams counsel showed Teck Cominco's counsel the excerpt of the EPA's Environmental Appeals Board's decision during the January 18, 2008 exhibit review. Cole dec. ¶8. Teck Cominco's counsel Sean Halloran reviewed the document and raised no objection to it being an excerpt of the EAB decision, instead signing off on its stipulated admission. Cole dec. ¶8. Had Mr. Halloran objected to the admission of the excerpt, it would have been simple to substitute the whole document at that time. Cole dec. ¶8. Teck Cominco should thus be estopped from arguing that the document should be excluded, as it had the opportunity to request a cure for this objection and did not. In the alternative, Adams requests the opportunity to include the entire EAB ruling as Exhibit 5.

Exhibit 5 should further be admitted because the excerpt – which Teck Cominco does not dispute is authentic – is the only portion of the 55-page decision that is relevant to the issues at trial. Cole dec. ¶9. It concerns the portion of the 2003 Permit Modification that was remanded by the EAB, leaving in place the TDS permit limitations of the 1998 permit. Cole dec. ¶9.

**B. Teck Cominco approved the admission of Exhibits 74 through 90 and 92 through 101.**

Adams counsel showed Teck Cominco's counsel exhibits 74 through 101 during the January 18, 2008 exhibit review. Cole dec. ¶10. Teck Cominco's counsel Sean Halloran reviewed the documents, all of which are letters from Teck Cominco to EPA describing apparent permit exceedances. Cole dec. ¶10. Mr. Halloran raised objections to Exhibit 91 and 101, on grounds that Exhibits 91 and 101 were not complete. Cole dec. ¶10. Adams thus marked those two exhibits "ID" rather than "ADM." Cole dec. ¶10. Mr. Halloran had no objection to the admission of Exhibits 74 through 90 and 92 through 101. Cole dec. ¶10. Teck Cominco should not now be allowed to object to the documents, particularly with the odd objection that "Teck Cominco was not shown these exhibits... and did not agree to have them admitted." Opposition at 4. These exhibits should be admitted. Further, Teck Cominco has already admitted the authenticity of Exhibits 74, 78, 79, 80, 81, 82, 84, 86, 97, 88, 89, 91, 92, 93 and 98 through Requests for Admission, as detailed in Section IV, below.

**C. Teck Cominco approved the admission of Exhibits 108 and 109.**

Adams counsel showed Teck Cominco's counsel exhibits 108 and 109, which are Teck Cominco's sworn responses to Interrogatories, during the January 18, 2008 exhibit review. Cole dec. ¶11. Teck Cominco's counsel Sean Halloran reviewed the documents and approved them, as is, for admission. Cole dec. ¶11. Had Mr. Halloran objected to the admission of Exhibits 108 and 109, it would have been simple to include the Attachments D and F which Teck Cominco now objects to not being included. Cole dec. ¶11. Although Teck Cominco now says (in an unsworn assertion of counsel) that "Teck Cominco did not agree to an incomplete document being admitted," Objection at 4, that is precisely what Teck Cominco did. Cole dec. ¶11. Teck Cominco should thus be estopped from arguing that the documents should be excluded, as it had the opportunity to request a cure for this objection and did not. In the alternative, Adams requests the opportunity to including Attachment D and Attachment F.

**D. Teck Cominco approved the admission of Exhibit 150.**

Adams counsel showed Teck Cominco's counsel Exhibit 150 during the January 18, 2008

exhibit review. Cole dec. ¶12. Teck Cominco's counsel Sean Halloran reviewed the document and approved it for admission. Cole dec. ¶12. Exhibit 150 is a copy of the Consent Decree in *United States of America v. Cominco Alaska Incorporated*, A97-267-CIV (JKS) (filed November 25, 1997); the original is a certified copy. Cole dec. ¶12.

