LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN, <br><br> Plaintiffs, <br><br> v. <br><br> TECK COMINCO ALASKA INCORPORATED <br><br> Defendant. <br> _____ <br> NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH, <br><br> Intervenors-Defendants. <br> _____ | Case No. A04-49 (JWS) <br><br> DECLARATION OF LUKE COLE IN SUPPORT OF PLAINTIFFS' RESPONSE TO TECK COMINCO'S OBJECTIONS TO PLAINTIFFS' EXHIBITS |

DECLARATION OF LUKE COLE IN SUPPORT OF
PLAINTIFFS' RESPONSE TO TECK COMINCO'S
OBJECTIONS TO PLAINTIFFS' EXHIBITS

1 I, Luke Cole, declare:

2     1. I am over 18 years of age and not a party to this action. I am the lead counsel for
3 plaintiffs in this action and as such have responsibility for all filings and disclosures in the case.

4     2. On January 18, 2008, all parties' counsel met at the offices of Teck Cominco's
5 counsel, Hartig Rhodes, in Anchorage to review the parties proposed documents.

6     3. I initiated the meeting pursuant to Local Rule 39.3.

7     4. At that meeting, I made available to defendants' counsel all documentary exhibits it
8 has lodged with the Court, and provided counsel with a preliminary list containing every
9 document it intended to introduce at trail (and ultimately lodged with the Court). A true and
10 correct copy that list is attached as Exhibit 1 (the actual version provided to Teck Cominco may
11 have a date listed on it). Adams's list consisted of 203 exhibits. During exhibit review, the
12 parties agreed to include roughly 20 of those exhibits as "Joint Exhibits" to be filed by all parties.
13 Adams thus took those exhibits off its final exhibit list.

14     5. At that meeting, Teck Cominco's counsel Sean Halloran approved the admission of a
15 number of documents.

16     6. In reliance on this approval and stipulated admission, I prepared and marked the
17 exhibits admitted by all parties as "ADM" on the exhibits lodged with the Court on January 22
18 and delivered to all parties on January 23, 2008.

19     7. The documents that Teck Cominco approved during the Rule 39.3 review and now
20 objects to include Exhibits 5, 74-90, 92-101, 108-109, 115-121, 124-125, 127, 131, 138, 150-
21 155, 159 and 168.

22     8. Adams counsel showed Teck Cominco's counsel the excerpt of the EPA's
23 Environmental Appeals Board's decision during the January 18, 2008 exhibit review. Teck
24 Cominco's counsel Sean Halloran reviewed the document and raised no objection to it being an
25 excerpt of the EAB decision, instead signing off on its stipulated admission. Had Mr. Halloran
26 objected to the admission of the excerpt, it would have been simple to substitute the whole
27 document at that time.

