LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
Adams, Andrew Koenig, Jerry Norton, David
Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>    Defendant.<br>_____<br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>    Intervenors-Defendants.<br>_____ | Case No. A04-49 (JWS)<br><br>PLAINTIFFS' RESPONSE TO NANA'S OBJECTIONS TO PLAINTIFFS' EXHIBITS |

PLAINTIFFS' RESPONSE TO NANA'S
OBJECTIONS TO PLAINTIFFS' EXHIBITS

Plaintiffs Enoch Adams, Jr., *et al*. ("Adams") submit the following response to NANA's Objections to Plaintiffs' Exhibit List [Docket 217] ("NANA Objections"). NANA makes three objections: 1) several documents are hearsay; 2) it reserves its right to object to some exhibits on Rule 26 grounds; and 3) it joins Teck Cominco's objections. Adams understands that the Rule 26 issue is now resolved. Adams addresses Teck Cominco's objections elsewhere (at Docket 233). It thus focuses on the hearsay objections here.

## I. THE CURRICULUM VITAE ARE ADMISSIBLE HEARSAY.

NANA objects to Exhibits 7, 136, 137, 145 and 146 on the grounds that they are inadmissible hearsay. NANA Objections at 1. These exhibits are the curriculum vitae ("CV") of Adams' expert witnesses, Dr. Robert Moran, Ken Fucik, Randolph Fischer and Dr. Michael Kavanaugh, and Dr. Kavanaugh's expert report. They are admissible hearsay under the Federal Rules of Evidence. Under FRE 803(6), a

> memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by . . . a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness" is admissible as an exception to the hearsay rule.

The term "business" here includes any profession or occupation. FRE 803(6). The CVs are admissible under the business records exception to the hearsay rule because they are records of the experts' professional activities kept by the experts in the regular course of their professional activity; likewise the expert report.

In the alternative, if the Court does not agree that the resumes should be admitted under FRE 803(6), they should be admitted under FRE 807:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

The CVs are admissible under this rule because they have sufficient circumstantial guarantees of trustworthiness. The qualifications of experts are material facts. FRE 702 (expert

witness must be "qualified as an expert by knowledge, skill, experience, training, or education"). The CVs are as probative of the expert's qualifications as testimony from the expert at trial, but less burdensome. The CVs should be admitted to serve the interests of judicial economy. They serve as summaries of the experts' professional experience for the court's convenience. The alternative is to require the expert witness to testify to each of his many qualifications on the witness stand, wasting valuable court time.

Similarly, the expert report is a distillation of Dr. Kavanaugh's views that is admissible under FRE 807. It is offered as evidence of a material fact, it is more probative on the point for which it is offered than any other evidence except the actual testimony of Dr. Kavanaugh which the proponent can procure through reasonable efforts, and the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

## II.   THE OTHER DOCUMENTS ARE ALSO ADMISSIBLE.

NANA additionally objects to Exhibits 138-144 on grounds that the documents are inadmissible hearsay. These documents include various other reports, memoranda and Manuals. Several are offered for purposes other than the truth of the matter asserted, such as Exhibit 142, which is offered as evidence that Randolph Fischer has experience in doing the types of estimates that he undertaking as his expert testimony in this case. Exhibits 143 and 144 are manuals on such estimation. Exhibits 138-141 are resources used to estimate costs of water treatment and to determine water treatment systems. All are admissible for the purposes for which they will be used at trial.

Respectfully submitted,

/s/ Luke Cole
Luke Cole
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February 2008, a true and correct copy of the foregoing Response to NANA's Exhibit Objections was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

_____
        /S/  Luke Cole

Luke Cole

PLAINTIFFS' RESPONSE TO NANA'S
OBJECTIONS TO PLAINTIFFS' EXHIBITS         3