LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
450 Geary Street, Suite 500
San Francisco, CA 94102
415/346-4179 • fax 415/346-8723

THOMAS A. DOSIK, Alaska Bar No. 9505018
Law Office of Thomas A. Dosik
431 West 7th Avenue, Suite 204
Anchorage, AK 99501
907/868-1848 • fax 907/868-1180

Attorneys for Plaintiff
Kivalina Relocation Planning Committee

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| KIVALINA RELOCATION PLANNING COMMITTEE<br><br>Plaintiff,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED,<br><br>Defendant. | Case No. A02-231 CV(JWS)<br><br>KIVALINA RELOCATION PLANNING COMMITTEE'S OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS BY NORTHWEST ARCTIC BOROUGH |

I.   KRPC OPPOSES THE STAY MOTION.

Plaintiff Kivalina Relocation Planning Committee ("KRPC") respectfully opposes proposed intervenor Northwest Arctic Borough's Motion for Stay of Proceedings Pending Resolution of Interlocutory Appeal (hereafter, "Motion"). None of NAB's three asserted grounds for the motion are valid, and the stay would cause significant prejudice to KRPC. There are simply no grounds for this Court to take the extreme step of staying the parties' activities in this suit at the request of an entity that this Court has already determined has no right to be a party to this suit. Because NAB is not a party to this suit, its motion is



inappropriate. KRPC respectfully requests that the stay motion be denied.

## II. NAB DOES NOT MEET THE STANDARD FOR A STAY.

Although NAB argues that neither Rule 62 of the Federal Rules of Civil Procedure nor Rule 8 of the Federal Rules of Appellate Procedure applies to its stay request because it is not attempting to stay a judgment, NAB offers no reason why the same legal *standard* should not be applied to its request to stay the proceedings. Whether or not Rule 62 or Rule 8 applies, the stay application must be governed by Ninth Circuit law regarding the standard for the issuance of a stay.

The standard for evaluating stays pending appeal is similar to that employed by District Courts in deciding whether to grant a preliminary injunction. *See Nevada Airlines, Inc. v. Bond*, 622 F.2d 1017, 1018 n. 3 (9th Cir. 1980). In the Ninth Circuit there are two interrelated legal tests for the issuance of a preliminary injunction; these tests are not separate but rather represent "the outer reaches 'of a single continuum.'" *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1201 (9th Cir.1980). At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. *Id.; see also Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor. *Los Angeles Memorial Coliseum Commission*, 634 F.2d at 1201; *Miss Universe*, 605 F.2d at 1134. "The relative hardship to the parties" is the "critical element" in deciding at which point along the continuum a stay is justified. *Benda v. Grand Lodge of International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978), *cert. dismissed*, 441 U.S. 937 (1979). In addition, the public interest is a factor to be strongly considered. *See Warm Springs Dam Task Force v. Gribble*, 565 F.2d 549, 551 (9th Cir. 1977). NAB meets neither the "success/injury" standard nor the "legal questions/hardships" standard, and its motion should be denied.

### A. NAB shows neither probability of success on the merits nor irreparable injury.

NAB does not meet the first standard for a stay, the "success on the merits/irreparable injury" end of the continuum. NAB offers no discussion of the merits of its failed attempt to intervene, nor any argument regarding its chance of success at the Ninth Circuit. Because of the broad discretion afforded the District Court in intervention matters, it is unlikely that this Court's denial of NAB's Motion to Intervene will be overturned. NAB did not address its probability of success on the merits, thus fails the first part of the "success on the merits/irreparable injury" standard.

