FILED
US DISTRICT COURT
DISTRICT OF ALASKA

David S. Case, P.C., Alaska Bar No. 7505010
Landye Bennett Blumstein LLP
701 West 8th Avenue, Suite 1200
Anchorage, AK  99501
Telephone:  (907) 276-5152
Facsimile:  (907) 276-8433

2?? NOV -4  PM 3: 26

Attorneys for Northwest Arctic Borough

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

<table>
<tr><td>KIVALINA RELOCATION PLANNING COMMITTEE,<br><br>Plaintiff,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED,<br><br>Defendant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No. A02-231 CV (JWS)<br><br><br><br><br><br>**DEFENDANT-INTERVENOR NORTHWEST ARCTIC BOROUGH'S MOTION FOR LEAVE TO INTERVENE AND SUPPORTING MEMORANDUM OF LAW**</td></tr>
</table>

Defendant-Intervenor Northwest Arctic Borough ("NAB")

hereby moves this Court for leave to intervene as a defendant

in this action.  NAB makes this request pursuant to

Fed.R.Civ.P. 24, which allows permissive intervention when the

intervenor-applicant's claims and the main action involve

common questions of law or fact.  The memorandum in support

filed with this motion demonstrates that the defenses asserted

- 1 -

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Exhibit H
Page 1 of 25

by NAB are aligned with those asserted by defendant in this action. In addition, NAB is entitled to intervene as a matter of right pursuant to the Federal Rules of Civil Procedure because:

> (1)   It and its citizens have significant protectable interests relating to the legal and factual issues that are the subject of this action;

> (2)   They are so situated that the disposition of this action may, as a practical matter, impair or impede their ability to protect those interests; and

> (3)   Their interests are not adequately represented by the existing parties.

In support of this motion, NAB relies upon the following "Memorandum of Law" and such other and further documentary or oral evidence as may be presented before or at any hearing of this motion. Assuming that the Court grants this motion, NAB will participate in briefing of such motions that may be pending before the Court without undue delay in any existing briefing schedule. NAB has conferred with both defendant and plaintiff. Defendant does not oppose NAB's intervention but the plaintiff will.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

– 2 –

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

Exhibit H
Page 2 of 25

# MEMORANDUM OF LAW

Defendant-Intervenor Northwest Arctic Borough is the homerule, regional government for the Northwest Arctic region of Alaska in which the Red Dog Mine and the associated Delong Mountain Transportation System ("DMTS") are the primary sources of borough revenue.  The Red Dog Mine deposit is owned by the NANA Regional Native Corporation, and the mine is operated by Teck Cominco Alaska, Inc. ("TCAK").  Plaintiff has requested that the Court assess penalties totaling almost $60 million, together with attorney fees, and to require TCAK to comply with the current National Pollutant Discharge Elimination System ("NPDES") permits. The interests of NAB and its citizens can only be protected if it is allowed to intervene and participate in this litigation and in any accompanying settlement discussions.  NAB is therefore entitled to intervene as a matter of right in this lawsuit to protect the interests of its citizens.  Alternatively, even if mandatory intervention were not available, NAB should be allowed permissive intervention.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 3 -

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

Exhibit  H
Page 3  of 25

## ARGUMENT

**I.    NAB is Entitled to Intervene as a Matter of Right.**

Intervention as of right under the Fed.R.Civ.P. 24(a)(2)

requires that the intervenor-applicant satisfy the

requirements of a four-part test:

> (1)   The intervenor-applicant's motion must be timely;
>
> (2)   The intervenor-applicant must claim a
> "significantly protectable" interest relating to
> the property or transaction that is the subject of
> this action;
>
> (3)   The intervenor-applicant must be so situated that
> the disposition of the action may, as a practical
> matter, impair or impede its ability to protect
> that interest; and
>
> (4)   The intervenor-applicant's interest must be
> inadequately represented by the parties to the
> action.

