David S. Case, P.C., Alaska Bar No. 7505010
Landye Bennett Blumstein LLP
701 West 8th Avenue, Suite 1200
Anchorage, AK  99501
Telephone:  (907) 276-5152
Facsimile:  (907) 276-8433

Attorneys for Northwest Arctic Borough

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| KIVALINA RELOCATION PLANNING COMMITTEE, <br><br> Plaintiff, <br><br> v. <br><br> TECK COMINCO ALASKA INCORPORATED, <br><br> Defendant. | Case No. A02-231 CV (JWS) <br><br><br><br><br> **DEFENDANT-INTERVENOR NORTHWEST ARCTIC BOROUGH'S REPLY MEMORANDUM IN SUPPORT OF <u>MOTION FOR LEAVE TO INTERVENE</u>**[1] |

*Sidebar (left margin):* LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

   In opposing Defendant-Intervenor Northwest Arctic

Borough's (NAB) Motion to Intervene, plaintiff concedes the

motion was timely, but contends that NAB has: (1) no

significantly protectable interests; (2) its interests would

not be impaired or impeded by disposition of the case; and (3)

---

[1] This reply was due November 26, 2002, but the undersigned
attorney for the Northwest Arctic Borough had to be in
Kotzebue that day.  Neither plaintiff nor defendant objects
to the one day delay in filing this reply.

- 1 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)



Exhibit ____I____
Page __1__ of __17__

that defendant's representation is fully adequate to protect NAB's interests. Plaintiff's argument is not only without merit, but it is apparent that plaintiff has completely ignored the facts relied upon by NAB in its motion and the unique interests and concerns that compelled NAB to seek intervention.

I.   **NAB HAS A SIGNIFICANTLY PROTECTABLE INTEREST IN THIS ACTION.**

The "interest" component of the Ninth Circuit's four-part test is applied flexibly. A specific legal or equitable interest need not be shown. *See, e.g., Smith v. Pangilnan*, 651 F.2d 1324 (9th Cir. 1981). Instead, the courts apply the factor as "primarily a practical guide to disposing of the lawsuit by involving as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980).

As the Ninth Circuit has long acknowledged, "no specific legal or equitable interest need be established" to satisfy this prong of the intervention requirements. *Greene v. U.S.*, 996 F.2d 973, 976 (9th Cir. 1993). Instead, the movant, to

- 2 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)


Exhibit  I
Page 2 of 17

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

demonstrate a "significantly protectable interest" in the lawsuit must establish that:

    (1)   The interest asserted is protectable "under some law;"

    (2)   That there is a "relationship between the legally protected interest and the claims at issue."

*NW Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996).

NAB easily satisfies this test. As set forth in the Affidavit of Roswell L. Schaeffer, Sr., the Borough Mayor, which accompanied NAB's Motion to Intervene, as an Alaska municipal home-rule government, NAB has adopted a comprehensive land use regulation ordinance, "Title 9," that regulates development within the area comprising the Red Dog Mine and the related transportation system (DeLong Mountain Transportation System (DMTS)). Schaeffer Aff., ¶ 11, Exhibit A to Motion to Intervene. *See* Excerpt at Title 9, attached as Exhibit A-1.

NAB has a legal obligation to ensure that the Red Dog Mine, which is of critical economic importance to the Borough, "operates in a sound, environmentally safe manner and that its operations do not threaten the safety and health

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 3 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)



of [its] citizens, [its] water, or [its] natural resources."

Schaeffer Aff., ¶¶ 3-10, 17.

The general purpose of Title 9 of the Northwest Arctic Borough's Code (NABC) is to balance the benefits and costs of development. Indeed, NABC 9.04.020(B) expressly provides, that the purposes of the title include:

> B. To promote and protect the public health, safety, morals, and general welfare, as well as the historic, economic, social, and cultural interests of the Borough's residents [including individuals who make up the plaintiff Kivalina Relocation Planning Committee], particularly as these are related to the subsistence way of life of the great majority of the Borough residents;
>
> C. To ensure that the future growth and development of the Borough is in accord with the values of its residents;
>
> D. To identify and secure, for present and future residents, the beneficial effects of development;
>
> E. To identify and avoid or mitigate the negative effects of development;
>
> F. To ensure that future development is of the proper type, design, and location, and is served by a proper range of public services and facilities;
>
> G. To ensure public involvement in future permitting, planning, and zoning issues; and
>
> H. To implement the requirements of the Borough charter and AS 29.35.180(b).

