RECEIVED AFTER 4:30 P.M.

David S. Case, P.C., Alaska Bar No. 7505010
Landye Bennett Blumstein LLP
701 West 8th Avenue, Suite 1200
Anchorage, AK 99501
Telephone: (907) 276-5152
Facsimile: (907) 276-8433

Attorneys for Northwest Arctic Borough

FILED
JAN 17 2003
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By ________ Deputy

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| KIVALINA RELOCATION PLANNING COMMITTEE, Plaintiff, v. TECK COMINCO ALASKA INCORPORATED, Defendant. | Case No. A02-231 CV (JWS) **PROPOSED DEFENDANT-INTERVENOR NORTHWEST ARCTIC BOROUGH'S MOTION FOR RECONSIDERATION OF ORDER DENYING INTERVENTION AND SUPPORTING MEMORANDUM OF LAW AND REQUEST FOR ORAL ARGUMENT** |

Pursuant to Rule 59, proposed Defendant-Intervenor Northwest Arctic Borough (NAB) respectfully moves the Court to reconsider its Order from Chambers dated January 7, 2003, denying NAB's Motion to Intervene as a party defendant in this matter.[1] NAB submits the Court erred in its analysis and

[1] Since this motion requests reconsideration of an "appealable order" it is presented within the framework of Federal Rule of Civil Procedure ("FRCP")

- 1 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

Exhibit J
Page 1 of 21

application of the facts set forth by NAB in its motion and accompanying affidavits and exhibits in both its determination that NAB is not entitled to intervene as a matter of right and in its determination that NAB had not met the requisite threshold for permissive intervention.

**A. Intervention as a Matter of Right.**

Defendant does not oppose NAB's motion. Plaintiff opposed but conceded the timeliness of the motion as did the Court. The remaining three parts of the four-part test for intervention as of right are as follows:

(1) The intervenor-applicant must claim a "significantly protectable" interest relating to the property or transaction that is the subject of this action;

(2) The intervenor-applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and

(3) The intervenor-applicant's interest must be inadequately represented by the existing parties in the action.

---

59 as required by the Alaska United States District Court Local Rule ("LP") 59.1(a). Therefore the page limit requirements of LR 59.1 is not

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 2 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

J
Page 2 of 21

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001), *citing Northwest Forest Resources Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).

Rule 24(a) is to be liberally construed in favor of potential intervenors. *Id.* at 818. In addition, the Court must examine the evidence and arguments in favor of intervention with "practical and equitable" considerations in mind, not a "technical distinction." *Id. See also Donnelly v.* Glickman, 159 F.3d 405, 409 (9th Cir. 1998).

When considering a motion to intervene under Rule 24, the Court must "take all well-pleaded, non-conclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion, as true, absent sham, frivolity or other objections." *Southwest Center, supra*, 268 F.3d at 820. While plaintiff opposes NAB's motion, plaintiff apparently does not dispute any of NAB's factual assertions and, in any event, has offered no evidence to contradict those assertions.

## 1. **NAB HAS A LEGALLY PROTECTABLE INTEREST**.

Whether an application for intervention demonstrates sufficient interest in an action is a practical,

---

applicable. If NAB is wrong in this assessment, then we request leave to file an overlength memorandum.

Exhibit J
Page 3 of 21

- 3 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

> threshold inquiry [and] [n]o specific legal or equitable interest need be established.

*Southwest Center, supra,* 268 F.3d at 18 (internal quotations and citations omitted).

In its January 7, 2003 Order denying NAB's motion to intervene, this Court concluded that "the interest asserted here does not permit intervention of right." Order from Chambers, 1-7-03, p. 4. In making this determination, however, the Court made no mention of the **contract** existing between NAB and the defendant and erroneously characterized the extensive legal obligations imposed by the Northwest Arctic Borough Code ("NABC") to protect and:

> to promote and protect the public health, safety ... and general welfare, as well as the historic, economic, social, and cultural interests of the Borough's residents; to ensure that the future growth and development of the Borough is in accord with the value of its residents; to identify and secure for present and future residents the beneficial effects of development; and to ensure that future development ... is served by a proper range of public services and facilities.

