the lower of the two numbers could be reported and accepted for compliance purposes. Id., ¶ 44. The August 2001 DMR was prepared following these instructions and EPA accepted the CAS results showing compliance on August 13, 2001 and August 20, 2001. KRPC has apparently chosen to disregard the CAS results, even though they were accepted by EPA. TCAK's Cross Motion for Summary Judgment should be granted on these claims, or at the very minimum, the court should find that a genuine issue of material fact exists as to whether there was any exceedance of the 9 µg/l daily limit on either August 13 or August 20, 2001, and KRPC's Motion for Summary Judgment on these alleged violations should be denied.

The results of the August 13 and 20, 2001 analyses are summarized in the following table:

| Summary of Analytical Split Samples | | | |
|---|---|---|---|
| Date | Columbia Analytical Services | CT&E | Daily Max. Limit |
| Aug. 13, 2001 | 4 µg/L | 17 µg/L | 9 µg/L |
| Aug. 20, 2001 | 5 µg/L | 21 µg/L | 9 µg/L |

> vi. **KRPC is mistaken regarding violations of the monthly average limits for June 1999, July 1999, August 1999, September 1999, July 2000, September 2000, October 2000, June 2001, July 2001, August 2001, September 2001 and May 2002.**

Copies of the DMRs for June 1999, July 1999, August 1999, September 1999, July 2000, September 2000, October 2000, June 2001, July 2001, August 2001, September

HARTIG RHODES
HOGE & LEKISCH
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE, ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT and CROSS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Case No. A02-231 CV (JWS)
Page 55 of 108

Ex. 4
1 of 3

2001, and May 2002 are attached as Attachment A to the Declaration of Mark Thompson. As can be seen from these DMRs (summarized in the table below), there are no cyanide monthly average values reported that are above the 9 µg/L limit, and thus there are no violations of the monthly average limits for these months.

| Month | Reported CN concentration in DMR | Compliance Limit |
|---|---|---|
| June 1999 | 7 | 9 µg/L |
| July 1999 | 4.75 | 9 µg/L |
| August 1999 | 7 | 9 µg/L |
| September 1999 | 4.8 | 9 µg/L |
| July 2000 | 5.2 | 9 µg/L |
| September 2000 | 6 | 9 µg/L |
| October 2000 | 5 | 9 µg/L |
| June 2001 | 9 | 9 µg/L |
| July 2001 | 5.8 | 9 µg/L |
| August 2001 | 8.8 | 9 µg/L |
| September 2001 | 6.7 | 9 µg/L |
| May 2002 | 6 | 9 ug/L |

The DMR forms themselves for a portion of the time period 1998-2002 mistakenly showed 4 µg/L (4 ppb) as the monthly average limit. That was an error. EPA provided the pre-printed DMR form that was to be used to report results of monitoring required under the

HARTIG RHODES
HOGE & LEKISCH
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE, ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT and CROSS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Case No. A02-231 CV (JWS)
Page 56 of 108

Ex. 4
2 OF 3

permit. The hard copy of the form had 9 µg/L (9 ppb) pre-printed in the box where 4 µg/L appears. Id., ¶ 47. Teck Cominco recently learned that when staff at the mine converted the pre-printed form to an Excel Spreadsheet that could be used to electronically store and transmit DMR data, they mistakenly put 4 µg/L in that box. It should be noted that the error was not a reporting error, but a transcription error.

For the reasons stated above, the KRPC's Motion for Partial Summary Judgment on these claims should be denied and Teck Cominco's Cross Motion granted.

    **e.**    **WET**

        i.    Background Facts

        (1)    Inclusion of the WET requirements in the NPDES permit.

Whole Effluent Toxicity ("WET") is defined in 40 CFR § 122.2 as:

[T]he aggregate toxic effect of an effluent measured directly by a toxicity test.

As explained at 54 Fed. Reg. 23870:

A toxicity test measures the degree of response of an exposed organism to a chemical or effluent.

Alaska's WET water quality standard is found at 18 AAC 70.030 (formerly 18 AAC 70.023), and reads:

(A) An effluent discharged to a water may not impart chronic toxicity to aquatic organisms, expressed as 1.0 chronic toxic unit, at the point of discharge, or if the department [of Environmental Conservation] authorizes a mixing zone in a permit, approval, or certification, at or beyond the mixing zone boundary, based on the minimum effluent dilution achieved in the mixing
HARTIG RHODES
HOGE & LEKISCH
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE, ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT and CROSS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Case No. A02-231 CV (JWS)
Page 57 of 108

Ex. 4
3 OF 3