1  LUKE W. COLE, California Bar No. 145,505
   CAROLINE FARRELL, California Bar No. 202,871
2  BRENT J. NEWELL, California Bar No. 210,312
   Center on Race, Poverty & the Environment
3  47 Kearny St, Suite 804
   San Francisco, CA 94108
4  415/346-4179 • fax 415/346-8723

5  NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
   Law Offices of Nancy S. Wainwright
6  13030 Back Road, Suite 555
   Anchorage, AK 99515-3358
7  907/345-5595 • fax 907/345-3629

8  Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
   Adams, Andrew Koenig, Jerry Norton, David
9  Swan and Joseph Swan

10
11             **IN THE UNITED STATES DISTRICT COURT**
12             **FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

13  ENOCH ADAMS, JR., LEROY ADAMS,                Case No. A04-49 (JWS)
    ANDREW KOENIG, JERRY NORTON
14  DAVID SWAN and JOSEPH SWAN,                   PLAINTIFFS' REPLY IN
                                                  SUPPORT OF OBJECTION
15        Plaintiffs,                             TO UNDISCLOSED
                                                  EXHIBITS AND MOTION *IN
16        v.                                      LIMINE* TO EXCLUDE
                                                  DOCUMENTS NOT
17  TECK COMINCO ALASKA INCORPORATED              TIMELY DISCLOSED
                                                  (Fed. R. Civ. Proc. 26 and 37)
18        Defendant.
    _____
19
    NANA REGIONAL CORPORATION and
20  NORTHWEST ARCTIC BOROUGH,

21        Intervenors-Defendants.
    _____
22
23
24
25
26
27
28

PLAINTIFFS' REPLY IN SUPPORT OF
OBJECTIONS TO EXHIBITS AND MOTION
IN LIMINE TO EXCLUDE DOCUMENTS

I.     INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 37 and the Court's Orders of August 7, 2007 [Docket 167], August 31, 2007 [Docket 169] and September 21, 2007 [Docket 177], Plaintiffs Enoch Adams, Jr., *et al*. ("Adams"), moved to exclude documents in Teck Cominco's Exhibit List which were not timely disclosed. Docket 208. Adams challenged 11 lab reports, four internal memoranda, three biomonitoring studies, 39 photographs, and 12 charts as not being timely disclosed as required by Fed.R.Civ.Proc. Rule 26 and the Court's Orders. Teck Cominco reponds at Docket 237 ("Opposition). Although 10 of the 69 challenged exhibits have apparently been previously disclosed, and Adams withdraws its objection to them (see Section VII), Teck Cominco offers no justification for the failure to disclose the remaining 59 exhibits. Because the admission of these exhibits at this late date would substantially prejudice Adams, Adams respectfully requests that the Court exclude the exhibits from trial under Rule 37.

Teck Cominco misquotes Adams's Motion in an attempt to divert the Court's attention from its wholesale failure to abide by the discovery rules:

> In their motion at Docket 208 to exclude certain exhibits, the plaintiffs assert that any document with a bates number "higher than 50582" was never produced until "the day after final witness lists and exhibit lists are due". That this is false is plainly revealed by the fact that plaintiffs' Exhibits 1, 2, 41, 101, 132, and 133 include documents with the allegedly offensive bates numbers.

Opposition at 1. Adams's actual statement in its brief is more nuanced: "The *late-breaking* or never-before-disclosed documents are easy to spot on Teck Cominco's Exhibit List: they have Bates stamp numbers higher than 50582, the last number in the disclosures that Adams received on January 4, 2008... or they have no Bates stamp numbers at all." Motion at 3. As the Motion made clear, those documents with Bates stamp numbers above 50582 were disclosed to Adams after January 4, 2008. Several of the documents with Bates numbers above 50582 were disclosed to Adams during the week of January 14, including the October 2007 DMR which was sent by Teck Cominco to the EPA on November 12 but withheld from Adams until two months later. Declaration of Luke Cole Cole in Support of Reply in Support of Motion to Exclude Documents ("Cole Reply dec."), ¶2. Teck Cominco's observation that Adams used some of the late-disclosed documents as exhibits does not cure its failure to produce these documents earlier.

