1  LUKE W. COLE, California Bar No. 145,505
   CAROLINE FARRELL, California Bar No. 202,871
2  BRENT J. NEWELL, California Bar No. 210,312
   Center on Race, Poverty & the Environment
3  47 Kearny St, Suite 804
   San Francisco, CA 94108
4  415/346-4179 • fax 415/346-8723

5  NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
   Law Offices of Nancy S. Wainwright
6  13030 Back Road, Suite 555
   Anchorage, AK 99515-3358
7  907/345-5595 • fax 907/345-3629

8  Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
   Adams, Andrew Koenig, Jerry Norton, David
9  Swan and Joseph Swan

10

11             IN THE UNITED STATES DISTRICT COURT

12          FOR THE DISTRICT OF ALASKA AT ANCHORAGE

13  ENOCH ADAMS, JR., LEROY ADAMS,           Case No. A04-49 (JWS)
    ANDREW KOENIG, JERRY NORTON
14  DAVID SWAN and JOSEPH SWAN,              DECLARATION OF LUKE COLE
                                             IN SUPPORT OF REPLY IN
15         Plaintiffs,                       SUPPORT OF
                                             MOTION *IN*
16         v.                                *LIMINE* TO EXCLUDE
                                             DOCUMENTS NOT
17  TECK COMINCO ALASKA INCORPORATED         TIMELY DISCLOSED
                                             (Fed. R. Civ. Proc. 26 and 37)
18         Defendant.

19  _____

20  NANA REGIONAL CORPORATION and
    NORTHWEST ARCTIC BOROUGH,
21
           Intervenors-Defendants.
22  _____

23

24  I, Luke Cole, declare:

25      1.  I am over 18 years of age and not a party to this action.  I am lead counsel for

26  plaintiffs.

27      2.  Several of the documents with Bates numbers above 50582 were disclosed to Adams

28  during the week of January 14, including the October 2007 DMR which was sent by Teck

    Cominco to the EPA on November 12 but withheld from Adams until two months later.

DECLARATION OF LUKE COLE IN SUPPORT OF
OBJECTIONS TO EXHIBITS AND MOTION
IN LIMINE TO EXCLUDE DOCUMENTS

1    3.  Teck Cominco's failure to disclose the 11 lab reports precluded critical parts of

2  Adams's case preparation such as discovery.  The lab reports at issue are indisputably "of the sort

3  previously produced in this litigation" as envisaged by the Court's August 2007 discovery order.

4  Ten of the 11 documents are from 2000-2002, and the 11th is from 2004.

5    4.  I was counsel for plaintiffs in the case *Kivalina Relocation Planning Commission v.*

6  *Teck Cominco Alaska, Inc.* The documentary evidence from that case that was allowed to be used

7  in this case is specified in the stipulation, at Docket , is narrowly drawn to include only the

8  written discovery by KRPC and Teck Cominco enumerated in the stipulation.  A true and correct

9  copy of that stipulation, filed as Docket 75, is attached as Exhibit 1.  It does not include

10  documents attached to motions in the KRPC case such as Exhibits 1648, 1649 and 1651.

11    5.  Adams is directly prejudiced by the failure of Teck Cominco to earlier produce the

12  biomonitoring document, in five distinct ways.  First, the failure to disclose the document prior to

13  January 2008 – although it has been available, on its face, from June 2007 – precluded Adams

14  from petitioning the Court to do written discovery of Teck Cominco about the study, such as

15  requests for admission, requests for production, or interrogatories to discover the background,

16  reason for adoption, relevance or status of the proffered documents.  Second, the failure to

17  disclose the study earlier precluded Adams from deposing any witness about its contents, history,

18  status and relevance, or lack thereof, to this case.  Third, the failure to disclose the study before

19  January 23 deadline for filing exhibit lists precluded Adams from listing any documents it might

20  have discovered from Teck Cominco that would contradict, supplement, explain or undercut the

21  study. Fourth, the failure to disclose the June 2007 study until late January 2008, after the

22  deadline for filing expert reports, precluded Adams from soliciting its expert input on the study

23  and making that input part of its experts' final reports, timely served on January 18, 2008.

