1  LUKE W. COLE, California Bar No. 145,505
   CAROLINE FARRELL, California Bar No. 202,871
2  BRENT J. NEWELL, California Bar No. 210,312
   Center on Race, Poverty & the Environment
3  47 Kearny St, Suite 804
   San Francisco, CA 94108
4  415/346-4179 • fax 415/346-8723

5  NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
   Law Offices of Nancy S. Wainwright
6  13030 Back Road, Suite 555
   Anchorage, AK 99515-3358
7  907/345-5595 • fax 907/345-3629

8  Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
   Adams, Andrew Koenig, Jerry Norton, David
9  Swan and Joseph Swan

10

11            IN THE UNITED STATES DISTRICT COURT

12         FOR THE DISTRICT OF ALASKA AT ANCHORAGE

13  ENOCH ADAMS, JR., LEROY ADAMS,            Case No. A04-49 (JWS)
    ANDREW KOENIG, JERRY NORTON
14  DAVID SWAN and JOSEPH SWAN,               PLAINTIFFS' REPLY IN SUPPORT
                                              OF OBJECTIONS TO
15                                            NORTHWEST ARCTIC
            Plaintiffs,                       BOROUGH'S UNDISCLOSED
16                                            EXHIBITS AND MOTION *IN
       v.                                     LIMINE* TO EXCLUDE
17                                            EXHIBITS NOT
    TECK COMINCO ALASKA INCORPORATED          TIMELY DISCLOSED
18                                            (Fed. R. Civ. Proc. 26 and 37)
            Defendant.
19  _____

20  NANA REGIONAL CORPORATION and
    NORTHWEST ARCTIC BOROUGH,
21
            Intervenors-Defendants.
22  _____

23

24

25

26

27

28

1    Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiffs Enoch Adams, Jr., *et al*.

2  ("Adams"), filed a Motion *in Limine* to exclude exhibits lodged with the Court on January 22, 2008

3  by Intervenor-Defendant Northwest Arctic Borough ("Borough") which were not timely disclosed.

4  Docket 220.  Although the Borough has responded to two separate motions in limine (Docket 220 to

5  exclude undisclosed documents, and Docket 224 to exclude an undisclosed witness) by Adams in a

6  single document (Docket 240[1]), Adams here replies only in support of its motion to exclude

7  documents, Docket 220.  Adams will reply to the Borough's Response to Adams's motion at Docket

8  224 to exclude undisclosed witness under the schedule set forth in the Court's Scheduling Order,

9  Docket 230.

10  **I.    INTRODUCTION**

11    Adams brought its motion to exclude four exhibits offered by the Borough (Exhibits 2000,

12  2001, 2002 and 2003) because the Borough had never disclosed those documents to Adams as

13  required under Fed.R.Civ.Proc. 26.  The Borough admits it never provided Adams the documents in

14  this case.  Affidavit of Thane Tienson, Docket 240-1 ("Tienson dec."), at ¶12.  The Borough's

15  defense of its own admitted failure to provide the documents it seeks to admit at trial takes several

16  tacks.  First, that its disclosure of three of the documents in its motion to intervene in the *Kivalina*

17  *Relocation Planning Committee v. Teck Cominco Alaska Incorporated* case ("KRPC suit") was

18  sufficient, and second that any failure to disclose is harmless:

19    the Borough was under no obligation to supplement its disclosures or responses since none
    was ever made in this case.  Alternatively, any error on the part of the Borough in failing to
20    earlier disclose them is either justified and/or harmless and therefore not subject to exclusion
    under Fed.R.Civ.P. 37(c)(1).

21
22  Borough Resp. at 13.  In short, the Borough asserts that disclosure to a different plaintiff, in a

23  different case, as part of an intervention motion that was denied by this Court, counts as Rule 26

24  disclosure in this case.  *Id*. at 3.  It claims the failure to disclose the documents was either justified,

    or was harmless.  *Id*. at 13.

25
26    The Borough is wrong on each of these counts.  It was under an obligation under Rule 26 to

27  disclose the documents in this suit; it admits it never disclosed the documents in this suit.  It never

28
    _____

    [1]The opposition was originally filed at Docket 232, subsequently struck by the Court as
    improperly filed, and refiled at Docket 240 on February 8, 2008.

1   properly disclosed the documents as documents it intended to use at trial in the KRPC suit, either.  It

2   has not justified its failure to disclose the documents in any way.  And its failure to disclose the

3   documents during the discovery period directly harms Adams as the plaintiffs were not able to do

4   any documentary discovery or depositions on the documents, nor proffer documents or witnesses to

5   counter or explain the documents.

6   ## II.    THE BOROUGH ADMITS IT NEVER DISCLOSED THE DOCUMENTS IN THIS CASE.

7          The Borough concedes Adams's central point: it never disclosed the documents in this case.

8   Tienson dec. ¶12.  It cannot now be heard to protest the exclusion of its documents when it admits it

9   has never before disclosed them to plaintiffs in this suit.

