LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>    Plaintiffs,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>    Defendant.<br>_____<br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>    Intervenors-Defendants.<br>_____ | Case No. A04-49 (JWS)<br><br>DECLARATION OF LUKE COLE IN SUPPORT OF REPLY IN NORTHWEST ARCTIC BOROUGH'S UNDISCLOSED EXHIBITS AND MOTION *IN LIMINE* TO EXCLUDE EXHIBITS NOT TIMELY DISCLOSED<br>(Fed. R. Civ. Proc. 26 and 37) |

DECLARATION OF LUKE COLE IN SUPPORT OF
REPLY IN SUPPORT OF OBJECTION TO NORTHWEST
ARCTIC BOROUGH'S UNDISCLOSED  EXHIBITS &
MOTION IN LIMINE TO EXCLUDE EXHIBITS

I, Luke Cole, declare:

1. I am over 18 years of age and not a party to this case. I am lead counsel for plaintiffs.

2. I was lead counsel for the plaintiffs in the suit *Kivalina Relocation Planning Committee v. Teck Cominco Alaska Incorporated* (the "KRPC suit"). In the KRPC suit, the Borough did not disclose any of the four exhibits it now offers at trial as part of its initial disclosures or supplemental disclosures under Rule 26. I had no way to know what documents the Borough would rely on at trial in that case.

3. Because of the large volume of discovery that had taken place between Teck Cominco and the Kivalina Relocation Planning Committee in the KRPC suit, when the Adams plaintiffs filed this suit all parties – the plaintiffs, Teck Cominco, NANA and the Borough – stipulated as to the use of certain documents from that suit in this suit. That stipulation is filed at Docket 75 (and an electronic version is filed at Docket 247-1). That stipulation is specific as to which documents from the KRPC suit may be used as evidence as though discovered in this suit. The Borough's attorney signed the stipulation. Nowhere in that stipulation is there any mention of any Borough documents.

4. There was no way I could know that the Borough intended to rely on documents from the KRPC suit that were not listed in the stipulation, which is the only agreement in this case expressly governing the use of documents from the KRPC suit.

5. Adams moved to exclude the documents offered by the Borough as trial exhibits because it is harmed by the Borough's failure to timely disclose them. Adams is prejudiced by the Borough's failure to disclose the documents in a number of ways. First, the failure to disclose the documents during the discovery period precluded Adams from doing any written discovery of the Borough about the documents, such as requests for admission, requests for production, or interrogatories to discover the background, reason for adoption, relevance or status of the proffered documents. Second, the failure to disclose the documents during the discovery period precluded Adams from deposing any Borough officials (or any other witness, for that matter) about their contents, history, status and relevance, or lack thereof, to this case. Third, the failure to disclose the documents during the discovery period precluded Adams from listing any documents it might have discovered from the Borough that would contradict, supplement, explain or undercut the documents

1  offered by the Borough. Finally, the failure to disclose the documents during the discovery period
2  precluded Adams from securing and timely disclosing any witness(es) it might have chosen to use to
3  amplify, contradict or otherwise comment on the Borough's documents.
4     6. Because the discovery period is now long over, none of these harms are curable. It would
5  be impossible for Adams to do written discovery of the Borough, and then depositions following
6  that, followed up by further written discovery, as it has had the opportunity to do with Teck
7  Cominco in this case.
8     7. Plaintiffs' expert Randolph Fischer is testifying by deposition because, as an elected
9  member of the Colorado legislature, his schedule precludes him being in Alaska for trial this
10 summer.
11    I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th
12 day of February at San Francisco, California.

                                                                      /S/ Luke Cole
                                                                      Luke Cole

DECLARATION OF LUKE COLE IN SUPPORT OF
REPLY IN SUPPORT OF OBJECTION TO NORTHWEST
ARCTIC BOROUGH'S UNDISCLOSED EXHIBITS &
MOTION IN LIMINE TO EXCLUDE EXHIBITS        3

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February 2008, a true and correct copy of the foregoing Declaration of Luke Cole in Support of Reply in Support of Objections to Northwest Arcti Borough's Exhibit List and Motion to Exclude Undisclosed Exhibits was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

_____
        /S/ Luke Cole

Luke Cole

DECLARATION OF LUKE COLE IN SUPPORT OF
REPLY IN SUPPORT OF OBJECTION TO NORTHWEST
ARCTIC BOROUGH'S UNDISCLOSED EXHIBITS &
MOTION IN LIMINE TO EXCLUDE EXHIBITS            4