LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>    Defendant.<br>_____<br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>    Intervenors-Defendants.<br>_____ | Case No. A04-49 (JWS)<br><br>DECLARATION OF LUKE COLE IN OPPOSITION TO MOTION TO STRIKE PLAINTIFFS' NEW EXPERT REPORTS |

DECLARATION OF LUKE COLE IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO MOTION TO
STRIKE PLAINTIFFS' NEW EXPERT REPORTS

I, Luke Cole, declare:

1. I am over 18 years of age and not a party to this action. I am lead counsel for plaintiffs.

2. One of the primary "effects results from the passage of time" in this case between November 2004 and the present is that Teck Cominco disclosed almost 9500 pages of documents between November 15, 2007 and January 23, 2008.

3. At my direction, Dr. Robert Moran and Ken Fucik updated their reports to include the actual testimony they had provided in this case (found in their declarations filed with various motions in 2005) and also to include their opinions based on the discovery documents disclosed by Teck Cominco in November 2007 and January 2008.

4. Randolph Fischer merely filed an expert report with a new cover page, that is substantively identical to the report he filed in 2005. Mr. Fischer's updated report, which is literally an electronic combination of his earlier expressed opinions, contains no new opinions that have not been previously expressed in this case, not even any updates.

5. Adams previously disclosed the one new reference in Mr. Fischer's updated report to Teck Cominco during discovery.

6. In responding to Teck Cominco's objections, Adams is at a disadvantage because there are two sets of page numbers on Exhibit B, the Moran report: the original pagination, and then the Exhibit pagination. Adams is proceeding under the assumption that the references to page numbers in the "Dr. Moran's new report" are references to the original pagination as that appears to make the most sense in the context of the reports and the objections to them. Pages 7-10 of the Moran updated report are a series of charts including the TDS levels measured by Teck Cominco as reported in the lab results disclosed after November 15, 2007 and in the DMRs from 2005 through 2007.

7. The tables summarizing the cyanide and TDS found in Dr. Moran and Mr. Fucik's expert reports were created from the DMRs themselves, from the spreadsheets provided to Adams in April 2005, and the lab reports for 2005-2007 which were provided to Adams after November 15, 2007; *see* Exhibits 1341 through 1638, the lab reports which roughly correspond to these dates and, with few exceptions, have Bates stamps over 42904, which is the first page of the exhibits disclosed on November 15, 2007. The tables could not have been constructed without the lab reports because the

tables include a number of data points from those reports that were not contained in the DMRs.

8. Plaintiffs' expert Dr. Robert Moran is currently in Guatemala and has been there for the past 10 days, out of email or telephone contact. I have thus not been able to secure a declaration from him for use in opposition to this motion. However, I worked closely with Dr. Moran when he updated his report and know from conversations with him that Dr. Moran came to this opinion on hold times after examining the lab reports from 2005-2007 disclosed by Teck Cominco after November 15, 2007. The examination of these lab reports disclosed to me and to Dr. Moran the actual hold times for the TDS samples from 2005 through 2007. This data was not available in 2004.

9. Dr. Moran provided an opinion on Teck Cominco's new approach of choosing only the lowest values in lab tests – no matter what the lab – at my request. This data and Teck Cominco's actions became clear from 2005-2007 Teck Cominco's lab reports when compared to the 2005-2007 DMRs, as Teck Cominco routinely selected the lab which provided the most favorable lab results during that period.

10. The data used in the WET tables and charts in Mr. Fucik's declaration is from lab reports on *Ceriodaphnia dubia* tests that was included in spreadsheets made available to Adams in April 2005, after Mr. Fucik's first report was completed. These same spreadsheets were used to create the TDS and cyanide tables found in Dr. Moran and Mr. Fucik's reports. The tables summarize data from the Teck Cominco spreadsheets included as Exhibits 70-71 to Adams's Exhibit List, Docket 190. Teck Cominco also asserts, without specifying any particular paragraph or line, that "Dr. Moran's revisions to earlier statements appear in his new report, Exh. B, on pages 4, 5, 6, 10, 12, 26, 27, 28, 30, 31, and 36." Motion at 5 n.16. Without further specificity, it is impossible for me to respond, as I am unclear as to which words, sentences or lines Teck Cominco finds offensive.

11. Any references included in Dr. Moran or Mr. Fischer's updated expert reports were included in discovery disclosures to Teck Cominco and were included in the expert reports to reflect that earlier disclosure.

12. The charts summarizing the TDS levels from 2005 on were based on TDS levels

1 measured by Teck Cominco as reported in the lab results disclosed after November 15, 2007 and in
2 the DMRs from 2005 through 2007.  In my recollection, the first two paragraphs under TDS on
3 page 13 in Mr. Fucik's declaration are found in other testimony filed in 2005.

4     13.  Late in the afternoon of February 19, 2008, Teck Cominco and NANA agreed via email
5 to withdraw the Rule 26 portion of the motion (Section C on page 6, docket 218), but Adams has
6 not seen a formal filing memorializing this withdrawal as of the time of filing this response; I have
7 waited until 10:30 p.m. Pacific Time in hopes of seeing such a filing, but now have to file the
8 response with the language responding to section C still in it.  If indeed Teck Cominco and NANA
9 file a formal withdrawl of their motion as to the Rule 26 aspect, then Adams withdraws this
10 argument.

11     14.  Upon request, I promptly provided defendants' counsel with the case citation to the
12 matter listed in Dr. Moran's resume, and also provided them with the name of the single case Mr.
13 Fucik testified in which was left out of his updated report by my error.

14     15.  When I first received this motion, I spoke with NANA's counsel, Jim Torgerson, on
15 January 31, 2008 to point out that the expert reports were based on the late-disclosed documents
16 thus that the motion had no merit.  Mr. Torgerson told me he was unaware of that late disclosure
17 when he filed the motion, and I invited him to withdraw the motion.  I again spoke with Mr.
18 Torgerson on February 19, 2008, and sent an email to Mr. Torgerson and Teck Cominco's attorney,
19 Sean Halloran, again requesting that the motion be withdrawn.  Despite this invitation, Teck
20 Cominco and NANA refused to withdraw the motion.

21     16.  I have had to spend more than 30 hours of attorney time in responding to this motion.

22 I declare under penalty of perjury that the foregoing is true and correct.  Executed this 19th
23 day of February at Hanford, California.

                                                           _____/S/ Luke Cole_____
                                                           Luke Cole

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February 2008, a true and correct copy of the foregoing Declaration of Luke Cole in Support of Response to Motion to Strike was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

_____/S/ Luke Cole_____

Luke Cole

DECLARATION OF LUKE COLE IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO MOTION TO
STRIKE PLAINTIFFS' NEW EXPERT REPORTS                5