Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska  99501
Phone:  (907) 276-1592
Fax:     (907) 277-4352
Firm email:  mail@hartig.law.pro
Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN, JOSEPH SWAN,<br>　　　　Plaintiffs,<br><br>vs.<br><br>TECK COMINCO ALASKA INCORPORATED,<br>　　　　Defendant,<br><br>NANA REGIONAL CORPORATION, and NORTHWEST ARCTIC BOROUGH,<br>　　　　Intervenor-Defendants. | Case No.: A04-00049 CV (JWS) |

### JOINT OPPOSITION TO PLAINTIFFS' LIAIBILITY WITNESS OBJECTIONS AT DOCKET 211 AND 221

At Docket 221, the plaintiffs repeatedly assert that no evidence is relevant at the liability phase of trial except the DMRs.  If this was true, all claims would have been disposed of on summary judgment long ago.  The fact is that liability must be established or not established based upon all the evidence, not just DMRs.  Where the plaintiffs seek liability for allegations that Teck Cominco did not follow particular procedures on particular

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE
(907) 276-1592
FAX
(907) 277-4352

days (e.g. monitoring and reporting violations), testimony as to the procedures at issue and whether they were followed is relevant, and the plaintiffs are wrong to assert otherwise. Where there is an issue of fact as to what the permit requires [e.g. Docket 136 at 19], the testimony of those individuals who wrote the permit, adopted the standards it incorporates and/or enforce the permit (including both State and federal government witnesses) is relevant.     Testimony as to affirmative defenses is in all ways relevant at the liability phase of the trial.  Similarly, where even the plaintiffs acknowledge that whether violations are ongoing is an element of their claims, there cannot possibly be any basis for striking those witnesses whose testimony is to include "the non-ongoing nature of alleged violations".  [E.g. Coulter and Clark.]  Where the plaintiffs assert that it is relevant and appropriate for them to call various witnesses to discuss a particular subject, such as, for example, the impact of the mine on subsistence activities, at a minimum, testimony on the same subjects is relevant when proffered by the defendants, if for no other reason than to demonstrate the lack of credibility in the testimony offered by the plaintiffs.  Where for example, the plaintiffs intend to call various Teck Cominco employees to testify on a variety of subjects, it is appropriate for the defendants to call those same witnesses to testify on the same subjects.

At Docket 211, the plaintiffs further assert that certain of the witnesses they complain of in Docket 221 should be stricken on the basis that the plaintiffs are not able to discern the subjects on which they will testify.  The motion is essentially a repeat of their motion at Docket 225.  For all the reasons stated in the defendants' opposition to the motion at Docket 225, the motion at Docket 211 should be denied as well.

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE
(907) 276-1592
FAX
(907) 277-4352

With three exceptions, none of the plaintiffs' objections have merit. In the accompanying chart, Teck Cominco and NANA concisely address the various objections and indicate why they are without merit. For all the reasons articulated therein, for all the reasons articulated in the response to Docket 225, and for all the reasons articulated here, the court should allow the proffered testimony, with the following exceptions:

1. As to Peter Chapman, his testimony is properly limited to the remedial phase of trial.

2. As to David Deforest, his testimony should properly be limited to the remedial phase of trial, except as may be necessary to rebut testimony offered by the plaintiffs at the liability phase.

3. As to John Key, his testimony should properly be limited to the remedial phase of trial, except as may be necessary to rebut testimony offered by the plaintiffs at the liability phase.

DATED this 19th day of February, 2008.

HARTIG RHODES HOGE & LEKISCH, PC
Counsel for Teck Cominco Alaska Incorporated

By: /s/ *Sean Halloran*
    Sean Halloran (BAR NO. 9211080)

HELLER EHRMAN LLP
Intervenor-Defendant NANA REGIONAL CORP.

By: /s/ *James E. Torgerson*
JAMES E. TORGERSON (BAR NO. 8509120)

HARTIG RHODES HOGE & LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE, ALASKA
99501-3397
TELEPHONE (907) 276-1592
FAX (907) 277-4352

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2008, a true and correct copy of the foregoing was served electronically on:

Luke W. Cole
Center on Race, Poverty, & the Environment
450 Geary Street, Suite 500
San Francisco, California 94102

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

**And via First Class Mail**
Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

    /s/ Sean Halloran
Hartig Rhodes Hoge & Lekisch PC

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE
(907) 276-1592
FAX
(907) 277-4352