1  LUKE W. COLE, California Bar No. 145,505
   CAROLINE FARRELL, California Bar No. 202,871
2  BRENT J. NEWELL, California Bar No. 210,312
   Center on Race, Poverty, & the Environment
3  47 Kearny Street, Suite 804
   San Francisco, CA, 94108
4  415/346-4179  •  fax 415/346-8723

5  NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
   Law Offices of Nancy S. Wainwright
6  13030 Back Road, Suite 555
   Anchorage, AK 99515-3538
7  907/345-5595  •  fax 907/345-3629

8  Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
   Adams, Andrew Koenig, Jerry Norton and Joseph Swan
9

10              IN THE UNITED STATES DISTRICT COURT

11         FOR THE DISTRICT OF ALASKA AT ANCHORAGE

12

13  ENOCH ADAMS, JR., LEROY ADAMS,          Case No. A04-49 (JWS)
    ANDREW KOENIG, JERRY NORTON
    DAVID SWAN and JOSEPH SWAN,             **PLAINTIFFS' OPPOSITION
14                                          TO MOTION TO STRIKE
                                            PLAINTIFFS' REPLIES
15        Plaintiffs,                       [DOCKET 252]**

16        v.

17  TECK COMINCO ALASKA INCORPORATED

18        Defendant.
    ─────────────────────────────────────
19  NANA REGIONAL CORPORATION and
    NORTHWEST ARCTIC BOROUGH,
20
          Intervenors-Defendants.
21  ─────────────────────────────────────

22

23

24

25

26

27

28

1

## I.    INTRODUCTION

At Docket 252, Teck Cominco, NANA and the Northwest Arctic Borough ("Defendants") jointly ask the Court to strike Plaintiffs' reply briefs at Dockets 246 and 248, or allow them to file replies in support of their objections to Plaintiffs' exhibits.  The Defendants make the motion based on the sole argument that they did not understand the Court's Scheduling Order to include the possibility of reply briefs.  Motion at 2-3.  The Defendants cannot muster a citation to a single case, statute or local rule which supports their argument.  On the other hand, the Federal Rules of Civil Procedure, the District Court's Local Rules, and this Court's own pre-trial Orders in this case all support Adams here.  The Motion has no merit and Adams respectfully requests that it be denied.

## II.    ADAMS FILED MOTIONS *IN LIMINE*, AND THUS IS ENTITLED TO FILE REPLY BRIEFS.

Under the local rules, if a party files a motion, it is entitled to exercise its option of filing a reply brief in support of that motion.  D.Ak.L.R. 7.1(b).  Here, Adams filed two motions *in limine* under Federal Rule of Civil Procedure ("F.R.C.P.") 37 with regard to Defendants' exhibits, in addition to the standard exhibit objections it filed.  First, it filed a motion to exclude four of the Northwest Arctic Borough's proposed trial exhibits because the Borough had never disclosed those exhibits, in violation of F.R.C.P. 26's disclosure requirements.  Docket 220.  Under Rule 37, this was Adams's appropriate recourse when the Borough completely failed to comply with Rule 26.

Adams's second motion *in limine* to exclude exhibits was directed at Teck Cominco's egregious violation of Rule 26 and this Court's pre-trial disclosure Order of August 9, 2007.  Under Rule 26 (and Adams's discovery requests), Teck Cominco was obligated to disclose "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]"  Fed.R.Civ.P. 26(a)(1)(A)(ii).  This obligation accrued in June 2004.  Under the August 9, 2007 pre-trial Order, the Court required an updating of those initial disclosures: Teck

1  Cominco was required to "provide copies of all available monitoring reports, lab reports or other

2  reports of the sort previously relied on in this litigation" to counsel for Adams by August 31,

3  2007.  Docket 167 at 1.  However, Teck Cominco withheld almost 15,000 pages from plaintiffs

4  (roughly 25% of all disclosures in this entire case and the KRPC case combined) until long after

5  the Court's August 31, 2007 deadline.  On November 15, 2007, ten weeks after the disclosure

6  deadline, Teck Cominco submitted Supplemental Disclosures of 7,200 pages of laboratory

7  reports.  *See* Docket 208.  On January 4, 2008, Teck Cominco provided 4,700 additional

8  laboratory reports and updated financial statements.  While the withholding of these 12,000

9  pages of documents severely prejudiced Adams in its preparation of expert reports, due January

10  18, Adams did not seek to challenge most of these documents in its motion *in limine*: that motion

11  was reserved for the thousands of *additional* pages of documents that Teck Cominco disclosed

12  after January 15, 2008, many for the first time in providing its trial exhibits to Adams on January

13  23.  Again, Adams had no recourse in the face of the flagrant discovery abuse and violation of

14  Rule 26 – including withholding lab reports from as far back as 2000 that Teck Cominco now

15  disclosed and wanted to use at trial – but to file a motion *in limine* under Rule 37.  Docket 208.

16  Having filed these two motions *in limine*, Adams was entitled to file a replies to the

17  Borough and Teck Cominco's responses.  D.Ak.L.R. 7.1(b).  The motions *in limine* and the

18  replies were both appropriate and anticipated under the Court's pre-trial orders.  The Court's

19  August 9, 2007 pre-trial Order noted that "The order which sets the trial date will include time

20  for the filing of motions *in limine*."  Docket 167 at 2.  The Court's August 31, 2007 pre-trial

21  Order further noted, "The schedule for trial briefs, motions *in limine*, etc., will be set as if the

22  trial were starting much sooner than it actually is.  This is being done in order to be sure that

23  there is ample time for briefing and resolving all motions *in limine* that may be filed.... No party

24  should expect to be routinely granted an extension of time for the filing of a response *or a reply*

25  in connection with any motion *in limine* that may be filed."  Docket 169 at 1 (emphasis added).

