1   LUKE W. COLE, California Bar No. 145,505
    CAROLINE FARRELL, California Bar No. 202,871
2   BRENT J. NEWELL, California Bar No. 210,312
    Center on Race, Poverty & the Environment
3   47 Kearny St, Suite 804
    San Francisco, CA 94108
4   415/346-4179 • fax 415/346-8723

5   NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
    Law Offices of Nancy S. Wainwright
6   13030 Back Road, Suite 555
    Anchorage, AK 99515-3358
7   907/345-5595 • fax 907/345-3629

8   Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
    Adams, Andrew Koenig, Jerry Norton, David
9   Swan and Joseph Swan

10

11              IN THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF ALASKA AT ANCHORAGE
12

13   ENOCH ADAMS, JR., LEROY ADAMS,            Case No. A04-49 (JWS)
     ANDREW KOENIG, JERRY NORTON
14   DAVID SWAN and JOSEPH SWAN,               PLAINTIFFS' REPLY IN
                                               SUPPORT
15                                             OF OBJECTIONS TO
                                               NORTHWEST ARCTIC
16        Plaintiffs,                          BOROUGH'S UNDISCLOSED
                                               WITNESS AND MOTION *IN
17        v.                                   LIMINE* TO EXCLUDE
                                               WITNESS NOT
18   TECK COMINCO ALASKA INCORPORATED          TIMELY DISCLOSED
                                               (Fed. R. Civ. Proc. 26 and 37)
19        Defendant.

20   _____

21   NANA REGIONAL CORPORATION and
     NORTHWEST ARCTIC BOROUGH,
22
          Intervenors-Defendants.
23   _____

24

25

26

27

28
     REPLY IN SUPPORT OF OBJECTION TO NORTHWEST
     ARCTIC BOROUGH'S UNDISCLOSED WITNESS &
     MOTION IN LIMINE TO EXCLUDE WITNESS

1    Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiffs Enoch Adams, Jr., *et*

2    *al*. ("Adams"), filed a Motion *in Limine* to exclude the testimony of the witness listed in the

3    witness list lodged with the Court on January 22, 2008 by Intervenor-Defendant Northwest

4    Arctic Borough ("Borough") because that witness as never previously disclosed to Adams.

5    Docket 224.  Although the Borough has responded to two separate motions *in limine* (Docket

6    220 to exclude undisclosed documents, and Docket 224 to exclude an undisclosed witness) by

7    Adams in a single document (Docket 240[1]), Adams here replies only in support of its motion to

8    exclude the undisclosed witness, Docket 224.  (Adams replied to the Borough's Response to

9    Adams's motion at Docket 220 to exclude undisclosed documents on February 13, 2007, Docket

10   248.)

11   **I.    INTRODUCTION**

12   Adams brought its motion to exclude the testimony of a witness offered by the Borough

13   because the Borough never previously disclosed that witness to Adams as required under

14   Fed.R.Civ.Proc. 26 (and this Court's Pre-Trial Order, Docket 177).  The Borough admits it never

15   provided Adams the name of any witnesses in this case.  Affidavit of Thane Tienson, Docket

16   240-1 ("Tienson dec."), at ¶12.  The Borough's defense of its own admitted failure to disclose the

17   identity of its witness takes several tacks.  First, that its disclosure of a different witness in the

18   *Kivalina Relocation Planning Committee v. Teck Cominco Alaska Incorporated* case ("KRPC

19   suit") was sufficient, and second that any failure to disclose is harmless:

20       the Borough was under no obligation to supplement its disclosures or responses since
         none was ever made in this case.  Alternatively, any error on the part of the Borough in
21       failing to earlier disclose them is either justified and/or harmless and therefore not subject
         to exclusion under Fed.R.Civ.P. 37(c)(1).
22

23   Borough Resp. at 13.  In short, the Borough asserts that disclosure to a different plaintiff, in a

24   different case, of a different witness, counts as Rule 26 disclosure in this case.  *Id.* at 3.  It claims

25   the failure to disclose the witness was either justified, or was harmless.  *Id.* at 13.

