1  LUKE W. COLE, California Bar No. 145,505
   CAROLINE FARRELL, California Bar No. 202,871
2  BRENT J. NEWELL, California Bar No. 210,312
   Center on Race, Poverty & the Environment
3  47 Kearny St, Suite 804
   San Francisco, CA 94108
4  415/346-4179 • fax 415/346-8723

5  NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
   Law Offices of Nancy S. Wainwright
6  13030 Back Road, Suite 555
   Anchorage, AK 99515-3358
7  907/345-5595 • fax 907/345-3629

8  Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
   Adams, Andrew Koenig, Jerry Norton, David
9  Swan and Joseph Swan

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN, <br><br> Plaintiffs, <br><br> v. <br><br> TECK COMINCO ALASKA INCORPORATED <br><br> Defendant. <br><br> NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH, <br><br> Intervenors-Defendants. | Case No. A04-49 (JWS) <br><br> DECLARATION OF LUKE COLE IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF OBJECTIONS TO NORTHWEST ARCTIC BOROUGH'S UNDISCLOSED WITNESS AND MOTION *IN LIMINE* TO EXCLUDE WITNESS NOT TIMELY DISCLOSED <br> (Fed. R. Civ. Proc. 26 and 37) |

I, Luke W. Cole, declare:

1. I am over 21 years of age and not a party to this action. I am lead counsel for plaintiffs.

2. Adams moved to exclude the Borough's witness because it is harmed by the Borough's failure to timely disclose her identity. First, the failure to disclose the witness during the discovery period precluded Adams from doing any written discovery of the Borough about the witness and her testimony, such as requests for admission, requests for production, or interrogatories to discover the underlying facts that would inform her testimony.

3. Second, the failure to disclose the witness during the discovery period precluded Adams from deposing her or other Borough officials (or any other witness, for that matter) about her testimony.

4. Third, the failure to disclose the witness during the discovery period precluded Adams from listing any documents as exhibits it might have discovered from the Borough that would contradict, supplement, explain or undercut her testimony.

5. Finally, the failure to disclose the identity of the witness during the discovery period precluded Adams from securing and timely disclosing any witness(es) it might have chosen to use to rebut the witness's testimony.

6. Because the discovery period is now long over, none of these harms are curable. It would be impossible for Adams to do written discovery of the Borough, and then depositions following that, followed up by further written discovery, as it has had the opportunity to do with Teck Cominco in this case.

7. The email exchange quoted by the Borough was not about testimony at trial, it was about which facts all parties were willing to stipulate to, and counsel for plaintiffs was objecting on relevance grounds to the inclusion of some of the facts proposed by NAB. My mention of testimony in this email exchange was not in any way a waiver of Adams's right to challenge defendants' witnesses, as it has subsequently done.

8. Because the facts in question were stipulated facts that had to be agreed to by *all* parties before they could be included, the Borough could not "contest" their exclusion by any

party. The Borough's facts were not going to be included, period, because Adams had already objected to them as irrelevant.

9. My position on the Borough's witness has been consisten from the KRPC case to this one: I supported the Borough filing a witness list and allowing those disclosed witnesses to testify at trial in the KRPC suit, should the Borough be allowed to intervene and I opposed the Borough's late disclosed witness here because the Borough did not file a witness list in this case.

10. Plaintiffs expert Randolph Fischer is testifying by deposition because, as an elected member of the Colorado legislature, his schedule precludes him being in Alaska for trial this summer. Because he was timely disclosed as a witness, and timely filed an expert report, all parties (including the Borough) deposed Mr. Fischer in 2005. Because he was timely disclosed as a witness, Teck Cominco had the opportunity to propound extensive discovery to Adams concerning Mr. Fischer's testimony in 2005, and Adams provided extensive responses to that discovery in 2005. Mr. Fischer also timely updated his expert report in January 2008.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of February at San Francisco, California.

                                                  /s/ Luke Cole
                                                Luke Cole

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February 2008, a true and correct copy of the foregoing Declaration of Luke Cole in Support of Reply in Support of Objections to Northwest Arcti Borough's Witness List and Motion to Exclude Undisclosed Witness was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

_____/S/ Luke Cole_____

Luke Cole

DECLARATION OF LUKE COLE IN REPLY IN SUPPORT OF OBJECTION TO NORTHWEST ARCTIC BOROUGH'S UNDISCLOSED WITNESS & MOTION IN LIMINE TO EXCLUDE WITNESS         4