LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>    Defendant.<br><hr>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>    Intervenors-Defendants. | Case No. A04-49 (JWS)<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE TO BAR TESTIMONY BY CERTAIN PROFFERED EXPERTS |

PLAINTIFFS' REPLY IN SUPPORT OF OBJECTIONS
TO EXPERT WITNESSES AND MOTION IN
LIMINE TO BAR CERTAIN EXPERTS

1   The Adams plaintiffs moved (at Docket 210) to bar the testimony of the experts proffered by Teck Cominco for which it had not provided a statement of the expert's qualifications, in violation of the Court's Pre-Trial Order, Docket 177 at 3. Underlying the motion was the prejudice to Adams from not having any statements of qualifications for five of Teck Cominco's proffered expert witnesses. Docket 210.

Teck Cominco was aware of this motion as it requested the Court allow it until February 19 to respond to it. Docket 229 at 2. The Court accordingly ordered that "Defendants shall file and serve their responses to Plaintiffs' motions at docket 210... on or before February 19, 2008, with any reply due on or before February 29, 2008." Docket 230 at 2.

Teck Cominco has not filed any response to the motion at Docket 210. Under Local Rule 7.1(d), failure to oppose a motion "subjects the motion to summary ruling by the court." If the failure is by the opposing party, it "may be deemed an admission that... the motion is well taken." D.Ak.L.R. 7.1(d). Teck Cominco's failure to abide the Court's Pre-Trial Order (Docket 177) and Scheduling Order (Docket 230) lead Adams to respectfully request that the Court grant plaintiffs' motion at Docket 210.

As Adams noted in its Motion, the Court has at least three options for dealing with Teck Cominco's refusal to abide by the Court's Pre-Trial Order. It could preclude any of the experts from testifying because Teck Cominco violated the Court Order and did not timely attach any expert qualifications to its witness lists. It could preclude any of the experts from testifying at the liability phase because Teck Cominco has not cured the failure to attach expert qualifications to its Liability Phase Witness List, and bar those experts for whom Teck Cominco has never provided expert qualifications from testifying at all. It could bar all testimony by those experts listed on Teck Cominco's Penalty Phase Witness Lists for whom Teck Cominco has never provided expert qualifications.

Adams's Proposed Order adopts the third option, although it would support any of the three options. The third option would bar the following witnesses from testifying at the Penalty Phase: John Houghton, John Middaugh, Fred DeCicco, Al Townsend and Phyllis Weber-

PLAINTIFFS' REPLY IN SUPPORT OF OBJECTIONS
TO EXPERT WITNESSES AND MOTION IN
LIMINE TO BAR CERTAIN EXPERTS                 1

1 Scannell.  Teck Cominco has provided no qualifications for any of these proffered experts, in

2 violation of the Court's Order, although it clearly knew it had to do so as it filed the late

3 qualifications for the other seven experts it listed.  Adams respectfully requests that the Court

4 grant Adams's motion and, at very least, enter the Proposed Order adopting option three.

5     Respectfully submitted this 28th day of February, 2008.

6

7     _____/S/ Luke Cole_____
    Luke Cole
8     Attorney for Plaintiffs

9

CERTIFICATE OF SERVICE
10 I hereby certify that on the 28th day of February 2008, a true and correct copy of the foregoing Reply in Support of Objections to Expert Witnesses and Motion in Limine to Bar Testimony by Certain Proffered Experts, via electronic mail, on the below
11 identified parties of record:

12 Sean Halloran
Hartig Rhodes
13 717 K Street
Anchorage, AK 99501

14

Nancy S. Wainwright
15 Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
16 Anchorage, Alaska 99515-3538

17 James E. Torgerson
Heller Ehrman White & McAuliffe LLP
18 510 L Street, Suite 500
Anchorage, Alaska 99501-1959

19

David S. Case
20 Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
21 Anchorage, AK 99501

22 Thane Tienson
Landye Bennet Blumstein
23 1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

24

_____
25     /S/
    _____
26 Luke Cole

27

28
PLAINTIFFS' REPLY IN SUPPORT OF OBJECTIONS
TO EXPERT WITNESSES AND MOTION IN
LIMINE TO BAR CERTAIN EXPERTS     2