LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
Adams, Andrew Koenig, Jerry Norton, David
Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>    Defendant.<br><br>———————————————<br><br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>    Intervenors-Defendants.<br>——————————————— | Case No. A04-49 (JWS)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF OBJECTIONS TO LIABILITY WITNESS LIST AND MOTIONS IN LIMINE TO EXCLUDE WITNESSES AND EVIDENCE THAT IS NOT RELEVANT**<br>(Evidence Code §402) |

1
2

I.    **WITNESSES AT THE LIABILITY PHASE OF TRIAL MUST TESTIFY ABOUT ISSUES RELEVANT TO LIABILITY.**

3

The Adams plaintiffs brought a motion in limine to exclude many of Teck Cominco's

4

witnesses at the liability phase of trial because, based on Teck Cominco's descriptions of the

5
6

proffered witnesses' testimony, it was wholly irrelevant to the issue of liability.  Docket 221.

7

Teck Cominco has responded, at Docket 263 ("Opposition"), with a one paragraph response to

8

Docket 221 and an abbreviated table listing both its liability and penalty phases witnesses.

9

Opposition at 1-2.[1]  Teck Cominco concedes that three of its witnesses would not offer relevant

10

testimony at trial, and withdraws them (Peter Chapman, David DeForest and John Key).  Docket

11

263 at 3.  Teck Cominco further fails entirely to respond to Adams's motion with respect to six

12
13

further witnesses (Greg Horner, Kevin Brix, Mike Botz, Anna Echter, Gretchen Miller and

14

Kathleen Willman), thus conceding Adams's point.  Teck Cominco further has failed to respond

15
16

in any substantive fashion to Adams's arguments on the five witnesses who are offered to testify

17

about the Kivalina environment, the four government agency witnesses, the nine Teck Cominco

18

"explanatory witnesses," the 15 laboratory staffers, and the nine witnesses whose testimony

19

Adams seeks to limit to relevant issues.  All of these witnesses should be precluded from

20

testifying at the liability phase as their testimony, as admitted by Teck Cominco in its lack of

21

response, is simply not relevant.  Based on Teck Cominco's representations, Adams withdraws

22
23

its motion as to Wayne Hall and Keith Malone.

24
25
26

_____

[1]Teck Cominco also responds in the same document to Adams's motion at Docket 211,
27    with a further two paragraphs.  Opposition at 2-3.  Adams addresses that Opposition in a separate
filing.

28

1
2

## II.     TECK COMINCO HAS LARGELY FAILED TO RESPOND TO ADAMS'S MOTION.

3

4

5

6

7

8

9

10

11

12

Teck Cominco's single paragraph response to Adams's 33-page motion is telling.  Under

Local Rule 7.1(d), failure to oppose a motion "may be deemed an admission that... the motion is

well taken."  D.Ak.L.R. 7.1(d).  For some of the entire *categories* of witnesses for which Adams

has carefully (and at some length) examined the proffered testimony of and described its

irrelevance here, Teck Cominco offers *one-sentence* defenses; for others, it offers no defense at

all.  As is described below, these defenses do not address most of Adams's points, nor do they

confer relevance on Teck Cominco's proffered witnesses.  The Court should grant Adams's

motion.  D.Ak.L.R. 7.1(d).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Teck Cominco has not responded at all to the challenges to six of its witnesses.  For two,

Greg Horner and Kathleen Willman, nothing in its Opposition or in the 17-page chart ties their

testimony to anything relevant at the liability phase of trial.   Docket 263-2 at 7, 17.  It has thus

conceded Adams's point as to these two witnesses.  D.Ak.L.R. 7.1(d).  For five – including Ms.

Willman again and also Kevin Brix, Mike Botz, Anna Echter and Gretchen Miller – Teck

Cominco makes no defense at all in its Opposition and none of the entries in the chart relate to

the proffered testimony Adams objects to.  Teck Cominco has thus conceded Adams's point as to

these five witnesses, as well.  D.Ak.L.R. 7.1(d).  Accordingly, Mr. Horner and Ms. Willman

should be precluded from testifying entirely, and Mr. Brix, Mr. Botz, Ms. Echter and Ms. Miller

should have their testimony limited to relevant issues as set forth in the Proposed Order, Docket

221-2.

