1  LUKE W. COLE, California Bar No. 145,505
   CAROLINE FARRELL, California Bar No. 202,871
2  BRENT J. NEWELL, California Bar No. 210,312
   Center on Race, Poverty & the Environment
3  47 Kearny St, Suite 804
   San Francisco, CA 94108
4  415/346-4179 • fax 415/346-8723

5  NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
   Law Offices of Nancy S. Wainwright
6  13030 Back Road, Suite 555
   Anchorage, AK 99515-3358
7  907/345-5595 • fax 907/345-3629

8  Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
   Adams, Andrew Koenig, Jerry Norton, David
9  Swan and Joseph Swan

10

11                    IN THE UNITED STATES DISTRICT COURT

12              FOR THE DISTRICT OF ALASKA AT ANCHORAGE

13  ENOCH ADAMS, JR., LEROY ADAMS,                    Case No. A04-49 (JWS)
    ANDREW KOENIG, JERRY NORTON
14  DAVID SWAN and JOSEPH SWAN,                       **PLAINTIFFS' REPLY IN
                                                       SUPPORT OF MOTION
15         Plaintiffs,                                 IN LIMINE TO EXCLUDE
                                                       WITNESSES FOR FAILURE
16         v.                                          TO ADEQUATELY SPECIFY
                                                       TESTIMONY AT THE
17  TECK COMINCO ALASKA INCORPORATED                   LIABILITY PHASE**

18         Defendant.
    _____
19
    NANA REGIONAL CORPORATION and
20  NORTHWEST ARCTIC BOROUGH,

21         Intervenors-Defendants.
    _____
22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I.     TECK COMINCO MUST DISCLOSE THE TESTIMONY OF WITNESSES AT THE LIABILITY PHASE WITH SPECIFICITY.**

At Docket 211, Adams moved to preclude the testimony of 11 witnesses because Teck Cominco had not provided descriptions of the witnesses's testimony with the requisite specificity, precluding Adams from adequately preparing to cross-examine the witness at trial. Because Teck Cominco had not followed the express instructions of this Court's Pre-Trial Order (Docket 177), Adams respectfully requested that the 11 witnesses be precluded from testifying at the liability phase. Teck Cominco has now responded, at Docket 263. Its response concedes that three of its witnesses will not be offered at the liability phase. Opposition at 3. Other than that, it merely refers to its response to a different motion: "For all the reasons stated in defendants' opposition to the motion at Docket 225, the motion at Docket 211 should be denied as well."

Defendants' opposition to Docket 225 (Docket 261) discusses only the *penalty* phase of the trial. It does not address Adams's challenge to the lack of specificity in Defendants' *liability* phase witness list at Docket 211. Under Local Rule 7.1(d), failure to oppose a motion "may be deemed an admission that... the motion is well taken." D.Ak.L.R. 7.1(d). Defendants have conceded the merits of Adams's motion at the liability phase by not offering any opposition to it, and each of the 11 witnesses should be excluded because of Teck Cominco's failure to follow the Court's Order.

**II.     TECK COMINCO VIOLATED THE COURT'S CLEAR INSTRUCTIONS.**

Teck Cominco notes that if a party fails to obey a Court order, the Court may issue any "just" sanction under Rule 16(f) of the Rules of Civil Procedure. Docket 261 at 3. It also notes that "sanctions are precluded unless a party in fact failed to comply with an order." *Id.* Here, that is exactly what Teck Cominco did. The Court's Pre-Trial Order instructed: "As to each witness so listed (even though the witness may have been deposed), counsel will disclose the testimony expected to be elicited from that witness at trial. *The disclosure will be specific and not general*, the purpose being to avoid surprise and delay at trial and *to give opposing counsel an adequate basis for developing cross-examination*." Docket 177 at 3 (emphasis added).

Despite this clear and explicit instruction, as Adams set out in detail in its Motion, Teck Cominco failed to adequately specify the testimony of 11 witnesses listed on its Liability Phase

Witness List.  *See* Motion at Docket 211.  Teck Cominco has not even addressed the arguments Adams made in its motion about the specificity of the liability phase witness list, and thus concedes the motion.  D.Ak.L.R. 7.1(d).

**III.  TECK COMINCO DOES NOT PROVIDE ANY ARGUMENT AS TO THE LIABILITY PHASE IN ITS PENALTY PHASE OPPOSITION.**

Adams challenged Teck Cominco's descriptions of testimony of eleven witnesses at the liability phase as not having enough specificity for Adams to effectively develop cross examination.  Docket 211 at 2-8.  While Teck Cominco asserts that "For all the reasons stated in defendants' opposition to the motion at Docket 225, the motion at Docket 211 should be denied as well," it makes no arguments relevant to the motion at Docket 211 in its opposition to Docket 225 (Docket 261).  Accordingly, the 11 witnesses should be precluded from testifying as Teck Cominco had both an opportunity to respond, and did not (D.Ak.L.R. 7.1(d)), and also had an opportunity to cure the defective descriptions, and did not.

