LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty & the Environment
47 Kearny St, Suite 804
San Francisco, CA 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3358
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>Plaintiffs,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>Defendant.<br>_____<br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>Intervenors-Defendants. | Case No. A04-49 (JWS)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE WITNESSES FOR FAILURE TO ADEQUATELY SPECIFY TESTIMONY AT THE PENALTY PHASE** |

**I.    TECK COMINCO MUST DISCLOSE THE TESTIMONY OF WITNESSES AT THE LIABILITY PHASE WITH SPECIFICITY.**

At Docket 225, Adams moved to preclude the testimony of 68 witnesses because Teck Cominco had not provided descriptions of the witnesses's testimony with the requisite specificity, precluding Adams from adequately preparing to cross-examine the witness at trial. Because Teck Cominco had not followed the express instructions of this Court's Pre-Trial Order (Docket 177), Adams respectfully requested that the 68 witnesses be precluded from testifying at the penalty phase. It used the described testimony of 11 specific witnesses to demonstrate the overall problem with Teck Cominco's witness list, and noted that Teck Cominco's descriptions of another 57 witnesses did not have anything related to the penalty factors. Teck Cominco has now responded, at Docket 261. What it has done is make a chart of the witnesses it is offering, and simply listed various penalty factors in the right hand column of that chart for each witness. While this may cure the relevance problem (which is the subject of another motion), it does not cure the specificity defect. Further, as discussed below, Teck Cominco's defense of the 11 specific witnesses used as examples by Adams in most cases does not address, or cure, the defects identified by Adams.

**II.    TECK COMINCO VIOLATED THE COURT'S CLEAR INSTRUCTIONS.**

Teck Cominco notes that if a party fails to obey a Court order, the Court may issue any "just" sanction under Rule 16(f) of the Rules of Civil Procedure. Docket 261 at 3. It also notes that "sanctions are precluded unless a party in fact failed to comply with an order." *Id.* Here, that is exactly what Teck Cominco did. The Court's Pre-Trial Order instructed: "As to each witness so listed (even though the witness may have been deposed), counsel will disclose the testimony expected to be elicited from that witness at trial. *The disclosure will be specific and not general*, the purpose being to avoid surprise and delay at trial and *to give opposing counsel an adequate basis for developing cross-examination*." Docket 177 at 3 (emphasis added).

Despite this clear and explicit instruction, as Adams set out in detail in its Motion, Teck Cominco failed to adequately specify the testimony of 11 witnesses listed on its Penalty Phase Witness List. *See* Motion at Docket 225. Because Teck Cominco has cured the defect with respect to Richard Brown and Mike Schierman, Adams withdraws its motion with respect to

those witnesses. Because the defect continues for nine of the witnesses, Adams requests that their testimony be excluded.

### III. TECK COMINCO DOES NOT PROVIDE ADEQUATE SPECIFICITY EVEN IN ITS OPPOSITION.

Adams challenged Teck Cominco's descriptions of testimony of eleven witnesses at the penalty phase as not having enough specificity for Adams to effectively develop cross examination. Docket 225 at 11 at 2-9. Teck Cominco had the opportunity to cure the defective descriptions identified by Adams and did not. The testimony of these nine witnesses should be excluded.

#### A. Teck Cominco does not cure the defect in the description of Joyce Tsuji's penalty phase testimony.

Adams moved to exclude part of the testimony of Joyce Tsuji because it is unable to determine what "work performed by Exponent for Red Dog Mine" might be based on an examination of Tsuji's expert reports. Docket 211 at 2-3. In reponse, Teck Cominco asserts that "plaintiffs are familiar with the studies performed by Exponent. They have the studies and know that they address marine life and also evaluate caribou." Docket 261 at 6. However, Adams is not familiar with the studies and does not have them. Because the abbreviated description "work performed by Exponent for Red Dog Mine" does not give enough specificity for Adams to formulate cross-examination on any such work – even after canvassing every exhibit offered by Teck Cominco for trial and reviewing all three expert reports filed by Tsuji – Adams respectfully requests that Ms. Tsuji be precluded from testifying about "work performed by Exponent for Red Dog Mine."

#### B. Teck Cominco does not cure the defect in the description of Peter Chapman's penalty phase testimony.

Teck Cominco's response to Adams's objection is "the description is very specific and needs no further explanation." This is not a response, does not cure the defect, and concedes Adams's motion. D.Ak.L.R. 7.1(d).

#### C. Teck Cominco does not cure the defect in the description of Greg Horner's penalty phase testimony.

Teck Cominco responds to the challenge to Greg Horner by asserting "the relevant

studies were produced to the plaintiffs as bates numbers TC 31640 RD to TC 31744 RD." Docket 261 at 6. This does not provide any more specificity to the abbreviated description of Mr. Horner's testimony that Adams objected to, that "Mr. Horner will testify as to studies performed by Ecology and Environment." It also does not address in any way how the studies are relevant to the penalty phase, conceding Adams's motion. D.Ak.L.R. 7.1(d).

### D. Teck Cominco does not cure the defect in the description of Kevin Lackey's penalty phase testimony.

Teck Cominco admits that Mr. Lackey's testimony is "likely to be tangential to the subjects raised by the plaintiffs in the remedial phase." Docket 261 at 7. Adams respectfully submits that "tangential" testimony is not relevant here, and thus requests that the Court exclude the testimony of Mr. Lackey in its entirety.

