Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska  99501
Phone:  (907) 276-1592
Fax:     (907) 277-4352
Firm email:  mail@hartig.law.pro
Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN, JOSEPH SWAN, <br>     Plaintiffs, <br><br> vs. <br><br> TECK COMINCO ALASKA INCORPORATED, <br>     Defendant, <br><br> NANA REGIONAL CORPORATION, and NORTHWEST ARCTIC BOROUGH, <br>     Intervenor-Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: A04-00049 CV (JWS) |

### TECK COMINCO'S AND NANA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE AT DOCKET 210 TO BAR EXPERT TESTIMONY

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE
(907) 276-1592
FAX
(907) 277-4352

    The plaintiffs have asked the court to preclude expert witness testimony on the basis that the qualifications of Teck Cominco's retained experts were provided to the court one day late and the curriculum-vitae of certain other witnesses are not available. [Docket 210] Neither group of experts should have their testimony precluded.  A one-day delay, occasioned by clerical error, in providing information to the court that was long ago provided to plaintiffs' counsel is not contumacious conduct.  Nor is failure to produce that which is not available.

**RETAINED EXPERTS**

On behalf of NANA and Teck Cominco, Teck Cominco's counsel sought to timely file the defendants' combined witness lists. As the document was being up-loaded into the court's computer, it was realized that the second portion, identifying witnesses that will testify during the penalty phase of the trial, was a draft and not the document that was intended to be filed. The filing was aborted, and the correct document was filed with the court the following day. Consequently, statements of qualification for Teck Cominco's experts were not filed until the day after they were due. [Docket 202]. When the correct witness list was filed, it included statements of qualification for all specially retained experts and for two of the percipient witnesses who are expected to also offer opinion testimony at trial based upon their expertise. [Docket 203].

According to the plaintiffs, they were "provided with the qualifications, albeit late." [Docket 210 at 2] This assertion is patently false. The qualifications of each of these witnesses was long ago provided to the plaintiffs. [Davis Affidavit.]

Civil Rule 37(c) authorizes witness preclusion when a party unjustifiably, and harmfully, fails to disclose required information. [Fed.R.Civ.P. 37(c)(1).] Teck Cominco did not fail to disclose the qualifications of its retained experts.

Civil Rule 37(b) authorizes witness preclusion when a party fails to obey a discovery order but only if a sanction of such magnitude is just. [Fed.R.Civ.P. 37(b)(2)(A)] Because witness preclusion is an extreme sanction, its use is not just unless the disobedience was willfully done to gain tactical advantage. U.S. v. W.R.Grace, 493 F.3d 1119, 1132 (9th Cir. 2007)(maxim stated and applied in criminal case). Preclusion is a grave step, not to be imposed unless a multiplicity of pertinent factors suggest that the delay or failure substantially prejudices the proponent and reflects insubordination toward the court. Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188 (C.A.1 (Mass.) 2006)(maxim stated and applied in civil case).

The plaintiffs allege no prejudice and indeed there could be none under these circumstances. The oversight of uploading the wrong document to the court's computers is

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE
(907) 276-1592
FAX
(907) 277-4352

regrettable, and to be assiduously avoided, but it evinces no disrespect for this Court's order. The retained experts should be allowed to testify.

## PERCIPIENT WITNESSES WITH EXPERTISE

Teck Cominco and NANA listed eight current or former State of Alaska officials as persons who may offer opinion testimony in addition to serving as percipient witnesses (Ott, Middaugh, Arnold, Dau, DeCicco, Townsend, Weber-Scannell and Houghton). These percipient witnesses have expertise developed in the course of researching and reporting on Red Dog Mine and/or implementing the Clean Water Act and regulations promulgated there-under as part of their official duties. Because they were neither retained nor specially employed to provide expert testimony, no expert report or curricula-vitae were required under Civil Rule 26. [Fed.R.Civ.Proc. 26(a)(2)(B)] The plaintiffs, who have the work product of each of these individuals, chose to not depose them.

