Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska  99501
Phone:  (907) 276-1592
Fax:    (907) 277-4352
Firm email:  mail@hartig.law.pro
Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN, JOSEPH SWAN,<br>　　　　Plaintiffs,<br><br>vs.<br><br>TECK COMINCO ALASKA INCORPORATED,<br>　　　　Defendant,<br><br>NANA REGIONAL CORPORATION, and NORTHWEST ARCTIC BOROUGH,<br>　　　　Intervenor-Defendants. | Case No.: A04-00049 CV (JWS) |

**MOTION FOR CLARIFICATION AND/OR RECONSIDERATION**

In its order at Docket 276, the court appears to unequivocally say that no "split sample defense" will be permitted in this case. Teck Cominco asks that the court clarify whether its order is intended to be as broad as it appears to be, and, if so, asks the court to reconsider on the basis that it has overlooked pertinent facts.

Liability for various of the plaintiffs' claims are based upon a "split sample". The complaint, for example, asserts liability for daily WET violations in August 2002. [Docket 183

at ¶ 93.] Amendments to the relevant DMR do not in any way involve WET. [See Trial Exhibit 1229 at 1-4.] With respect to the claimed violation, the DMR states unequivocally that "Results for *Pimephales promelas* and *Ceriodaphnia dubia* were within permit limits". [Trial Exhibit 1229 at 6.] In the DMR's tables, moreover, the DMR identifies the permit limits for *Ceriodaphnia* as 9.7 average and 12.2 maximum, and confirms that the corresponding levels for each are 6.12. [Id. at 13.] Similarly, for *Pimephales*, again with limits of 9.7 average and 12.2 maximum, the table reports levels of 1.27 for each. [Id.] Despite the unequivocal assertions in the DMR that no violation occurred, the plaintiffs seek liability because Teck Cominco acknowledged in the DMR, as it is required by law to do,[1] that "A split sample for *Ceriodaphnia dubia* chronic testing was sent to a second laboratory for comparative analysis. The result of the split sample analysis was 17.24 $TU_c$." [Id. at 6.][2]

    The question then presents itself: Is the court really saying that because Teck Cominco's defense involves a split sample, Teck Cominco would be impermissibly impeaching its DMR simply because the plaintiffs choose to ignore the plain language contained within the DMR? This Court previously ruled that conflicting results of split samples do not establish ongoing violations, but rather may serve to raise genuine issues of material fact as to whether there were violations. [Docket 136 at 17 (addressing cyanide claims).] Teck Cominco respectfully suggests that the court's earlier ruling was better reasoned, and that the order at Docket 276 should be

---

[1]    C.F.R. §122.41(l)(4).

[2]    Trial exhibit 1229 is not an isolated example. An identical situation is presented in Trial Exhibit 3016. [See Docket 183 at ¶ 93.] Other claims are similarly affected.

clarified or reconsidered accordingly.

DATED at Anchorage, Alaska, this 3rd day of March 2008.

HARTIG RHODES HOGE & LEKISCH, P.C.
Attorneys for Teck Cominco Alaska, Inc.

By: _____
  Sean Halloran

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March, 2008,
a true and correct copy of the foregoing was served,
via electronic service, on the below identified parties of
record:

Luke W. Cole
Center on Race, Poverty, & the Environment
47 Kearny Street, Suite 804
San Francisco, California 94108

Nancy S. Wainwright (via U.S. Mail only)
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

_____
Hartig Rhodes Hoge & Lekisch PC

F:\Docs\62880\184\PLEADINGS\Reconsider Split Sample.doc