MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*ENOCH ADAMS JR., et al.*     v.     *TECK COMINCO ALASKA INC.*

THE HONORABLE JOHN W. SEDWICK          CASE NO. 3:04-cv-00049-JWS

PROCEEDINGS:     **ORDER FROM CHAMBERS**     Date: March 10, 2008

    At docket 211, plaintiffs moved to exclude the testimony of eleven of the forty-five witnesses listed on defendant Teck Cominco's final witness list for the liability phase of the trial at docket 197. The motion is premised on the assertion that Teck failed to comply with the pre-trial order at docket 177. The motion at docket 211 has been fully briefed.

    The pre-trial order required each party to file a final witness list and expressly stated: "As to each witness so listed (even though the witness may have been deposed), counsel will disclose the testimony expected to be elicited from that witness at trial. The disclosure will be specific and not general, the purpose being to avoid surprise and delay at trial and to give opposing counsel an adequate basis for developing cross-examination." (Doc. 177 at p. 3) This requirement is one this court has routinely used in civil cases for more than fifteen years, and it is also routinely used by the other judges in this district. It is a requirement that is not only easy to understand, but one with which lawyers who practice in this court should be very familiar. The requirement advances the interests recognized in Rule 1 of the Federal Rules of Civil Procedure. It is fundamental to the management of a busy docket. The instant case is expected to require ten weeks or more of trial time. This substantial commitment of judicial resources strains the ability of this court to provide all the judicial services expected of it. Allowing a party to ignore the requirements of the pre-trial order risks prolonging an already lengthy trial.

    After examining the descriptions of testimony given by Teck for the eleven witnesses in question, the court concludes that testimony from ten of the witnesses–Richard Brown; Peter M. Chapman, Ph.D.; Greg Horner; Kevin Lackey; Jackie Lundberg; Mike Schierman; Mike Stanoway; William Stubblefield, Ph.D.; Jason Weakley; and Kathleen Willman–will be excluded in its entirety for failure to comply with the order at docket 177. The eleventh challenged witness is expert witness Joyce Tsuji, an expert retained by Teck. At docket 197, Teck described her trial testimony as follows: "A Retained Expert. Will testify consistent with her report and supplemental report, and work performed by Exponent for Red Dog Mine." Plaintiffs seek to exclude only that portion of her testimony which relates to "work performed by Exponent for Red Dog Mine." Teck's description of Ms. Tsuji's expert testimony is, as plaintiffs implicitly recognize, sufficient. The court agrees with plaintiffs that the description of "work

performed by Exponent" is insufficient to comply with the pre-trial order.  Therefore, that portion of her testimony will be excluded.  She will, of course, be allowed to offer testimony consistent with her report and supplemental report.

    The motion at docket 211 is **GRANTED** as set forth above.

------------------------