1   LUKE W. COLE, California Bar No. 145,505
    CAROLINE FARRELL, California Bar No. 202,871
2   BRENT J. NEWELL, California Bar No. 210,312
    Center on Race, Poverty & the Environment
3   47 Kearny St, Suite 804
    San Francisco, CA 94108
4   415/346-4179 • fax 415/346-8723

5   NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
    Law Offices of Nancy S. Wainwright
6   13030 Back Road, Suite 555
    Anchorage, AK 99515-3358
7   907/345-5595 • fax 907/345-3629

8   Attorneys for Plaintiffs Enoch Adams, Jr., Leroy
    Adams, Andrew Koenig, Jerry Norton, David
9   Swan and Joseph Swan

10

11                  IN THE UNITED STATES DISTRICT COURT

12              FOR THE DISTRICT OF ALASKA AT ANCHORAGE

13  ENOCH ADAMS, JR., LEROY ADAMS,              Case No. A04-49 (JWS)
    ANDREW KOENIG, JERRY NORTON
14  DAVID SWAN and JOSEPH SWAN,                 PLAINTIFFS' REPLY
                                                IN SUPPORT OF
15          Plaintiffs,                         MOTION IN LIMINE TO
                                                BAR TESTIMONY BY
16          v.                                  CERTAIN PROFFERED
                                                EXPERTS [DOCKET 210]
17  TECK COMINCO ALASKA INCORPORATED

18          Defendant.
    _____
19
    NANA REGIONAL CORPORATION and
20  NORTHWEST ARCTIC BOROUGH,

21          Intervenors-Defendants.
    _____
22

23

24          Adams filed a Motion in Limine at Docket 210 asking the Court to exclude the expert

25  witnesses that Teck Cominco had proffered without attaching qualifications, in violation of the

26  Court's pre-trial order (Docket 177).  After Adams timely filed a reply pointing out that Teck

27  Cominco had not responded to the motion and had thus conceded it [Docket 281], Teck Cominco

28

1  requested and was granted leave to file a response to Docket 210 [Docket 291].  Teck Cominco

2  filed that response, Docket 292, on March 3, 2008 ("Opposition").  Adams here timely replies.

3       Teck Cominco concedes that it did not follow the instructions of this Court and file

4  statements of qualifications on January 22, 2008.  Opposition at 1, 2.  It makes two arguments as

5  to why it should be allowed to disregard the Court's Order, one with regard to its retained experts

6  and one with regard to those witnesses it calls here for the first time "percipient witnesses with

7  expertise."  Its basic point on its retained experts is well taken, but it still fails to comply with the

8  Court's Order with regard to five expert witnesses, whose testimony should be excluded.

9  **I.     TECK COMINCO HAS LARGELY CURED ITS FAILURE TO FOLLOW THE
       COURT'S ORDER WITH RESPECT TO ITS RETAINED WITNESSES.**

10

11      Teck Cominco's argument with respect to its retained witnesses is basically that missing

    the Court's deadline by one day does not prejudice Adams.  Opposition at 2.  Adams concurs,
12
    which is why in its Motion, it requested that the Court strike only those experts for whom Teck
13
    Cominco had not ever provided qualifications.  Docket 210 at 4; *see also* Proposed Order at
14
    Docket 210-2.  (Adams does object to the statements in the Opposition and the declaration of
15
    Rachel Davis [Docket 293] that Teck Cominco "long ago" provided these qualifications, based
16
    on its provision, in 2003 and 2004, of the resumes of its retained experts.  Obviously, the Court's
17
    Order pertained to *current* resumes or qualifications, not those provided five years ago.)
18

19  **II.    TECK COMINCO CONTINUES TO VIOLATE THE COURT'S ORDER WITH
        RESPECT TO FIVE WITNESSES, WHO SHOULD BE STRUCK.**

20      Teck Cominco concedes that it has not provided the qualifications of five of the witnesses

21  it proffers as experts for trial.  Opposition at 1, 3.  Its defense is that its "failure to produce that

22  which is not available" is not "contumacious conduct."  Opposition at 1.  Adams respectfully

23  disagrees.

