JAMES E. TORGERSON (Alaska Bar No. 8509120)
HELLER EHRMAN LLP
510 L Street, Suite 500
Anchorage, AK  99501-1959
Telephone: (907) 277-1900
Facsimile: (907) 277-1920
Jim.torgerson@hellerehrman.com
Attorneys for Intervenor-Defendant
NANA REGIONAL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ENOCH ADAMS, JR., LEROY ADAMS,
ANDREW KOENIG, JERRY NORTON, DAVID
SWAN and JOSEPH SWAN,

                                        Plaintiffs,

            v.

TECK COMINCO ALASKA INCORPORATED,

                                        Defendant,

NANA REGIONAL CORPORATION, and
NORTHWEST ARCTIC BOROUGH,

                                        Intervenor-Defendants.

Case No.: A:04-cv-0049 (JWS)

**JOINT MOTION FOR
RECONSIDERATION OF ORDER AT
DOCKET 311**

        In response to the Court's invitation during the status conference on March 21, and as

provided in Local Rule 59.1, Teck Cominco Alaska, Inc (Teck Cominco) and NANA Regional

Corporation (NANA) ask the Court to reconsider its Order at Docket 311 as to the Plaintiffs'

economic expert, Dr. Michael Kavanaugh.  All of his January 2008 "Revised Report"[1] should be

struck because it consists of new opinions the Court previously ordered would not be allowed.

**I.      THE COURT'S REQUIREMENT.**

        At the August 9, 2007 planning conference, Plaintiffs asked to update their economist's

expert report.  [Exhibit O to Doc. 288 (August 9 transcript excerpts) at 2.]  When the Court

asked Plaintiffs' counsel if he had "anything in mind other than bringing calculations and

opinions forward based on the passage of time," he admitted he did, if the Court was "amenable

to it."  [*Id*. at 3.]  After some discussion, the Court held that new expert opinions would not be

allowed unless permitted pursuant to a specific motion:

        ───────────────

        [1] Dr. Kavanaugh's 2008 "Revised Report" is filed as Doc. 219-5, Exhibit E to Doc. 218.

Heller Ehrman LLP
510 L STREET, SUITE 500
ANCHORAGE, AK 99501-1959
TELEPHONE (907) 277-1900

[i]f you want to file a motion to reopen the matter then, Mr. Cole, you can do that. Otherwise, unless you succeed with such a motion, the only thing I will direct the parties to do is to update the existing admissible experts' reports to take into account the passage of time.  [*Id*. at 4.]

The Court set the deadline for such motions for August 31.  [*Id*. at 5.]  It reiterated its ruling in a written order at Docket 167, stating that "Plaintiffs may file a motion to permit plaintiffs to provide additional expert testimony no later than August 31, 2007."

Plaintiffs never filed a motion seeking leave for Dr. Kavanaugh to introduce new opinions.  Instead, they submitted what they call a "Revised Report," which is in fact a new report containing new opinions based on new methodologies and different "facts."

## II.    DR. KAVANAUGH'S REVISED REPORT SHOULD BE STRICKEN.

Dr. Kavanaugh's December 2004 report calculated what he claimed was the economic benefit *Teck Cominco Limited* received from *Teck Cominco Alaska's* alleged permit violations, even though Teck Cominco Limited is not a party.[2]  Teck Cominco asked the Court to preclude his opinion.  [Doc. 43.]  The Court granted Teck Cominco's motion, ruling that "economic benefits allegedly received by non-parties, here Teck Cominco Limited, are not relevant at this juncture."  [Doc. 111 at 12.]

Plaintiffs responded by having Dr. Kavanaugh prepare his Revised Report in which he uses different data and different methodologies to assert that *Teck Cominco Alaska,* not *Teck Cominco Limited*, gained an economic benefit as a result of the alleged violations.  [Doc. 219-5 at 4.[3]]  This is not an update to take into account "effects resulting from the passage of time." Rather, it is a new opinion of the type this Court had announced it would not allow absent a successful motion seeking leave to reopen expert testimony.

