MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*Enoch Adams, Jr., et al. v. Teck Cominco Alaska Inc., et al.*

THE HONORABLE JOHN W. SEDWICK           3:04-cv-00049 JWS

| PROCEEDINGS: | **ORDER FROM CHAMBERS** | March 25, 2008 |

At docket 210, plaintiffs move to exclude the testimony of John Houghton, John Middaugh, Alfred DeCicco, Al Townsend, and Phyllis Weber-Scannell, all of whom are listed as expert witnesses on Teck Cominco's revised final witness list (docket 203) for the penalty phase of the trial.  Plaintiff's motion is based on the assertion that Teck failed to comply with the requirements set forth in the pre-trial order at docket 177.  The motion at docket 210 is fully briefed.  Oral argument was not requested, and it would not assist the court.

The pre-trial order required each party to file a final witness list by January 22, 2008, and expressly stated: "As to each witness so listed...counsel will disclose the testimony expected to be elicited from that witness at trial.  The disclosure will be specific and not general, the purpose being to avoid surprise and delay at trial and to give opposing counsel an adequate basis for developing cross-examination." (Doc. 177 at p. 3).  As to expert witnesses, the pre-trial order further stated: "Expert witnesses will be identified as such and as to their area(s) of expertise, and a statement of each expert's qualifications will be appended to the witness list.  The statement of qualifications of experts will be sufficiently detailed to permit opposing counsel to serve and file objections..." (Doc. 177 at p. 3).

Teck Cominco's revised final witness list included eight "expert witnesses" and six "retained expert witnesses."  Teck did not provide a statement of qualifications for five of its "expert witnesses," namely Houghton, Middaugh, DeCicco, Townsend, and Weber-Scannell, the five expert witnesses plaintiffs now seek to exclude.  In its opposition to the motion, Teck contends that the five "expert witnesses" at issue are "current or former State of Alaska officials...who may offer opinion testimony in addition to serving as percipient witnesses."  Teck argues that it did not attach a statement of qualifications for these witnesses because *curriculum-vitae* and/or statements of their qualifications had not yet been obtained from the attorney general's office, which asked

that "the participation in this case of current and former State employees be coordinated through its office." (Doc. 292 at p. 3).

Teck Cominco had ample time to obtain statements of qualifications for witnesses it intends to use at trial as expert witnesses to present opinion testimony under Rule 702 of the Federal Rules of Evidence. Teck's failure to provide a statement of each expert's qualifications in compliance with the pre-trial order has precluded plaintiffs from filing objections to the five proferred expert witnesses at issue based on their qualifications. Therefore, the five witnesses at issue - John Houghton, John Middaugh, Alfred DeCicco, Al Townsend, and Phyllis Weber-Scannell - may offer testimony at the penalty phase of the trial as percipient witnesses (including, if appropriate, lay opinion testimony which comports with Rule of Evidence 701). The above named witnesses may not, however, offer expert opinion testimony under Rule of Evidence 702.

The motion at docket 210 is **GRANTED** to the extent set forth above.

---