Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax: (907) 277-4352
Firm email: mail@hartig.law.pro
Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN, JOSEPH SWAN, Plaintiffs, vs. TECK COMINCO ALASKA INCORPORATED, Defendant, NANA REGIONAL CORPORATION, and NORTHWEST ARCTIC BOROUGH, Intervenor-Defendants. | Case No.: A04-00049 CV (JWS) |

TECK COMINCO'S REPLY[1] TO OPPOSITION TO
MOTION FOR RECONSIDERATION

The plaintiffs concede that Dr. Kavanaugh's original expert report was intended only to calculate economic benefit (using two alternate methodologies) and an ability to pay a fine. [Docket 320 at 2.] As to each of these opinions, it is plain that Dr. Kavanaugh's "Revised Report" does not comply with the limitations imposed by this court on expert report updates. Dr. Kavanaugh's

---

[1]   Teck Cominco assumes that NANA may separately file its own reply.

Revised Report, and the opinions incorporated within it, should be stricken in its entirety.

A.  Economic Benefit.

According to the plaintiffs, Dr. Kavanaugh's initial report calculated the economic benefit allegedly received by defendant Teck Cominco Alaska, and merely used Teck Cominco Limited data to "plug gaps" in Teck Cominco Alaska data. This is not true. In the deposition taken of Dr. Kavanaugh in this case, Dr. Kavanaugh made clear that his calculations for economic benefit, using both the equity cost of capital and the weighted average cost of capital were based upon and intended to calculate benefit for Teck Cominco Limited and not Teck Cominco Alaska Incorporated. [Kavanaugh depo. at 101-108, 113.] As his deposition testimony made clear, "I looked at the parent because I thought that the parent was the better entity to use to value the funds because the parent had the use of the funds, that the funds made available by avoiding and delaying compliance with the TDS weren't simply at the disposal of Teck Cominco Alaska Incorporated but were available to the parent." [Kavanaugh depo. at 107.]

The fact is that Teck Cominco asked the Court to preclude Kavanaugh's opinion as to economic benefit on the basis that Kavanaugh's opinion was directed to a corporation that is not a party to this litigation. [Docket 43.] The Court granted Teck Cominco's motion, ruling that "economic benefits allegedly received by non-parties, here Teck Cominco Limited, are not relevant". [Docket

111 at 12.] Despite the fact that this court made clear that it would not permit the plaintiffs to rehabilitate their witness, but would only allow expert reports to be updated to take into account "effects resulting from the passage of time", the plaintiffs had Dr. Kavanaugh prepare a "Revised Report" in which he uses different data and different methodologies to assert that Teck Cominco Alaska (not Teck Cominco Limited) gained an economic benefit as a result of the alleged violations. [Docket 219-5 (Exhibit E); Docket 288-2 (August 9 Ruling from Bench); Order at Docket 167.] This new opinion is not an update as contemplated by the court's order, but rather is the exact type of new opinion that this court previously determined it would not allow. It should be stricken accordingly.

B.   Ability To Pay.

Teck Cominco and NANA asserted that Dr. Kavanaugh changed the methodology embodied in his "ability to pay" opinion by improperly incorporating an earlier time period using data that was available to him when he wrote his original report. [Docket 314 at 3.] The plaintiffs concede that "this assertion is correct". [Docket 320 at 6.] Moreover, when Dr. Kavanaugh did use data covering time periods subsequent to his initial report, he did not update his earlier opinions to reflect that data, but rather provided wholly different opinions than those expressed originally. For example, he initially offered two different probability cutoffs, (1) the upper 10 percent probability of the

maximum level of cash flow he projected Teck Cominco would achieve and (2) the 50 percent probability level of projected cash flow he calculated for the next year. [Docket 219-8 at Exhibit M.] In his Revised Report, however, Dr. Kavanaugh instead used a model that assumed a 70 percent probability cutoff. [Docket 219-5.]

The plaintiffs do not dispute that Dr. Kavanaugh used wildly different data and methodology to calculate Teck Cominco's ability to pay a penalty, but rather assert that his 2008 methodology is equally as valid as the methodology that he previously used but now abandons. [Docket 320 at 6.] By employing a different model, he has, in fact, not updated his initial opinion but has instead offered an entirely new opinion in defiance of this court's orders. It should be stricken accordingly.

The plaintiffs repeated assertion that both the 2004 and 2008 "approaches are valid" is irrelevant. It is not a question of whether the approach taken by Dr. Kavanaugh in his revised report would have been valid if employed when he prepared his initial report years earlier. His wholly new methodology cannot be said to be an update to account for "the effects resulting from the passage of time" and is therefore a clear violation of this court's orders. Nor is it correct that Teck Cominco will suffer no prejudice by the introduction at this late date of wholly new opinions. Discovery has long been closed. The law presumes prejudice from delay. <u>Allen v. Bayer Corp</u>, 460 F.3d 1217 (9th Cir. 2006). It is a fact that the plaintiffs did not produce Dr. Kavanaugh's newest opinions when

discovery was open, but instead waited until the eve of trial to do so in violation of this court's orders that creates prejudice. His Revised Report and the opinions contained within it should be stricken accordingly.

DATED at Anchorage, Alaska, this 16th day of April, 2008.

HARTIG RHODES HOGE & LEKISCH, P.C.
Attorneys for Teck Cominco Alaska, Inc.

By: _____
Sean Halloran

CERTIFICATE OF SERVICE
I hereby certify that on the 16th day of April 2008,
a true and correct copy of the foregoing was served,
via electronic service, on the below identified parties of
record:

Luke W. Cole
Center on Race, Poverty, & the Environment
47 Kearny Street, Suite 804
San Francisco, California 94108

Nancy S. Wainwright (via U.S. Mail only)
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

/s/ Sean Halloran
Hartig Rhodes Hoge & Lekisch PC