JAMES E. TORGERSON (Alaska Bar No. 8509120)
YVONNE LAMOUREUX (Alaska Bar No. 0512124)
HELLER EHRMAN LLP
510 L Street, Suite 500
Anchorage, AK  99501-1959
Telephone: (907) 277-1900
Facsimile: (907) 277-1920
Jim.torgerson@hellerehrman.com
Yvonne.lamoureux@hellerehrman.com

Attorneys for Intervenor-Defendant
NANA REGIONAL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN and JOSEPH SWAN,<br><br>                    Plaintiffs,<br><br>     v.<br><br>TECK COMINCO ALASKA INCORPORATED,<br><br>                    Defendant,<br><br>NANA REGIONAL CORPORATION, and NORTHWEST ARCTIC BOROUGH,<br><br>                    Intervenor-Defendants. | Case No.: A:04-cv-0049 (JWS)<br><br>**REPLY TO OPPOSITION TO JOINT MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO STRIKE KAVANAUGH REPORT** |

NANA Regional Corporation (NANA) joins with Teck Cominco Alaska Incorporated (Teck Cominco) in arguing, as Teck Cominco does in its Reply to Opposition to Joint Motion for Reconsideration (Docket 324), that the Joint Motion for Reconsideration (Joint Motion) should be granted.. In addition, NANA replies to Plaintiffs' Opposition To Joint Motion for Reconsideration (Opposition) as follows.

**I.     THE COURT HAS BROAD DISCRETION TO RECONSIDER ITS ORDERS.**

Plaintiffs assert that the Joint Motion is procedurally defective.  But the Ninth Circuit Court of Appeals repeatedly has held that a trial court has broad discretion to reconsider its own

interlocutory orders.[1] And Plaintiffs concede that the Local Rules for the District of Alaska do not provide a standard for reconsidering interlocutory orders. Nonetheless, Plaintiffs argue that a standard adopted in *Motorola, Inc. v. J.B. Rogers Mech. Contrs., Inc.*, 215 F.R.D. 581, 582 (D.Az. 2003) should apply here. Doc. 320 at 1.

The *Motorola* decision obviously has no precedential force here. And the Ninth Circuit holds that district courts have broad discretion to reconsider prior rulings. In *United States v. Smith*, the Ninth Circuit reasoned that "[b]ecause the district court retained jurisdiction when it reconsidered its prior grant of [a] motion to suppress, that reconsideration did not violate the law of the case doctrine and was not improper."[2] Similarly, in *Santa Monica Baykeeper*, the Ninth Circuit upheld the power of the district court to reconsider its own interlocutory order:

> In short, the power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.[3]

Because this Court retains jurisdiction over this case, it has unfettered discretion to reconsider its Order in response to Teck Cominco's and NANA's Joint Motion.[4]

## II.   UPON RECONSIDERATION, THE COURT SHOULD GRANT THE JOINT MOTION.

Plaintiffs assert they did not need to file a motion with the Court for permission to introduce new opinions because "Dr. Kavanaugh's opinion on the economic benefit accruing to Teck Cominco Alaska Incorporated was largely undisturbed by the Court's striking reference to or use of Teck Cominco Limited financial data in his opinion " Doc. 320 at 3 n.1. As is

---

[1] *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1186 (9th Cir. 2006).
[2] 389 F.3d at 950. A
[3] *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001)(quoting *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973)).
[4] Further, even if this Court were to apply the *Motorola* standard, the Joint Motion satisfies it. The Joint Motion makes a convincing showing that "the Court failed to consider material facts that were presented to the Court before the Court's decision." Those material facts include that Plaintiffs were prohibited from offering new expert opinions unless they first filed a timely motion requesting leave to do so and the motion was granted. Without seeking or receiving such leave, Plaintiffs had their expert, Dr. Kavanaugh, prepare and submit a new report in which he opined, among other things, that a different entity, Teck Cominco Alaska Incorporated rather than Teck Cominco Limited, had gained an alleged economic benefit.

Heller Ehrman LLP
510 L STREET, SUITE 500
ANCHORAGE, AK 99501-1959
TELEPHONE (907) 277-1900

explained in the Joint Motion and in Teck Cominco's Reply, this characterization is not correct. Likewise, Plaintiffs' assertion that Dr. Kavanaugh's new opinions are not prejudicial to the defendants is not correct. Further, it is not relevant. The Court's Order precluding new opinions was not limited to only "prejudicial" new opinions. It encompassed all revisions to the parties' expert reports except updates to account for the passage of time.[5] Accordingly, NANA respectfully requests that the Joint Motion be granted.

Dated: April 21, 2008

Respectfully submitted,

Attorneys for Intervenor-Defendant
NANA REGIONAL CORP.

By  /s/ James E. Torgerson
JAMES E. TORGERSON (BAR NO. 8509120)
YVONNE LAMOUREUX (BAR NO. 0512124)
Heller Ehrman LLP
510 L Street, Suite 500
Anchorage, AK  99501
Telephone:  907-277-1900
Jim.torgerson@hellerehrman.com
Yvonne.lamoureux@hellerehrman.com

---

[5] Exhibit O to Doc. 288 (August 9 transcript excerpts) at 2.

**REPLY TO OPPOSITION TO JOINT MOTION FOR RECONSIDERATION**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 3 OF 4

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing REPLY TO OPPOSITION TO JOINT MOTION FOR RECONSIDERATION OF ORDER TO STRIKE KAVANAUGH REPORT was served via the method indicated below this 21st day of April, 2008, on the following parties:

| | |
|---|---|
| Luke W. Cole<br>Center on Race, Poverty & the Environment<br>47 Kearny Street, Suite 804<br>San Francisco, CA  94108<br>luke@igc.org | Counsel for Plaintiffs<br><br>Served via:  Electronic transmission |
| Nancy S. Wainwright<br>Law Offices of Nancy S. Wainwright<br>13030 Back Road, Suite 555<br>Anchorage, AK  99515-3538 | Counsel for Plaintiffs<br><br>Served via:  U.S. Mail only |
| Sean Halloran<br>Hartig Rhodes Hoge & Lekisch, P.C.<br>717 K Street<br>Anchorage, AK  99501<br>sean.halloran@hartig.com | Counsel for Defendant Teck Cominco<br>Served via:  Electronic transmission |
| David S. Case<br>Landye Bennett Blumstein LLP<br>701 West 8th Avenue, Suite 1200<br>Anchorage, AK  99501<br>dcase@lbblawyers.com | Counsel for Intervenor-Defendant<br>Northwest Arctic Borough<br><br>Served via:  Electronic transmission |

         */S/ James E. Torgerson*
JAMES E. TORGERSON (BAR NO. 8509120)
YVONNE LAMOUREUX (BAR NO. 0512124)
HELLER EHRMAN LLP
510 L Street, Suite 500
Anchorage, AK  99501
Telephone:  907-277-1900
Jim.torgerson@hellerehrman.com
Yvonne.lamoureux@hellerehrman.com

SE 2248961 v2
4/21/08 8:42 AM (38576.0002)

**REPLY TO OPPOSITION TO JOINT MOTION FOR RECONSIDERATION**
**ENOCH ADAMS V. TECK COMINCO ALASKA INCORPORATED, CASE NO.: A:04-CV-0049 (JWS)**
PAGE 4 OF 4