MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*ENOCH ADAMS JR., et al.*    v.    *TECK COMINCO ALASKA INC.*

THE HONORABLE JOHN W. SEDWICK            CASE NO. 3:04-cv-00049-JWS

PROCEEDINGS:    **ORDER FROM CHAMBERS**        Date: April 28, 2008

      Plaintiffs Adams, *et al.,* have filed a motion at docket 215 which objects to numerous exhibits offered by Teck Cominco, and NANA. The motion has been fully briefed. The objections include lack of authentication, hearsay, and relevance.

      Ordinarily, this court issues an order prior to trial which lists each objection and the court's ruling on it with the exception of objections based on lack of foundation (which includes lack of authentication). This court's typical order routinely indicates that the court reserves all objections as to lack of foundation for consideration at trial, reminds counsel that they must lay a proper foundation prior to offering an exhibit, and advises that after the offering party has attempted to do so, the lack of foundation objection may be renewed if still believed necessary. The court adopts the same approach here. Rulings on all objections at docket 215 based on lack of authentication are reserved for consideration at trial. No exhibit shall be offered prior to the proponent's having laid what is believed to be a proper foundation authenticating the exhibit. After that has been done, if an authentication objection is thought to have merit, it must be specifically asserted.

      In this case, the nature of many exhibits is complex, and the court's grasp of all the reasons why exhibits might be offered is more modest than in most cases. Some exhibits might be admissible as to some statements, but not others. The potential for application of exceptions to the hearsay rule in this case may be more involved than in typical cases. With these considerations in mind, the court departs from its customary approach of ruling on hearsay objections in advance of trial. A ruling on these objections is reserved until trial. After an exhibit is offered, it will be necessary to renew any hearsay objection which is thought to have merit.

      In this case, information in exhibits which might be irrelevant and inadmissible as to the existence of a violation could be relevant and admissible as to the likelihood that the violation could be repeated. Furthermore, evidence which is irrelevant in the liability phase could be relevant in the penalty phase. These considerations make it difficult to give specific exhibit-by-exhibit rulings in advance of trial. That said, however, the court agrees with plaintiffs that under the law of the Ninth Circuit, defendants may not present evidence whose evidentiary worth would be to impeach Teck's own DMRs. *Sierra Club v. Union Oil Co. of Calif.*, 813 F.2d 1480, 1492 (9th Cir. 1987) *vacated for reconsideration*, 485 U.S. 931 (1988), reinstated and amended, 853 F.2d 667 (9th Cir.

1988).  To the extent that an exhibit falls into that category, the motion at docket 215 has merit.  Defense counsel shall be mindful of this rule of law and shall not offer any exhibit for the purpose of impeaching Teck's own DMRs.  Plaintiffs' counsel shall object whenever he perceives that a particular exhibit is inadmissible under the Sierra Club doctrine.  If a significant number of objections based on the rule announced in the Sierra Club case are upheld, the court will impose sanctions on counsel offering such exhibits. The court also expects counsel to recognize that some exhibits are relevant only to the penalty phase, and to refrain from offering such exhibits during the liabilty phase of the trial.

     The motion at docket 215 is **GRANTED in part and DENIED in part** consistent with the preceding discussion and without prejudice to renewed objections to be raised at trial.