MINUTES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*ENOCH ADAMS JR., et al.*    v.    *TECK COMINCO ALASKA INC.*

THE HONORABLE JOHN W. SEDWICK    CASE NO. 3:04-cv-00049-JWS

PROCEEDINGS:    **ORDER FROM CHAMBERS**    Date: April 30, 2008

  At docket 330, plaintiffs Adams, *et al.,* object to the fact that each of defendants Teck and NANA, who filed a joint motion for reconsideration of an order concerning testimony that might be received in the penalty phase of this bifurcated proceeding, filed its own reply to plaintiffs' response. By way of relief, plaintiffs ask for oral argument on the motion for reconsideration at the final pre-trial conference which is scheduled prior to the liability phase. Plaintiffs assume, but cite no authority for, the proposition that having moved jointly, the reply had to be a joint reply. That is not an unreasonable assumption, but where there is no authority cited, and none known to the court, it is not clear that it was unreasonable for the two defendants to file separate replies.

  The nub of plaintiffs' concern is that by filing two replies, the defendants managed to evade a five-page limit on the length of reply briefing. An examination of the two replies shows that if the text of the reply memorandum filed by NANA at docket 325, which stretches to exactly 1.5 pages (it is 42 lines and each page has 28 lines) were added to the text of Teck's reply at docket 324 which together with the heading and signature block fills less than 4.5 pages, Teck's reply would have been less than 6 pages. If the first paragraph of NANA's reply memorandum reciting that NANA joins in Teck's reply had been omitted (as it would were the two documents merged), the combined document in its existing format, including a heading, text, and side-by-side signature blocks, might have stretched to 5.5 pages. With minor changes in formatting, a bit of simple editing, the merged document could easily have been reduced to no more than 5 pages. It appears that NANA and Teck filed two replies simply because that was easier than co-ordinating.

  NANA and Teck's failure to co-ordinate is hardly model behavior. However, it is this court's view that enforcement of page limitations should generally be left to the court. The current situation exemplifies what a waste of resources it is for the lawyers to be nipping at each other over such topics. It is no wonder that lawyers are not held in high esteem by non-lawyers.

  The objection at docket 330 will be treated as a motion because it asks the court for relief in the form of an oral argument on the motion for reconsideration. The motion at docket 330 is **DENIED** as pettifoggery. Furthermore, oral argument would not be of assistance to the court.