UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, and JOSEPH SWAN,<br><br>   Plaintiffs,<br><br> vs.<br><br>TECK COMINCO ALASKA, INC.,<br><br>   Defendant.<br><br>NANA REGIONAL CORP. and NORTHWEST ARCTIC BOROUGH,<br><br>   Intervener-Defendants. | 3:04-cv-00049 JWS<br><br>ORDER FROM CHAMBERS<br><br>[Re: Motion at Docket No. 221] |

## I.  MOTION PRESENTED

At docket 221, plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, and Joseph Swan (collectively "plaintiffs") move the court to exclude the testimony of thirty-three witnesses and limit the testimony of nine witnesses included in defendants' final list of witnesses to be called in the liability phase of trial.[1]  At docket 263, defendant Teck Cominco Alaska, Inc. and intervener-defendants NANA

---

[1] Doc. 197.

Regional Corporation and Northwest Arctic Borough (collectively "defendants") oppose the motion. Plaintiffs reply at docket 282.

## II.  DISCUSSION

Plaintiffs' motion is based on the assertion that the proffered testimony of the witnesses at issue is not relevant at the liability phase of trial under Federal Rule of Evidence 402. Rule 402 provides in part that "[e]vidence which is not relevant is not admissible." Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Plaintiffs contend that during the liability phase of the trial, the relevant issues are whether the alleged violations of permit conditions occurred, and if so, whether they are ongoing or capable of repetition. The court agrees.

The court has reviewed the parties' briefs and the descriptions of testimony for each of the witnesses provided in "Teck Cominco Alaska Incorporated's and NANA Regional Corporation's Revised List of Witnesses to Be Called in the Liability Phase of Trial"[2] to determine whether the proffered testimony has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The court's conclusions follow.

**Testimony of Roland Booth, Bert Adams, Sr., and Theodore Booth**

Defendants' descriptions of the testimony of Roland Booth, Bert Adams, Sr., and Theodore Booth indicate that these witnesses are expected to testify about their observations on "the availability, location, quantity and quality of subsistence resources over the years near and around Kivalina," and about drinking water around Kivalina.[3] Mr. Booth is also expected to testify about the work of NANA and the Red Dog Mine concerning subsistence resources. Testimony concerning the above issues is not relevant as to whether the alleged violations of permit conditions occurred, and if so,

---

[2]Doc. 197.

[3]Doc. 197 at p. 2.

whether they are ongoing or capable of repetition. Accordingly, the court will exclude the testimony of the above three witnesses in the liability phase of the trial. The proffered testimony may, however, be relevant as to the penalty phase of trial.

After reviewing "Plaintiffs' Final Witness List,"[4] the court *sua sponte* finds that the testimony of plaintiffs' witnesses - Jerry Norton, Joseph Swan, Andrew Koenig, and Enoch Adams, Jr. - concerning their "use and enjoyment of the Wulik River watershed" is not relevant to liability. Therefore, this testimony will be excluded as to the liability phase of trial, although it may well be relevant as to the penalty phase of trial. The testimony of Jerry Norton and Enoch Adams, Jr. as to their knowledge of permit violations based on receiving and reviewing DMRs could be relevant as to liability, but it is almost certainly unnecessarily cumulative of the DMRs themselves. Their testimony about the violations will not be excluded at the liability trial, provided that plaintiffs can establish that it is not merely cumulative of better evidence.

**Testimony of Joyce Tsuji**

In its order at docket 303, the court previously excluded the testimony of Joyce Tsuji as to "work performed by Exponent for Red Dog Mine." The remainder of Ms. Tsuji's expected testimony as described in the witness list concerns "her report and supplemental report."[5] Evidence in the record indicates that Ms. Tsuji's report and supplemental report concern "human health, water in the Wulik River, Kivalina drinking water, and biota."[6] Testimony on these issues is not relevant to liability. Therefore, Ms. Tsuji's testimony will be excluded in its entirety as to the liability phase of trial, although it may be relevant at the penalty phase.

**Testimony of Alvin Ott, Ph.D.**

Defendants represent that Dr. Ott will testify about "his work designing, implementing and supervising a bio-assessment program in the waters downstream from Red Dog Mine, the effects of natural mineralization on aquatic life, the lack of

---

[4]Doc. 200.

