Sean Halloran
Hartig Rhodes Hoge & Lekisch, P.C.
717 K Street
Anchorage, Alaska 99501
Phone: (907) 276-1592
Fax:    (907) 277-4352
Firm email: mail@hartig.com
Attorneys for Teck Cominco Alaska Incorporated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, DAVID SWAN, JOSEPH SWAN, <br>     Plaintiffs, <br><br> vs. <br><br> TECK COMINCO ALASKA INCORPORATED, <br>     Defendant, <br><br> NANA REGIONAL CORPORATION, and NORTHWEST ARCTIC BOROUGH, <br>     Intervenor-Defendants. | Case No.: A04-00049 CV (JWS) |

## TECK COMINCO'S STATUS REPORT

The court previously directed the parties to report on the status of settlement by August 4, 2008. [Docket 354.] Teck Cominco Alaska Incorporated filed a combined status report and motion to enforce the settlement in this case. {Docket 355] The clerk has directed that it refile any portion constituting Teck Cominco's Status Report.

On May 14, the plaintiffs notified the court on behalf of all parties that a settlement had been reached. [Docket 347.] It encompassed all claims, past and future. In essence, the agreement provided that Teck Cominco would pursue the construction of a pipeline that would enable the mine to discharge effluent to the ocean instead of Red Dog Creek, would make water filtration units available to residents of Kivalina, would provide funding to the Native Village of Kivalina, would provide a payment to the organization that employs plaintiffs' counsel, and would subject the mine's effluent discharges to judicial oversight through a consent decree incorporating automatic penalties to be paid in the event that agreed upon effluent limits were exceeded. On the evening of May 16, the defendants were informed that the plaintiffs had changed their mind, and wanted to re-negotiate portions of the agreement so as to eliminate the provisions that they had fought hardest to obtain. On May 19, the parties met. At that meeting, the plaintiffs proposed numerous amendments to the agreement between the parties and to the terms of a proposed agreement between Teck Cominco and the Native Village of Kivalina. Some of the proposed amendments were not controversial; others were reluctantly accepted by the defendants. Still others were rejected by the defendants. With one exception, all of the proposed amendments were eventually resolved with finality.

The unresolved amendment proposed by the plaintiffs is to alter the consent decree so that its scope does not extend to any alleged violations after June 2007, so as to enable persons other than the plaintiffs to bring additional citizens suits demanding penalties over and above the consideration provided in the parties'

agreement.[1] The plaintiffs have insisted that if the defendants do not accept their proposed amendment in this regard, then Teck Cominco must either pay additional consideration or allow them to negate the settlement and place this case back on the trial calendar.

The Native Village of Kivalina, the City of Kivalina, and various members of the Kivalina community that were appealing Teck Cominco's permits have accepted the settlement as amended, such that there are no other contingencies remaining unsatisfied at this time. As a result of the issue described above the parties are at an impasse with respect to lodging the consent decree with the court. Accordingly, Teck Cominco has asked that the court enforce the settlement agreement obtained on May 14, as amended only by those provisions to which all parties agreed[2], by directing the plaintiffs to allow the consent decree to be lodged with the court and served upon the United States without demanding further amendment. [See Docket 355]

DATED at Anchorage, Alaska, this 4st day of August, 2008.

HARTIG RHODES HOGE & LEKISCH, P.C.
Attorneys for Teck Cominco Alaska, Inc.

By: _____
Sean Halloran

---

[1] The plaintiffs have proposed alternative means for reaching this goal. All such suggestions, and the concept they embody, have been emphatically rejected by the defendants.

CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008
a true and correct copy of the foregoing was served,
via electronic service, on the below identified parties of
record:

Luke W. Cole
Center on Race, Poverty, & the Environment
47 Kearny Street, Suite 804
San Francisco, California 94108

Nancy S. Wainwright (via U.S. Mail only)
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, Alaska 99515-3538

James E. Torgerson
Heller Ehrman White & McAuliffe LLP
510 L Street, Suite 500
Anchorage, Alaska 99501-1959

David S. Case
Landye Bennett Blumstein LLP
701 W. 8th Ave., Suite 1200
Anchorage, AK 99501

*/s/ Becky Lewis*
Hartig Rhodes Hoge & Lekisch PC