LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty, & the Environment
47 Kearny Street, Suite 804
San Francisco, CA, 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3538
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton and Joseph Swan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>　　　Defendant.<br>_____<br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>　　　Intervenors-Defendants.<br>_____ | Case No. A04-49 (JWS)<br><br>PLAINTIFFS' STATUS REPORT |

　　　The Kivalina plaintiffs filed this Status Report on August 4, 2008, and have been directed by the Court to refile it as a separate document from its former inclusion with plaintiffs' Response to Teck Cominco's Motion to Enforce Settlement (Docket 356); plaintiffs apologize for filing the two documents jointly. The short report is that the parties have an executed Settlement Agreement that has been signed off on by all necessary non-parties, but have an

PLAINTIFFS' STATUS REPORT

ongoing dispute about two words in the Consent Decree that necessitates this Court's involvement. There is currently no agreed-upon Consent Decree.

## STATUS REPORT

All parties have effectuated a Settlement Agreement (Docket 355-2), which resolves the claims brought in this litigation. The carefully negotiated provisions include Teck Cominco's construction of a pipeline to the ocean (¶II.A), certain penalties if that pipeline is not constructed (¶II.B), Teck Cominco's provision of water filtration units to residents of Kivalina (¶III), plaintiffs' release of claims against Teck Cominco and agreement to drop certain appeals (¶IV), agreements to cooperate and not to sue (¶¶ V and VI.A), a stipulated compliance and penalty schedule for all violations after the date of settlement (¶VI.B-E), and Teck Cominco's payment of plaintiffs' reasonable attorneys' fees (¶IX).

As Teck Cominco reports, the non-parties to the litigation have blessed the Settlement Agreement "such that there are no other contingencies remaining unsatisfied at this time." Docket 355 at 3; Docket 359 at 3.

The point of conflict is two words in the Consent Decree. Teck Cominco seeks to insulate itself from Clean Water Act liability by not limiting the Consent Decree to the claims actually contained in the Settlement Agreement, by omitting "by plaintiffs" in the release of claims in paragraph 5 of the Consent Decree. Plaintiffs have not agreed to this expansion of the Consent Decree, nor have they agreed to the language in the Consent Decree attached to the Settlement Agreement at Docket 355-2. Declaration of Luke Cole ("Cole dec.," Docket 358), ¶2; Declaration of Caroline Farrell ("Farrell dec.," Docket 357), ¶2. It would thus be inappropriate for the Court to enter the Consent Decree proffered by Teck Cominco, as plaintiffs have not consented to it. *Reynolds v. Roberts*, 251 F.3d 1350, 1357 (11th Cir. 2001) ("Lacking the consent of all of the parties, the court obviously lacked the power to enter a decree purportedly based on consent, for 'it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all.'" *Id.*, quoting *Local No. 93 v. City of Cleveland*, 478 U.S. 501, 522 (1986)).

PLAINTIFFS' STATUS REPORT                - 1 -

1    Despite intermittent negotiation over the past two-and-a-half months, the parties have
2    been unable to resolve the conflict over this single provision of the Consent Decree; Teck
3    Cominco has taken the step of requesting the Court's enforcement of the Settlement, and
4    plaintiffs believe the Court's good offices could help resolve the dispute.

5    As the Notice of Settlement made clear, the Settlement Agreement covers "all issues
6    *presented in this litigation*." Docket 347 at 1. It resolves the 2600+ violations at issue in this
7    suit, including all possible violations through June 2007, the last violations that this Court
8    allowed plaintiffs to allege. See Docket 167 (Order stating "Plaintiffs may file a motion to
9    amend the complaint to set forth violations which allegedly have taken place through the end of
10   June 2007."); Docket 180 (Order granting motion to file amended complaint). It also sets up a
11   carefully crafted and arduously negotiated scheme of stipulated penalties for violations occurring
12   *after* the date of the settlement in May 2008. What the Settlement Agreement does not cover –
13   what is not mentioned anywhere in the Settlement Agreement nor bargained for in the settlement
14   discussions – is the short, four-month period of discharges between June 2007 and May 2008.
15   This dispute at its most basic comes down to Teck Cominco's discharges in July, August,
16   September and October 2007 (the mine does not discharge in the winter). These claims are not
17   covered by the suit or by the stipulated penalties set forth in the Settlement Agreement and
18   proposed Consent Decree. In essence, Teck Cominco is seeking a free pass for these violations
19   by trying to force the broad language on plaintiffs; Teck Cominco now seeks to deploy the Court
20   in this ploy.

