LUKE W. COLE, California Bar No. 145,505
CAROLINE FARRELL, California Bar No. 202,871
BRENT J. NEWELL, California Bar No. 210,312
Center on Race, Poverty, & the Environment
47 Kearny Street, Suite 804
San Francisco, CA, 94108
415/346-4179 • fax 415/346-8723

NANCY S. WAINWRIGHT, Alaska Bar No. 8711071
Law Offices of Nancy S. Wainwright
13030 Back Road, Suite 555
Anchorage, AK 99515-3538
907/345-5595 • fax 907/345-3629

Attorneys for Plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Norton and Joseph Swan

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON DAVID SWAN and JOSEPH SWAN,<br><br>Plaintiffs,<br><br>v.<br><br>TECK COMINCO ALASKA INCORPORATED<br><br>Defendant.<br>_____<br><br>NANA REGIONAL CORPORATION and NORTHWEST ARCTIC BOROUGH,<br><br>Intervenors-Defendants.<br>_____ | Case No. A04-49 (JWS)<br><br>PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER |

Approximately 45 minutes ago, plaintiffs counsel became aware of a filing by defendant Teck Cominco that plaintiffs believe is a serious breach of the confidentiality of settlement negotiations and defendant's counsel's ethical obligations. To remedy this breach – the public disclosure of confidential settlement positions of the plaintiffs – plaintiffs request on an

PLAINTIFFS' EMERGENCY MOTION FOR
PROTECTIVE ORDER

emergency basis that the following documents be either stricken entirely from the Court's files or that public access to those files be limited under Fed. R. Civ. Proc. 5(e): Docket 361-2 (Affidavit of Sean Halloran, disclosing plaintiffs' positions in negotiations wholly unrelated to the dispute at issue here); Docket 361-3 (earlier version of Settlement Agreement that is superseded by that filed already with this Court at Docket 355-2); and Docket 361-5 (email of plaintiffs' counsel to mediator during settlement negotiations). Plaintiffs request that this protective order be invoked immediately to limit public disclosure of the confidential information.

The dispute in this case is only about the Consent Decree. The disclosure of other terms and conditions of the settlement agreement is wholly unnecessary and verges on bad faith behavior by defendant's counsel. Evidence Rule 408 prohibits the use of settlement communications to "impeach... conduct or statements made in compromise negotiations regarding the claim." F.R.E. Rule 408(a).

The disclosure of plaintiffs' settlement positions is necessarily prejudicial to the plaintiffs. Cole dec. ¶2. Allowing the public – including the press, which has been closely following this dispute, apparently through PACER[1] – access to the plaintiffs' internal communications with the mediator, as well as versions of the Settlement Agreement that were later superseded, is prejudicial to the plaintiffs, is unnecessary for the resolution of the current dispute before this Court, and can only have been done to create mischief by Teck Cominco. Cole dec. ¶3. The harm to the plaintiffs of having their internal deliberations published for anyone to read – particularly in the close-knit community of Kivalina – is considerable, Cole dec. ¶4, and should be enjoined by this Court by either striking the offending documents or causing them to be unavailable to anyone except parties to this lawsuit. If the Court takes the second option, plaintiffs request that it instruct defendants' counsel on his ethical obligations to maintain confidentiality of settlement discussions.

---

[1] See, e.g., Tony Hopfinger and Joe Schneider, "Teck Cominco proposes $120 million pipeline to end Alaska suit," Bloomberg.com (August 2, 2008) (quoting Teck Cominco's court filing of the previous day).

PLAINTIFFS' EMERGENCY MOTION FOR
PROTECTIVE ORDER                - 1 -

1   Plaintiffs will request leave to file a sur-reply to address significant factual inaccuracies in
2   Teck Cominco's filing at Docket 361, but at this time request that the Court maintain the
3   confidentiality of the parties' (including plaintiffs') positions during the settlement negotiations
4   that resulted in the Settlement Agreement.

5   Respectfully submitted, August 6, 2008.

7   _____/S/ Luke Cole_____
8   Luke Cole

13  CERTIFICATE OF SERVICE
    I hereby certify that on the 6th day of August 2008, a true and correct copy of the foregoing Plaintiffs' Emergency Motion for
14  Protective Order was served, via the Court's electronic mail distribution system, on the below identified counsel of record:

15  Sean Halloran            Nancy Wainwright              Thane Tienson
    Hartig Rhodes            13030 Back Road, Suite 555    Landye Bennet Blumstein
16  717 K Street             Anchorage, AK 99501           1300 SW Fifth Ave, Suite 3500
    Anchorage, AK 99501                                    Portland, OR 97201
17
    James E. Torgerson                                     David S. Case
18  Heller Ehrman White & McAuliffe LLP                    Landye Bennett
    510 L Street, Suite 500                                701 W. 8th Avenue, Suite 1200
19  Anchorage, Alaska 99501-1959                           Anchorage, AK 99501

20      /S/ Luke Cole_____
        Luke Cole

PLAINTIFFS' EMERGENCY MOTION FOR
PROTECTIVE ORDER                        - 2 -