UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| ENOCH ADAMS, JR., LEROY ADAMS, ANDREW KOENIG, JERRY NORTON, and JOSEPH SWAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | 3:04-cv-00049 JWS |
| vs. | ) ) | ORDER AND OPINION |
| TECK COMINCO ALASKA, INC., | ) ) | [Re:  Motion at Docket 362] |
| Defendant. | ) ) | |
| NANA REGIONAL CORP. and NORTHWEST ARCTIC BOROUGH, | ) ) ) ) | |
| Intervenor-Defendants. | ) ) | |

## I. MOTION PRESENTED

Late yesterday at docket 362, plaintiffs Enoch Adams, Jr.; Leroy Adams; Andrew Koenig; Jerry Norton; and Joseph Swan (collectively "plaintiffs") filed what they style "Plaintiff's Emergency Motion For Protective Order." In it they ask the court to remove certain documents from the public record in this case. Neither defendant nor intervenor-defendants have yet had an opportunity to respond to the motion. Nevertheless, the court elects to address the motion now, because the escalating level of animosity

between counsel for plaintiffs and counsel for defendant threatens to de-rail the parties' settlement, and because the pending motion is not adequately supported.

## II.  DISCUSSION

As the Supreme Court has explained, Americans enjoy a "right to inspect and copy public records and documents, including judicial records and documents."[1]  The right of access advances the public's interest in knowing how public entities are operating:

> In contrast to the English practice, American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit.  The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies, and in a newspaper publisher's intention to publish information concerning the operation of government.[2]

Even when evaluated in the context of a criminal defendant's interest in a fair trial, the presumption that court records and proceedings are open to the public "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."[3]

Plaintiffs' motion is premised in part on the notion that the information contained in the documents filed by Teck's lawyer setting out the settlement positions taken by plaintiffs is something which should be shielded from the press and the public:

> The disclosure of plaintiffs' settlement positions is necessarily prejudicial to the plaintiffs.  Cole dec. ¶ 2 .  Allowing the public–including the press, which has been closely following this dispute, apparently through PACER–access to the plaintiffs' internal communications with the mediator, as well as versions of the Settlement Agreement that were later superseded, is prejudicial to the plaintiffs, is unnecessary for the resolution of the current dispute before this Court, and can only have been done to create mischief by Teck Cominco.  Cole dec. ¶ 3.  The harm to the plaintiffs of having their internal deliberations published for anyone to

---

[1] *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).

[2] *Id.* (internal citations omitted).

[3] *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984).

>read–particularly in the close-knit community of Kivalina–is considerable, Cole dec. ¶ 4, and should be enjoined by this Court . . . .[4]

To put plaintiffs' request in perspective, it is important to note that this litigation is heavily freighted with public interest, involving as it does the allegedly illegal discharge of pollutants into public waters from which the residents of the Village of Kivalina obtain not only drinking water, but subsistence foods.  As plaintiffs explained in their Amended Complaint, they "seek an injunction, declaratory relief, and civil penalties in response to repeated and continuing violations of the Clean Water Act . . . ."[5]  As plaintiffs further note: "This case is about citizens seeking to enforce environmental laws when state and federal agencies are unwilling to do so."[6]  Plaintiffs appear before the court in their individual capacities, but they clearly are pursuing interests shared by other residents of the area affected by the waste water discharges:

>The six individual plaintiffs bring this action because Teck Cominco's repeated violations have reduced the quality of their lives and changed the way they perform basic activities such as subsistence hunting and fishing.  The plaintiffs are all residents of the Native Village of Kivalina, an Inupiat village on the Chukchi Sea.  They are also all appointed members of the Kivalina Relocation Planning Committee . . . .  Their homes are at the mouth of the Wulik River, downstream of the mine's Outfall 001 on Middle Fork Red Dog Creek.  The community obtains drinking water from the Wulik River, and hunts and fishes in the marine and terrestrial environment adjacent to the port and mine sites.[7]

The defendant, too, is a private litigant, but its interest in this litigation is also something of great public significance, for it is by far the largest employer in the area where the mine and port are located.  Indeed, the litigation is of such concern to the people who reside in the region that their local government, the Northwest Arctic Borough, has intervened as a defendant.

---

[4]Doc. 362 at 2.

[5]Doc. 183 at ¶ 3.

[6]*Id.*, ¶ 4.

[7]*Id.*, ¶ 6.

Against the legal and factual backdrop described above, the request to shield information on the court's docket from public scrutiny lacks adequate support in plaintiffs' papers. The motion cites the correct procedural authority, Fed. R. Civ. P. 5.2(e)[8] for the proposition that the court may limit access to electronically filed documents "for good cause." However, the motion cites no substantive authority explaining why good cause may exist, except Federal Rule of Evidence 408. That rule restricts the use of information pertaining to settlement efforts as evidence at trial. The rule says nothing about the right of public access to court documents. Standing alone, it provides no basis for the remedy sought here.

The other ground for the motion is Mr. Cole's assertion that Mr. Halloran has made the disclosures in bad faith.[9] While the court can see that, depending on facts not adequately presented in the motion papers, Mr. Halloran's conduct might violate Rule 4.4 of the Alaska Rules of Professional Conduct, plaintiffs' papers contain no explanation of how Mr. Halloran's motives or actions necessarily trump the public's right of access to court documents.

### III.  CONCLUSION

For the reasons set out above, the motion at docket 362 is not adequately supported and is **DENIED** without prejudice.

DATED this 7th day of August 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[8] Misidentified as Rule 5(e) in plaintiffs' memo at docket 362.

[9] According to Mr. Cole, the disclosure "can only have been done to create mischief." Doc. 362 at 1.