Teck Cominco states that "since the document was never produced in discovery, and Teck Cominco otherwise has had no opportunity to verify its contents, Teck Cominco objects." Objections at 6. Teck Cominco's objection is misplaced, and is based on a mistaken assertion and a false representation to this Court: in fact, both Adams *and* Teck Cominco disclosed this document, and Teck Cominco itself produced a copy of this document during discovery. Cole dec. ¶12; *see also* Exhibit 3 to Cole dec. (Enoch Adams, Jr.'s Responses to Teck Cominco's Requests for Production Nos. 118, 120, 121, 122, 123, 130, 131, 132, 133, 134 and 148, served on Teck Cominco on March 16, 2005, ***each*** listing "The Complaint and Consent Decree in *United States v. Cominco Alaska Incorporated*, No. A97-267-CV (JKS)." Indeed, *the Adams plaintiffs disclosed Exhibit 150 in more than **fifty (50)** of their discovery responses*. Cole dec. ¶12.

Teck Cominco cannot now be heard to credibly object to a certified copy of a document which it disclosed during discovery, which was repeatedly disclosed to it during discovery, and which its counsel stipulated for admission at the January 18 Rule 39.3 exhibit review.

**E. Teck Cominco approved the admission of Exhibits 115, 116, 117, 118, 119, 120, 121, 124, 125, 127, 131, 151, 152, 153, 154, 155 and 159.**

Adams counsel showed Teck Cominco's counsel Exhibits 115, 116, 117, 118, 119, 120, 121, 124, 125, 127, 131, 138, 151, 152, 153, 154, 155, 159 and 168 during the January 18, 2008 exhibit review. Cole dec. ¶13. The documents are internal Teck Cominco reports which Teck Cominco produced during discovery (115, 116, 117, 118, 119, 120, 121, 124, 125, 127, 131) and Teck Cominco's financial statements which it produced during discovery (151, 152, 153, 154, 155, 159). Cole dec. ¶13. Teck Cominco's counsel Sean Halloran reviewed the documents and approved them for admission. Cole dec. ¶13. Teck Cominco now objects with the picayune reason that Adams counsel mis-counted the number of pages in these exhibits. Objection at 1-2.

Adams discusses the miscounted pages below in Section XII, but here notes that Teck Cominco stipulated to the admission of these documents during the Rule 39.3 exhibit review. As the page counting issue is cured by plaintiffs' making available the first page of each exhibit in question with the correct number of pages reflected on it, Teck Cominco should be estopped from arguing that the documents should be excluded. See Section XII below.

**F. Teck Cominco approved the admission of Exhibits 165, 166 and 167.**

Adams counsel showed Teck Cominco's counsel Exhibits 165, 166 and 167 during the January 18, 2008 exhibit review. Cole dec. ¶14. Teck Cominco's counsel Sean Halloran reviewed the documents and approved them for admission. Cole dec. ¶14. Teck Cominco now objects that the exhibits are duplicates of exhibits Teck Cominco itself is offering. Teck Cominco's objection should fail because, first, Adams's counsel reviewed the exhibits with Teck Cominco's counsel; second, Teck Cominco's counsel made no disclosure at the Rule 39.3 exhibit review that Teck Cominco would be offering the same exhibit (see Cole dec. ¶14 and Exhibit 2 (Teck Cominco's exhibit list disclosed January 18, 2008, not listing any of the exhibits it now objects to)); and third, Teck Cominco's counsel agreed to the admission of Adams's exhibits during that review, Teck Cominco should be estopped from now objecting to the inclusion of the exhibits on Adams's exhibit list.

**III. EXHIBITS 43-70 SHOULD BE FULLY ADMITTED, NOT JUST FOR DEMONSTRATIVE PURPOSES, PURSUANT TO STIPULATION OF THE PARTIES.**

Teck Cominco expressly, in writing, approved the full admission of exhibits 43-70. Adams counsel showed Teck Cominco's counsel Exhibits 43-70 during the January 18, 2008 exhibit review. Cole dec. ¶15. Teck Cominco's counsel Sean Halloran reviewed the documents and approved them for admission. Cole dec. ¶15. Teck Cominco now agrees to allow these exhibit for "demonstrative purposes" only. Objections at 3. Adams and Teck Cominco had earlier agreed to have these exhibits fully admitted (along with the complete laboratory reports from which they came, submitted by Teck Cominco), and Teck Cominco's earlier stipulation (memorialized in an email from Hartig Rhodes, exhibit 4 to Cole dec.) should estop Teck Cominco from now changing its mind after the deadline for submission of exhibits.