28

DECLARATION OF LUKE COLE IN SUPPORT OF
PLAINTIFFS' RESPONSE TO TECK COMINCO'S
OBJECTIONS TO PLAINTIFFS' EXHIBITS     1

1   9. The excerpt of the EAB decision is the only portion of the 55-page decision that is
2   relevant to the issues at trial. It concerns the portion of the 2003 Permit Modification that was
3   remanded by the EAB, leaving in place the TDS permit limitations of the 1998 permit.
4   10. I showed Teck Cominco's counsel exhibits 74 through 101 during the January 18,
5   2008 exhibit review. Teck Cominco's counsel Sean Halloran reviewed the documents, all of
6   which are letters from Teck Cominco to EPA describing apparent permit exceedances. Mr.
7   Halloran raised objections to Exhibit 91 and 101, on grounds that Exhibits 91 and 101 were not
8   complete. Adams thus marked those two exhibits "ID" rather than "ADM." Mr. Halloran had no
9   objection to the admission of Exhibits 74 through 90 and 92 through 101.
10   11. I showed Teck Cominco's counsel exhibits 108 and 109, which are Teck Cominco's
11   sworn responses to Interrogatories, during the January 18, 2008 exhibit review. Teck Cominco's
12   counsel Sean Halloran reviewed the documents and approved them, as is, for admission. Had
13   Mr. Halloran objected to the admission of Exhibits 108 and 109, it would have been simple to
14   include the Attachments D and F which Teck Cominco now objects to not being included.
15   Although Teck Cominco now says (in an unsworn assertion of counsel) that "Teck Cominco did
16   not agree to an incomplete document being admitted," Objection at 4, that is precisely what Teck
17   Cominco did.
18   12. I showed Teck Cominco's counsel Exhibit 150 during the January 18, 2008 exhibit
19   review. Teck Cominco's counsel Sean Halloran reviewed the document and approved it for
20   admission. Exhibit 150 is a copy of the Consent Decree in *United States of America v. Cominco*
21   *Alaska Incorporated*, A97-267-CIV (JKS) (filed November 25, 1997); the original is a certified
22   copy. Both Adams and Teck Cominco disclosed this document, and Teck Cominco itself
23   produced a copy of this document during discovery. Attached as Exhibit 3 is a true and correct
24   excerpt from Enoch Adams, Jr.'s Responses to Teck Cominco's Fifth Requests for Production,
25   including RFP Nos. 118, 120, 121, 122, 123, 130, 131, 132, 133, 134 and 148, served on Teck
26   Cominco on March 16, 2005. An almost identical RFP was included in the Discovery responses
27   of Jerry Norton, David Swan, Andrew Koenig and Joseph Swan. The case was mentioned in
28

DECLARATION OF LUKE COLE IN SUPPORT OF
PLAINTIFFS' RESPONSE TO TECK COMINCO'S
OBJECTIONS TO PLAINTIFFS' EXHIBITS            2

more than 50 discovery responses.

13. I showed Teck Cominco's counsel Exhibits 115, 116, 117, 118, 119, 120, 121, 124, 125, 127, 131, 138, 151, 152, 153, 154, 155, 159 and 168 during the January 18, 2008 exhibit review. The documents are internal Teck Cominco reports which Teck Cominco produced during discovery (115, 116, 117, 118, 119, 120, 121, 124, 125, 127, 131) and Teck Cominco's financial statements which it produced during discovery (151, 152, 153, 154, 155, 159). Teck Cominco's counsel Sean Halloran reviewed the documents and approved them for admission.

14. I showed Teck Cominco's counsel Exhibits 165, 166 and 167 during the January 18, 2008 exhibit review. Teck Cominco's counsel Sean Halloran reviewed the documents and approved them for admission. Teck Cominco's counsel made no disclosure at the Rule 39.3 exhibit review that Teck Cominco would be offering the same exhibit. Attached as Exhibit 2 is a true and correct copy of the Exhibit List that Teck Cominco provided me on January 18, 2008. The hand-written annotations are my notes from that meeting.

15. I showed Teck Cominco's counsel Exhibits 43-70 during the January 18, 2008 exhibit review. Teck Cominco's counsel Sean Halloran reviewed the documents and approved them for admission. Adams and Teck Cominco agreed to have these exhibits fully admitted (along with the complete laboratory reports from which they came, submitted by Teck Cominco). Attached as Exhibit 4 is a true and correct copy of an email from Rachel Davis of Teck Cominco's law firm to me, memorializing this stipulation. Adams allowed in all of Teck Cominco's lab reports that it had previously been served – despite the fact that the vast majority were served on Adams well after the Court's August 31, 2007 deadline for such disclosures – with the agreement that Adams's excerpts of the lab reports would also be allowed in. Had Teck Cominco not made this agreement, Adams might well not have stipulated to the admission of all the late-disclosed lab reports. Adams has relied to its detriment on the representations of Teck Cominco's law firm.

17. Teck Cominco objects that Exhibit 92 is "missing [its] fax cover sheet[] and their spill reports" although Teck Cominco has previously authenticated it as a "true and correct copy"

DECLARATION OF LUKE COLE IN SUPPORT OF
PLAINTIFFS' RESPONSE TO TECK COMINCO'S
OBJECTIONS TO PLAINTIFFS' EXHIBITS               3

in Requests for Admission.  A true and correct copy of Teck Cominco's responses to various relevant Requests for Admission in the KRPC case is attached as Exhibits 5, 6 and 7.  Teck Cominco also objects to the inclusion of many of its original DMRs as "incomplete."  These DMRs were admitted as "true and correct" copies in the KRPC litigation, and as "true and correct" copies of earlier-filed DMRs in this litigation.