Nor does NAB claim it will suffer irreparable harm. As discussed below in Section III.C, NAB's most specific asserted harm is that, under this Court's Scheduling and Planning Order, a final witness list must be filed by December 12, 2003, and if the Court of Appeal allows NAB to intervene, if "the reversal occurs after December 12, 2003, NAB will be precluded from calling witnesses at trial whose names do not appear on the witness lists of others." Motion at 3. This harm is hardly irreparable; KRPC suggests two ways to remedy it in Section III.C, below. NAB also claims that it may be precluded from participating in discovery and settlement negotiations, but this does not rise to the level of irreparable injury. NAB does not meet the second part of the "success on the merits/irreparable injury" standard, either, and thus its motion must fail.

### B. NAB does not demonstrate that it raises serious legal questions or that the balance of hardships tips "sharply" in its favor.

To secure a stay under the other standard adopted by the Ninth Circuit, NAB must demonstrate that it has raised serious legal questions and that "the balance of hardships tips *sharply* in its favor." *Los Angeles Memorial Coliseum Commission*, 634 F.2d at 1201 (emphasis added). NAB does not argue in its motion that there are serious legal questions in play, thus failing to meet the first part of the standard. Further, its vague assertions that the hardships it will endure (*e.g.*, not getting to name witnesses in time) do not outweigh the concrete injury that KRPC will suffer if this matter is stayed.

According to Teck Cominco's earlier filings in this case (*e.g.*, Amended Answer, ¶76),

the spring discharge season is to commence some time in May 2003. Were this Court to stay these proceedings, that stay would bar KRPC from seeking injunctive relief requiring Teck Cominco to comply with its permits during the upcoming discharge season. KRPC would suffer significant harm if Teck Cominco is allowed to continue to violate its permits. KRPC members would have to continue to endure the pollution of the Red Dog Creek and the Wulik River, which they allege is causing changes to the migration patterns and abundance of fish, marine mammals and terrestrial mammals. Complaint, ¶¶ 6, 67. Such actual harm clearly outweighs the speculative harm NAB asserts. "Environmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i. e., irreparable." *Amoco Production Company v. Gambell*, 480 U.S. 531, 545 (1987). NAB meets neither of the prongs of the "legal questions/hardships" standard, and its motion should be denied.

### III. NAB'S ASSERTED GROUNDS ARE NOT VALID

NAB asserts that "considerations of judicial economy, the lack of prejudice to the parties, and the harm to NAB's interests weigh in favor of a stay." Motion at 3. None of these assertions are correct.

**A. There is no judicial economy in granting a stay.**

NAB offers no support for its first argument, that "considerations of judicial economy" favor a stay. Motion at 3. KRPC is unable to discern how keeping the actual parties to this suit from pursuing settlement and taking part in discovery will further judicial economy. Indeed, proposed intervenor NAB has now filed as many motions in this case (4) as all of the actual parties to the case, combined. The stay motion should be denied.

**B. KRPC will suffer significant prejudice if a stay is granted.**

NAB next asserts, without support, that the "the lack of prejudice to the parties... favors a stay." Motion at 3. It later asserts, also without support, that "Neither KRPC nor Cominco

KRPC'S OPPOSITION TO MOTION FOR STAY        -4-

will be substantially injured by a stay." Motion at 5. These assertions are simply incorrect. As noted above, if there were to be a stay of these proceedings, the stay would bar KRPC from seeking injunctive relief requiring Teck Cominco to comply with its permits during the upcoming discharge season. KRPC members would have to continue to endure the illegal pollution of the Red Dog Creek and the Wulik River. This is substantial injury.

  C. **NAB's only alleged specific harms are easily curable without a stay.**

NAB's most specific asserted harm is that, under this Court's Scheduling and Planning Order, a final witness list must be filed by December 12, 2003, and if the Court of Appeal allows NAB to intervene, if "the reversal occurs after December 12, 2003, NAB will be precluded from calling witnesses at trial whose names do not appear on the witness lists of others." Motion at 3. This entirely speculative harm hardly outweighs the significant prejudice to the actual parties to this lawsuit that a stay would cause.