*Sierra Club v. EPA*, 995 F.2d 1478 (9th Cir. 1993).

The Ninth Circuit has consistently held that

Fed.R.Civ.P. 24(a)(2) should be construed broadly in favor

of intervenor-applicants for intervention. *See, e.g., U.S.*

*v. Oregon*, 839 F.2d 635, 637 (9th Cir. 1988); *Washington*

- 4 -

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

Exhibit   H
Page   4   of   25

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

*State Bldg. & Constr. Trades Council v. Spellman,* 684 F.2d 627, 630 (9ᵗʰ Cir. 1982), *cert. denied,* 461 U.S. 913 (1983). Although Fed.R.Civ.P. 24(a)(2) does not require that an applicant for intervention have a specific legal or equitable interest in the proceeding, NAB does have a specific protected legal interest in both the NPDES permit held by the defendant and in the property upon which the mine is located and to which it discharges its pollutants. *See County of Fresno v. Andrus,* 622 F.2d 436, 438 (9ᵗʰ Cir. 1980). NAB therefore has a specific interest in the disposition of this lawsuit, and it should be permitted to intervene as a matter of right.

A. **NAB's Motion is Timely.**

This case has recently been filed. A court considering timeliness must consider all of the circumstances of the particular case, construing the facts broadly in favor of the intervenor-applicant. *Westlands Water Dist. v. U.S.,* 700 F.2d 561, 563 (9ᵗʰ Cir. 1983). There are three relevant factors to timeliness:

> (1) The stage of the proceedings;

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 5 -

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

Exhibit _H_
Page _5_ of _25_

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

    (2)   The prejudice to the existing parties from any

           delay by the applicant in seeking leave to

           intervene; and

    (3)   Any reason for the length of delay in seeking

           intervention.

*Alaniz v. Tillie Lewis Foods*, 572 F.2d 657 (9th Cir. 1978),

*cert. denied*, 439 U.S. 837 (1978).

Here, there has been no delay on the part of NAB in seeking

intervention and no prejudice to the existing parties.  The

timeliness requirement has therefore been satisfied.

**B.**   **NAB Has a Significantly Protectable Interest in the**

**Subject of this Litigation.**

    In order to show an interest in the property or

transaction at issue in the litigation, the

intervenor-applicant must demonstrate a "significantly

protectable interest."  *Portland Audubon Soc. v. Hodel*, 866

F.2d 302, 308 (9th Cir. 1989), *cert. denied*, 492 U.S. 911

(1989).

    NAB has a direct and continuing interest in the

operation of the Red Dog Mine by the defendant.  Operation

of the Red Dog Mine and the associated DMTS are the primary

sources of revenue for the borough and any restrictions,

- 6 -

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

Exhibit *H*
Page *6* of *25*

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

reduction, or adverse effect on mine operations will have a
severe, adverse financial effect on the borough itself.   As
described in the Affidavit of NAB's mayor, the borough's
PILOT Agreement with TCAK is the principal source of the
borough's revenue, currently amounting to $5.5 million per
year.  *See* Affidavit of Roswell L. Schaeffer, Jr., attached
as Ex. "A", pp. 2-3.  In reliance on the PILOT Agreement
revenue, NAB has issued $46 million in general obligation
bonds for school construction and plans to issue an addition
of $24 million in bonds in 2003.  *Id.* at p. 3, ¶ 9. The
lawsuit threatens NAB's credit on existing bonds and may
prevent it from issuing future bonds.  *Id.* at p. 3, ¶ 10.