ORD. 93-02, § 1 (9.10.020), 1993. *See* Excerpt attached as

Exhibit A-1.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 4 -


Exhibit 1
Page 4 of 17

NAB's significantly protectable interest is a unique one and wholly distinct from that of either the plaintiff or the defendant because, unlike the plaintiff or defendant, NAB has a legally mandated responsibility to balance economic interests (the defendant's presumed primary concern) with environmental protection (the plaintiff's presumed primary concern). To that end, the Borough has created a Resource Development (RD) District that is specifically designed to balance development with protection of the surrounding ecosystem. The RD District includes the Red Dog Mine, and among the purposes of the district, is to make sure that the activities of the Mine "do not seriously impair the capacity of the surrounding ecosystem to support the plants and animals upon which Borough residents depend for subsistence." NABC 9.12.060(1), Exhibit A-1. In addition, the provisions of the Resource Development District also require that the community's drinking water and supporting watershed be protected. NABC 9.12.060 D1, Exhibit A-1. Finally, the DMTS Transportation Corridor (TC) District that serves the mine is regulated by NABC 9.12.070, which, *inter alia*, requires that the Borough minimize the negative effects of the corridor and

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 5 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)

Exhibit    I
Page  5  of  17

its effect on fish and wildlife.    NABC 9.12.070A, Exhibit A-1.

Plaintiff does not dispute that the Borough's Planning Department issues and enforces permits for operations at the mine and within the DMTS.   NAB has direct accountability to the Borough's citizens (including all of the individuals who collectively make up the plaintiff, Kivalina Relocation Planning Committee) for the administration of its permit system.   Not only are these interests protectable "under some law," *i.e.*, Title 9 of the Borough's code, but there is a direct relationship between the legally protected interest and the claims at issue.

If, in fact, the plaintiff is correct in their assertions that the Red Dog Mine continues to operate in ways that adversely affect its citizens, pollute the drinking water of the Village of Kivalina, interfere with subsistence hunting and fishing activities, and threaten the "health of the marine and fresh water ecosystems on which the community depends," these are concerns that NAB will want to ensure are addressed in the litigation.   NAB's expertise and familiarity with the issues and parties are such that NAB's presence also "can aid the court in the full development of the factual

- 6 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)

Exhibit  I
Page  6  of  17

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

issues relating to the environmental consequences of discharge from the mine." *See N.Y. PIRG, Inc. v. Regents University of State of N.Y.*, 516 F.2d 350, 352 (2nd Cir. 1975); *General Motors Corp. v. Burns*, 50 FRD 401 (D. Hawaii 1970).

NAB has a direct and continuing interest in the use of the lands adjacent to water segments affected by this lawsuit.  Schaeffer Aff., ¶¶ 13-15.  The terms and conditions of defendant's NPDES permits, as well as the ability to renew or modify these permits or other permits issued by the Borough could be directly affected by the outcome of this litigation.  When a lawsuit directly affects permits or the use of real property, an intervenor's interests are "squarely in the class of interests traditionally protected by the law."  *Sierra Club v. EPA*, 995 F.2d 1478, 1483 (9th Cir. 1993).

Unlike plaintiff, NAB represents all the citizens of the borough who will be affected by any resolution of this case. Schaeffer Aff., ¶¶ 3, 15-20.  NAB and its citizens also have a significant interest in achieving a responsible resolution of this case.  It is appropriate that any negotiated settlement or judicial proceeding in this litigation include

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 7 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)



significant parties, such as NAB, that will be directly affected by its disposition.

NAB's significant interests can only be addressed through its intervention as a party. In that regard, courts routinely allow intervention by industry associations where the association's interests are even less direct than NAB's interests. For example, an industry association's interest in and the lawful regulation of its members was deemed sufficient to intervene in a citizen's group's challenge to the validity of regulations governing industry. *NRDC v. NRC*, 578 F.2d 1341, 1344 (10th Cir. 1978); *NRDC v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977); *Sierra Club v. Ruckelshaus*, 602 F. Supp. 892, 895-96 (N.D. Cal. 1984); *NRDC v. EPA*, 99 FRD 607, 609 (D.C. Cir. 1983).

## II.   NAB'S INTERESTS WOULD BE IMPAIRED OR IMPEDED BY THE DISPOSITION OF THE CASE.

As set forth in Mayor Schaeffer's Affidavit and in NAB's initial motion, there is no question but that NAB's interests, both environmental and economic, would be impeded by the disposition of the case. In that regard, NAB's interests are hardly the "generalized environmental interests" which led the Court to affirm the denial of the

- 8 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)


Exhibit I
Page 8 of 17

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

petition to intervene by the Oregon Natural Resources Council

in *Northwest Forest Resource Council (NFRC) v. Glickman,*

*supra*.   From an environmental standpoint, the disposition of

this lawsuit, either by judgment or settlement, will

significantly affect the quality of life of the Borough and

its citizens from both an environmental and economic

perspective.   Even a cursory review of the materials

submitted by NAB in support of its motion demonstrates that

it has easily satisfied this criterion for intervention.