ORD 93-02, NABC § 9.04.020 (1993)[2]. *See* excerpt attached as Exhibit "A-1" to NAB's reply memorandum of November 27, 2002.

First, it is important to more fully understand what the courts have said about the nature of the "protectable

[2] The borough code is accessible at: http://bpcnet.com/codes/nwarctic.

Exhibit J Page 4 of 21

- 4 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

interest" that must exist as a prerequisite to granting intervention as a matter of right. It must be emphasized that the "interest test" is to be interpreted flexibly and "broadly in favor of the applicants for intervention." *Sierra Club v. U.S. Environmental Protection* Agency, 995 F.2d at 1481. The interest test seeks to involve "as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (granting intervention to land buyers in case under National Environmental Policy Act).

NAB is clearly a "concerned person." NAB has not only a legally protected interest in its contract with the defendant (*see* Contract for Services is attached as Ex. "2" to the Affidavit of Borough Attorney), but a protectable interest as well in the management of all lands and waters within the Borough's boundaries. *See* Chapter 9.04 of the NABC; particularly, § 9.04.010-030 setting forth the broad application of the Borough's Code to extend to all activities within "all private, state, borough, and municipally owned lands and waters within the Borough's boundaries ... unless preempted by federal law." NABC § 9.04.030.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Exhibit J
Page 5 of 21

- 5 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

In one of the cases cited by the Court, *Sierra Club v. EPA*, 995 F.2d 1478 (9th Cir. 1993), the Ninth Circuit reversed the decision of the trial court denying intervention as a defendant by a local government, the City of Phoenix, finding that the City had a protectable interest because there was a relationship between the legally protected interest and the claims at issue, even though the City's interest was not necessarily protected by the Clean Water Act. The same is true here. In making its ruling in *Sierra Club*, the Ninth Circuit distinguished its earlier ruling in another case cited by the Court, *Portland Audubon Society v. Hodel*, 866 F.2d 302 (9th Cir.), *cert. denied*, 429 U.S. 911, 109 S. Ct. 3229 (1989), stating as follows:

> Unlike the loggers in *Portland Audubon*, the City owns rights protected by law relating to the property which is the subject of the action. The loggers' interest in *Portland Audubon* appears to have been an economic interest based upon a bare expectation, **not anything in the nature of real or personal property, contracts, or permits**. The City of Phoenix, by contrast, owns the wastewater treatment plant and the permits. These interests are rights connected with the City's ownership of real property and its status as an EPA permitee. Such rights are among those traditionally protected by law.

995 F.2d at 1482 (emphasis added).

Exhibit J
Page 6 of 21

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 6 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

As set forth below, NAB has a contract with the defendant that would be significantly and adversely affected by this action and the permits issued by NAB to the defendant would be affected as well. A copy of the contract (Second Amended, Restated Contract for Services with Cominco Alaska Incorporated), dated September 29, 2000, is attached to the Affidavit of Borough Attorney and marked as Ex. "2" and incorporated herein by reference.

Prior to the commencement of the development of the Red Dog Mine, NAB

> 5. [E]ntered into an agreement with [defendant] TCAK for payments in lieu of taxes (PILOT Agreement), which is the principal source of the Borough's revenue.
>
> 6. Under the terms of the PILOT Agreement, as amended, the Borough is currently entitled to payments of $5.5 million per year, increasing at regular rates through the year 2011 to $6.3 million per year.
>
> 7. In reliance on the annual revenue paid under the PILOT Agreement, the Borough has issued in excess of $46 million in bonds to fund the capital for construction of schools and school-related improvements for the Northwest Arctic Borough School District.
>
> * * * *
>
> 9. All of the Borough bonds have maturity to 20 years and secure a loan agreement with the Alaska Municipal Bond Bank. The Borough currently plans to issue up to another $24 million in bonds in 2003,

Exhibit J
Page 7 of 21

- 7 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

> also to be secured by payments derived from the production of ore at the Red Dog Mine.
>
> 10. The above-referenced lawsuit potentially threatens the credit of the Borough's existing bonds and may prohibit the Borough from issuing future bonds.