PLAINTIFFS' REPLY IN SUPPORT OF
OBJECTIONS TO EXHIBITS AND MOTION
IN LIMINE TO EXCLUDE DOCUMENTS                   1

Initial disclosures under Rule 26 are "designed to facilitate the parties' understanding of the case early on and to inform the appropriate scope of discovery." *Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d. 1042, 1045 (N.D. Cal. 2004). As such, supplements to initial disclosures under Rule 26(e) must be made promptly. *Id.*; Fed. R. Civ. P. 26 Advisory Committee's Note (supplementation should be made with special promptness as the trial date approaches). This Court's Order dated August 9, 2007 set August 31, 2007 as the deadline for such disclosures. Docket 167 at 1. Despite the unambiguous mandate in the Federal Rules and direct instruction by the Court, Teck Cominco did not disclose the documents discussed below during the discovery period, but included them in its Exhibit List and disclosed most of them to Adams for the first time on January 23, 2008 – almost five months after the discovery deadline.

Adams addresses the categories of documents in the order it discussed them in its Motion.

## II. THE ELEVEN LABORATORY REPORTS WERE NOT TIMELY DISCLOSED AND SHOULD BE EXCLUDED.

Teck Cominco acknowledges that it did not provide Adams the 11 laboratory reports in a timely manner. Opposition at 9-10. It provides no justification for this failure, but attempts to excuse it with two arguments: 1) that it "explicitly referenced" the lab reports within documents it did disclose; and, 2) "even if the lab reports had not been disclosed long ago... they would still be admissible" as "the opposite of summaries" under FRE 1006. Opposition at 9. These arguments are specious.

First, Teck Cominco's alleged mention of lab reports in documents that it did produce (the discharge monitoring reports, or DMRs) does not obviate it from the duty to disclose the lab reports themselves under Fed.R.Civ.Proc. Rule 26 if it planned to rely on them at trial. Rule 26 requires a party to provide other parties with "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii). While Teck Cominco may have mentioned the lab results in its DMRs, it was also under an obligation to actually disclose and produce those lab reports if it planned to use them at trial so that Adams could provide them to its experts, propound further discovery based on them, and depose Teck Cominco's witnesses about them. All of these critical

parts of Adams's case preparation were precluded by Teck Cominco's failure to disclose the documents. Declaration of Luke Cole Cole in Support of Reply in Support of Motion to Exclude Documents ("Cole Reply dec."), ¶3.

The one place the lab reports *were* "explicitly referenced" was in this Court's Order of August 9, 2007, which ordered Teck Cominco to provide "copies of all available monitoring reports, lab reports or other reports of the sort previously produced in this litigation" to counsel for Adams by August 31, 2007. Docket 167 at 1. The lab reports at issue are indisputably "of the sort previously produced in this litigation." Cole Reply dec. ¶3. Ten of the 11 documents are from 2000-2002, and the 11th is from 2004. Simply mentioning the documents in its DMRs, as Teck Cominco asserts it did, does not comply with the Court's Order or Rule 26.

Nor does it satisfy F.R.E. 1006, the basis for Teck Cominco's second argument. Under Rule 1006, even if the DMRs could appropriately be called a "chart, summary or calculation" of "the contents of voluminous writings... which cannot conveniently be examined in court" – which Adams strongly disputes – that is not the end of Rule 1006. Even under Teck Cominco's reading, Rule 1006 also requires that the underlying lab reports "shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court." Here, the "reasonable time" for production – and the production itself – *were* ordered by this Court: Teck Cominco had to produce "copies of all available monitoring reports, lab reports or other reports of the sort previously produced in this litigation" to counsel for Adams by August 31, 2007. Docket 167 at 1. Because Teck Cominco has failed to produce the documents at the reasonable time required by the Court, it cannot plausibly seek shelter in Rule 1006.[1]

---

[1] Teck Cominco offers *Forest Laboratories, Inc.*, *v. Ivex Pharmaceuticals, Inc.*, 237 F.R.D. 106, 113, 117 (D.Del. 2006) for the proposition that courts have allowed late-disclosed materials if the sum and substance of the materials were earlier provided in another form. The discovery dispute in *Forest Laboratories* turned on questions of *foundation*, not failure to disclose, *id*. at 113, and also involved documents disclosed during discovery, *id.*, or previously disclosed and updated at trial, *id.* at 117, unlike the situation here. *Forest Laboratories* is inapposite here.