24  Finally, the failure to disclose the study until after the filing of witness lists precluded Adams

25  from securing and timely disclosing any fact witness(es) it might have chosen to use to amplify,

26  contradict or otherwise comment on the study.  In the short time before trial, none of these harms

27  are now curable.

28    6.  Adams is prejudiced in a number of ways by not seeing the photographic exhibits until

DECLARATION OF LUKE COLE IN SUPPORT OF
OBJECTIONS TO EXHIBITS AND MOTION
IN LIMINE TO EXCLUDE DOCUMENTS                    1

1  this late date, and by having them admitted even as demonstrative evidence.  For the most part

2  the photographs do not indicate the date on which they were taken, and none reveal who took the

3  photo.  The date is critical, as is the time of the photograph, in determining whether the

4  photograph accurately reflects the actual conditions at the particular location or was the result of

5  the mine "cleaning up its act" for the purposes of photographic documentation.  For example, had

6  Adams had access to the photographs earlier, it could have propounded written discovery to

7  determine the dates, times and locations of the photographs, and then correlated that with the

8  actual discharge of the mine on that date and time.  It could also have deposed the photographer

9  (or, more likely, asked the photographer in depositions it was already taking of that Teck

10  Cominco employee) to find out the conditions under which it was taken and whether or not the

11  mine was discharging at the time.

12  　　　　7.  As is, a photograph offered as "demonstrative" or "illustrative" of what Outfall 001

13  looks like, for example, might be a photograph of Outfall 001 operating at 0%, 10%, 50% or

14  150% of capacity – without the ability to propound discovery to answer these questions, Adams

15  is prejudiced in having the Court consider them.  The photograph of a seemingly placid stream

16  might be the result of the mine having ceased its discharge for the day, or may actually be a

17  photograph of a day of violation of the mine's TDS, cyanide or whole effluent toxicity permit

18  limits – but Adams, and this Court, cannot know because the photographs were not produced in

19  time for Adams to determine this critical background information.

20  　　　　8.  A true and correct copy of the Supplemental Report of Robert Fuhrman is attached as

21  Exhibit 2.  While the actual charts that Teck Cominco offers as Exhibits 1667, 1669 and 1670

22  were produced at the same time as the Fuhrman report, there is no reference to them in that report

23  that I have been able to find.

24  　　　　9.  With less than six days to prepare its objections to Teck Cominco's exhibits between

25  physically receiving them on January 23 to filing its motion in limine on January 29, 2008,

26  Adams relied in part on the short-hand of the presence or absence of Bates-stamp numbers to

27  determine which of Teck Cominco's more than 800 exhibits had been timely disclosed.  The lack

28  of a Bates-stamp was prima facie evidence that the document had not been previously disclosed,

DECLARATION OF LUKE COLE IN SUPPORT OF
OBJECTIONS TO EXHIBITS AND MOTION
IN LIMINE TO EXCLUDE DOCUMENTS                    2

1  and without a Bates-stamp to refer to, it was impossible to locate the exhibits Adams objected to

2  among the more than 53,000 pages of discovery documents in this case.

3          I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th

4  day of February 2008 at San Francisco, California.

5

6

_____/S/ Luke Cole_____
7                                            Luke Cole

8

9  CERTIFICATE OF SERVICE
I hereby certify that on the 12th day of February 2008, a true and correct copy of the foregoing Declaration of Luke Cole in
10 Support of Reply in Support of Objections to Exhibit List and Motion to Exclude Undisclosed Documents  was served, via
electronic mail, on the below identified parties of record:
11

Sean Halloran
12 Hartig Rhodes
717 K Street
13 Anchorage, AK 99501

14 Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
15 13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538
16

James E. Torgerson
17 Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
18 Anchorage, Alaska 99501-1959

19 David S. Case
Landye Bennett Blumstein LLP
20 701 W. 8th Ave., Suite 1200
Anchorage, AK 99501
21

Thane Tienson
22 Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
23 Portland, OR 97201

24  _____

_____/S/ Luke Cole_____
25

Luke Cole
26

27

28

DECLARATION OF LUKE COLE IN SUPPORT OF
OBJECTIONS TO EXHIBITS AND MOTION
IN LIMINE TO EXCLUDE DOCUMENTS            3