10         So that parties properly comply with the disclosure requirements of Rule 26, Fed.R.Civ.P.

11  37 provides that a party who "fails to provide information . . . as required by Rule 26(a) or (e), . . . is

12  not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial,

13  unless the failure is substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Exclusion is

14  "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was

15  either justified or harmless."  *Salgado by Salgado v. GMC*, 150 F.3d 735, 742 (7th Cir. 1998).

16         The Borough's attorney is candid: "nor did NAB make any disclosures to the other parties in

17  this case prior to January 18, 2008."  Tienson dec. ¶12.  This admission alone is enough to have the

18  documents excluded under Rule 37.  However, the Borough did not properly disclose the documents

19  to the plaintiffs in the KRPC suit, either.

20  ## III.   THE BOROUGH DID NOT EVEN PROPERLY DISCLOSE THE DOCUMENTS IN THE KRPC SUIT.

21

22         In the KRPC suit, all parties were under an obligation to make Rule 26 disclosures as to

23  evidence which they were to use at trial.  Although the Borough seeks to excuse its failure to

24  disclose three of the documents in this case by pointing to its filings in the KRPC suit, that reference

25  is misplaced, for two reasons.  First, and most importantly, the Borough never properly disclosed the

26  three documents in that case *under Rule 26*.  Second, the Borough never sought to include any of its

27  disclosures from the KRPC suit in this case in the one stipulation among all parties that governs the

28  use of documents from that case, Docket 75.  (For the record, the Borough admits the fourth

REPLY IN SUPPORT OF OBJECTION TO NORTHWEST
ARCTIC BOROUGH'S UNDISCLOSED  EXHIBITS &
MOTION IN LIMINE TO EXCLUDE EXHIBITS          3

document was never disclosed in either suit.)

**A.    The Borough never disclosed the documents under Rule 26 in the KRPC suit.**

The Borough admits that the only time it disclosed three of the documents in question was during its failed attempt to intervene. Borough Resp. at 3. Although the Borough was required by Rule 26 to disclose any documents it would rely on at trial, once it was admitted as a party, it failed to make that disclosure even in the KRPC case. Thus, there was no way for Adams to know what documents the Borough would rely on at trial. Cole Reply dec. ¶2.

The use of the documents in the Borough's failed attempt to intervene could not have put KRPC (or, more importantly, Adams) on notice that the Borough would then use those documents at trial in that case (or this one!), and thus the disclosure objectives of Rule 26 were thwarted. The Borough's reliance on its "disclosure" of the documents during a failed motion, rather than in an appropriate Rule 26 disclosure, is misplaced.

**B.    The stipulation among the parties did not include the Borough's claimed "disclosure."**

Because of the large volume of discovery that had taken place between Teck Cominco and the Kivalina Relocation Planning Committee, when the Adams plaintiffs filed suit all parties – the plaintiffs, Teck Cominco, NANA and the Borough – stipulated as to the use of certain documents from that suit in this suit, Docket 75. Cole Reply dec. ¶3. That stipulation is specific as to which documents from the KRPC suit may be used as evidence as though discovered in this suit. Although the Borough's attorney signed the stipulation, nowhere in that stipulation is there any mention of any Borough documents. Cole Reply dec. ¶3; *see also* Docket 75 (also filed electronically at Docket 247-1). Again, there was no way Adams could know that the Borough intended to rely on documents from the KRPC suit that were not listed in the stipulation, the one filing in this case expressly governing the use of documents from the KRPC suit. Cole Reply dec. ¶4.

While the Borough asserts that "it is important to recall that this case was first commenced in September 2002," Opposition at 3:3-4, the Borough is wrong. *It won* the earlier KRPC suit. Because of that victory by the Borough, Adams was forced to file a completely new suit. The Borough cannot now claim that documents that it never properly disclosed in the KRPC suit, and never stipulated for admission in this suit, are admissible at trial here.

REPLY IN SUPPORT OF OBJECTION TO NORTHWEST
ARCTIC BOROUGH'S UNDISCLOSED  EXHIBITS &
MOTION IN LIMINE TO EXCLUDE EXHIBITS          4

1

**IV.    THE BOROUGH HAS PROVIDED NO JUSTIFICATION FOR THE FAILURE TO DISCLOSE THE DOCUMENTS.**

2

3          As the Borough points out (at Borough Resp. at 11), under Fed.R.Civ.P. 37(c)(1), a party is

4     precluded from using evidence at trail if the failure to disclose was "without substantial

5     justification."  In its Response, the Borough has provided no justification for its failure to disclose

6     the documents.  Its excuses – that it was relying on its disclosures in the KRPC case and that it had

7     no updates to those disclosures (Tienson dec. ¶¶12-13) – are no justification at all, much less

      "substantial justification."  Its excuses do not outweight the prejudice suffered by Adams here.

8

**V.    ADAMS IS PREJUDICED BY THE BOROUGH'S FAILURE TO DISCLOSE THE DOCUMENTS.**

9

10         Adams moved to exclude the documents because it is harmed by the Borough's failure to

11    timely disclose them.  Although the Borough claims its failure to comply with Rule 26 is

12    "harmless," Opposition at 5, Adams is most certainly prejudiced by the Borough's failure to disclose

13    the documents and its witness.  First, the failure to disclose the documents during the discovery

14    period precluded Adams from doing any written discovery of the Borough about the documents,

15    such as requests for admission, requests for production, or interrogatories to discover the

16    background, reason for adoption, relevance or status of the proffered documents.  Cole Reply dec.