26  Adams understood and abided by the Court's compressed briefing schedule for responses

27

28

1    to objections and motions *in limine*.[1]  Where the Court was silent on the reply date for motions in

2    limine regarding exhibits, Adams turned to the Local Rules.  Local Rule 7.1(e) indicates that the

3    time for filing a reply is five days.  Because under Fed.R.Civ.P. 6(a)(2), weekends are not

4    counted if the period is less than 11 days, Adams timely filed its reply to Teck Cominco's

5    opposition [Docket 246] on February 12, 2008, five court days after the Opposition was filed on

6    February 5, 2008.  Adams timely filed its reply to the Borough's Opposition [Docket 248] on

7    February 13, 2008, four court days after the Borough's Opposition was filed on February 8, 2008.

8    Adams has abided by every Court rule and Order and met every deadline.  Defendants now seek

9    to penalize Adams by striking its reply briefs.  Defendants' argument has no merit.[2]

10        Filing motions *in limine* is not "litigation gamesmanship," as Defendants' imply.  Motion

11   at 3 n.12.  Filing motions *in limine* is litigation.  Withholding documents for years after discovery

12   deadlines, and for months after Court orders to disclose them, and then moving to strike briefs

13   seeking to exclude those documents – that is litigation gamesmanship.  Adams respectfully

14   requests that this further abuse by Defendants not be allowed, and that the motion to strike

15   Adams's reply briefs be denied.

16   **III.    DEFENDANTS DID NOT FILE MOTIONS AND THUS ARE NOT ENTITLED
           TO REPLIES.**

17

18        Defendants' alternative argument is similarly specious: they request the opportunity file

19   reply briefs although they never filed any motions.  Defendants' counsel, capable lawyers all,

20   chose not to file motions *in limine* with respect to Adams's exhibits (although they did file a

21   motion with respect to Adams's expert reports, Docket 218).  That was a tactical decision

22   counsel made, and one with which they now must live.  Adams likewise did not file a reply to the

23

24        [1]*See, e.g.,* Dockets 208, 210, 211, 215, 220, 221, 224, 225, 227, 233, 235, 246 and 248,
     all timely filed motions, oppositions or replies.

25

26        [2]Defendants' argue that the "parties', including the Plaintiffs', understanding that no reply
     briefs would be filed regarding the admissibility of exhibits is demonstrated and bolstered by the
27   parties' Joint Request for Scheduling Order."  Motion at 2, referring to Docket 229.  Nothing in
     Docket 229 supports this imputation of "Plaintiffs' understanding" as the document is silent on
28   reply dates.  Plaintiffs all along expected to file replies to their motions *in limine*.

1  Defendants' Response to Objection to Exhibits (Docket 236, responding to Docket 215, Adams's

2  Objection to Exhibits), because it understood that no replies were allowed for straight objections

3  that were not motions *in limine.*  Adams is living by the same rules as the Defendants.  Now that

4  Defendants have made what they apparently consider a tactical error, they request a "do-over"

5  from the Court.  Once again, Teck Cominco seeks to avoid playing by the rules that everyone

6  else is playing by.

7        No party got to reply to the responses to their standard exhibit objections: see Docket 215

8  (Adams's "Objections to Final Exhibit List") and Docket 245 (Teck Cominco's reponse), with no

9  reply; Docket 214 (Teck Cominco's objections to exhibits) and Docket 233 (Adams's response),

10 with no reply; and Docket 217 (NANA's objections to exhibits) and Docket 235 (Adams's

11 response), with no reply.  While the two motions *in limine* under Rule 37 were also styled as

12 "objections" as well as motions *in limine,* they sought to address gross discovery abuses by the

13 Borough and Teck Cominco, not make the garden variety exhibit objections found in Docket 214

14 (Teck Cominco), 215 (Adams) and 217 (NANA).  Defendants, having acknowledged that the

15 motions in question were in fact motions *in limine* in their own filings (*e.g.* Docket 229), cannot

16 now plausibly feign surprise that Adams briefed them as motions *in limine*.

17       Because the Defendants did not file a motion with regard to the exhibits, they are not

18 entitled to a reply.  They have cited no rule, statute or case for the proposition that they are.

19 Defendants' motion should be denied.

20 **IV.    CONCLUSION**

21       Adams respectfully requests that the Court deny the Defendants' motion to strike, and the

22 Defendants' alternative request to file reply briefs.  Respectfully submitted this 28th  day of

23 February, 2008.

24

                                   /S/ Luke Cole
25                         _____
                                   Luke Cole
26                                 Attorney for Plaintiffs

27

28

1  CERTIFICATE OF SERVICE
   I hereby certify that on the 28th day of February 2008, a true and correct copy of the foregoing Opposition to Motion to Strike
2  Plaintiffs Replies was served, via electronic mail, on the below identified parties of record:

3  Sean Halloran
   Hartig Rhodes
4  717 K Street
   Anchorage, AK 99501
5
   Nancy S. Wainwright
6  Law Offices of Nancy S. Wainwright
   13030 Back Road, Suite 555
7  Anchorage, Alaska 99515-3538

8  James E. Torgerson
   Heller Ehrman White & McAuliffe LLP
9  510 L Street, Suite 500
   Anchorage, Alaska 99501-1959
10
   David S. Case
11 Landye Bennett Blumstein LLP
   701 W. 8th Ave., Suite 1200
12 Anchorage, AK 99501

13 _____

14       /S/ Luke Cole

15 Luke Cole

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO MOTION
TO STRIKE PLAINTIFFS' REPLIES          5