26   The Borough is wrong on each of these counts.  It was under an obligation under Rule 26

27   to disclose any witness it planned on using in this suit; it admits it never disclosed the identity of

28

---

[1]The opposition was originally filed at Docket 232, subsequently struck by the Court as
improperly filed, and refiled at Docket 240 on February 8, 2008.

any witness in this suit.  It has not justified its failure to disclose the witness in any way.  And its failure to disclose the witness during the discovery period directly harms Adams as the plaintiffs were not able to depose the witness, do any documentary discovery based on her deposition testimony, nor proffer documents or witnesses to counter her testimony.

**II.      THE BOROUGH ADMITS IT NEVER DISCLOSED THE WITNESS IN THIS CASE.**

The Borough concedes Adams's central point: it never disclosed the mayor as a witness in this case.  Borough Resp. at 5; Tienson dec. ¶12.  It cannot now be heard to protest the exclusion of its witness when it admits it has never before disclosed that witness to plaintiffs in this suit.

The Borough asserts that "the Mayor is a non-expert and, as such, was not subject to any earlier disclosure order."  Opposition at 5-6.  This assertion contradicted by the simple requirements of Rule 26:

**(a) Required Disclosures.**

(1) Initial Disclosures.

(A) Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) *the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses*, unless the use would be solely for impeachment[.]

Fed.R.Civ.P. Rule 26(a)(1)(A)(i) (emphasis added).  Thus, the Borough, if it was going to use the mayor in its case, had a duty to disclose her identity as someone with discoverable information.  If she did not have discoverable information, she would not have anything relevant to say at trial and would have to be excluded on that ground; if she does have relevant information that the Borough wished to present to support its claims or defenses, it was under an obligation to disclose her.

The Borough's argument under FRE 701 is irrelevant.  Docket 240 at 6-7.  The cases and the Advisory Committee notes the Borough cites do not involve situations where the party

1    offering the witness had failed to disclose that *lay* witness in a timely manner.[2]  Adams motion

2    was not to strike Mayor Whiting as an *expert* witness, it was to strike her testimony entirely

3    because the Borough has never before named her as a witness of any sort in this case.

4            So that parties properly comply with the disclosure requirements of Rule 26, Fed.R.Civ.P.

5    37 provides that

6            If a party fails to provide information *or identify a witness as required by Rule 26(a)* or
            26(e), *the party is not allowed to use that... witness* to supply evidence on a motion, at a
7            hearing, or *at a trial*, unless the failure was substantially justified or is harmless.

8    Fed. R. Civ. P. 37(c)(1) (emphasis added).  Exclusion is "automatic and mandatory unless the

9    sanctioned party can show that its violation of Rule 26(a) was either justified or harmless."

10   *Salgado by Salgado v. GMC*, 150 F.3d 735, 742 (7th Cir. 1998).

11           The Borough's attorney is candid: "nor did NAB make any disclosures to the other parties

12   in this case prior to January 18, 2008."  Tienson dec. ¶12.  This admission alone is enough to

13   have the witness excluded under Rule 37.

14   **III.    THE BOROUGH HAS PROVIDED NO JUSTIFICATION FOR THE FAILURE
            TO DISCLOSE THE WITNESS.**

15
             As the Borough points out (at Borough Resp. at 11), under Fed.R.Civ.P. 37(c)(1), a party
16
     is precluded from using evidence at trail if the failure to disclose was "without substantial
17
     justification."  In its Response, the Borough has provided no justification for its failure to
18
     disclose its witness.  Its excuses – that it was relying on its disclosures in the KRPC case and that
19
     it had no updates to those disclosures (Tienson dec. ¶¶12-13) – are no justification at all, much
20
     less "substantial justification."  Its excuses do not outweigh the prejudice suffered by Adams
21
     here.
22
     **IV.    ADAMS IS PREJUDICED BY THE BOROUGH'S FAILURE TO DISCLOSE
23           THE DOCUMENTS.**

24           Adams moved to exclude the witness because it is harmed by the Borough's failure to

25   timely disclose her identity.  Although the Borough claims its failure to comply with Rule 26 is

26   "harmless," Opposition at 5, Adams is most certainly prejudiced by the Borough's failure to

27

28
     ────────────────
        [2]*Wendt v. Host Int'l Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) supports Adams here, as
     Adams has been prejudiced by the Borough's failure to disclose its witness.