27

28

**III.    THE TESTIMONY OF ROLAND BOOTH, BERT ADAMS, THEODORE BOOTH, AL OTT AND JOYCE TSUJI IS NOT RELEVANT.**

Adams moved in limine to preclude Roland Booth, Bert Adams, Sr., Theodore Booth, Alvin G. Ott and Joyce Tsuji from testifying as their described testimony – about conditions in Kivalina or on the Wulik River – was not relevant to liability.  Docket 221 at 4-6.[2]  Teck Cominco defends these witnesses with a single sentence in its response: "Where the plaintiffs assert that it is relevant and appropriate for them to call various witnesses to discuss a particular subject, such as, for example, the impact of the mine on subsistence activities, at a minimum, testimony on the same subjects is relevant when proffered by the defendants, if for no other reason than to demonstrate the lack of credibility in the testimony offered by the plaintiffs." Opposition at 2.  For four of the five witnesses, it also lists one line in Exhibit: "rebut plaintiffs' liability testimony."  Docket 263-2 at 1, 2, 11.  For the fifth, Joyce Tsuji, it lists the rebuttal line and also "lack of cyanide in Teck Cominco's effluent" and "permit compliance." *Id.* at 16.

Teck Cominco's response misunderstands the testimony to be offered by the plaintiffs. The four plaintiffs who will testify at the liability phase have waited six years for their day in Court.  Standing is already established, making all of Teck Cominco's witnesses' testimony irrelevant.  The four Adams plaintiffs who will testify at trial would like to briefly address the Court as to why they have brought this action, talking about the impact of the mine's discharges on their lives, livelihoods as subsistence hunters and fishers, and environment.  Their subjective experience is not appropriately subject to "rebuttal," nor would rebuttal be relevant as the

---

[2]For clarity, Adams here uses the original pagination at the bottom of the page of its motion, rather than that stamped by the Court's electronic filing system at the top of the page, which is higher as it includes the caption page, table of contents and table of authorities.

testimony is merely, and briefly, giving context to the suit.  Liability will be governed by the

discharge monitoring reports and other admissions by Teck Cominco.  The testimony offered

solely to "rebut plaintiffs' liability testimony" is not relevant here.

Joyce Tsuji is also listed as testifying about "lack of cyanide in Teck Cominco's effluent"

and "permit compliance."  Docket 263-2 at 16.  The first of these topics is not relevant to

liability, which will be established – on a strict liability basis – by Teck Cominco's DMRs and

lab reports.  Dr. Tsuji's explanations about cyanide have no place at the liability stage.  Further,

"permit compliance" is not something Dr. Tsuji discusses at all in her expert reports, which focus

on "whether the discharge monitoring permit violations for total dissolved solids (TDS), cyanide,

and cadmium from the Red Dog mine... would result in human health effects[.]" Docket 212-3 at

1-2.  Nothing in the reports is about "permit compliance" or non-compliance.  See Dockets 212-3

(Tsuji report) and 212-2 (Tsuji addendum).  Thus, Adams further moves to strike this testimony

by Tsuji as not disclosed to the plaintiffs and not in line with her expert reports.

Teck Cominco has failed to establish that the testimony of Roland Booth, Bert Adams,

Sr., Theodore Booth, Alvin G. Ott and Joyce Tsuji is relevant at the liability phase, and these

witnesses should be precluded from testifying at the liability phase.

**IV.    AS DESCRIBED BY TECK COMINCO, THE OPINIONS OF STATE AND FEDERAL ENVIRONMENTAL OFFICIALS ARE NOT RELEVANT.**

Because the opinion of state employees is not relevant to this Court's interpretation of

Teck Cominco's violations of its federal permit, Adams move to preclude the testimony of

Nancy Sonafrank and Sharmon Stambaugh, two Alaska Department of Environmental

Conservation employees.  Docket 221 at 6-8.  Because the proffered testimony of two U.S.

1
2
3
4

Environmental Protection Agency (EPA) officials did not relate to Teck Cominco's liability or its

permit violations, Adams similarly sought to preclude the testimony of EPA staffers Eva Chun

and Keith Cohon.  *Id.* at 20-23.