**A.  Defendants have withdrawn Peter Chapman.**

Teck Cominco expressly concedes Adams's motion with respect to Peter Chapman, withdrawing him as a witness at the liability phase.  Opposition at 3.

**B.  Docket 261 does not discuss Joyce Tsuji's liability phase testimony.**

Adams moved to exclude part of the testimony of Joyce Tsuji because it is unable to determine what "work performed by Exponent for Red Dog Mine" might be based on an examination of Tsuji's expert reports.  Docket 211 at 2-3.  In reponse, Teck Cominco asserts that "plaintiffs are familiar with the studies performed by Exponent.  They have the studies and know that they address marine life and also evaluate caribou."  Docket 261 at 6.  However, Adams is not familiar with the studies and does not have them.  Because the abbreviated description "work performed by Exponent for Red Dog Mine" does not give enough specificity for Adams to formulate cross-examination on any such work *and how it relates to liability here* – even after canvassing every exhibit offered by Teck Cominco for trial and reviewing all three expert reports filed by Tsuji – Adams respectfully requests that Ms. Tsuji be precluded from testifying about "work performed by Exponent for Red Dog Mine."

1    **C.    Docket 261 does not discuss Richard Brown's liability phase testimony.**

2    Teck Cominco does not discuss Richard Brown's liability phase testimony at all in

3    Docket 261, which explains that "Equipment used by Teck Cominco, including that obtained

4    from American Meteorburst, is relevant to many of the claims.  Testimony regarding it will

5    enlighten the court with respect to various of the statutory penalty factors, including the

6    seriousness of a violation, the economic benefit, the history of such violations, the good faith

7    efforts to comply with the permit requirements, and numerous other factors as may be required

8    by justice."  Docket 261 at 6.  This recitation of the *penalty* factors on its face does not pertain to

9    *liability*, or make more specific Mr. Brown's liability phase testimony, thus conceding Adams's

10   motion.  D.Ak.L.R. 7.1(d).  Accordingly, Adams requests that the Court preclude the testimony

11   of Richard Brown in its entirety at the liability phase.

12   **D.    Docket 261 does not discuss Greg Horner's liability phase testimony.**

13   Teck Cominco responds to the challenge to Greg Horner by asserting "the relevant

14   studies were produced to the plaintiffs as bates numbers TC 31640 RD to TC 31744 RD."

15   Docket 261 at 6.  This does not provide any more specificity to the abbreviated description of

16   Mr. Horner's testimony that Adams objected to, that "Mr. Horner will testify as to studies

17   performed by Ecology and Environment."  Liability Phase Witness List at 5.  It also does not

18   address in any way how the studies are relevant to the liability phase, conceding Adams's

19   motion. D.Ak.L.R. 7.1(d).

20   **E.    Docket 261 does not discuss Kevin Lackey's liability phase testimony.**

21   Teck Cominco responds to Adams's objection that the description of Kevin Lackey's

22   liability phase testimony lacked the requisite specificity by asserting, "questions involving what

23   laboratories are in existence, what functions they perform... are likely to be tangential to the

24   subjects raised by the plaintiffs *in the remedial phase*."  Docket 261 at 7 (emphasis added).  Teck

25   Cominco offers no defense to the challenge to Mr. Lackey's liability phase testimony, conceding

26   Adams's pont.  D.Ak.L.R. 7.1(d).   Adams thus requests that the Court exclude the testimony of

27   Mr. Lackey in its entirety.

28   **F.    Docket 261 does not discuss Jackie Lundberg's liability phase testimony.**

1    Teck Cominco's entire defense of Jackie Lundberg is "They [plaintiffs] similarly know of

2    Mr. Lundberg's involvement in the alleged port violations as well as his work with respect to

3    TIE/TRE at Red Dog." Docket 261 at 8. This does not remedy – or even respond to – Adams's

4    objection that the description of Jackie Lundberg's testimony was not specific enough for Adams

5    to be able to adequately prepare cross examination, thus conceding the point. D.Ak.L.R. 7.1(d).

6    Adams thus requests that the Court exclude the testimony of Jackie Lundberg in its entirety.

7    **G.    Docket 261 does not discuss Mike Schierman's liability phase testimony.**

8    Adams objected to the description of Mr. Schierman's liability phase testimony on

9    "weather conditions" as not specific enough and not tied to any liability issue. Docket 211 at 7.

10    Teck Cominco's response boils down to the sentence: "Every statutory factor that this court will

11    consider in assessing a penalty involves elements that are, at a minimum, affected by weather."

12    Docket 261 at 8. Teck Cominco does not address how weather affects *liability* at all, conceding

13    the merit of Adams's motion. D.Ak.L.R. 7.1(d). This Court should preclude Mr. Schierman

14    from testifying at the liability phase.