### E. Teck Cominco does not cure the defect in the description of Jackie Lundberg's penalty phase testimony.

Teck Cominco's entire defense of Jackie Lundberg is "They [the plaintiffs] similarly know of Mr. Lundberg's involvement in the alleged port violations as well as his work with respect to TIE/TRE at Red Dog." Docket 261 at 8. This does not remedy or even respond to Adams's objection that the description of Jackie Lundberg's testimony was not specific enough for Adams to be able to adequately prepare cross examination, thus conceding the point. D.Ak.L.R. 7.1(d). Adams thus requests that the Court exclude the testimony of Jackie Lundberg in its entirety.

### F. Teck Cominco does not cure the defect in the description of Mike Stanoway's penalty phase testimony.

Teck Cominco's only defense to Adams's objection that the description of Mike Stanoway's testimony is not sufficiently specific is that "the plaintiffs know who he is and where he works, and that his work involves such things as Trial Exhibits 1342 and 1231." Docket 261 at 8. Teck Cominco fails to address Adams's motion, and thus concedes it. D.Ak.L.R. 7.1(d). Teck Cominco's defense does nothing to remedy the fact that the description of his penalty phase testimony is not sufficiently specific to allow Adams to prepare cross examination, and Adams respectfully requests that Mr. Stanoway's testimony be excluded in its entirety.

**G.  Teck Cominco does not cure the defect in the description of William Stubblefield's penalty phase testimony.**

Teck Cominco's response to Adams's objection that the description "Dr. Stubblefield will testify as to WET" was not sufficiently specific to allow Adams to prepare cross examination is, "the description may be short, but it is very specific." Docket 261 at 8. This glib response does not cure, or even address, Adams's objection. D.Ak.L.R. 7.1(d). Adams respectfully requests that the Court exclude Mr. Stubblefield's testimony in its entirety.

**H.  Teck Cominco does not cure the defect in the description of Jason Weakley's penalty phase testimony.**

Teck Cominco's response to Adams's challenge to the specificity of the description of Jason Weakley does not cure, or even really respond, to Adams's objections. Docket 261 at 9. As Adams pointed out in its motion, the "chemistry and treatment of Red Dog water" is a huge topic, potentially encompassing the several hundred chemicals that have been tested for in the Red Dog mine effluent. The "treatment" of the water is also a very general description. Taken as a whole, the description is not sufficiently specific to allow Adams to adequately prepare cross examination. Nothing in Teck Cominco's response changes that fact. D.Ak.L.R. 7.1(d). Adams thus requests that the Court exclude the testimony of Jason Weakley.

**I.  Teck Cominco does not cure the defect in the description of Kathleen Willman's penalty phase testimony.**

Adams challenged the specificity of the description of Kathleen Willman's testimony on "water balance issues." Docket 225 at 8. Teck Cominco does not explain how "water balance issues" are relevant to the penalty phase (see Docket 261 at 5), continuing to leave Adams without the specificity it needs to fashion cross examination. Because Teck Cominco has not addressed Adams's objection, or cured it, the testimony of Kathleen Willman as to "water balance issues" should be excluded. D.Ak.L.R. 7.1(d).

**IV.  TECK COMINCO HAS NOT CURED THE DEFECT FOR THE OTHER 57 WITNESSES, EITHER.**

Adams objected to 57 of Teck Cominco's witnesses because none of the witnesses was listed with a description that mentioned any of the six statutory penalty factors that the penalty phase will turn on. Docket 225 at 8-9. Teck Cominco's response to Adams's motion was to

create a "witness chart" (Docket 261-2), in which it merely listed one or more of the six penalty factors beside each witnesses's name. This rote recitation of the statutory penalty factors does not cure the failure to specify the testimony of those witnesses and how it might address the penalty factors. D.Ak.L.R. 7.1(d). Merely listing the penalty factors with no indication of how the proffered witness's testimony will prove, disprove or touch upon them does not give Adams the requisite specificity, making it difficult if not impossible for Adams to effectively develop cross examination. As such, Teck Cominco's effort – even at this late, remedial stage – still fails to meet the Court's instructions at Docket 177. These 57 witnesses should also be excluded from testifying.

## V.   CONCLUSION

This Court's instructions to the litigants were clear: the disclosure of expected testimony "will be specific and not general, ... to give opposing counsel an adequate basis for developing cross-examination." Docket 177 at 3. For the nine witnesses discussed above, Teck Cominco did not meet that simple threshold, and its general, vague, confusing and sparse descriptions did not give Adams an adequate basis for developing cross examination. For the 57 further witnesses Teck Cominco addressed by simply adding a line or two or six to its witness chart, Teck Cominco also failed to meet the Court's express instruction. Nor did Teck Cominco avail itself of the opportunity to cure this defect in its Opposition. By failing to respond to, or cure, Adams's objections, Teck Cominco has conceded Adams's points. D.Ak.L.R. 7.1(d). In fairness to the parties and to protect Adams's due process rights, Adams respectfully requests that the testimony of these 66 witnessed be excluded.

Respectfully submitted this 29th day of February, 2008.

                                                                    _____/S/ Luke Cole_____
                                                                           Luke Cole
                                                                           Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of February 2008, a true and correct copy of the foregoing Reply in Support of Objections to Penalty Witness List and Motion to Exclude Witnesses for Failure to Adequately Specify Testimony, was served, via electronic mail, on the below identified parties of record:

Sean Halloran
Hartig Rhodes
717 K Street
Anchorage, AK 99501

Nancy S. Wainwright
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

Thane Tienson
Landye Bennet Blumstein
1300 Southwest Fifth Ave, Suite 3500
Portland, OR 97201

_____/S/Luke Cole_____
Luke Cole

ADAMS REPLY IN SUPPORT OF MOTION TO
EXCLUDE WITNESSES FOR FAILURE
TO ADEQUATELY SPECIFY PENALTY TESTIMONY        6