The attorney general's office has asked that the participation in this case of current and former State employees be coordinated through its office.[1] After this court ordered that qualification statements of experts be appended to the witness list, counsel for Teck Cominco requested such statements through Alaska's Department of Law. Since the court's order was issued after discovery closed, the defendants are unaware of any mechanism at their disposal to compel the relevant witnesses to provide the desired information until such time as trial subpoenaes are to be issued. As soon as documents evincing statements of qualification are obtained from the attorney general's office (or otherwise), they will be distributed to all parties and filed with the court.[2] In the mean time, the plaintiffs have for years known the identities and contact information for each of these public servant witnesses, and have the work product that contains their opinions.

**HARTIG RHODES HOGE & LEKISCH, P.C.**
**ATTORNEYS AT LAW**
**717 K STREET**
**ANCHORAGE, ALASKA**
**99501-3397**
**TELEPHONE (907) 276-1592**
**FAX (907) 277-4352**

---

[1]     The EPA has similarly asked Teck Cominco and NANA to coordinate the participation of its employees as witnesses through its counsel.
[2]     The AG's office reports that its efforts have been hampered by the fact that some of the witnesses have now retired, otherwise left state employment, or are technically independent contractors. On February 4, 2008, the State authorized Teck Cominco counsel to directly contact certain of the witnesses for the purpose of requesting a CV or statement of qualifications.

Opposition to Plaintiff's Motion in Limine at Docket 210
Adams et al v. Teck Cominco/ A04-00049 CV (JWS)                                                    Page 3 of 5

When it has been established that delay in compliance with discovery orders is due to inability, and not willfulness on the part of the disobedient party, sanctions as requested by the plaintiffs are not proper. <u>Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers</u> 357 U.S. 197, 212, 78 S.Ct. 1087, 1096 (1958).[3] Even if we assume that the order directing parties to file witness qualification statements with the court is a discovery order, Teck Cominco should not be punished. It had no reason to predict during the time that discovery was open that the court would order the pre-trial filing of qualifications of all persons that may ultimately offer opinion testimony. The plaintiffs have not asserted that any harm is occasioned by a delay in securing government-employee qualifications and no harm is apparent. Absent harm, precluding their testimony is inappropriate. <u>Gagnon</u>, 437 F.3d at 197-199. For all these reasons, Teck Cominco respectfully requests that this Court deny the plaintiffs' motion at Docket 210.

DATED at Anchorage, Alaska, this 5th day of February, 2008.

HARTIG RHODES HOGE & LEKISCH, PC
Counsel for Teck Cominco Alaska Incorporated

By: /s/ *Sean Halloran*
    Sean Halloran (BAR NO. 9211080)

HELLER EHRMAN LLP
Intervenor-Defendant NANA REGIONAL CORP.

By: /s/ *James E. Torgerson*
JAMES E. TORGERSON (BAR NO. 8509120)

**HARTIG RHODES HOGE & LEKISCH, P.C.**
**ATTORNEYS AT LAW**
**717 K STREET**
**ANCHORAGE, ALASKA**
**99501-3397**
**TELEPHONE**
**(907) 276-1592**
**FAX**
**(907) 277-4352**

---

[3] Although an old case, <u>Societe</u> still retains vitality for the cited proposition. The Ninth Circuit cited <u>Societe</u> for this proposition in <u>Cruikshank v. Olsen</u>, 917 F.2d 566 (Table), 1990 WL 166538 *1 (C.A.9 (Mont.) 1990). Reference to the pre-2007, unreported decision of <u>Cruikshank</u> appears to be appropriate under 9th Cir. Rule 36-3(c)(ii).

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February, 2008,
a true and correct copy of the foregoing was served,
via electronic service, on the below identified parties of
record:

Luke W. Cole
Center on Race, Poverty, & the Environment
47 Kearny Street, Suite 804
San Francisco, California 94108

Nancy S. Wainwright (via U.S. Mail only)
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

   /s/  Sean Halloran
Hartig Rhodes Hoge & Lekisch PC

F:\Docs\62880\184\PLEADINGS\Opposition to Docket 210.doc

**HARTIG RHODES HOGE & LEKISCH, P.C.**
**ATTORNEYS AT LAW**
**717 K STREET**
**ANCHORAGE, ALASKA**
**99501-3397**
**TELEPHONE: (907) 276-1592**
**FAX: (907) 277-4352**