24      First, the Court's Order on pre-trial disclosures was entered on September 21, 2007.

25  Docket 177.  Teck Cominco thus had almost exactly four months to secure the necessary

26  qualifications the Court's order required to be disclosed on January 22, 2008.  Teck Cominco,

27  with no evidentiary support and in an unsworn argument of counsel, says that it has been unable

28

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION IN LIMINE TO BAR CERTAIN EXPERTS        1

1   to secure these qualifications because the attorney general's office asked that state witnesses be

2   coordinated through its office.  Opposition at 3.  Teck Cominco asserts that it is "unaware of any

3   mechanism at their disposal to compel the relevant witnesses to provide the desired information"

4   – while at the same time asserting that the *plaintiffs* have "known for years the identities and

5   contact information for each of these public servants."  Opposition at 3.  Surely, in the four

6   months between the order and the required disclosure, someone at Teck Cominco could have

7   picked up a telephone and, using the contact information that Teck Cominco asserts is so easily

8   available, secured a resume or other statement of qualifications from these five witnesses.  Teck

9   Cominco has not supported in any way its assertion that the required disclosures are "not

10  available."  Opposition at 1.

11          Second, Teck Cominco asserts that "plaintiffs have not asserted that any harm is

12  occasioned by a delay in securing government-employee qualifications and no harm is apparent."

13  Opposition at 5.  Adams respectfully disagrees.  In its motion, Adams noted, "Because of Teck

14  Cominco's failure to follow the explicit directions in the Pre-Trial Order, Adams has no way to

15  scrutinize the credentials of the proffered experts and challenge the experts in a motion in limine

16  based on their qualifications or prepare cross examination with the knowledge of their

17  backgrounds."  Docket 210 at 4.  Adams is directly harmed, and, because the deadline for

18  challenges to experts has now long past, this harm is not curable.

19          While Teck Cominco now calls these witnesses "percipient witnesses with expertise,"

20  Opposition at 3, it did not so list them in its witness list.  There, it merely listed each as an

21  "expert witness."  Docket 203.  In this regard, it complied with *part* of the Court's pre-trial order:

22   "Expert witnesses will be identified as such and as to their area(s) of expertise, and a statement

23  of each expert's qualifications will be appended to the witness list."  Docket 177 at 3.  Because it

24  did not comply with the rest of the Court's order, these witnesses should be excluded.

25          Because Teck Cominco did not – and still, six weeks later, has not – complied with the

26  simple dictates of the Court's Order, the Court could bar all testimony by those "experts" listed

27  on Teck Cominco's Penalty Phase Witness List for whom Teck Cominco has never provided

28

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION IN LIMINE TO BAR CERTAIN EXPERTS        2

1   expert qualifications.  John Houghton, John Middaugh, Fred DeCicco, Al Townsend and Phyllis

2   Weber-Scannell should be barred from testifying at trial.

3           Respectfully submitted this 10th day of March, 2008.

4

5                                           _____/S/ Luke Cole_____
                                            Luke Cole
6                                           Attorney for Plaintiffs

7

8   CERTIFICATE OF SERVICE
    I hereby certify that on the 10th day of March 2008, a true and correct copy of the foregoing Reply in Support of  Motion in
    Limine to Bar Testimony by Certain Proffered Experts, via electronic mail, on the below identified parties of record:

9

    Sean Halloran
10  Hartig Rhodes
    717 K Street
11  Anchorage, AK 99501

12  Nancy S. Wainwright
    Law Offices of Nancy S. Wainwright
13  13030 Back Road, Suite 555
    Anchorage, Alaska 99515-3538
14

    James E. Torgerson
15  Heller Ehrman White & McAuliffe LLP
    510 L Street, Suite 500
16  Anchorage, Alaska 99501-1959

17  David S. Case
    Landye Bennett Blumstein LLP
18  701 W. 8th Ave., Suite 1200
    Anchorage, AK 99501
19

    Thane Tienson
20  Landye Bennet Blumstein
    1300 Southwest Fifth Ave, Suite 3500
21  Portland, OR 97201

22  _____

23          /S/_____
    _____
24  Luke Cole

25

26

27

28

    PLAINTIFFS' REPLY IN SUPPORT OF
    MOTION IN LIMINE TO BAR CERTAIN EXPERTS        3