Plaintiffs also have had Dr. Kavanaugh recalculate the alleged economic benefit in ways that had nothing to do with "effects resulting from the passage of time."  First, his new calculations are based wholly on Teck Cominco Alaska's finances.  [Doc. 219-5 at 4.] Contradicting his prior sworn testimony, Dr. Kavanaugh now asserts in a declaration that his

---

[2] Dr. Kavanaugh's December 2004 report is Exhibit M to the Joint Motion at Docket 218, and his January 2005 rebuttal report is Exhibit N to the same Motion.  In his December 2004 report, at 1, he wrote: "Teck Cominco Alaska Incorporated is the operator of the Red Dog mine.  Its ultimate parent is Teck Cominco, a mining company that explores, develops and produces metal and materials worldwide.  Teck Cominco, in my opinion, gained an economic benefit of at least $27.2 to $30.8 million because it failed to comply with the TDS limits in its discharge permit when it discharged water from Red Dog to waters of the United States."

[3] For simplicity, Defendants refer to the page numbers as they appear on the reports.

Heller Ehrman LLP
510 L STREET, SUITE 500
ANCHORAGE, AK 99501-1959
TELEPHONE (907) 277-1900

2004 report merely "used information from Teck Cominco Limited to plug the gap". [Doc. 259 at ¶¶ 3-4.]  Although he tries to minimize the significance of his new opinion, he cannot disguise the fact that his new report uses different financial data for past years to develop different opinions.  These changes have nothing to do with "effects resulting from the passage of time."

Second, Dr. Kavanaugh changed the time period he used in his "ability-to-pay" calculation.  He admits that he added an additional <u>earlier</u> year to his calculations.  [Doc. 259 at ¶ 9.]  In so doing, he used data that was available to him when he wrote his initial report.

Third, Dr. Kavanaugh used new and different cash flow assumptions for his ability to pay analysis in his Revised Report, resulting in very different values, as is apparent upon review of the 2004 and 2008 reports.  In his 2004 report, he based his analysis on the "annual net income from Red Dog's operations adjusted for depreciation, a non-cash cost" [Doc. 219-8 at 9], but in 2008 he used "cash flow from operations for TCAI" in reliance on different data and different methodology [Doc. 219-5 at 12-13]:

|  | **2004   Report** | **2008 Revised Report** |
|---|---|---|
| 1999: | $143,406,000 | $69,402,000 |
| 2000: | $103,238,000 | $71,917,000 |
| 2001: | $2,587,000 | $1,555,000 |
| 2002: | -$4,327,000 | $77,000 |
| 2003: | $9,197,000 | $36,078,000 |

Dr. Kavanaugh obviously has done more than just take into account "effects resulting from the passage of time," which would have consisted, for instance, of providing additional data for more recent years.  Instead, he has proffered different data from the same time periods in order to offer new and different opinions that violate the Court's Order.  Dr. Kavanaugh's new report should be stricken.

## III.    PLAINTIFFS MOSTLY CONCEDE DR. KAVANAUGH'S REPORT CONSISTS OF NEW OPINIONS.

The Plaintiffs' Sur-Reply at Docket 310 is notable for the arguments Plaintiffs do not make in defense of Dr. Kavanaugh's new report.  For the most part, they do not dispute that the Revised Report sets forth new opinions based on different facts and new methodologies.  But, with one exception, they argue that Dr. Kavanaugh's new opinions should be allowed because they would cause Teck Cominco no prejudice.  Teck Cominco and NANA disagree.

Plaintiffs argue that Dr. Kavanaugh has only clarified his 2004 opinion to acknowledge that it was based on Teck Cominco Alaska data and not Teck Cominco Limited.  [Doc. 310 at 4.] Dr. Kavanaugh's sworn testimony, however, is that in 2004 he "used information from Teck

Heller Ehrman LLP
510 L STREET, SUITE 500
ANCHORAGE, AK 99501-1959
TELEPHONE (907) 277-1900

Cominco Limited" whereas in his 2008 report he was careful not "to use any data at all from Teck Cominco Limited."  [Doc. 259 at ¶¶ 3-4.]