[5]Doc. 197 at p. 3.

[6]Declaration of Luke Cole at ¶ 4, doc. 222.

significant effects caused by the mine....as well as studies he has authored relative to aquatic life in the DeLong Mountain Region."[7] As described, Dr. Ott's proffered testimony is not relevant to whether the alleged violations of permit conditions occurred, and if so, whether they are ongoing or capable of repetition. Dr. Ott's testimony will be excluded from the liability phase of trial.

**Testimony of Nancy Sonafrank and Sharmon Stambaugh**

Nancy Sonafrank and Sharmon Stambaugh are employees with the Alaska Department of Environmental Conservation. Defendants indicate that Ms. Sonafrank is expected to testify as to "water quality standards, including cyanide standards, aquatic life criteria, and the use of the WAD testing method."[8] Ms. Stambaugh is expected to testify as "to the compliance and monitoring of Red Dog Mine wastewater discharges from the perspective of the AK Dept. of Environmental Conservation."[9] Plaintiffs argue that the opinions of state officials on the requirements of a federal permit are not relevant as to liability under the federal Clean Water Act. The court concurs. Moreover, defendants have not offered any arguments as to why the described testimony of these two state officials is relevant. The testimony of Ms. Sonafrank and Ms. Stambaugh will be excluded from the liability phase of trial.

**Testimony of Chuck Hingsbergen**

Defendants indicate that Mr. Hingsbergen "will testify as to total suspended solids and issues involving the DMTS port."[10] Plaintiffs argue that Mr. Hingsbergen's testimony is not relevant because the court already granted plaintiffs' motion for summary judgment as to the port site TSS violation. Plaintiffs further argue that Mr. Hingsbergen's testimony regarding "issues involving the DMTS port" has no bearing on the strict liability under the statute. The court agrees. Mr. Hingsbergen's testimony

---

[7] Doc. 197 at pp. 2-3.

[8] Doc. 197 at p. 6.

[9] *Id.*

[10] Doc. 197 at p. 5.

will be excluded from the liability phase, although his testimony may be relevant as to the penalty phase.

**Testimony of John Key and David DeForest**

The court will exclude the testimony of John Key and David DeForest at the liability phase of trial because defendants have conceded that their testimony is not relevant as to liability.[11]

**Testimony of Wayne Hall and Keith Malone**

The court will deny plaintiffs' motion insofar as it seeks to exclude the testimony of Wayne Hall and Keith Malone because plaintiffs withdrew their objections to Hall and Malone's proffered testimony at the liability phase.[12]

**Testimony of Ed Koon, John Martinisko, and Robert Napier**

In their list of witnesses to be called in the liability phase of trial, defendants indicate that Ed Koon, John Martinisko, and Robert Napier will provide factual testimony as to alleged violations. Based on the brief descriptions provided, it appears that the testimony of these three witnesses may be relevant as to whether alleged violations of the permit conditions occurred. Accordingly, the court will deny plaintiffs' motion to exclude portions of the testimony of the above three witnesses in the liability phase of trial. Plaintiffs are free, of course, to object at trial to the testimony of these witnesses on the grounds of relevance.

**Testimony of Sue Barkey, Stan Capps, James Dryden, Steven Eide, Kent Patton, Mike Prieve, and David Pillard**

The seven witnesses listed above are all lab employees. Plaintiffs argue that their testimony should be excluded "on the grounds that testimony by lab staff is simply not relevant under the caselaw in the Ninth Circuit, given the strict liability nature of the Clean Water Act and the prohibition on impeaching one's own DMRs." Defendants further argue that lab reports which have already been admitted as exhibits "are the

---

[11]Doc. 263 at p. 3.

[12]Doc. 282 at p. 1.

best evidence as to their contents."[13]  While the court agrees that testimony offered by defendants' witnesses seeking to impeach defendants' DMRs is not appropriate under the case law and is irrelevant as to liability, the testimony of the seven lab employees named above may have some relevance as to whether the violations are ongoing or capable of repetition.  Accordingly, the court will not exclude the testimony of the above seven witnesses.  Plaintiffs may, of course, object at trial to the testimony of these witnesses on the grounds of relevance.