21   Plaintiffs have not agreed to Teck Cominco's proposed language in paragraph 5 because
22   1) bound by the Court's Order, they did not bring any claims for the violations in July, August,
23   September and October 2007, and thus those claims were not part of the settlement negotiations;
24   2) there has not been any consideration for extinguishing those claims even if they were plead;
25   and 3) they are concerned that the U.S. Department of Justice and Environmental Protection
26   Agency, which have to review the proposed Consent Decree, will object to the broad language
27   extinguishing the public's right to enforce Teck Cominco's permits.
28

PLAINTIFFS' STATUS REPORT                 - 2 -

1   Plaintiffs have proposed several solutions to this dispute: first, the two-word limitation,
2   "by plaintiffs," as found in Exhibit 1.  Second, either a negotiated penalty for the violations
3   during the four-month period, followed by an application to this Court to amend the Complaint to
4   include those violations so that they could be included in the Consent Decree.  As Teck Cominco
5   reports, these offers have been rejected.  Docket 355 at 3.

6   A third option would be for the Court, in an Order, to rule that the language of paragraph
7   5 as proposed by Teck Cominco would be limited to the parties actually signing and filing the
8   Consent Decree; with that opinion from the Court, plaintiffs would feel comfortable with the
9   Court entering the Consent Decree as proposed by Teck Cominco in Docket 355-2.

10  At this point, the parties have an executed Settlement Agreement covering the actual
11  claims raised in this lawsuit.  That Settlement Agreement also covers claims going forward from
12  May 2008 through the stipulated penalty provisions.  This is what the parties bargained for and
13  agreed to, as set forth in the plain language of the Settlement Agreement.

14  Teck Cominco seeks to enlarge the scope of that Agreement to cover claims not raised in
15  the suit and not covered by the stipulated penalties.  It is perplexing to plaintiffs that Teck
16  Cominco is unwilling to effectuate the Settlement Agreement that it bargained so hard for, but
17  instead is now seeking to derail the executed agreement by over-reaching to be insulated from
18  liability for four months of violations in 2007.  Plaintiffs believed they had settled the suit in
19  May, but it is now August without resolution.  We thus request the Court's good offices in
20  bringing this matter to resolution.

21                              Respectfully submitted, August 5, 2008.

23                                      /S/ Luke Cole
24                                      Luke Cole

PLAINTIFFS' STATUS REPORT         - 3 -

1 | CERTIFICATE OF SERVICE
I hereby certify that on the 5th day of August 2008, a true and correct copy of the foregoing Plaintiffs' Status Report was served,
2 | via the Court's electronic mail distribution system, on the below identified counsel of record:

3 | Sean Halloran             Nancy Wainwright              Thane Tienson
    Hartig Rhodes             13030 Back Road, Suite 555   Landye Bennet Blumstein
4 | 717 K Street              Anchorage, AK 99501           1300 SW Fifth Ave, Suite 3500
    Anchorage, AK 99501                                     Portland, OR 97201
5 |
    James E. Torgerson                                      David S. Case
6 | Heller Ehrman White & McAuliffe LLP                     Landye Bennett
    510 L Street, Suite 500                                 701 W. 8th Avenue, Suite 1200
7 | Anchorage, Alaska 99501-1959                            Anchorage, AK 99501

8 | _____/S/ Luke Cole_____
    Luke Cole

PLAINTIFFS' STATUS REPORT            - 4 -