It is disingenuous for Teck Cominco to now assert that is it only allowing the admission of these exhibits for "demonstrative purposes" on grounds that they are incomplete documents. As Adams' attorney Luke Cole was finalizing the lab report excerpts and labelling them for submission to the Court, on January 19, 2008, he responded to an email from Rachel Davis, paralegal for Mr. Halloran at Hartig Rhodes. Mr. Cole's email stated:

> Rachel: [¶] I wanted to confirm that you are also stipulating to the admission of my lab report excerpts – I think it will be easier for us to just use specific pages. My understanding from Sean yesterday was that was OK, but like you I want to be sure before I mark them today. Thanks.

Exhibit 4 to Cole dec. Ms. Davis responded later that day:

> We agree to stipulate to your excerpts if you stipulate to admission of our lab reports in whole.

Exhibit 4 to Cole dec. As Adams had stipulated to the admission "in whole" of all timely-disclosed lab reports, Adams' counsel thus proceeded in reliance on Hartig Rhodes' representation that the lab reports offered by both sides were stipulated for admission. Adams was thus surprised to find upon receiving Teck Cominco's objections to documents that the very documents stipulated to are now only admitted for "demonstrative" purposes. Again, this smacks of litigation gamesmanship and Adams requests the Court hold Teck Cominco to honoring its representations to counsel.

Adams allowed in all of Teck Cominco's lab reports that it had previously been served – despite the fact that the vast majority were served on Adams well after the Court's August 31, 2007 deadline for such disclosures – with the agreement that Adams's excerpts of the lab reports would also be allowed in. Cole dec. ¶15. Had Teck Cominco not made this agreement, Adams might well not have stipulated to the admission of all the late-disclosed lab reports. Cole dec. ¶15. Adams has relied to its detriment on the representations of Teck Cominco's law firm. Cole dec. ¶15.

## IV. TECK COMINCO HAS ALREADY ADMITTED THE AUTHENTICITY OF MANY OF THE DOCUMENTS IT NOW CHALLENGES.

As the table below illustrates, Teck Cominco has already admitted, through Requests for Admission, the authenticity of many of the documents it now objects to as "incomplete." See

Exhibits 5, 6 and 7 to Cole dec and compare to table below. For example, Teck Cominco objects that Exhibit 92 is "missing [its] fax cover sheet[] and their spill reports" although Teck Cominco has previously authenticated it as a "true and correct copy" in Requests for Admission. Cole dec. ¶17; Exhibit 5 to Cole dec. Teck Cominco should be estopped from admitting a document as a "true and correct copy" during discovery and then objecting that it is "incomplete" at the eve of trial.

Teck Cominco also objects to the inclusion of many of its original DMRs as "incomplete." These DMRs were admitted as "true and correct" copies in the KRPC litigation, and as "true and correct" copies of earlier-filed DMRs in this litigation. Cole dec. ¶17. See section V, directly below.

| Exhibit | Description | Request for Admission # | Date Admitted |
|---|---|---|---|
| 9 | DMR June 1999 | 221 | 4/14/03 |
| 10 | DMR July 1999 | 222 | 4/14/03 |
| 11 | DMR August 1999 | 14 | 3/7/03 |
| 12 | DMR September 1999 | 18 | 3/7/03 |
| 13 | DMR June 2000 | 34 | 6/10/05 |
| 15 | DMR August 2000 | 206 | 3/21/03 |
| 16 | DMR September 2000 | 39 | 6/10/05 |
| 17 | DMR October 2000 | 41 | 6/10/05 |
| 18 | DMR June 2001 | 50 | 6/10/05 |
| 19 | DMR July 2001 | 51 | 6/10/05 |
| 20 | DMR August 2001 | 52 | 6/10/05 |
| 21 | DMR September 2001 | 53 | 6/10/05 |
| 23 | DMR June 2002 | 83 | 6/10/05 |
| 24 | DMR July 2002 | 84 | 3/21/03 |
| 25 | DMR August 2002 | 85 | 3/21/03 |
| 26 | DMR September 2002 | 86 | 6/10/05 |
| 27 | DMR October 1-6, 2002 | 87 | 3/21/03 |
| 74 | Hall to Smith Letter, 6/9/1999 | 153 | 3/21/03 |