18. In the KRPC case, Teck Cominco admitted that the DMRs were true and correct.  In this case, as its litigation strategy emerged, Teck Cominco has admitted that most of these DMRs are a "true and correct copy of an earlier, and now superseded... DMR" in its Requests for Admission in this case.  Teck Cominco also provided Adams with a preliminary exhibit list on January 18, 2008.  This exhibit list included 139 exhibits.  Exhibit 2 to Cole dec.  Teck Cominco's counsel described it as a "work in progress."

19. The DVD at Exhibit 147 is a transfer from a videotape that was used by the U.S. Environmental Protection Agency to take enforcement action against Teck Cominco and which Teck Cominco has received in the past.  Authentication and foundation will be provided at trial.

20. A true and correct copy of the first two pages of Exhibit 122 is attached as Exhibit 8.

21. A review of the document proffered as Exhibit 12 reveals that the document is in fact a September 1999 DMR submitted to EPA on October 12, 1999.

22. A review of Exhibit 38 indicates that it is in fact, a single May 2006 DMR and various attachments, submitted to EPA on June 15, 2006.

23. Exhibits 71 and 72 were obtained after Adams deposed Mark Thompson. During the deposition, Mr. Thompson stated that he had spreadsheets summarizing all of the discharge data for the Red Dog Mine; Adams' asked for and received a copy of those spreadsheets.

24. My recollection of the January 18, 2008 meeting with Mr. Halloran is that Teck Cominco agreed to admit Exhibit 135, although, unlike my notes on the other exhibits at issue here, my notes and memory are not clear on this particular exhibit.

25. The Teck Cominco Limited annual reports were disclosed to Teck Cominco as part of Adams's responses to discovery requests.

DECLARATION OF LUKE COLE IN SUPPORT OF
PLAINTIFFS' RESPONSE TO TECK COMINCO'S
OBJECTIONS TO PLAINTIFFS' EXHIBITS                4

25. Attached as Exhibit 10 is a true and correct copy of the corrected first page of each exhibit Teck Cominco objects to on the grounds that I put the wrong number of pages on that first page. This mis-counting in some cases resulted from the use of a cover page to a Bates-stamped document that was not itself Bates-stamped.

26. Adams strictly followed the instructions given to plaintiffs' counsel by the clerk, a true and correct copy of which are attached as Exhibit 9. I was never instructed by the clerk as to how to number the pages of exhibits. I have tried to comply in good faith with every requirement of D.Ak. L. Rule 39.3 and the clerk's instruction sheet.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of February at San Francisco, California.

                                         /s/ Luke Cole
                                         Luke Cole

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February 2008, a true and correct copy of the foregoing Declaration of Luke Cole in Support of Response to Teck Cominco's Objections to Exhibits was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

DECLARATION OF LUKE COLE IN SUPPORT OF
PLAINTIFFS' RESPONSE TO TECK COMINCO'S
OBJECTIONS TO PLAINTIFFS' EXHIBITS       5

| | |
|---|---|
| 1 | Nancy S. Wainwright |
| | Law Offices of Nancy S. Wainwright |
| 2 | 13030 Back Road, Suite 555 |
| | Anchorage, Alaska 99515-3538 |
| 3 | |
| | James E. Torgerson |
| 4 | Heller Ehrman White & McAuliffe LLP |
| | 510 L Street, Suite 500 |
| 5 | Anchorage, Alaska 99501-1959 |
| 6 | David S. Case |
| | Landye Bennett Blumstein LLP |
| 7 | 701 W. 8th Ave., Suite 1200 |
| | Anchorage, AK 99501 |
| 8 | |
| | Thane Tienson |
| 9 | Landye Bennet Blumstein |
| | 1300 Southwest Fifth Ave, Suite 3500 |
| 10 | Portland, OR 97201 |
| 11 | _____ |
| | /S/ Luke Cole |
| | Luke Cole |

DECLARATION OF LUKE COLE IN SUPPORT OF
PLAINTIFFS' RESPONSE TO TECK COMINCO'S
OBJECTIONS TO PLAINTIFFS' EXHIBITS                6