There are two simple ways to obviate the harm NAB alleges it would suffer, neither of which involve prejudice to the existing parties to this suit. First, NAB could simply supply Teck Cominco with the names of any witnesses it might call were it to be allowed to intervene. NAB and Teck Cominco's interests are closely aligned here, and Teck Cominco has already listed NAB Mayor Ross Schaefer as a potential witness in its initial disclosure. Second, in the unlikely event that 1) Teck Cominco declines to list any potential NAB witnesses, and 2) NAB is allowed to intervene, and 3) that intervention comes after the December 12, 2003, witness disclosure cut-off, KRPC would support an application by NAB *at that time* to file a witness list and have those witnesses be allowed to testify at trial. There is simply no reason to prejudice the actual parties to this case on the off-chance that a non-party may at some time in the future suffer some type of harm, particularly when that harm is easily remediable when and

KRPC'S OPPOSITION TO MOTION FOR STAY  -5-

if it were to occur.

NAB also asserts that it will be "denied the right to fully participate in the litigation" because it cannot now participate in discovery and settlement negotiations. NAB concedes, however, that the "court could extend the discovery period if NAB prevails on appeal," Motion at 5, thus offering a simple solution to its generalized claim of harm. A stay is not necessary to protect NAB's asserted interests.

IV. THE PUBLIC INTEREST FAVORS ALLOWING THE PARTIES IN THIS SUIT TO PROCEED WITH THE SUIT.

NAB makes a final argument, that the "public interest favors a stay." Motion at 5. It then makes the surprising argument that

> Our system is based on the principle that litigants should have their day in court. The public interest dictates that all litigants who have the right to participate are afforded the opportunity to fully participate.

*Id.* NAB, however, has already *had* its day in court – and this Court determined that NAB does not have a right to participate in the present litigation. Moreover, NAB's statement that the public interest "dictates that all litigants who have the right to participate are afforded the opportunity to fully participate" is undoubtedly correct, and serves as a good rationale for denying this motion for stay. KRPC and Teck Cominco must be allowed to continue to fully litigate this suit without delay from non-parties.

VI. CONCLUSION

NAB's request for a stay is both inappropriate and unsupported. It meets neither of the Ninth Circuit's standards for such stays. None of the grounds it offers for this Court taking the extreme step of halting the litigation are valid, and KRPC would suffer significant harm if a stay were imposed. KPRC thus respectfully requests that NAB's motion be denied.

KRPC'S OPPOSITION TO MOTION FOR STAY    -6-

G
6   8

Dated this 15th day of April 2003.

CENTER ON RACE, POVERTY
& THE ENVIRONMENT

_____
Luke W. Cole

LAW OFFICES OF THOMAS DOSIK

Attorneys for Plaintiff
Kivalina Relocation Planning Committee

CERTIFICATION OF SERVICE

I, Luke W. Cole, am over 18 years of age and not a party to this action. My business address is 450 Geary Street, Suite 500, San Francisco, CA 94102.

On April 15, 2003, I served the KIVALINA RELOCATION PLANNING COMMITTEE'S OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS BY NORTHWEST ARCTIC BOROUGH on the following parties by U.S mail:

Lawrence Hartig
Robert Mahoney
Hartig Rhodes Hoge & Lekisch
717 K Street
Anchorage, AK 99501

Thomas A. Dosik
Law Offices of Thomas A. Dosik
431 West 7th Avenue, Suite 204
Anchorage, AK 99501

James E. Torgerson
Heller Ehrman
510 L Street, Suite 500
Anchorage, AK 99501

David Case
Landye Bennet Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, AK 99501

Thane W. Tienson
Landye Bennet Blumstein LLP
1300 SW 5th Avenue
3500 Wells Fargo Center
Portland, OR 97201

I certify under penalty of perjury that the above is true and correct. Executed on April 15, 2003 at San Francisco, CA.

_____
Luke W. Cole

KRPC'S OPPOSITION TO MOTION FOR STAY   -8-