In addition, NAB has a direct and continuing interest
in the use of lands adjacent to water quality segments
("WQS") affected by this lawsuit.  NAB has an obligation to
protect the borough's environment, subsistence resources,
and to promote sustainable economic development for the
overall benefit of all borough citizens.  To protect its
environment and promote economic development, the borough
has adopted a comprehensive land use regulation ordinance as
"Title 9" of the borough's code.  *Id.* at p. 3, ¶ 11.  The
terms and conditions of the defendant's NPDES permit, as

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

well as the ability to renew or modify that permit, will be affected by the outcome of this litigation. The terms for renewal or modification of the NPDES permit as determined by this litigation could be inconsistent with Title 9 of NAB's code. It is under these circumstances, when a lawsuit directly affects permits or the use of real property, that an intervenor's interests are "squarely in the class of interests traditionally protected by law." *Sierra Club, supra,* 995 F.2d at 1483.

For these reasons, NAB and its citizens have a significant interest in the effective and responsible resolution of this case, either by negotiated settlement or judicial proceeding. Consequently, parties such as NAB that will be directly affected by the disposition of the litigation should be allowed the opportunity to protect their interests as a matter of right. NAB's significant interests can only be addressed through its intervention as a party.

C.    **NAB Intervention Will Protect NAB and Its Citizens' Interests.**

In the absence of intervention, NAB and its citizens' interests will be adversely affected by any disposition of

- 8 -

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Exhibit  H
Page  8  of  25

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

this case.  *See Sierra Club, supra*, 995 F.2d at 1486.  As a
practical matter, NAB's interests would be impaired by the
disposition of this case because the continued operation of
the mine in the borough and the continued use of the
property is specifically contingent upon a workable
resolution of this litigation and plaintiff's claims for
relief.  NAB seeks to assure that the outcome of this
proceeding assumes a process that will result in an
effective NPDES permit based on a clear understanding of
legal obligations under the Clean Water Act and the
borough's practical, financial situation and its regulatory
regime.  It is therefore required that this litigation
include significantly affected parties such as NAB that will
be directly affected by its disposition.

**D.   The Existing Parties Will Not Adequately Represent the
Interests of NAB.**

An intervenor is adequately represented under
Fed.R.Civ.P. 24(a)(2) only if:

> (1)   The interests of a present party to the litigation
> are such that the party will undoubtedly make all
> of the potential intervenor's arguments;

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

Exhibit **H**
Page **9** of **25**

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

(2)   The present party is capable of and willing to
      make the argument; and

(3)   The intervenor would not offer any necessary
      element to the proceedings that other parties
      would neglect.

See, e.g., County of Fresno, supra, 622 F.2d at 438.   Here,

NAB's interests are not adequately represented.

> The requirement of the Rule is satisfied if the
> applicant shows that representation of his
> interest 'may be' inadequate; and the burden of
> making that showing should be treated as minimal.

Legal Aid Soc. v Dunlop, 618 F.2d 48, 50 (9th Cir. 1980),

quoting Trbovich v. United Mine Workers, 404 U.S. 528,

538-39, n. 10 (1972); see also Forest Conservation Council

v. U.S. Forest Service, 66 F.3d 1489, 1498 (9th Cir. 1995).

While the defendant TCAK has an obvious interest in

limiting the assessment of penalties, it does not completely

share NAB's interests, which are much broader and more

comprehensive.   The borough, through its planning

department, for example, is responsible for issuing permits

to the defendant relating to mine and DMTS operation and the

protection of the physical environment and habitat within

the borough.   See Schaffer Aff., Ex. "A", pp. 4-5, ¶ 15-18.

Exhibit H
Page 10 of 25

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

Thus, it can aid the court in the full development of the factual issues relating to the environmental consequences of discharge from the mine. *See New York Public Interest Research Group, Inc. v. Regents of University of State of New York*, 516 F.2d 350, 352 (2nd Cir. 1975); *General Motors Corp. v. Burns*, 50 F.R.D. 401 (D. Haw. 1970). Nor does TCAK necessarily have identical interests with NAB when it comes to balancing lawful regulation to protect the interests of the citizens of the borough in a clean and healthy environment with the need for a stable revenue base to fund needed services for the borough's citizens. *See* Schaffer Aff., Ex. "A", pp. 4-5, ¶¶ 14-19. Plaintiff does not adequately represent NAB's interests either. *Id.* at ¶¶ 16 and 19.