Applicants for intervention need not, for example,

establish that they would be bound in any *res judicata* sense

by the judgment in a pending case.   *Smith v. Pangilnan,*

*supra*, 651 F.2d at 1325.   The question is whether disposition

of the action without intervention will "practically

disadvantage the applicant."   *See generally* 7 Wright &

Miller, *Federal Practice and Procedures*, § 1908 at 301 (2d.

ed. 1986).   Indeed, the mere *stare decisis* effect of the

Court's judgment can provide the basis of intervention.

*Smith v. Pangilnan, supra*.

In the absence of any intervention, NAB and its

citizens' interests will be adversely affected by any

disposition of this case.   *See Sierra Club, supra*, 995 F.2d

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)


Exhibit I
Page 9 of 17

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

at 1486.    As a practical matter, NAB's interests would be impaired by an award of the $60 million in fines plaintiff seeks because of the effect such an award would likely have on the Borough's continued economic viability.   Its schools and bond-financed, school-related improvements are all dependent on the continued operation of the Red Dog Mine. Schaeffer Aff., ¶¶ 5-10.

The potential inconsistency of any resolution of this litigation with the Borough's own Title 9 land use regulations also provides an independent basis for NAB's intervention.   NAB seeks to assure that the outcome of this proceeding assumes a process that will result in an effective NPDES permit based upon a clear understanding of legal obligations under the Clean Water Act and the practical realities facing all of those persons affected by the mine's operation.   It is appropriate that any negotiated settlement or judicial proceeding in this litigation include significant public interest parties such as NAB that will be adversely affected by its disposition.

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)

Exhibit    I
Page 10 of 17

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

III.    DEFENDANT'S REPRESENTATION IS INADEQUATE TO PROTECT
        NAB'S INTERESTS.

In determining this issue, a court considers:

(1)   Whether the interest of a present party is such

      that it will undoubtedly make all of the

      intervenor's arguments;

(2)   Whether the present party is capable and willing to

      make such arguments; and

(3)   Whether the would-be intervenor would offer any

      necessary elements to the proceedings that other

      parties would neglect.

*NFRC v. Glickman, supra; California v. Tahoe Regional*

*Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986).

> "[T]he requirement of the Rule is satisfied if the applicant shows that
> representation of his interest 'may be' inadequate; and the burden of making
> that showing should be treated as minimal."

*Legal Aid Society v. Dunlop*, 618 F.2d 48, 50 (9th Cir. 1980),

quoting *Trbovich v. United Mine Workers*, 404 U.S. 528,

538-39, n. 10 (1972); see also *Forest Conservation Council v.*

*U.S. Forest Service*, 66 F.2d 1489, 1498 (9th Cir. 1995).

The interests of the applicant and the existing parties

need not be adverse.  The Court considers whether the

"interest of a present party is such that it will undoubtedly

- 11 -

Exhibit  I
Page  11  of  17

make all of the intervenor's arguments...." *California v. Tahoe Regional Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986).

As the Court in *NFRC v. Glickman, supra,* acknowledged, "... the requirement of inadequate representation is satisfied if the applicant shows that the representation 'may be' inadequate." *Id.,* 82 F.3d at 838; *Sagebrush Rebellion, Inc. v. Watts,* 713 F.2d 525, 528 (9th Cir. 1983), *aff'd,* 790 F.2d 760 (9th Cir. 1986). Here again, the uniqueness of NAB's interests makes it evident that it does not necessarily have the same "ultimate goal" that the defendant has. Unlike the defendant mine owner, NAB is and must be genuinely concerned about the environmental consequences of the Red Dog Mine's operation, and, in particular, the consequences of the water pollution authorized under the terms of its NPDES permit, and concerned as well with its compliance with the land use environmental restrictions imposed by the Borough. Mayor Schaeffer's Affidavit and the supporting Resolution of the Borough's Assembly authorizing the motion to intervene, make abundantly clear the strong and unique nature of the Borough's interest in this litigation.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 12 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)

Exhibit I
Page 12 of 17

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

When courts consider intervention, they have often acknowledged the distinction between the public interests represented by governmental agencies and private interests. For example, in *National Farm Alliance v. Interstate Commerce Comm'n*, 564 F.2d 381, 383 (10th Cir. 1977), the Court allowed intervention by a private party because it found inadequate representation in "the familiar situation in which the governmental agency is seeking to protect not only the interests of the public, but also the private interests of the petitioners-in-intervention, a task which is on its face impossible." *See also Planned Parenthood v. Citizens for Community Action*, 558 F.2d 861 (8th Cir. 1977).