Roswell Schaeffer Aff., Ex. "A" to NAB's motion to intervene, ¶¶ 5-10.

In addition to a contract that will almost certainly be adversely affected by this lawsuit, the Borough also "issues and enforces permits for operations at the Red Dog Mine and within the DMTS [DeLong Mountain Transportation System] which allows the ore from the mine to be transported from a port site on the coast of the Chukchi Sea." Roswell Schaeffer Aff., Ex. "A" to NAB's motion to intervene, ¶¶ 12, 18.

NAB invites the Court to review the contract and permits and to review in more detail the Affidavit of Borough Mayor Roswell Schaeffer, as well as the exhibits to it, including the Resolution passed by the Borough, because it should be evident that the Borough has the requisite "protectable interest." Just as the Court stated in *Sierra Club*, *supra*, it has "**contracts or permits**" (in this case, both) connected with the continued operation of the mine, and rights that would therefore be necessarily affected by this lawsuit – in short,

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Exhibit J
8 of 21

- 8 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

the very kind of interest "among those traditionally protected by law" that would support intervention of right. *See Sierra Club, supra*, 995 F.2d at 1482.

**2. DISPOSITION OF THE ACTION MAY IMPAIR NAB'S ABILITY TO PROTECT ITS INTERESTS.**

All of NAB's protectable interests would be impaired if plaintiff's requested relief, *i.e.*, $60 million in penalties and injunctive and equitable relief, was granted.

Plaintiff's complaint requests that the Court declare that the defendant NPDES permit holder has violated and continues to violate the Clean Water Act at both its mine and port sites; enjoin any further violation; impose civil penalties totaling some $60 million; and issue "appropriate equitable relief." Indeed, the necessity of the "issuance of appropriate equitable relief" is a consistent request in each of the 11 Claims for Relief set forth by the plaintiff:

> KRPC believes and aver that, without the imposition of appropriate civil penalties and issuance of appropriate equitable relief, Teck Cominco will continue to violate its [permits].

A federal district court has broad equitable powers and discretion in fashioning a remedy for Clean Water Act violations. *Alaska Ctr. for the Environment v. Browner*, 20 F.3d 981, 986-87 (9th Cir. 1994). This ability of the Court to

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 9 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

Exhibit J
Page 9 of 21

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

exercise broad equitable powers, as repeatedly requested by the plaintiff in its Complaint, is a substantial concern to NAB and underscores the significance of the protectable interest that NAB has in this litigation.

In its Order of January 7, 2003, the Court has acknowledged the substantial economic interest that NAB has in this matter because of its dependence upon the defendant mine operator for so much of its revenue. Quite clearly, the injunction and $60 million in penalties and attorney fees sought by the plaintiff has the potential to cause NAB's contract with the defendant to be suspended or abandoned pursuant to ¶ 4 of the Contract. *See* Ex. "2". Mr. Schaeffer explained in his earlier Affidavit the economic consequences to the Borough of suspension or abandonment of its contract with the defendant. *See* Roswell Schaeffer Aff., Ex. "A" to NAB's motion to intervene, ¶ 10, *i.e.*, the Borough's credit may be threatened and Borough could be prohibited from issuing future bonds.

Only in a footnote, without other application of those factual interests, however, did the Court in its January 7, 2003 Order also acknowledge the clear relationship between NAB's interest in protecting water and subsistence resources

Exhibit J
Page 10 of 21

- 10 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

and the goals of the Clean Water Act. *See* n. 9, Order from Chambers, 1-7-03, p. 5.