Nor can Teck Cominco find solace in *U.S. v. Allegheny Ludlum Corp.*, 366 F.3d 164, 174

PLAINTIFFS' REPLY IN SUPPORT OF
OBJECTIONS TO EXHIBITS AND MOTION
IN LIMINE TO EXCLUDE DOCUMENTS        3

Teck Cominco's failure to provide the 11 lab reports is not substantially justified and has harmed Adams, and Exhibits 1116, 1218, 1230, 1231, 1232, 1264, 1341, 1635, 1636, 1637 and 1638 should be excluded.

### III. THREE OF THE FOUR INTERNAL MEMORANDA WERE NOT TIMELY DISCLOSED IN THIS CASE AND SHOULD BE EXCLUDED.

Adams moved to exclude four internal memoranda as not properly or timely disclosed. Teck Cominco notes that although Exhibit 1652 does not have Bates numbering, it was provided earlier to Adams (in a Bates-stamped form), and thus Adams withdraws its objection to Exhibit 1652; see Section VII below.

Exhibits 1648, 1649 and 1651 were allegedly filed with the Court in the *Kivalina Relocation Planning Commission v. Teck Cominco Alaska, Inc.* case. Opposition at 2. This fact alone does not make them admissible in this litigation. While some of the documentary evidence generated in the KRPC suit was, by stipulation, admitted in this litigation, not all of it was, despite Teck Cominco's assertion that "by stipulation, documents produced in that case were not required to be separately produced again in this case." Opposition at 2. The documentary evidence that was included is specified in the stipulation, at Docket 75, is narrowly drawn to include only the written discovery by KRPC and Teck Cominco enumerated in the stipulation. Exhibit 1 to Cole Reply dec. (copy of Docket 75). It does not include documents attached to motions in the KRPC case such as Exhibits 1648, 1649 and 1651. Cole Reply dec. ¶4. Nor could Teck Cominco's attachment of the documents to such motions in a wholly different case give Adams the requisite Rule 26 notice that Teck Cominco intends to use the documents at trial in *this* case.

### IV. ONE OF THE BIOMONITORING STUDIES WAS NOT TIMELY DISCLOSED AND SHOULD BE EXCLUDED.

Teck Cominco offers evidence that two of the biomonitoring studies, although not Bates-

---

(3rd Cir. 2004), which it cites at Opposition at 9. That case nowhere stands for the proposition that a defendant can withhold critical documents like lab reports from the plaintiffs until long after the discovery period has closed and then try to use the documents at trial. It merely states that in the Third Circuit, some courts have recognized the "laboratory error defense." *Id.* The laboratory error defense is a question for another day, and controlled here by the law of another Circuit.

stamped in their incarnation as Teck Cominco's exhibits, have indeed been previously produced, and Adams withdraws its motion as to those two exhibits, 1656 and 1658.  See Section VII, below.  Teck Cominco admits it has never previously disclosed the third biomonitoring study at issue, however, Exhibit 1663.  Opposition at 4.  That exhibit, dated June 2007, was first disclosed by mention – not production – in the expert report of Joyce Tsuji of January 18, 2008.  Teck Cominco apparently had a copy of the document early enough to provide to its expert for her use in updating her report, but withheld it from disclosure to Adams until after Adams's expert reports were finished and timely served.  Adams first received a physical copy of Exhibit 1663 on January 23, 2008.  This type of litigation gamesmanship should be rejected by the Court, and Exhibit 1663 should be excluded.