17    ¶5.

18         Second, the failure to disclose the documents during the discovery period precluded Adams

19    from deposing any Borough officials (or any other witness, for that matter) about their contents,

20    history, status and relevance, or lack thereof, to this case.  Cole Reply dec. ¶5.  Third, the failure to

21    disclose the documents during the discovery period precluded Adams from listing any documents it

22    might have discovered from the Borough that would contradict, supplement, explain or undercut the

23    documents offered by the Borough.  Cole Reply dec. ¶5.

24         Finally, the failure to disclose the documents during the discovery period precluded Adams

25    from securing and timely disclosing any witness(es) it might have chosen to use to amplify,

26    contradict or otherwise comment on the Borough's documents.  Cole Reply dec. ¶5.  Because the

27    discovery period is now long over, none of these harms are curable.  It would be impossible for

28    Adams to do written discovery of the Borough, and then depositions following that, followed up by

1    further written discovery, as it has had the opportunity to do with Teck Cominco in this case. Cole

2    Reply dec. ¶6.

3         Although the Borough notes that the "disclosure" of its documents is four months before

4    trial, Opposition at 5, this misses the point: discovery in this case closed years ago. Adams is

5    directly and significantly harmed by the Borough's failure to disclose the documents. Cole Reply

6    dec. ¶¶ 4-6.

7    ## VI.    THE BOROUGH'S OTHER ARGUMENTS HAVE NO MERIT.

8         The Borough makes a series of other arguments in closing out its brief, none of which are

9    persuasive.

10        ### A.    The Borough has not sought judicial notice for its late-disclosed documents.

11        The Borough next turns to FRE 201 to assert that because Courts are allowed to take

12   judicial notice of adjudicative facts, "all of the documents in question fall into the category as

13   having their late disclosure in this case be either justified or harmless." Borough Resp. at 11. The

14   Borough has not requested judicial notice of these documents, so this argument is at this point

15   speculative, but even were the documents judicially noticeable (a point Adams does not address

16   here), Adams would oppose their admission because the Borough failed to disclose them during the

17   discovery period, without substantial justification.

18        ### B.    The deposition of Randolph Fischer in March 2008 offers no support for the
          Borough's failure to properly disclose its documents.

19

20        The Borough then asserts that "there is more than ample time for plaintiffs to review and

21   consider them." Borough Resp. at 12. Although this assertion is demonstrably false, as noted above

22   in Section V, the Borough presses on, analogizing the time to "review and consider" the late-

23   disclosed documents to the deposition of plaintiffs' expert Randolph Fischer in Denver in March.

24   This analogy does not support the Borough. Mr. Fischer is testifying by deposition because, as an

25   elected member of the Colorado legislature, his schedule precludes him being in Alaska for trial this

26   summer. Cole Reply dec. ¶7. Because he was timely disclosed as a witness, and timely filed an

27   expert report, all parties (including the Borough) deposed Mr. Fischer in 2005. *Id.* Because he was

28   timely disclosed as a witness, Teck Cominco had the opportunity to propound extensive discovery to

     Adams concerning Mr. Fischer's testimony in 2005, and Adams provided extensive responses to that

1  discovery in 2005.  Mr. Fischer also timely updated his expert report in January 2008.  None of

2  these circumstances – timely disclosure of the identity of the witness, timely disclosure of his expert

3  report, deposition testimony, timely written discovery and responses, and timely updating of his

4  expert report – pertain to the documents that the Borough now offers for trial.

5  **VII.    THE DOCUMENTS SHOULD BE EXCLUDED.**

6         The Borough admits it never disclosed the documents in this suit.  Its purported "disclosure"

7  of three of the four documents in the KRPC suit did not meet Rule 26's requirements even in that

8  suit, and the documents were not stipulated for use in this suit.  The Borough has offered no

9  justification for its failure to disclose the documents, and its failure to disclose has prejudiced the

10 Adams plaintiffs.  Under Rule 37(c)(1), the documents should be excluded.  Respectfully submitted

11 this 13th day of February, 2008.

12

13                                          _____/S/ Luke Cole_____
                                            Luke Cole
14                                          Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on the 13th day of February 2008, a true and correct copy of the foregoing Reply in Support of Objections to
Northwest Arcti Borough's Exhibit List and Motion to Exclude Undisclosed Exhibits  was served, via electronic mail, on the
below identified parties of record:

2

3

4

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

5

6

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

7

8

9

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

10

11

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

12

13

14

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

15

16

_____

17

      /S/ Luke Cole
_____

18

Luke Cole

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF OBJECTION TO NORTHWEST
ARCTIC BOROUGH'S UNDISCLOSED  EXHIBITS &
MOTION IN LIMINE TO EXCLUDE EXHIBITS          8