1  disclose its witness.  First, the failure to disclose the witness during the discovery period

2  precluded Adams from doing any written discovery of the Borough about the witness and her

3  testimony, such as requests for admission, requests for production, or interrogatories to discover

4  the underlying facts that would inform her testimony.  Cole Reply dec. ¶2.

5          Second, the failure to disclose the witness during the discovery period precluded Adams

6  from deposing her or other Borough officials (or any other witness, for that matter) about her

7  testimony.  Cole Reply dec. ¶3.  Third, the failure to disclose the witness during the discovery

8  period precluded Adams from listing any documents as exhibits it might have discovered from

9  the Borough that would contradict, supplement, explain or undercut her testimony.  Cole Reply

10  dec. ¶4.

11         Finally, the failure to disclose the identity of the witness during the discovery period

12  precluded Adams from securing and timely disclosing any witness(es) it might have chosen to

13  use to rebut the witness's testimony.  Cole Reply dec. ¶5.  Because the discovery period is now

14  long over, none of these harms are curable.  It would be impossible for Adams to do written

15  discovery of the Borough, and then depositions following that, followed up by further written

16  discovery, as it has had the opportunity to do with Teck Cominco in this case.  Cole Reply dec.

17  ¶6.

18         Although the Borough notes that the "disclosure" of its witness is four months before

19  trial, Opposition at 5, this misses the point: discovery in this case closed years ago.  Adams is

20  directly and significantly harmed by the Borough's failure to disclose the witness.  Cole Reply

21  dec. ¶¶ 2-6.

22  **V.     ADAMS'S COUNSEL NEVER AGREED TO ALLOW THE MAYOR TO
        TESTIFY.**

23         The Borough quotes part of an email exchange between its counsel and Adams's counsel

24  in an apparent attempt to assert that Adams's counsel somehow agreed to allow Mayor Whiting

25  to testify.  Borough Resp. at 8-9.  The email exchange was not about testimony at trial, it was

26  about which facts all parties were willing to stipulate to, and counsel for plaintiffs was objecting

27  on relevance grounds to the inclusion of some of the facts proposed by NAB.  Cole Reply dec.

28  ¶7.  Counsel's mention of testimony in this email exchange was not in any way a waiver of

1    Adams's right to challenge defendants' witnesses, as it has subsequently done. The Borough

2    cannot bootstrap its failure to disclose any witnesses through an email exchange of counsel on a

3    different issue, the stipulated facts.

4        (The Borough makes the odd argument that it "agreed not to further contest [the]

5    exclusion from the Stipulated Facts" of its proposed facts "relying upon that statement by

6    attorney Cole[.]" Opposition at 9. Because the facts in question were stipulated facts that had to

7    be agreed to by *all* parties before they could be included, the Borough could not "contest" their

8    exclusion by any party. The Borough's facts were not going to be included, period, because

9    Adams had already objected to them as irrelevant. Cole Reply dec. ¶8; see also emails at Docket

10   232-10, Exhibit F to Borough Opposition. The Borough's argument that it somehow relied to its

11   detriment on the email of counsel is specious.)