5
6
7
8
9
10
11
12
13
14
15
16

Teck Cominco defends these witnesses in a single sentence: "Where there is an issue of

fact as to what the permit requires [e.g. Docket 136 at 19], the testimony of those individuals

who wrote the permit, adopted the standards it incorporates and/or enforce the permit (including

both State and federal government witnesses) is relevant."  Opposition at 2.  While Adams may

quibble with this interpretation, Teck Cominco's argument founders on a more basic problem:

none of the state or federal witnesses it offers meet this standard.  None are identified or

described as "those individuals who wrote the permit, adopted the standards it incorporates

and/or enforce the permit."  Thus, even under Teck Cominco's formulation, the four witnesses it

offers are not providing relevant testimony at the liability phase and should be precluded from

testifying.  D.Ak.L.R. 7.1(d).

17
18
19
20
21

Teck Cominco lists Nancy Sonafrank as a witness, with the following description:

> The Section Manager for Water Quality Standards within the AK Department of
> Environmental Conservation, Ms. Sonafrank will testify as to relevant water quality
> standards and aquatic life criteria, including cyanide, and the use of the WAD testing
> method.

22
23
24
25
26
27

Liability Phase Witness List at 6.  Teck Cominco states that Sharmon Stambaugh "Will testify as

to the compliance and monitoring of Red Dog wastewater discharges from the perspective of the

AK Dept. Of Environmental Conservation."  Liability Phase Witness List at 6.  Neither of these

descriptions identify Ms. Sonafrank or Ms. Stambaugh as "those individuals who wrote the

permit, adopted the standards it incorporates and/or enforce the permit."   Teck Cominco has not

28

offered any argument as to why the state officials' stated testimony will be relevant.[3]  This Court

should preclude the two state witnesses from testifying.  D.Ak.L.R. 7.1(d).

Similarly, Teck Cominco's descriptions of the testimony to be offered by the two EPA

staffers, Eva Chun and Keith Cohon, do not identify either as "those individuals who wrote the

permit, adopted the standards it incorporates and/or enforce the permit."  Both Ms. Chun and

Mr. Cohon are listed with an almost identical description of their testimony:

> She is expected to testify regarding the regulatory action she took or participated in taking
> in relation to the regulation of Red Dog Mine's water discharge and management.  Her
> testimony is expected to include information about the mine's operation and impacts that
> she gathered and/or considered relating to, in particular, to the compliance orders by
> consent (COBC) EPA gave to the mine and which she was involved.  Her testimony may
> also include the regulatory standards she believes are appropriate and present for the
> Mine's water discharge.

Liability Phase Witness List at 3-4 (Chun); *compare id.* at 4 (Cohon).  Nowhere here are either

identified as permit writers, standard adopters, or permit enforcers.  Even by Teck Cominco's

standard of relevance, these two witnesses fail.[4]

As Adams demonstrated in its motion, none of the four agency employee witnesses were

described as providing relevant testimony in the Final Witness List.  Docket 221 at 6-8, 20-23.

Nor has Teck Cominco's one-sentence response on which agency officials could provide relevant

testimony – "those individuals who wrote the permit, adopted the standards it incorporates and/or

---

[3]In its Exhibit, it lists only "permit requirements" and "permit compliance" as the
responses to Adams's challenge to these witnesses' relevance.  Docket 263-2 at 14.  As noted in
the Motion, the testimony of state officials is not relevant as to either federal permit requirements
or federal permit compliance.  Docket 221 at 6-8.

[4]Teck Cominco attempts to salvage these two witnesses in its Exhibit (Docket 263-2) by
listing "whether ongoing" as part of their testimony.  As no testimony on "whether ongoing" was
identified or disclosed at all in the description given in the final witness list, nor does it
correspond to any testimony offered in that list, it should be disregarded.

1  enforce the permit," Opposition at 2 – conferred relevance on the proffered testimony of any

2  these four agency officials, none of whom are described as writing the permit, adopting the

3  standards or enforcing the permit. Adams respectfully requests that the Court preclude the

4

5  testimony of Nancy Sonafrank, Sharmon Stambaugh, Eva Chun and Keith Cohon as not relevant.