15    **H.    Docket 261 does not discuss Mike Stanoway's liability phase testimony.**

16    Teck Cominco's only defense to Adams's objection that the description of Mike

17    Stanoway's testimony is not sufficiently specific is that "the plaintiffs know who he is and where

18    he works, and that his work involves such things as Trial Exhibits 1342 and 1231." Docket 261

19    at 8. Teck Cominco fails to address Adams's motion, and thus concedes it. D.Ak.L.R. 7.1(d).

20    Teck Cominco's defense does nothing to remedy the fact that the description of his liability

21    phase testimony is not sufficiently specific to allow Adams to prepare cross examination, and

22    Adams respectfully requests that Mr. Stanoway's testimony be excluded in its entirety.

23    **I.    Docket 261 does not discuss William Stubblefield's liability phase testimony.**

24    Teck Cominco's response to Adams's objection that the description "Dr. Stubblefield

25    will testify as to WET" was not sufficiently specific to allow Adams to prepare cross

26    examination is, "the description may be short, but it is very specific." Docket 261 at 8. This glib

27    response does not cure, or even address, Adams's objection. D.Ak.L.R. 7.1(d). Adams

28    respectfully requests that the Court exclude Mr. Stubblefield's testimony in its entirety.

1    **J.    Docket 261 does not discuss Jason Weakley's liability phase testimony.**

2         Teck Cominco's response to Adams's challenge to the specificity of the description of

3    Jason Weakley does not cure, or even really respond, to Adams's objections.  Docket 261 at 9.

4    As Adams pointed out in its motion, the "chemistry and treatment of Red Dog water" is a huge

5    topic, potentially encompassing the several hundred chemicals that have been tested for in the

6    Red Dog mine effluent.  The "treatment" of the water is also a very general description.  Taken

7    as a whole, the description is not sufficiently specific to allow Adams to adequately prepare cross

8    examination.  Nothing in Teck Cominco's response changes that deficiency.  D.Ak.L.R. 7.1(d).

9    Adams thus requests that the Court exclude the testimony of Jason Weakley.

10   **K.    Docket 261 does not discuss Kathleen Willman's liability phase testimony.**

11        Adams challenged the specificity of the description of Kathleen Willman's testimony on

12   "water balance issues."  Docket 211 at 8.  Teck Cominco does not explain how "water balance

13   issues" are relevant *at the liability phase* (see Docket 261 at 5), continuing to leave Adams

14   without the specificity it needs to fashion cross examination.  Because Teck Cominco has not

15   addressed Adams's objection, or cured it, the testimony of Kathleen Willman as to "water

16   balance issues" should be excluded.  D.Ak.L.R. 7.1(d).

17   **IV.    CONCLUSION**

18        This Court's instructions to the litigants were clear: the disclosure of expected testimony

19   "will be specific and not general, ... to give opposing counsel an adequate basis for developing

20   cross-examination."  Docket 177 at 3.  For the eleven witnesses discussed above, Teck Cominco

21   did not meet that simple threshold, and its general, vague, confusing and sparse descriptions did

22   not give Adams an adequate basis for developing cross examination.  Nor did Teck Cominco

23   avail itself of the opportunity to cure this defect in its Opposition, instead blithely asserting that a

24   different opposition to a different motion addressed this motion.  As demonstrated above, that is

25   not the case.  By failing to respond to, or cure, Adams's objections, Teck Cominco has conceded

26   Adams's points.  D.Ak.L.R. 7.1(d).  In fairness to the parties and to protect Adams's due process

27   rights, Adams respectfully requests that the testimony of these 11 witnesses be excluded.

28

1    Respectfully submitted this 29th day of February, 2008.

2

3    _____ /S/ Luke Cole _____
     Luke Cole
     Attorney for Plaintiffs

4

5

CERTIFICATE OF SERVICE

6    I hereby certify that on the 29th day of February 2008, a true and correct copy of the foregoing Reply in Support of Objections to
     Liability Witness List and Motion to Exclude Witnesses for Failure to Adequately Specify Testimony, was served, via electronic

7    mail, on the below identified parties of record:

8    Sean Halloran
     Hartig Rhodes

9    717 K Street
     Anchorage, AK 99501

10

     Nancy S. Wainwright

11   Law Offices of Nancy S. Wainwright
     13030 Back Road, Suite 555

12   Anchorage, Alaska 99515-3538

13   James E. Torgerson
     Heller Ehrman White & McAuliffe LLP

14   510 L Street, Suite 500
     Anchorage, Alaska 99501-1959

15

     David S. Case

16   Landye Bennett Blumstein LLP
     701 W. 8th Ave., Suite 1200

17   Anchorage, AK 99501

18   Thane Tienson
     Landye Bennet Blumstein

19   1300 Southwest Fifth Ave, Suite 3500
     Portland, OR 97201

20

     _____

21   _____ /S/Luke Cole ____
     _____

22   Luke Cole

23

24

25

26

27

28

ADAMS REPLY IN SUPPORT OF MOTION TO
EXCLUDE WITNESSES FOR FAILURE
TO ADEQUATELY SPECIFY LIABILITY TESTIMONY    6