As to the one new opinion the Plaintiffs do not argue would not prejudice defendants – Dr. Kavanaugh's attribution of economic benefit to Teck Cominco Alaska rather than Teck Cominco Limited – they assert instead that the addition of the new opinion regarding Teck Cominco Alaska's economic benefit has no relevance.  [Doc. 310 at 4.]  If the new opinion is truly not relevant, it should be stricken on that basis.  But any economic benefit allegedly accruing to the defendant is not only relevant, it is a disputed issue in the remedy phase of trial.  When proffering their expert reports, Plaintiffs chose to not obtain any expert testimony as to economic benefit they may allege Teck Cominco to have received.  They should not be allowed to proffer such opinions now when discovery has long been closed, and when they consciously chose to not request leave to do so in accordance with the instructions of the Court.

Plaintiffs' primary argument – that Dr. Kavanaugh's new opinions are not prejudicial – also fails for at least two reasons.  First, the Court's Order precluding new opinions was not limited to only "prejudicial" new opinions, but encompassed everything except updates to account for the passage of time.  Second, Dr. Kavanaugh's new opinions are highly prejudicial.  The parties are now at the eve of trial, and discovery has long been closed.  The time for new opinion testimony is long past, and Dr. Kavanaugh Revised Report should be stricken.

Dated:  March 24, 2008                Respectfully submitted,

                                      Attorneys for Intervenor-Defendant
                                      NANA REGIONAL CORP.

                                      By  _____/s/ James e. Torgerson_____
                                      JAMES E. TORGERSON (BAR NO. 8509120)
                                      Heller Ehrman LLP
                                      510 L Street, Suite 500
                                      Anchorage, AK  99501
                                      Telephone:  907-277-1900
                                      Jim.torgerson@hellerehrman.com

Dated:  March 24, 2008                Respectfully submitted,

                                      HARTIG RHODES HOGE & LEKISH
                                      Defendant
                                      TECK COMINCO ALASKA INCORPORATED
                                      By  _____/s/ Sean Halloran_____
                                      SEAN HALLORAN (BAR NO. 9211080)

Heller Ehrman LLP
510 L STREET, SUITE 500
ANCHORAGE, AK 99501-1959
TELEPHONE (907) 277-1900

1

2

**CERTIFICATE OF SERVICE**

3    This is to certify that a true and correct copy of the foregoing JOINT MOTION FOR
RECONSIDERATION OF ORDER AT DOCKET 311 was served via the method indicated below this

4    24th day of March, 2008, on the following parties:

5    Luke W. Cole                                          Counsel for Plaintiffs
Center on Race, Poverty & the Environment

6    47 Kearny Street, Suite 804                            Served via:  Electronic transmission
San Francisco, CA  94108

7    luke@igc.org

8    Nancy S. Wainwright                                    Counsel for Plaintiffs
Law Offices of Nancy S. Wainwright

9    13030 Back Road, Suite 555                             Served via:  U.S. Mail only
Anchorage, AK  99515-3538

10

Sean Halloran                                          Counsel for Defendant Teck Cominco
11   Hartig Rhodes Hoge & Lekisch, P.C.                     Served via:  Electronic transmission
717 K Street

12   Anchorage, AK  99501
sean.halloran@hartig.com

13

David S. Case                                          Counsel for Intervenor-Defendant
14   Landye Bennett Blumstein LLP                           Northwest Arctic Borough
701 West 8th Avenue, Suite 1200

15   Anchorage, AK  99501                                   Served via:  Electronic transmission
dcase@lbblawyers.com

16

17          /S/ James E. Torgerson
    _____

18   JAMES E. TORGERSON (BAR NO. 8509120)
HELLER EHRMAN LLP

19   510 L Street, Suite 500
Anchorage, AK  99501

20   Telephone:  907-277-1900
Jim.torgerson@hellerehrman.com

21

22

23

24

25

26

27

28

Heller Ehrman LLP
510 L STREET, SUITE 500
ANCHORAGE, AK 99501-1959
TELEPHONE (907) 277-1900