**Testimony of Eva Chun and Keith Cohon**

Eva Chun and Keith Cohon are both EPA employees.  Defendants indicate that Ms. Chun and Mr. Cohon will testify as to the actions they took "in relation to the regulation of Red Dog Mine's water discharge and management," the compliance orders by consent issued to the mine, and regulatory standards for the Mine's water discharge.[14]  Based on the descriptions of their anticipated testimony and on the fact that Ms. Chun and Mr. Cohon are EPA officials who enforced the permits at issue, the court finds their testimony is relevant as to whether violations occurred.  In addition, it also appears that their testimony may have some relevance as to whether permit violations are ongoing.[15]  Accordingly, the testimony of Eva Chun and Keith Cohon will not be excluded as to the liability phase of trial.

**Portions of Testimony of Eight Witnesses**

Plaintiffs also seek to exclude portions of the proffered testimony of Mark Thompson, Kevin Brix, Mike Botz, Jeffrey Clark, Gary Coulter, Anna Echter, Gretchen Mitchell, and James Kulas.  In moving to exclude only portions of the proffered testimony of the above witnesses, plaintiffs concede that at least some of their testimony is relevant to issues of liability.  Having reviewed the descriptions of their testimony, the court concurs.  However, at this point in the proceedings and based on the limited descriptions of testimony provided, the court cannot accurately determine

---

[13]Doc. 282 at p. 9.

[14]Doc. 197 at pp. 3-4.

[15]Doc. 263, exh. 1 at p. 4.

which portions of their testimony are not relevant, if any. Accordingly, the court will deny plaintiffs' motion to exclude portions of the testimony of the above eight witnesses in the liability phase of trial. Plaintiffs are free, of course, to object at trial to the testimony of these witnesses on the grounds of relevance.

Finally, the court will deny as moot plaintiff's motion to exclude the testimony of Richard Brown, Peter Chapman, Greg Horner, Kevin Lackey, Jackie Lundberg, Mike Schierman, Mike Stanoway, William Stubblefield, Jason Weakley, and Kathleen Willman. In its order at docket 303, the court excluded the testimony of the above ten witnesses in its entirety at the liability phase.

### III.  Conclusion

For the reasons set out above, plaintiffs' motion to exclude at docket 221 is **GRANTED IN PART** and **DENIED IN PART** as follows:

- The motion is **GRANTED** as to Roland Booth, Bert Adams, Sr., Theodore Booth, Alvin Ott, Ph.D., Joyce Tsuji, David DeForest, Chuck Hingsbergen, John Key, Nancy Sonafrank, and Sharmon Stambaugh, and the testimony of the above named witnesses shall be **EXCLUDED** from the liability phase of trial.

- The motion is **DENIED** as to Mark Thompson, Kevin Brix, Sue Barkey, Mike Botz, Stan Capps, Evan Chun, Jeffrey Clark, Keith Cohon, Gary Coulter, James Dryden, Anna Echter, Gretchen Mitchell, Steven Eide, Wayne Hall, Ed Koon, Keith Malone, John Martinisko, Robert Napier, Kent Patton, David Pillard, Ph.D., Mike Prieve, and James Kulas, and their testimony shall not be excluded in the liability phase of trial. Plaintiffs may, of course, object to particular testimony at the time of trial on the grounds of relevance.

- The motion is **DENIED AS MOOT** as to Richard Brown, Peter Chapman, Greg Horner, Kevin Lackey, Jackie Lundberg, Mike Schierman, Mike Stanoway, William Stubblefield, Jason Weakley, and Kathleen Willman because the court previously excluded their testimony at the liability phase by order at docket 303.

**IT IS FURTHER ORDERED** that the testimony of plaintiffs' witnesses Jerry Norton, Joseph Swan, Andrew Koenig, and Enoch Adams, Jr. concerning their "use and enjoyment of the Wulik River watershed" shall be **EXCLUDED** as to the liability phase of

trial.  The testimony of Jerry Norton and Enoch Adams, Jr. as to their knowledge of permit violations based on receiving and reviewing DMRs shall be allowed at the liability phase of trial only if plaintiffs demonstrate that it is not cumulative of better evidence.

DATED at Anchorage, Alaska, this 1st day of May 2008.


                                                /s/ JOHN W. SEDWICK
                                 UNITED STATES DISTRICT JUDGE