| | | | |
|---|---|---|---|
| 80 | Hall to Grandinetti letter, 9/16/1999 | 119 | 3/21/03 |
| 81 | Hall to Grandinetti letter, 11/1/1999 | 51 | 3/7/03 |
| 82 | Thompson to Smith letter, 6/16/2000 | 165 | 3/21/03 |
| 84 | Thompson to Smith letter, 7/17/2000 | 127 | 3/21/03 |
| 86 | Thompson to Smith letter, 7/17/2000 | 125 | 3/21/03 |
| 87 | Hall to Smith letter, 8/22/2000 | 130 | 3/21/03 |
| 88 | Thompson to Smith letter, 7/15/2001 | 132 | 3/21/03 |
| 89 | Thompson to Smith letter, 8/13/2002 | 77 | 3/21/03 |
| 92 | Thompson to Smith letter, 5/9/2002 | 140 | 3/21/03 |
| 93 | Thompson to Smith letter, 5/10/ 2002 | 140 | 3/21/03 |
| 98 | Thompson to Smith letter, 6/7/2002 | 148 | 3/21/03 |

## V. TECK COMINCO'S AMENDED DMR DEFENSE HAS ALREADY BEEN REJECTED BY THIS COURT AND IS THE LAW OF THE CASE.

Teck Cominco objects to a number to the discharge monitoring reports (DMRs) offered by Adams as exhibits (including Exhibits 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41), despite having earlier authenticated most of these documents as true and correct copies of the relevant DMRs.[1] It now asserts that "the documents are each incomplete." Objections at 3. It does so because its counsel asserts that the only "complete" DMRs are those which Teck Cominco has amended – which Teck Cominco itself offers as exhibits for trial. This is a litigation tactic Teck Cominco has tried before in this Court, and it is a tactic the Court has previously rejected. It should do so again here.

In the KRPC case, Teck Cominco admitted that the DMRs were true and correct. In this case, as its litigation strategy emerged, Teck Cominco has admitted that most of these DMRs are a "true and correct copy of an earlier, and now superseded... DMR" in its Requests for Admission in this case. Cole dec. ¶18.

---

[1]See Section IV above for a list of those exhibits previously authenticated as a "true and correct copy" of the DMR in question.

At the summary judgment stage, Teck Cominco made a similar argument that it should be allowed to amend its DMRs. The Court found this amendment – in some cases more than five years after the initial DMR was filed, and in all cases after litigation against Teck Cominco by KRPC and Adams had commenced – not to insulate Teck Cominco from liability. *Adams v. Teck Cominco Alaska, Inc.*, 396 F.Supp.2d 1095, 1102 (D.Alaska 2005). The Court should apply this same standard to Teck Cominco's attempts to exclude the prior DMRs as "incomplete."

Teck Cominco's attempts to impeach its own DMRs are not allowed in the Ninth Circuit. As that Court explicitly states, "We conclude that when a permittee's reports indicate that the permittee has exceeded permit limitations, the permittee may not impeach its own reports by showing sampling error." *Sierra Club v. Union Oil of California*, 813 F.2d 1480, 1492 (9th Cir. 1987), *vacated for reconsideration*, 481 U.S. 931 (1988), *reinstated and amended*, 853 F.2d 667 (9th Cir. 1988). Teck Cominco has in the past tried to distinguish *Sierra Club*, arguing that in amending the DMR it was not impeaching it but instead using the "correct" DMR to show there was no violation. This court rejected this very argument in an earlier published opinion, noting that using an amended DMR, "still falls within the reach of the Sierra Club rationale." *Adams v. Teck Cominco Alaska, Inc.*, 396 F.Supp.2d 1095, 1102 (D.Alaska 2005) (discussing how the Sierra Club rationale fits defendants' attempts to pick and choose test results).

The "complete" DMRs that Teck Cominco offers are each amended DMRs, sanitized to reflect less permit violations than the original DMRs filed with EPA and offered as Adams as exhibits. Teck Cominco's DMR impeachment strategy should fail under *Sierra Club* and the law of this case, 396 F.Supp.2d at 1102. Adams thus asks that the Court deny Teck Cominco's "completeness" objections to the original DMRs.