In short, NAB's interests are not, and will not be, adequately represented absent intervention. The current parties to this lawsuit are unlikely to address the interests of the borough and its citizens in the resolution of this case. NAB's intervention is necessary to ensure that all stakeholders can be heard in the settlement or litigation of policy matters that will affect NAB's and Alaska's long-term environmental and economic health. *Id.*

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 11 -

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

Exhibit **H**
Page **11** of **25**

at pp. 5-6, ¶¶ 19, 20, and 22; NAB Resolution 02-50 and

"Statement Accompanying Res. 02-50", also attached as

Exhibit A.

## II. If Intervention of Right Under Fed.R.Civ.P. 24(a)(2) is Denied, Permissive Intervention Under Fed.R.Civ.P. 24(b)(2) Should be Granted to NAB.

Under the Federal Rules of Civil Procedure, permissive

intervention is applicable when an intervenor-applicant's

defense and the main action have a common question of law or

fact. Fed.R.Civ.P. 24(b)(2). In exercising its discretion,

a court should consider whether the intervention unduly

delays or prejudices the adjudication of the rights of the

original parties. *Id*. Judicial economy is one

consideration that the court should consider when

determining whether the intervention would cause undue delay

or prejudice to the original parties. *See Venegas v.*

*Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989), *aff'd sub nom.*,

*Venegas v. Mitchell*, 495 U.S. 82 (1990). However, a court

should allow intervention where the intervenor will

"significantly contribute to the full development of the

underlying factual issues in the suit and to the just and

equitable adjudication of the legal questions presented."

Exhibit **H**
Page 12 of 25

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

See *Spangler v. Pasadena City Bd. of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977).

NAB meets the standards for permissive intervention. As set out above, intervention by NAB would not in any way delay the disposition of this case, would not prejudice any of the original parties, and would conserve judicial resources. NAB's interests are not adequately represented by any of the parties to this lawsuit. In fact, allowing permissive intervention will enhance the scope of knowledge, skill, and resources available to the court in resolving this case. NAB and its Assembly have broad practical and policy experience working with the issues raised in this lawsuit. *See* Schaeffer Affidavit, Ex. A, p. 5, ¶ 18, Resolution 02-50 and "Statement Accompanying Res. 02-05".

It would be judicially expedient and fiscally conservative to allow NAB to intervene in this matter in order to more effectively craft a solution to the complex factual, legal, and policy determinations that will be required. Certainly, it is more efficient to permit public interest stakeholders, such as the borough, to participate in litigation or settlement of this action rather than to risk subsequent challenges to any settlement under state and

- 13 -

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

federal administrative procedures or due to inconsistencies with the borough's local regulatory regime.

## CONCLUSION

NAB has shown a direct, substantial, and compelling interest in the subject of this litigation.  NAB has also demonstrated the likelihood of substantial impairment of it and its citizens' rights to protect those interests if intervention is denied.  Accordingly, NAB should be granted intervention as of right.  Alternatively, the Court should allow NAB to intervene permissively.

DATED this ___2nd___ day of November, 2002.

LANDYE BENNETT BLUMSTEIN, LLP
Attorneys for Northwest
Arctic Borough

By
David S. Case, P.C.
Alaska Bar No. 7505010

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 14 -

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

Exhibit H
Page 14 of 25

Certificate of Service

On November 4, 2002, a true and correct
copy of the foregoing Defendant-Intervenor
Northwest Arctic Borough's Motion for Leave
to Intervene and Supporting Memorandum of Law
was sent by mail/hand-delivery to the following:


Luke W. Cole
Center on Race, Poverty & the Environment
450 Geary Street, Suite 500
San Francisco, CA  94102

Thomas A. Dosik
Law Office of Thomas A. Dosik
431 West 7th Avenue, Suite 204
Anchorage, AK  99501