Put very simply, NAB's interests are not and will not be adequately represented absent intervention because it alone has a responsibility and accountability to the interests of the public most directly affected by this litigation. Its intervention is necessary to ensure that all stakeholders can be heard in the resolution of policy matters which will affect Alaska's and NAB's long-term environmental and economic health.

- 13 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)

Exhibit ___I___
Page _13_ of __17__

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

## IV.  PERMISSIVE INTERVENTION.

NAB submits that all of the requisite elements necessary for this Court to grant intervention as a matter of right pursuant to Fed.R.Civ.P. 24(a)(2) have been satisfied and intervention of right should be granted.  Alternatively, without waiving this argument, the grounds necessary for permissive intervention have also been satisfied under Fed.R.Civ.P. 24(b).  In exercising its discretion in considering permissive intervention, the Court considers whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In this case, NAB has committed to observing any and all deadlines or timelines established by the Court and of the parties, and its answer and motion have been filed at the early stages of the proceedings such that this is not an issue.  Consequently, the Court should grant permissive intervention if the movant demonstrates the following:

(1)  It has independent grounds for jurisdiction;

(2)  The motion is timely; and

(3)  The applicant's defense in the main action have questions of law or of fact in common.

- 14 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)

Exhibit _I_
Page _14_ of _17_

*NFRC v. Glickman, supra,* 82 F.3d at 839.  Here again, NAB has established independent grounds for jurisdiction, its motion is clearly timely, and the defense in the main action easily demonstrates that there are common questions of law or fact. The Court should also allow permissive intervention where the intervenor will "significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."  *See Spangler v. Pasadena City Bd. of Education,* 552 F.2d 1326, 1329 (9th Cir. 1977).  NAB's contribution to the full development of these factual issues is discussed in Sections II and III of this memo.

NAB meets the standards for permissive intervention. Intervention by NAB would not in any way delay the disposition of this case, would not prejudice the original parties, and will conserve judicial resources.  Because NAB's interests are not adequately represented by any of the parties to this lawsuit, allowing permissive intervention will enhance the scope of knowledge, skill, and resources available to this Court in resolving this case.

The rule governing permissive intervention has traditionally been liberally construed in favor of

- 15 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Exhibit _I_
Page _15_ of _17_

intervention. *See Washington State Bldg. and Construction*

*Trades Council, AFL-CIO v. Spellman*, 684 F.2d 627, 629-30

(9th Cir. 1982), *citing* 7 Wright & Miller, *Federal Practice*

*and Procedures*, § 1904.  The Ninth Circuit interprets and

applies the test for intervention broadly in favor of

intervention.  *Forest Conservation Council v. U.S. Forest*

*Service*, 66 F.3d 1489, 1493 (9th Cir. 1995).

CONCLUSION

NAB has shown a direct, substantial, and compelling

interest in the subject of this litigation.  NAB has also

demonstrated the likelihood of substantial impairment of its

rights and those of its citizens if intervention is denied.

Accordingly, NAB should be granted intervention of right as a

party.  In the alternative, NAB should be allowed to

intervene permissively.

Respectfully submitted this 27th day of November, 2002.

LANDYE BENNETT BLUMSTEIN, LLP
Attorneys for Northwest Arctic Borough

By
David S. Case, P.C.
Alaska Bar No. 7505010

- 16 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)


Exhibit T
Page 16 of 17

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Certificate of Service

On November 27, 2002, a true and correct
copy of the foregoing DEFENDANT-INTERVENOR
NORTHWEST ARCTIC BOROUGH'S REPLY MEMORANDUM
IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE
was sent by  mail/hand-delivery/telefax to the
following:


Luke W. Cole
Center on Race, Poverty & the Environment
450 Geary Street, Suite 500
San Francisco, CA  94102
(Mail/Telefax)

Thomas A. Dosik
Law Office of Thomas A. Dosik
431 West 7th Avenue, Suite 204
Anchorage, AK  99501
(Mail)

Lawrence L. Hartig
Hartig Rhodes Hoge & Lekisch
717 K Street
Anchorage, AK  99501
(Hand Delivery)


_____
Sherry Griffis

- 17 -

Defendant-Intervenor Northwest Arctic Borough's Reply
Memorandum in Support of Motion for Leave to Intervene
Case No. A02-231 CV (JWS)


Exhibit I
Page 17 of 17