The legal obligations imposed upon the Borough by Title 9 of the Borough's Code will certainly impair its ability to protect this interest. Thus, this prong of the intervention as of right is satisfied. *See, e.g., Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (property interest that are threatened by suit to enjoin timber harvesting are sufficient to support intervention by timber industry); *Californians for Safe Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998) (employees with economic interest in higher wages granted intervention of right in case that could limit wages); *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 973 (3rd Cir. 1998) (intervenor's interest in future U.S. Forest Service timber sales contracts is a "substantial interest, directly related to and threatened by lawsuit challenging timber sale projects and meets the requirements of Rule 24(a)"); *Forest Guardians v. Dombeck*, 131 F.3d 1309, 1313 (9th Cir. 1997) (timber company should have been granted intervention of right); *Sierra Club v. Glickman*, 82 F.3d 506 (5th Cir. 1996) (farming interest granted intervention in case that could adversely affect them); *Forest Conservation Council v. U.S.*

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Exhibit J
Page 11 of 21

- 11 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

*Forest Service*, 66 F.3d 1489, 1499, n. 11 (9th Cir. 1995) (timber industry granted intervention of right in suit challenging timber harvesting); *Conservation Law Foundation of New England v. Mosbacher*, 96 F.2d 39, 43-44 (1st Cir. 1992) (fishing industry granted intervention of right in case seeking greater regulation of fishing).

Also, due process and simple fairness suggest that all persons directly affected by the challenged mine operation should be represented in the litigation. Paramount among those persons are **all** of the citizens of the Borough, not just the seven members of the plaintiff Relocation Committee or even the 366 citizens of the Kivalina Village, just one of 11 villages in the Borough, and by no means the only village directly affected by this litigation. *See* attached Affidavit of Borough Attorney. The unincorporated Village of Noatak, for example, is located just as close to the Red Dog Mine as Kivalina, and will also be affected. *See* map attached as Exhibit 1 to Affidavit of Borough Attorney. Further as an unincorporated village, Noatak is governed directly by NAB. *See also Kleissler, supra* (in cases pitting private, state, and federal agencies against each other "[R]igid rules [barring intervention] contravene the major premises of

J
12 of 21

- 12 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

intervention - the protection of third parties affected by the pending litigation. Evenhandedness is of paramount importance.") 157 F.3d at 971.

3. **NAB'S INTERESTS ARE NOT ADEQUATELY REPRESENTED BY EXISTING PARTIES.**

This Court found that NAB's interest in water quality was adequately represented by existing parties. Order from Chambers, 1-7-03, p. 5. In denying the motion to intervene, the Court found that:

> NAB's asserted interest in the 'environmental consequences of the Red Dog Mine's operation, in particular, the consequence of the water pollution authorized under the terms of the NPDES permit' is virtually identical to [plaintiff] KRPC's interest. Thus, KRPC will adequately represent this interest. In fact, KRPC's position seems better situated to represent this interest than NAB, which has requested to intervene as a defendant.

Order from Chambers, 1-7-03, p. 5.

With all due respect to the Court, this characterization of KRPC's interest relative to the Borough is both incorrect and unfair and completely misapprehends the nature of NAB's interests, as well as that of the plaintiff. While it may be true that both the plaintiff and NAB have interests in protecting water quality for Kivalina residents, the Borough's interest in environmental protection extends well beyond Kivalina, unlike the plaintiff's, and is legally mandated and

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

- 13 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

Exhibit J
Page 13 of 21

far more comprehensive and balanced by other legal and contractual obligations. Moreover, this is only one interest of NAB at stake in this lawsuit.

This criterion for intervention of right focuses not on whether the representation of an applicant's interest by existing parties will certainly be inadequate, but rather only on whether there "may be" inadequate representation. **The burden of that showing should be treated as "minimal."** *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538-39, n. 10 (1972); *Accord, Sierra Club v. Espy, supra*, 18 F.3d at 1207.