Adams is directly prejudiced by the failure of Teck Cominco to earlier produce the document, in five distinct ways.  First, the failure to disclose the document prior to January 2008 – although it has been available, on its face, from June 2007 – precluded Adams from petitioning the Court to do written discovery of Teck Cominco about the study, such as requests for admission, requests for production, or interrogatories to discover the background, reason for adoption, relevance or status of the proffered documents.  Cole Reply dec. ¶5.  Second, the failure to disclose the study earlier precluded Adams from deposing any witness about its contents, history, status and relevance, or lack thereof, to this case.  Cole Reply dec. ¶5.  While, given the June 2007 timing of the study, it is admittedly unlikely that Adams would have asked the Court to do further discovery on it, there are further harms to Adams that earlier disclosure would have cured:  Third, the failure to disclose the study before January 23 deadline for filing exhibit lists precluded Adams from listing any documents it might have discovered from Teck Cominco that would contradict, supplement, explain or undercut the study.  Cole Reply dec. ¶5.  Fourth, the failure to disclose the June 2007 study until late January 2008, after the deadline for filing expert reports, precluded Adams from soliciting its expert input on the study and making that input part of its experts' final reports, timely served on January 18, 2008.  Finally, the failure to disclose the study until after the filing of witness lists precluded Adams from securing and timely disclosing any fact witness(es) it might have chosen to use to amplify, contradict or

1  otherwise comment on the study. Cole Reply dec. ¶5. In the short time before trial, none of
2  these harms are now curable. Cole Reply dec. ¶5.
3        Teck Cominco has offered no justification for its failure to disclose the June 2007 study,
4  instead stating (in an unsworn assertion of counsel) that "it was not made available to Teck
5  Cominco until after discovery was closed." Opposition at 3. However, had the June 2007 study
6  been disclosed in or near June 2007 (which, Adams points out, was two months *before* the final
7  discovery disclosure cut-off of August 31, 2007 ordered by the Court), Adams could have
8  reviewed it with its experts, or chosen other exhibits and witnesses for trial, as noted above.
9  Indeed, Teck Cominco provided the document to *its* expert, Joyce Tsuji, who used it to update
10 her expert report, but at the same time withheld it from Adams. Because Teck Cominco has
11 provided no justification at all for failure to timely disclose the study (to Adams but not its
12 expert), and because Adams is demonstrably harmed by that failure, Exhibit 1663 should be
13 excluded and Ms. Tsuji barred from mentioning it at trial.

## V. THE PHOTOGRAPHS SHOULD BE EXCLUDED

15       Adams moved to exclude 39 photos as not previously disclosed. Teck Cominco has
16 demonstrated that three of the photographs were previously disclosed (Opposition at 5), and
17 Adams withdraws its motion as to Exhibits 1676, 1677 and 1703; see Section VII, below. The
18 remaining 36 photographs should be excluded as Teck Cominco has offered no substantial
19 justification for their late disclosure and Adams is prejudiced by it.
20       Federal Rule of Civil Procedure 26 required Teck Cominco to provide Adams with "a
21 copy – or a description by category and location – of all documents, electronically stored
22 information, and tangible things that the disclosing party has in its possession, custody, or control
23 and may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii). Here, rather
24 than timely disclose the 36 photographs, Teck Cominco waited until long after the close of
25 discovery, after expert reports were filed, and after exhibit and witness lists were filed, to actually
26 give Adams copies of the photographs. This does not satisfy Rule 26 or this Court's earlier
27 discovery disclosure orders, and did not allow Adams to do any discovery as to the photographs.
28       Teck Cominco requests that "even if some of the photos, maps and charts were not