12   **VI.    THE BOROUGH'S OTHER ARGUMENTS HAVE NO MERIT.**

13       The Borough makes several other arguments in closing out its brief, none of which are

14   persuasive. Of no discernable relevance to the issue of whether or not the Borough properly

15   disclosed the mayor as a witness in this suit is the Borough's argument that Adams's counsel, in

16   opposing the Borough's intervention in the *KRPC v. Teck Cominco* suit five years ago, supported

17   the Mayor's testimony. Borough Opp. at 10. Adams's counsel's position is consistent: he

18   supported the Borough filing a witness list and allowing those disclosed witnesses to testify at

19   trial in the KRPC suit, should the Borough be allowed to intervene (see Exhibit G [Docket 232-

20   11], quoted in Borough Opp. at 10, and he opposes the Borough's late disclosed witness here

21   because the Borough did not file a witness list in this case. Cole Reply dec. ¶9.

22       Adams has yet to understand the relevance of the Borough assertions that Adams's

23   counsel has met and spoken with the Mayor. Opposition at 8. Plaintiffs' counsel has met and

24   spoken with hundreds of Alaskans in the past six years, and, since none of them are listed as

25   witnesses in any disclosure by any party to this case, has the same expectation that he had of

26   Mayor Whiting: that they would not be testifying in this case.

27       The Borough then asserts that "there is more than ample time for plaintiffs to review and

28   consider" its proffered witness. Borough Resp. at 12. Although this assertion is demonstrably

1  false, as noted above in Section IV, the Borough presses on, analogizing the time to "review and

2  consider" the late-disclosed witness to the deposition of plaintiffs' expert Randolph Fischer in

3  Denver in March. This analogy does not support the Borough. Mr. Fischer is testifying by

4  deposition because, as an elected member of the Colorado legislature, his schedule precludes him

5  being in Alaska for trial this summer. Cole Reply dec. ¶10. Because he was timely disclosed as

6  a witness, and timely filed an expert report, all parties (including the Borough) deposed Mr.

7  Fischer in 2005. *Id.* Because he was timely disclosed as a witness, Teck Cominco had the

8  opportunity to propound extensive discovery to Adams concerning Mr. Fischer's testimony in

9  2005, and Adams provided extensive responses to that discovery in 2005. Mr. Fischer also

10 timely updated his expert report in January 2008. None of these circumstances – timely

11 disclosure of the identity of the witness, timely disclosure of his expert report, deposition

12 testimony, timely written discovery and responses, and timely updating of his expert report –

13 pertain to the witness that the Borough now offers for trial.

14 **VII.    THE WITNESS SHOULD BE EXCLUDED.**

15      The Borough admits it never disclosed the identity of its proffered witness in this suit.

16 The Borough has offered no justification for its failure to disclose the witness, which failure has

17 prejudiced the Adams plaintiffs. Under Rule 37(c)(1), the witness should be excluded.

18 Respectfully submitted this 28th day of February, 2008.

19

20                                    _____/S/ Luke Cole_____
                                       Luke Cole
21                                     Attorney for Plaintiffs

22

23

24

25

26

27

28

1  CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February 2008, a true and correct copy of the foregoing Reply in Support of Objections to

2  Northwest Arcti Borough's Witness List and Motion to Exclude Undisclosed Witness was served, via electronic mail, on the

below identified parties of record:

3

Sean Halloran

4  Hartig Rhodes

717 K Street

5  Anchorage, AK 99501

6  Nancy S. Wainwright

Law Offices of Nancy S. Wainwright

7  13030 Back Road, Suite 555

Anchorage, Alaska 99515-3538

8

James E. Torgerson

9  Heller Ehrman White & McAuliffe LLP

510 L Street, Suite 500

10  Anchorage, Alaska 99501-1959

11  David S. Case

Landye Bennett Blumstein LLP

12  701 W. 8th Ave., Suite 1200

Anchorage, AK 99501

13

Thane Tienson

14  Landye Bennet Blumstein

1300 Southwest Fifth Ave, Suite 3500

15  Portland, OR 97201

16  _____

17          /S/ Luke Cole

       _____

18  Luke Cole

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF OBJECTION TO NORTHWEST

ARCTIC BOROUGH'S UNDISCLOSED WITNESS &

MOTION IN LIMINE TO EXCLUDE WITNESS          8