6  **V.    EXCUSES AND EXPLANATIONS OF WHY TECK COMINCO FAILED TO
        COMPLY ARE NOT RELEVANT UNDER THE STRICT LIABILITY REGIME
7        OF THE CLEAN WATER ACT.**

8
        Adams challenged Teck Cominco's listing of nine Teck Cominco employees as witnesses
9

10  because their described testimony was an attempt to minimize the significance of the Clean

11  Water Act's requirements, and their testimony was described as explanations of the reasons for

12  non-compliance. Docket 221 at 8-13. As this Court well knows, good faith and substantial
13
   compliance are irrelevant as defenses at the liability phase of a Clean Water Act case such as this
14

15  one. *California Public Interest Research Group v. Shell Oil*, 840 F. Supp. 712, 714 (N.D. Cal.

16  1993) ("[Because the CWA imposes strict liability for any violation of a NPDES permit], neither

17  good faith, impossibility, nor reporting errors, are accepted as valid defenses to liability"); *Sierra*
18
   *Club v. Union Oil of Cal.*, 813 F.2d 1480, 1491 (9th Cir. 1988), *vacated for reconsideration*, 485
19

20  U.S. 931 (1988), *reinstated and amended*, 853 F.2d 667 (9th Cir. 1988) (rejecting the substantial

21  compliance defense). On these grounds, Adams moved to preclude the testimony of Wayne Hall,

22  Chuck Hingsbergen, John Key, Ed Koon, Jackie Lundberg, Keith Malone, John Martinisko,
23
   Robert Napier and Mike Schierman as not relevant. Docket 221 at 8-13.
24

25      Teck Cominco again responds with a single sentence: "Where the plaintiffs seek liability

26  for allegations that Teck Cominco did not follow particular procedures on particular days (e.g.

27  monitoring and reporting violations), testimony as to the procedures at issue and whether they
28

were followed is relevant, and the plaintiffs are wrong to assert otherwise."  Opposition at 1-2.

On its face, this defense of its nine witnesses only applies to two of them, Wayne Hall and Keith

Malone, who are the only ones offered with any description of "procedures."  Docket 221 at 8-

13.  Adams respectfully withdraws its opposition to the testimony of Wayne Hall and Keith

Malone, as Teck Cominco's argument on their testimony is well taken.  It does not apply to the

other seven witnesses, however, none of whom are discussing "procedures" in Teck Cominco's

description of their testimony.  Docket 221 at 8-13.  (Teck Cominco has withdrawn one of these

witnesses, John Key, who should be precluded by this withdrawl from any testimony at the

liability phase of trial.  Opposition at 3.)  Teck Cominco tries to shoehorn John Martinisko into

the category of relevant witnesses by listing "procedures incorporated in permit" in the witness

chart (263-2), but there is nothing in the Final Witness List under Mr. Martinisko's testimony

description that discusses "procedures."  Docket 221 at 12.

        Nor can Teck Cominco's belated listing of "alleged port exceedances" and "permit

compliance" in its witness chart (Docket 263-2) for Chuck Hingsbergen, John Key, Ed Koon,

Jackie Lundberg, confer relevance on those witnesses' proffered testimony, which as explained

in the Motion, is simply not relevant to liability issues.  Docket 221 at 9-11.  Nor can its

abbreviated listing of "permit compliance" and "alleged exceedances" (Docket 263-2 at 11, 14)

confer relevance on the testimony of Robert Napier and Mike Schierman when the more full

description given in the Final Witness List does not include any discussion or description of

testimony on those two issues.  Docket 221 at 12-13.  Particularly galling is Teck Cominco's

belated listing of Mr. Schierman as testifying about "legally excused non-compliance" (Docket

263-2 at 14), when there was no description of testimony of this type in the Final Witness List

and the Clean Water Act imposes strict liability.

For the reasons more fully set forth in the motion, the Court should preclude Chuck Hingsbergen, John Key, Ed Koon, Jackie Lundberg, John Martinisko, Robert Napier and Mike Schierman from testifying at the liability phase of trial as their testimony is not relevant. Adams withdraws its motion as to Wayne Hall and Keith Malone.

## VI. "EXPLANATIONS" OF LAB TESTS AND METHODOLOGIES ARE NOT RELEVANT OR ALLOWED.

As this Court recently ruled, Defendants may not impeach their own DMRs. Order at Docket 276; *see also Sierra Club,* 813 F.2d at 1491-92; *United States v. CPS Chem. Co.*, 779 F. Supp. 437, 442 (D. Ark. 1991) ("[f]or enforcement purposes, a permittee's DMRs constitute admissions regarding the levels of effluents that the permittee has discharged" (citation omitted)).