**VI. ADAMS DISCLOSED ALL ITS EXHIBITS, AND FILED ITS EXHIBITS AND EXHIBIT LIST FIRST, SO ANY DUPLICATION CLAIMED BY TECK COMINCO IS THE FAULT OF TECK COMINCO.**

At the January 18, 2008 document review, Adams counsel made available to defendants' counsel all documentary exhibits it has lodged with the Court, and provided counsel with a preliminary list containing every document it intended to introduce at trail (and ultimately lodged with the Court). Cole dec. ¶4; Exhibit 1 to Cole dec. Adams's list consisted of 203 exhibits.

During exhibit review, the parties agreed to include roughly 20 of those exhibits as "Joint Exhibits" to be filed by all parties. Adams thus took those exhibits off its final exhibit list.

Teck Cominco also provided Adams with a preliminary exhibit list on January 18. Cole dec. ¶18, Exhibit 2 to Cole dec. This exhibit list included 139 exhibits. Exhibit 2 to Cole dec. Teck Cominco's counsel described it as a "work in progress." Cole dec. ¶18.

Based on the exhibit list provided to Adams, Adams prepared, marked and lodged its exhibits with the Court. Now comes Teck Cominco, including *663* exhibits it did not earlier disclose to Adams during exhibit review, and claims that *Adams*'s documents – all of which Teck Cominco had access to and reviewed, and had listed for it in Adam's January 18 list – are duplicative. Such gamesmanship should not be allowed by the Court, and each of Adams's documents should be admitted.

Teck Cominco objects to Exhibits 1, 30, 73, 74, 75, 76, 78, 79, 80, 82, 83, 84, 85, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 165 and 167 as duplicates of exhibits it has included in its Exhibit List. Beyond the reasoning above – that Teck Cominco never revealed its full list of exhibits to Adams prior to filing its Final Exhibit List – Adams also points out that Adams filed its Notice of Lodging and Exhibit List [Docket 190] and lodged its exhibits with the Court prior to Teck Cominco filing its Exhibit List [Docket 194]. If any of the exhibits are duplicates, Teck Cominco was on notice before it filed its exhibit list and should have removed the duplicates from *its* list.

Teck Cominco has the burden to establish the undue cumulativeness of these exhibits. There are over 1000 exhibits that have been identified and lodged in this case. The duplication of a few exhibits is harmless error. Under Federal Rules of Evidence 403, relevant evidence is excluded only where its probative value is *substantially outweighed* by "needless presentation of cumulative evidence." Here, Adams submits that the duplication of even 20 or so documents – less than two percent of the total – is not prejudicial to any party or the Court. Teck Cominco's objections should be denied.

**VII. TECK COMINCO HAD ACCESS TO THE VIDEOTAPE FROM WHICH THE DVD (EXHIBIT 147) WAS MADE.**

Teck Cominco objects to Exhibit 147, saying "no such DVD was produced to the defendants until after this exhibit was filed with the court." Objections at 5. The DVD is a transfer from a videotape that was used by the U.S. Environmental Protection Agency to take enforcement action against Teck Cominco and which Teck Cominco has received in the past. Cole dec. ¶19. Authentication and foundation will be provided at trial. Cole dec. ¶19.

The transfer of its contents to DVD does not affect its admissibility. *See United States v. Damrah*, 412 F.3d 618, 628 (6th Cir. 2005) (DVDs made from videos held "authenticated"); *Cedillo v. Sec'y of Health & Human Services*, 2007 U.S. Claims LEXIS 162 (2007) (video content on DVD treated as the same for purposes of admissibility).

**VIII. A COPYING ERROR HAS BEEN CURED.**

Teck Cominco objects that its version of Exhibit 122 was without the "first page." A copy of that page is attached as Exhibit 8 to Cole dec. to cure this copying error. Cole dec. ¶20.