Lawrence L. Hartig
Hartig Rhodes Hoge & Lekisch
717 K Street
Anchorage, AK  99501


Sherry Griffis

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 15 -

Defendant-Intervenor NAB's Motion for Leave
to Intervene and Supporting Memorandum of Law
Case No. A02-231 CV (JWS)

David S. Case, P.C., Alaska Bar No. 7505010
Landye Bennett Blumstein LLP
701 West 8th Avenue, Suite 1200
Anchorage, AK 99501
Telephone: (907) 276-5152
Facsimile: (907) 276-8433

Attorneys for Northwest Arctic Borough

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| KIVALINA RELOCATION PLANNING COMMITTEE, | ) ) Case No. A02-231 CV (JWS) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TECK COMINCO ALASKA INCORPORATED, | ) **AFFIDAVIT OF** ) **ROSWELL L. SCHAEFFER, SR.** ) ) |
| Defendant. | ) ) |

STATE OF ALASKA           )
                          ) ss.
THIRD JUDICIAL DISTRICT   )

ROSWELL L. SCHAEFFER, SR., being first duly sworn upon

oath, deposes and says as follows:

1.    I am the duly elected mayor of the Northwest Arctic

Borough, an Alaskan, municipal, home-rule government, whose

boundaries generally coincide with the regional boundaries

- 1 -

EXHIBIT A
PAGE 1 OF 10

Exhibit H
Page 16 of 25

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

for the NANA Regional Corporation ("NANA") as established under the Alaska Native Claims Settlement Act.

2. I am also a former president of NANA.

3. NANA is the owner of the Red Dog Mine ore deposit, the largest known lead and zinc deposit in the world, which is also located within the borders of the Northwest Arctic Borough.

4. The mine was developed and is operated under an agreement between NANA and Teck Cominco Alaska, Inc. ("TCAK"), the defendant in the above-referenced lawsuit.

5. The borough does not levy any taxes within its borders, but prior to the commencement of the development of the Red Dog Mine, it entered into an agreement with TCAK for payments in lieu of taxes ("PILOT Agreement"), which is the principal source of the borough's revenue.

6. Under the terms of the PILOT Agreement, as amended, the borough is currently entitled to payments of $5.5 million per year increasing at regular rates through the year 2011 to $6.3 million per year.

7. In reliance on the annual revenue paid under the PILOT Agreement, the borough has issued in excess of $46 million in bonds to fund the capital construction of schools

- 2 -

Affidavit of Roswell L. Schaeffer, Sr.
Case No. A02-231 CV (JWS)

EXHIBIT A
PAGE 2 OF 10

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

and school-related improvements for the Northwest Arctic Borough School District.

8.   The bonds were issued in each of the last three years (2000, 2001 and 2002) through the Alaska Municipal Bond Bank, a separate institution incorporated by the State of Alaska.

9.   All of the borough bonds have maturities of 20 years and secure a loan agreement with the Alaska Municipal Bond Bank.   The borough currently plans to issue up to another $24 million in bonds in 2003, also to be secured by payments derived from the production of ore at the Red Dog Mine.

10.   The above-referenced lawsuit potentially threatens the credit of the borough's existing bonds and may prohibit the borough from issuing future bonds.

11.   The borough also has adopted a comprehensive land use regulation ordinance known as "Title 9" of the borough code.

12.   Among other things, Title 9 regulates development within the "Resource Development" and "Transportation" Districts that comprise the Red Dog Mine and the related DeLong Mountain Transportation System ("DMTS") whereby the

- 3 -

Affidavit of Roswell L. Schaeffer, Sr.
Case No. A02-231 CV (JWS)

ore from the mine is transported to a port site on the coast of the Chukchi Sea.

13.   The above-referenced lawsuit also has the potential of interfering with or requiring results inconsistent with the borough's Title 9 land use regulations.