NAB's interests are clearly not adequately represented by the plaintiff, which seeks to enjoin activities which directly benefit NAB. *See U.S. v. Stringfellow;* 783 F.2d 821, 828 (9th Cir. 1986) (adverse party cannot adequately represent applicant's interest). Even the plaintiff does not argue this. *See* KRPC's opposition to motion to intervene, pp. 7-8. Plaintiff contends the defendant adequately represents NAB's interests. This is demonstrably untrue as set forth below.

While there is some commonality of interest with both parties, the overlap is frankly slight. Even a partial overlap "does not necessarily ensure agreement in all

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Exhibit J
Page 14 of 21

- 14 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

particular respects about what the law requires." *Natural Resources Defense Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977) (allowing industry to intervene in environmental organization suit against EPA).

Settlement negotiations in this case are of particular concern to NAB. As the Court is well aware, such negotiations are the norm and can occur even if liability is established by summary judgment. Should settlement negotiations commence, NAB's interests and perspective on items to be included in any settlement will not be reflected by any other party. Certainly not by the defendant, whose narrow interest as a corporation is restricted to protection of its own economic well-being, and that of its shareholders. *See* Alaska Stat. § 10.06.003, *et seq.* The differences between the interests of governments and private industries on such issues were instrumental in obtaining reversal of the Sixth Circuit decision in *Ohio Forestry Association v. Sierra Club*, 523 U.S. 726 (1998). In that case, the federal government opposed Supreme Court review of the unfavorable decision below, and it fell to industry intervenors to petition for *certiorari*. A similar difference in interests led to a reversal of a court

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Exhibit J
Page 15 of 21

- 15 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

order denying intervention in *Kleissler, supra*, 157 F.3d 964 (3rd Cir. 1998).

In addition, NAB will add a necessary element to the proceeding -- granting intervention will ensure that all affected interests are heard: environment, permit holder, and the affected local government and its citizens.

Nor are NAB's interests fairly represented by the plaintiff (as the plaintiff has already conceded). The plaintiff has no legal obligation even to the Village of Kivalina, let alone to the other 10 villages within the Borough nor any duty to their residents or to protect the lands and waters located in the vicinity of Noatak or elsewhere within the Borough outside of Kivalina. Only the Borough, not the plaintiff, can adequately represent the interests of the thousands of Borough residents and the lands and waters in it, which can and will be directly affected by the outcome of the present case. The plaintiff is under no legal obligation whatsoever to do any of these things.

Indeed, a fair characterization of the plaintiff is limited to its function as an advisory committee for the Village of Kivalina, one of only 11 villages within the Borough (*see* NABC § 2.02) and Affidavit of Borough Attorney,

Exhibit J
Page 16 of 21

- 16 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

with respect to relocation because of ocean erosion. *See* Answers to Plaintiff's Complaint filed by both defendant and NAB, ¶ 10. Thus, to characterize the plaintiff as "adequately protecting the interests" of NAB, particularly with the certainty required by Rule 24(a)(2) and in the face of an express denial of its ability to do so by the plaintiff, is clearly erroneous. A village advisory committee with no legal authority, constituted for a single purpose unrelated to this litigation (relocation of the village because of erosion), cannot conceivably adequately represent the interests of all of the citizens of the larger Borough, a Borough charged with a legal mandate to provide for the economic and environmental well-being of all 11 villages and their citizens. It is as if the Spenard Community Council was found to have interests identical to those of the entire Municipality of Anchorage.

In a similar vein, the interests of the defendant, a statutorily constituted corporation, must be narrowly interpreted to be that of maximizing the economic benefit to its shareholders with no obligation whatsoever to protect the environment, or to provide for the economic, social, and environmental welfare and well-being of Borough residents as does NAB alone.

Exhibit J
Page 17 of 21

- 17 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

A very timely illustration of the lack of identity of interest between NAB and the defendant are the December 23, 2002 and January 2, 2003 letters from the Borough to the Alaska Department of Environmental Conservation, commenting on the proposed development of site-specific criteria for water quality standards for a section of Red Dog Creek affected by the defendant's mine operations. As those letters make clear, the Borough, unlike the defendant, has a balancing act to perform and must protect the environmental well-being of the Borough and its citizens, as well as the Borough's economic well-being. *See* letters at Ex. 3. Just as it is doing with the Alaska Department of Environmental Conservation, the Borough can play an important, constructive, and informative role in this case because of its broad, unique, and legally significant relationship to the parties and subject matter of this litigation.