1  previously produced, they should be permitted to come before the Court as demonstrative, or at a
2  minimum illustrative, evidence." Opposition at 5. Adams is prejudiced in a number of ways by
3  not seeing the photographs until this late date, and by having them admitted even as
4  demonstrative evidence. For the most part the photographs do not indicate the date on which
5  they were taken, and none reveal who took the photo. The date is critical, as is the time of the
6  photograph, in determining whether the photograph accurately reflects the actual conditions at
7  the particular location or was the result of the mine "cleaning up its act" for the purposes of
8  photographic documentation. For example, had Adams had access to the photographs earlier, it
9  could have propounded written discovery to determine the dates, times and locations of the
10 photographs, and then correlated that with the actual discharge of the mine on that date and time.
11 It could also have deposed the photographer (or, more likely, asked the photographer in
12 depositions it was already taking of that Teck Cominco employee) to find out the conditions
13 under which it was taken and whether or not the mine was discharging at the time. Cole Reply
14 dec. ¶6.
15      As is, a photograph offered as "demonstrative" or "illustrative" of what Outfall 001 looks
16 like, for example, might be a photograph of Outfall 001 operating at 0%, 10%, 50% or 150% of
17 capacity – without the ability to propound discovery to answer these questions, Adams is
18 prejudiced in having the Court consider them. The photograph of a seemingly placid stream
19 might be the result of the mine having ceased its discharge for the day, or may actually be a
20 photograph of a day of violation of the mine's TDS, cyanide or whole effluent toxicity permit
21 limits – but Adams, and this Court, cannot know because the photographs were not produced in
22 time for Adams to determine this critical background information. Cole Reply dec. ¶7. The
23 photographs thus have a potential to mislead the Court, rather than illuminate the issues in
24 dispute, and should be excluded.
25 **VI.    EIGHT OF THE CHARTS SHOULD BE EXCLUDED**
26      Adams moved to exclude 12 charts as not timely disclosed. Teck Cominco has
27 demonstrated that four of these charts were previously disclosed (Opposition at 5), and Adams
28 withdraws its motion as to Exhibits 1707, 1708, 1709 and 1710. For the other eight charts, Teck

1  Cominco admits that "Exhibits 1664, 1665, 1666, 1667, 1668, 1669, 1670 and 1711 were first
2  produced in January 2008." Opposition at 5. Teck Cominco argues that because they were
3  included as "part of" the "timely produced" expert witness reports of Joyce Tsuji and Robert
4  Fuhrman, they should be deemed timely disclosed. Opposition at 5. This fails on two grounds:
5  first, if Teck Cominco wanted to rely on the exhibit at trial, it was obligated to produce it far
6  sooner than January 18, 2008, under Rule 26.

7  Second, and more importantly, the exhibits themselves *are not included in the expert*
8  *reports* and thus were not disclosed as part of those reports as Teck Cominco asserts. Exhibits
9  1664, 1665 and 1666 concern various chemicals in water, but are not found anywhere in the
10  Expert Report Addendum of Joyce S. Tsuji served on Adams on January 18, 2008. See Docket
11  212-2, at 12, listing two "Exhibits Supporting Opinions," neither of which is Exhibit 1664, 1665,
12  or 1666. (Although one of the "Exhibits Supporting Opinions" *is* offered as an exhibit in this
13  case (Exhibit 1711), it is actually a table from Exhibit 1663, the biomonitoring report that Teck
14  Cominco shared with Ms. Tsuji but not with Adams (see Section IV, above). It should likewise
15  be excluded because the underlying report was not disclosed .)

16  Similarly, Exhibits 1667, 1669 and 1670, which appear to be economic charts, are not
17  included in the Supplemental Expert Report of Robert Fuhrman, a true and correct copy of which
18  is attached as Exhibit 2 to Cole Reply dec. While the actual charts that are Exhibits 1667, 1669
19  and 1670 were produced at the same time as the Fuhrman report, there is no reference to them in
20  that report that Adams has been able to find. Cole Reply dec. ¶8. The exhibits should be
21  excluded as not timely disclosed.

22  **VII.  ADAMS WITHDRAWS ITS MOTION TO EXCLUDE WITH RESPECT TO
         DOCUMENTS PROPERLY DISCLOSED IN THE PAST.**
23
    With less than six days to prepare its objections to Teck Cominco's exhibits between
24  physically receiving them on January 23 to filing its motion in limine on January 29, 2008,
25  Adams relied in part on the short-hand of the presence or absence of Bates-stamp numbers to
26  determine which of Teck Cominco's more than 800 exhibits had been timely disclosed. Cole
27  Reply dec. ¶9. The lack of a Bates-stamp was prima facie evidence that the document had not
28  been previously disclosed, and without a Bates-stamp to refer to, it was impossible to locate the

PLAINTIFFS' REPLY IN SUPPORT OF
OBJECTIONS TO EXHIBITS AND MOTION
IN LIMINE TO EXCLUDE DOCUMENTS                 8

exhibits Adams objected to among the more than 53,000 pages of discovery documents in this case. *Id.* ¶9. Since Teck Cominco has pointed out that 10 of the 69 challenged documents were previously properly disclosed – although the verions offered as exhibits are not the Bates-stamped versions – Adams withdraws it motion to exclude for the following documents: Exhibits 1652, 1656, 1658, 1676, 1677, 1703, 1707, 1708, 1709, 1710. The remaining 59 non-disclosed exhibits should be excluded. (Adams notes that withdrawing this challenge for failure to disclose does not in any way have an impact on other challenges it may have filed to these same documents on grounds of relevance, lack of foundation or hearsay.)