Adams moved to preclude the testimony of 15 witnesses who are offered as laboratory staffers – Sue Barkey, Richard Brown, Stan Capps, Peter Chapman, David DeForest, James Dryden, Steven Eide, Greg Horner, Kevin Lackey, Kent Patton, David Pillard, Mike Prieve, Mike Stanoway, William Stubblefield, and Jason Weakley – on the grounds testimony by lab staff is simply not relevant under the caselaw in the Ninth Circuit, given the strict liability nature of the Clean Water Act and the prohibition on impeaching one's own DMRs. Further, all the timely disclosed lab reports themselves are already admitted as exhibits and are the best evidence as to their contents. Docket 221 at 13-20. In its Opposition, Teck Cominco does not even mention this category of witness, effectively conceding to Adams the validity of plaintiffs' challenge. D.Ak.L.R. 7.1(d). From this category, Teck Cominco has conceded that Peter Chapman and David DeForest have no relevant testimony and has withdrawn them as witnesses;

1 | they should thus be precluded from appearing at the liability phase of trial.

2 | Although Teck Cominco does not mention the lab employees at all in its Opposition

3 | (aside from conceding that Chapman and DeForest do not have relevant testimony), it does

4 | include several abbreviated descriptions for several of them in its witness chart (Docket 263-2).[5]

5 | These two- and three-word descriptions do not make the testimony of these lab employees

6 | relevant, as described below:

7 | **"Whether ongoing."** This legal determination is up to the Court. The ongoing nature of

8 | the violations will be proven by Adams at trial on the basis of the DMRs, the COBCs, and the

9 | testimony of Teck Cominco employees. To the extent that lab reports factor into this

10 | determination, those lab reports are the best evidence and speak for themselves. Thus, listing

11 | Sue Barkey, Stan Capps, James Dryden, Steven Eide, Kent Patton, Mike Prieve, Mike Stanoway

12 | and William Stubblefield under this category cannot make their testimony relevant, and they

13 | should be precluded from testifying at the liability phase of trial.

14 | **"Permit Compliance"** or **"Compliance with Permit."** To the extent that the lab reports

15 | demonstrate permit compliance or non-compliance, the reports themselves – which have all been

16 | admitted – are the best evidence. Under the strict liability regime of the Clean Water Act,

17 | explanations of compliance or non-compliance are not relevant, and thus Teck Cominco's listing

18 | Richard Brown, James Dryden, Kevin Lackey, David Pillard, Jason Weakley under this category

19 | cannot make their testimony relevant, and they should be precluded from testifying at the liability

---

[5]As noted above, Teck Cominco does not even make this effort for Greg Horner. Docket 263-2 at 7. Mr. Horner should be precluded from testifying at the liability phase of trial. D.Ak.L.R. 7.1(d).

phase of trial.

**"Alleged exceedances."**  Again, explanations as to exceedances have no place at the

liability phase of trial.  Thus, Sue Barkey, Richard Brown, Stan Capps, Steven Eide, Kevin

Lackey, Kent Patton, David Pillard, Mike Prieve, Mike Stanoway and William Stubblefield

cannot provide relevant as to this issue, and they should be precluded from testifying at the

liability phase of trial.

**"Explain DMRs and supporting documents."**  Under case law such as *California*

*Public Interest Research Group v. Shell Oil*, 840 F. Supp. 712, 714 (N.D. Cal. 1993), "neither

good faith, impossibility, nor reporting errors, are accepted as valid defenses to liability."  Thus,

whether or not Sue Barkey, Stan Capps, Steven Eide, Kent Patton, David Pillard, Mike Prieve,

Mike Stanoway and William Stubblefield can "explain" the DMRs, their testimony at the

liability phase of trial is irrelevant and they should be precluded from testifying.

**"Excused non-compliance."**  Richard Brown is listed as testifying on this issue.

Because Teck Cominco cannot excuse its non-compliance, Mr. Brown's testimony is not relevant

at the liability phase of trial.

Because Teck Cominco has not shown that their testimony is relevant in any way, and

because their testimony as described is on its face irrelevant, Sue Barkey, Richard Brown, Stan

Capps, Peter Chapman, David DeForest, James Dryden, Steven Eide, Greg Horner, Kevin

Lackey, Kent Patton, David Pillard, Mike Prieve, Mike Stanoway, William Stubblefield, and

Jason Weakley should be precluded from testifying at the liability phase of trial.