**IX. ADAMS SHOULD BE ALLOWED TO CURE A CLERICAL ERROR IN ITS EXHIBIT LIST.**

After a review of Plaintiff's Exhibit list, counsel discovered an error in the exhibit list. The list states that Exhibit 1 contains Bates Stamp pages TC 050583 RD - TC 050637 RD. However, the correct Bates stamp numbers for the document lodged with the court and served on all parties as Exhibit 1 is Bates Stamp pages TC 050729 RD - TC 050794 RD. As the actual document was served on all parties and identified correctly by name and date in Adams's Exhibit List, this clerical error is not prejudicial and Adams requests leave to amend its Exhibit List to include the correct Bates-stamp citation for Exhibit 1. This error should not affect the admissibility of the document.

**X. TECK COMINCO'S OTHER MINOR OBJECTIONS ARE GROUNDLESS.**

Teck Cominco makes a variety of objections that, on further examination, have proved groundless. Adams summarizes these in exhibit number order.

**Exhibit 12:** Teck Cominco objects that Exhibit 12, Document TC 000776 RD - TC 000835 RD is not a September 1999 DMR. Objections at 3. However, a review of the document

proffered as Exhibit 12 reveals that Teck Cominco's objection is misplaced. The document is in fact a September 1999 DMR submitted to EPA on October 12, 1999. Cole dec. ¶21. The objection is groundless.

**Exhibit 38:** Teck Cominco asserts that this document is "additionally objectionable because it contains portions of two unrelated DMRs as though they were a single document." Opposition at 3. A review of Exhibit 38 indicates that it is in fact, a single May 2006 DMR and various attachments, submitted to EPA on June 15, 2006. Cole dec. ¶22. The objection is groundless.

**Exhibits 71, 72:** These documents were obtained after Adams deposed Mark Thompson. During the deposition, Mr. Thompson stated that he had spreadsheets summarizing all of the discharge data for the Red Dog Mine; Adams' asked for and received a copy of those spreadsheets. Cole dec. ¶23. Now, Teck Cominco makes the odd objection here that while it does not object to the admission of these exhibits, it "does object to any inference that the contents have any particular meaning" and claims that while the documents are authentic, "it has not been established whether the contents are." Objections at 4-5. Since Teck Cominco admits that the documents are authentic, its objection should be overruled. Any remaining issues are issues of credibility and should be resolved at trial. The objection is groundless.

**Exhibits 134, 135:** Teck Cominco objects that Exhibit 134 is missing two pages and the attachment was not produced during discovery. Exhibit 134 is a letter to Enoch Adams, Jr., from James Kulas of Teck Cominco dated October 11, 2002. Teck Cominco further objects that Exhibit 135 is missing the attachment referenced within. Exhibit 135 is a letter to Enoch Adams, Jr., from James Kulas dated October 13, 2002. A review of these documents shows that, although an attachment is referenced in Exhibit 134, it was not attached to the first letter. Instead, it was attached to the letter sent on October 13 because "it had taken longer to compile and was not available when that letter was sent." Exhibit 135 at 1. The confusion was caused by a collating error; the attachment was attached to Exhibit 134 instead of 135. This should cure Teck Cominco's objections to the documents as incomplete. Teck Cominco further argues that Exhibit 135 is marked admitted, Teck Cominco claims it never agreed to admit it. However,

Adams' counsel was informed and believes that Teck Cominco agreed to admit Exhibit 135. Cole dec. ¶24. As the letter is from Teck Cominco and is an admission of party opponent, Teck Cominco cannot persuasively claim that is was "not produced during discovery."

Teck Cominco further objects to Exhibits 108, 109, 115, 116, 117, 118, 119, 120, 121, 124, 125, 127, 131, 139, 140, 141, 142, 143, 144, 147, 169, 170 on the grounds that foundation is needed. These objections should be overruled. Adams will establish the foundation for any exhibit it introduces at trial.

**Exhibits 161, 161, 162, 163, 164:** Teck Cominco objects to these exhibits as irrelevant because they pertain to Teck Cominco Limited and not Teck Cominco Alaska Incorporated. Adams will prove the relevance at trial, but in a nutshell the documents are relevant because Teck Cominco is a wholly owned subsidiary of Teck Cominco Limited and the annual reports list the performance of Teck Cominco Alaska Incorporated. The contents of these documents contain information that is relevant to Teck Cominco. These documents were disclosed to Teck Cominco as part of Adams's responses to discovery requests. Cole dec. ¶25; *see* Exhibit 3 to Cole dec. at 19 (listing the annual reports as documents responsive to Request for Production No. 149).