14.   NAB and its citizens have a direct economic, policy, and environmental interest in the ability of the mine to continue to operate and to operate profitably and productively, and this lawsuit threatens that ability.

15.   NAB and its citizens have a direct, economic, policy and environmental interest in the National Pollution Elimination Discharge Permit System "NPDES" permit that lies at the heart of this lawsuit because, without that permit, the mine can no longer operate.

16.   NAB and its citizens have a direct, economic, policy and environmental interest in ensuring that the water quality standards applied to the Red Dog Mine are based on the best, available, site-specific science and ensuring that the claims asserted by the plaintiff for violations of those standards are not unsubstantiated claims based upon faulty or inadequate science.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Exhibit  H
Page 19 of 25

- 4 -

Affidavit of Roswell L. Schaeffer, Sr.
Case No. A02-231 CV (JWS)

EXHIBIT    A
PAGE  4  OF  10

17. NAB also has a direct economic, policy and environmental interest in ensuring that the Red Dog Mine operates in a sound, environmentally safe manner and that its operations do not threaten the safety and health of our citizens, our water or our natural resources.

18. NAB, through the borough's planning department, issues and enforces permits for operations at the Red Dog mine and within the DMTS.

19. NAB has an interest that is unique from the other parties to this litigation, because neither of them have any duty or accountability to the other citizens of the NAB.

20. For the foregoing reasons, NAB has a substantial interest in being involved in any litigation or negotiated settlement that addresses the relief sought by the plaintiff in this lawsuit

21. On September 24, the Northwest Arctic Borough Assembly, acting under the authority of its home-rule charter, adopted Resolution 02-50, authorizing the borough to intervene in the above-referenced litigation on such terms as the mayor, in consultation with the assembly president, deems appropriate. A copy of Resolution 02-50

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 5 -

Affidavit of Roswell L. Schaeffer, Sr.
Case No. A02-231 CV (JWS)

Exhibit H
Page 20 of 25

EXHIBIT A
PAGE 5 OF 10

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

and the assembly president's statement accompanying it are attached to this affidavit as Exhibit A, and incorporated by reference.

22. As provided in the resolution, I have consulted with the assembly president and determined that it is appropriate for the borough to intervene in this litigation as a party defendant in order to be able to adequately protect the borough's economic, policy and environmental interests.

Further your affiant saith naught.

Roswell L. Schaeffer, Sr.

SUBSCRIBED AND SWORN TO before me this 9th day of October, 2002.

Notary Public in and for Alaska
My Commission Expires: 8-1-06

EXHIBIT H
Page 21 of 25

- 6 -

Affidavit of Roswell L. Schaeffer, Sr.
Case No. A02-231 CV (JWS)

EXHIBIT A
PAGE 6 OF 10

Certificate of Service

On ~~October~~ November 4, 2002, a true and correct
copy of the foregoing AFFIDAVIT OF ROSWELL
L. SCHAEFFER, SR. was sent by
mail/hand-delivery to the following:

Luke W. Cole
Center on Race, Poverty & the Environment
450 Geary Street, Suite 500
San Francisco, CA 94102

Thomas A. Dosik
Law Office of Thomas A. Dosik
411 West 7th Avenue, Suite 204
Anchorage, AK 99501

Lawrence L. Hartig
Hartig Rhodes Hoge & Lekisch
717 K Street
Anchorage, AK 99501

_Sherry Griffis_
Sherry Griffis

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 7 -

Affidavit of Roswell L. Schaeffer, Sr.
Case No. A02-231 CV (JWS)

# NORTHWEST ARCTIC BOROUGH
## RESOLUTION 02-50

## A RESOLUTION OF THE NORTHWEST ARCTIC BOROUGH ASSEMBLY TO AUTHORIZE INTERVENTION IN LITIGATION AND FOR RELATED PURPOSES.