For all of the foregoing reasons, NAB should be granted intervention of right under Rule 24(a)(2).

**B. Permissive Intervention Should Be Granted, Alternatively.**

Even if the Court were to deny intervention of right under Rule 24(a)(2), it should grant NAB's alternative motion for permissive intervention under Rule 24(b)(2), based upon

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Exhibit J
Page 18 of 21

- 18 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

the same facts that support intervention of right. *See* argument above.

An applicant seeking to intervene permissively must show that:

(1) There are grounds for jurisdiction;

(2) Its application is timely - this is conceded; and

(3) The claims or defenses in the main action have a question of law or fact in common.

*Venegas v. Skaggs*, 867 F.2d 527 (9th Cir. 1989), *aff'd*, 495 U.S. 82 (1989).

Jurisdiction over this matter exists under the Clean Water Act, NAB's filing was timely, and NAB's defenses respond to the issues of law raised by the plaintiff, and will not complicate the case by adding new claims, issues or defenses, and NAB will structure its participation to foster a more informed decision by this Court. Equally important to the Court's exercise of discretion is in the interest of justice to allow intervention by an entity so profoundly affected by the result in this action. *See Kleissler, supra*, 157 F.3d 971.

Exhibit J
Page 19 of 21

- 19 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**ORAL ARGUMENT**

While the Court acknowledged that none of the parties requested oral argument concerning the motion to intervene and felt it would not have been aided by such oral argument, proposed intervenor NAB now requests oral argument because it is evident there may be controverted facts, specifically as those facts relate to the alleged adequacy of the existing parties to protect NAB's interest in the litigation, and the scope and nature of the interests of the various parties. In addition, the Court's assumption that Kivalina may be the "site of the alleged illegal discharges" (Order from Chambers, 1-7-03, p. 2, n. 1) is disputed. If the facts are controverted by a party opposing intervention, the Court may consider those controverted facts and may hold a hearing if necessary to resolve any ambiguities or conflicts in the evidence. *Southwest Center*, *supra*, 268 F.3d at 820.

**CONCLUSION**

For all the foregoing reasons, NAB respectfully requests that the Court reconsider its Order denying intervention and to allow intervention either as a right or permissively.

Exhibit J
Page 20 of 21

- 20 -

Proposed Defendant-Intervenor Northwest Arctic Borough's Motion for Reconsideration of Order Denying Intervention and Supporting Memo of Law and Request for Oral Argument
Case No. A02-231 CV (JWS)

DATED this 17th day of January, 2003.

LANDYE BENNETT BLUMSTEIN, LLP
Attorneys for Northwest
Arctic Borough

By ______________________
David S. Case, P.C.
Alaska Bar No. 7505010

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Certificate of Service

On Jan. 17, 2003, a true and correct copy of the foregoing PROPOSED DEFENDANT-INTERVENOR NORTHWEST ARCTIC BOROUGH'S MOTION FOR RECONSIDERATION OF ORDER DENYING INTERVENTION AND SUPPORTING MEMORANDUM OF LAW AND REQUEST FOR ORAL ARGUMENT was sent by mail/hand-delivery to the following:

Luke W. Cole
Center on Race, Poverty & the Environment
450 Geary Street, Suite 500
San Francisco, CA 94102

Thomas A. Dosik
Law Office of Thomas A. Dosik
431 West 7th Avenue, Suite 204
Anchorage, AK 99501

Lawrence L. Hartig
Hartig Rhodes Hoge & Lekisch
717 K Street
Anchorage, AK 99501

______________________
Sherry Griffis

Exhibit J
Page 21 of 21