## VIII. THE REMEDY PROPOSED BY ADAMS IS NOT ONLY APPROPRIATE, BUT REQUIRED BY RULE 37.

To ensure compliance with the discovery requirements of Rule 26, Rule 37 provides that a party who "fails to provide information . . . as required by Rule 26(a) or (e), . . . is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure is substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Exclusion is "*automatic and mandatory* unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado by Salgado v. GMC*, 150 F.3d 735, 742 (7th Cir. 1998) (emphasis added). Here, in its entire 12-page Opposition, Teck Cominco has offered no substantial justification for its failure to disclose the documents. Adams, by contrast, has demonstrated through sworn testimony of counsel that the failure to disclose harmed Adams's case and trial preparation. See Docket 209 and Docket 247.

Teck Cominco again attempts to excuse its failure by asserting that "Teck Cominco has not failed to disclose the exhibits it will use at trial. Teck Cominco has previously produced or invited counsel to review most of the challenged materials." Opposition at 10. This assertion is wildly exaggerated, even according to Teck Cominco's sworn declaration. Of the 11 lab reports, Teck Cominco "has previously produced or invited counsel to review" *zero*; of the four internal memos, Teck Cominco "has previously produced or invited counsel to review" one; of the 39 photos, Teck Cominco "has previously produced or invited counsel to review" three; of the twelve charts, Teck Cominco "has previously produced or invited counsel to review" four, of the three biomonitoring reports, Adams has seen two. For the ten documents legitimately identified

1  as previously produced by Teck Cominco, Adams has withdrawn its motion (Section VII, above).

2  Teck Cominco's assertion that it has "has previously produced or invited counsel to review *most*

3  of the challenged materials" is a gross misrepresentation to this Court when by its own sworn

4  testimony that assertion covers just 10 of the 69 documents – about 14% – at issue in this motion.

5  While Teck Cominco asserts that the "demonstrative aids would be admissible because of

6  their harmlessness," Opposition at 11, as discussed above in Section V, the failure of Teck

7  Cominco to disclose the documents in question has caused significant harm to Adams. As this

8  Court has earlier ruled, "Defendant does not deny it did not disclose [the documents] ... during

9  the discovery period as documents in this matter. Because defendant failed to disclose the above-

10 referenced documents, the court grants plaintiffs' motion to exclude as to the documents[.]"

11 *Adams v. Teck Cominco Alaska, Inc.*, 231 F.R.D. 578, 581 (D.Ak. 2005).

12 **IX.   CONCLUSION**

13 Adams thus seeks an Order excluding from trial exhibits not timely disclosed by Teck

14 Cominco. Respectfully submitted this 29th day of January, 2008.

                                    _____/S/ Luke Cole_____
                                            Luke Cole
                                        Attorney for Plaintiffs

CERTIFICATE OF SERVICE
I hereby certify that on the 12th day of February 2008, a true and correct copy of the foregoing Reply in Support of Objections to Exhibit List and Motion to Exclude Undisclosed Documents was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

1  David S. Case
   Landye Bennett Blumstein LLP
2  701 W. 8th Ave., Suite 1200
   Anchorage, AK 99501
3
   Thane Tienson
4  Landye Bennet Blumstein
   1300 Southwest Fifth Ave, Suite 3500
5  Portland, OR 97201

6  _____
          /S/ Luke Cole
7
   Luke Cole
8

PLAINTIFFS' REPLY IN SUPPORT OF
OBJECTIONS TO EXHIBITS AND MOTION
IN LIMINE TO EXCLUDE DOCUMENTS          11