**VII.    THE COURT SHOULD LIMIT THE TESTIMONY OF SOME WITNESSES TO
ISSUES RELEVANT TO LIABILITY.**

In their Motion, the Adams plaintiffs moved to preclude certain aspects of the testimony

of Mark Thompson, Kevin Brix, Mike Botz, Jeffrey Clark, Gary Coulter, Anna Echter, Gretchen Miller, Kathleen Willman and James Kulas because Teck Cominco may not "explain" or impeach its DMRs.  Docket 221 at 23-27.  Adams requested an Order from this Court limiting the testimony of those witnesses to relevant topics.  *Id.*

For five of these witnesses – Kevin Brix, Mike Botz, Anna Echter, Gretchen Miller and Kathleen Willman – Teck Cominco offers no defense at all.  Opposition at 1-3.  It simply never mentions them or any category of witness that pertain to them.  It thus concedes Adams's motion as to these witnesses, and their testimony should be limited as set forth in Adams's motion and Proposed Order [Docket 221-2].

Teck Cominco responds in two sentences, which address – but do not resolve – Adams's objections to the remaining four witnesses's testimony.  First, it defends the proffered testimony of two of its witnesses: "where even the plaintiffs acknowledge that whether violations are ongoing is an element of their claims, there cannot possibly be a basis for striking those witnesses whose testimony is to include 'the non-ongoing nature of alleged violations'. [E.g. Coulter and Clark.]" Opposition at 2.  Then, it defends two other witnesses by asserting, "where, for example, the plaintiffs intend to call various Teck Cominco employees to testify on a variety of subjects, it is appropriate for the defendants to call those same witnesses to testify on the same subjects." Opposition at 2.  Both of these arguments are misplaced and do not address Adams's relevance objections.

Adams challenged the testimony of Mr. Clark and Mr. Coulter not on the ongoing nature of the violations, but for their testimony on "all aspects of the company's environmental management system, mineralization, and water balance issues."  Docket 221 at 25.  Teck

Cominco does not address any of these three topics – environmental management, mineralization, or water balance – and thus concedes that Mr. Clark and Mr. Coulter are not offering relevant testimony on those issues.  The Court should grant Adams's motion to preclude Mr. Clark and Mr. Coulter from testifying at the liability phase about these issues.  D.Ak.L.R. 7.1(d).

Second, the only Teck Cominco staff whom Adams challenges in this motion and also intends to call at the liability phase of trial are Mark Thompson and James Kulas.  Adams objected to specific portions of the proffered testimony of Mr. Thompson, which are not the "same subjects" that Adams has listed for Mr. Thompson in its witness list.  Docket 221 at 23-24; *compare* Docket 200 (Adams's witness list).  Similarly, Adams objected to specific portions of the testimony of James Kulas, which are not the "same subjects" that Adams listed from Mr. Kulas in its witness list.  Docket 221 at 26-27; *compare* Docket 200 (Adams's witness list).  Because Teck Cominco has not addressed Adams's objections to the relevance of Mr. Thompson and Mr. Kulas's testimony, the Court should grant Adams's motion to preclude Mr. Thompson and Mr. Kulas from offering testimony on irrelevant issues.  D.Ak.L.R. 7.1(d).  As set forth in the Proposed Order [Docket 221-2], Adams moves to preclude Mr. Thompson and Mr. Kulas from testifying at the liability phase about "issues pertaining to maintenance of the water balance at Red Dog, policies and procedures employed within his department, the history of waste water permitting, and efforts to comply with existing and past permits and to obtain workable permits."

## VIII.    CONCLUSION

For the reasons set forth above, this Court should dramatically limit the number of witnesses Teck Cominco is allowed to present at the liability phase, and strictly limit those

witnesses testimony to subjects relevant to liability.

Respectfully submitted this 28th day of February, 2008.

_____/S/ Luke Cole_____

Luke Cole

Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February 2008, a true and correct copy of the foregoing Plaintiffs' Reply in Support of Objections to Witness List and Motions to Exclude Witnesses was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

_____

/S/ Luke Cole
Luke Cole

PLAINTIFFS' REPLY IN SUPPORT OF
OBJECTIONS TO WITNESS LIST AND
MOTIONS TO EXCLUDE WITNESSES                14