**Exhibits 142, 146:** Teck Cominco objects to Exhibits 142 and 146 because it asserts that expert testimony should be presented as testimony and not as an exhibit. Adams intends to put its expert witnesses on the stand and does not submit the reports in lieu of testimony, but rather as a summary for the convenience of the court. FRE 1006. They should be admitted here.

## XI. TECK COMINCO CANNOT CREDIBLY CLAIM SURPRISE AT PREVIOUS FILINGS IN THIS CASE AND THE KRPC CASE.

In its Exhibit List (Docket 190), Adams indicated its intent to rely on several previous filings with this Court, including the Complaint and attachments [Docket 1], Teck Cominco's Answer [Docket 6], the Supplemental Complaint and attachments [Docket 183], Teck Cominco's Answer to the Supplemental Complaint [Docket 184], and Teck Cominco's admissions in its Opposition to Motion for Summary Judgment [Docket 100]. Teck Cominco objects to the use of these documents as evidence because "none of these exhibits have been

marked or offered to the defendants for review." Objections at 7.

This argument is without merit. All of these documents are previous filings in this case and three of the documents are Teck Cominco's admissions in this case. Teck Cominco cannot claim to be surprised by the contents of these documents. Adams expects to rely on the Complaint and Answer in the KRPC case as well.

## XII. TECK COMINCO'S OBJECTIONS TO PLAINTIFFS' PAGE COUNTS ARE WELL TAKEN.

Finally, Teck Cominco also objects that Adams miscounted the total page numbers for 19 of the 182 documents it lodged as exhibits – Exhibits 115, 116, 117, 118, 119, 120, 121, 124, 125, 127, 131, 138, 151, 152, 153, 154, 155, 159 and 168. Objections at 1. Teck Cominco is correct, and through attaching the first page of each of these exhibits with a correct page count, Adams cures this deficiency. Cole dec., Exhibit 10. Adams apologizes to the Court for this typographic and counting error, which in some cases resulted from the use of a cover page to a Bates-stamped document that was not itself Bates-stamped.[2] Cole dec. ¶25. As each of the documents listed by Teck Cominco is document Adams *received from Teck Cominco* that is *sequentially Bates-stamped by Teck Cominco* with "TC ... RD" Bates numbers, with no pages missing, Teck Cominco's passing assertion (though not apparent objection) that there are "issues as to authenticity and foundation" is misplaced. Each of these documents Teck Cominco stipulated to the admission of during the parties Rule 39.3 meeting in Anchorage on January 18, 2008, and any problem caused by plaintiffs stating that a document had one page more or less than it actually had – while at the same time accurately listing the Bates-stamp numbers and providing the actual document – is both cured by plaintiffs today and inconsequential in the larger scheme of this case.

In the alternative, Adams can and will establish the authenticity of these documents at

---

[2]Teck Cominco also objects that "plaintiffs did not number the pages of their exhibits in accordance with the instructions of the clerk." Objection at 1. Adams does not understand this objection: Adams strictly followed the instructions given to plaintiffs' counsel by the clerk (see Exhibit 9 to Cole dec.), but was never instructed by the clerk as to how to number the pages of exhibits. Cole dec. ¶26. Adams has complied in good faith with every requirement of D.Ak. L. Rule 39.3 and the clerk's instruction sheet. Cole dec. ¶26.

trial (although it is unclear that Teck Cominco even challenges that authenticity). Because the roles of the court and the trier of fact are merged in a bench trial, the Court need not keep out relevant evidence, simply because Adams' counsel incorrectly numbered the pages. *See*, *American Exp. Travel Related Servs v. Vinhnee (In re Vinhnee)*, 336 B.R. 437 (Bankr. Fed. App. 2005).

**XIII. CONCLUSION**

As explained in the previous sections, Teck Cominco's objections are, almost without exception, groundless. Some of them border on the frivolous. All should be rejected, and the exhibits admitted for use at trial.

Respectfully submitted,

/s/ Luke Cole
Luke Cole
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February 2008, a true and correct copy of the foregoing Response to Teck Cominco's Objections to Exhibits was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

/S/ Luke Cole
Luke Cole