**WHEREAS:** the Northwest Arctic Borough ("NAB") is the homerule regional government for the Northwest Arctic region of Alaska with area wide powers, including but not limited to, powers of planning, land use regulation, transportation, taxation and education; and

**WHEREAS:** the Red Dog Mine and the associated Delong Mountain Transportation System ("DMTS") are the primary sources of borough revenue; and

**WHEREAS:** the Red Dog Mine deposit is owned by the NANA Regional Alaska Native Corporation and the mine is operated by Teck Cominco Alaska, Inc. ("TCAK"); and

**WHEREAS:** a group known as the Kivalina Relocation Planning Committee ("KRPC") has recently filed a lawsuit against TCAK ("KRPC Suit"), alleging violations of the federal Clean Water Act arising out of the Red Dog Mine and DMTS operations; and

**WHEREAS:** NAB has an obligation to protect the borough's environment, subsistence resources and to promote sustainable economic development for the overall benefit of all borough citizens; and

**WHEREAS:** the KRPC Suit has serious implications for NAB's environmental, economic development and related concerns.

## NOW THEREFORE BE IT RESOLVED BY THE NORTHWEST ARCTIC BOROUGH ASSEMBLY AS FOLLOWS:

The Northwest Arctic Borough Mayor, in consultation with the Assembly President and such legal and other advice as deemed necessary, is authorized to intervene in the KRPC Suit for and on behalf of the Northwest Arctic Borough and its citizens on such terms and at such time as the Mayor in consultation with the Assembly President determine in their discretion to be appropriate.

EXHIBIT H
Page 23 of 25

EXHIBIT A

EXHIBIT A
PAGE 8 OF 10

NORTHWEST ARCTIC BOROUGH
RESOLUTION 02-50 PAGE TWO

PASSED AND ADOPTED THIS 24 DAY OF *September* 2002.

_Walter G. Sampson_
Walter G. Sampson, Assembly President

SIGNED AND APPROVED THIS 24 DAY OF *September* 2002.

_Roswell L. Schaeffer, Sr._
Roswell L. Schaeffer, Sr., Mayor

ATTESTED TO THIS 24 DAY OF *September* 2002.

_Helena Hildreth_
Helena Hildreth, Borough Clerk                    ATTEST:

Exhibit __H__
Page __24__ of __25__

EXHIBIT __A__
PAGE __9__ OF __10__

## STATEMENT ACCOMPANYING RES. 02-50

WE IN THE NORTHWEST ARCTIC BOROUGH HAVE A LONG HISTORY OF
WORKING COOPERATIVELY WITH BOTH OUR ENVIRONMENT AND OUR
NEIGHBORS. THIS IS THE STRATEGY THAT HAS ENABLED US AND OUR
ANCESTORS TO THRIVE IN THE SUBSISTENCE WAY OF LIFE IN OUR
HARSH, ARCTIC ENVIRONMENT FOR 10,000 YEARS. WE HAVE USED THIS
SAME STRATEGY TO DEVELOP ANOTHER ECONOMY BASED ON OTHER
FORMS OF SUSTAINABLE DEVELOPMENT. WE ARE NOW CONFRONTED BY
A DISPUTE BETWEEN TWO OF OUR NEIGHBORS ABOUT OUR
ENVIRONMENT THAT HAS THE POTENTIAL TO AFFECT OUR ECONOMY.
AS THE REGIONAL GOVERNMENT FOR ALL THE CITIZENS OF THE
NORTHWEST ARCTIC, WE MUST TAKE THE APPROPRIATE STEPS NOT
ONLY TO PRESERVE OUR TRADITIONAL WAY OF LIFE, BUT ALSO TO
ASSURE A SUSTAINABLE ECONOMIC FUTURE FOR OUR CITIZENS. WE
HAVE THEREFORE ADOPTED RESOLUTION 02-50 TO ENABLE THE
BOROUGH TO PLAY A CONSTRUCTIVE ROLE IN THE RESOLUTION OF THIS
DISPUTE.

H
25 of 25

EXHIBIT A
PAGE 10 OF 10